IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WONDERLAND SWITZERLAND AG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 20-727-RGA |
| | ) | |
| EVENFLO COMPANY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## STIPULATED PROTECTIVE ORDER

### 1.    PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information warranting special protection from public disclosure and use for any purpose other than prosecuting this litigation, so the Parties petition the Court to enter this Stipulated Protective Order.

### 2.    DEFINITIONS

2.1    <u>Challenging Party</u>:    a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    <u>"CONFIDENTIAL" Information or Items</u>:    information or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3    <u>Counsel (without qualifier)</u>: Outside Counsel of Record and In-House Counsel as well as their support staff.

2.4    <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces as "CONFIDENTIAL."

2.5    <u>Disclosure or Discovery Material</u>:    all items or information, regardless of the

medium or manner in which it is generated, stored, or maintained produced in disclosures or responses to discovery in this matter.

2.6    Outside Counsel of Record: attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.7    Producing Party:  a Party or Non-Party that produces Disclosure or  Discovery Material in this action.

2.8    Professional Vendors: persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.9    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.10    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.    SCOPE**

This Order covers Protected Material and (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. The protections conferred by this Order do not cover the following information: (a) any information in the public domain at the time of disclosure to a Receiving Party or that becomes part of the public domain after its disclosure to a Receiving Party as a result of

actions not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party before the disclosure by the Designating Party if the Receiving Party obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

**4.    DURATION**

The confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.    DESIGNATING PROTECTED MATERIAL**

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. If it comes to a Designating Party's attention that information it designated for protection does not qualify for protection at all or for the level of protection initially asserted, that Designating Party shall promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (*e.g.*, section 5.2(a)), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly designated before the material is disclosed or produced. Designation in conformity with this Order requires:

(a) <u>For information in documentary form</u> (*e.g.*, paper or electronic documents, but

excluding transcripts of depositions or other pretrial or trial proceedings), the Producing Party must affix the legend "CONFIDENTIAL" to each page that contains protected material. A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order affix the appropriate legend to each page that contains Protected Material before producing the specified documents.

(b) For testimony given in deposition, the transcript shall be automatically treated as "CONFIDENTIAL" for 30 business days from the date an official transcript of the deposition is received. Within the 30-day period, the Designating Party must identify each line of all protected testimony and specify the level of protection being asserted.

A Party shall give the other Party notice if it reasonably expects a deposition, hearing or other proceeding to include Protected Material so the other Party can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. Using a document as an exhibit at a deposition shall not affect its designation under this Order.

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party

4

shall inform the court reporter of these requirements.  Any transcript that is prepared before the expiration of a 14-day period for designation shall be treated during that period as if it had been designated "CONFIDENTIAL" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) For information produced in some form other than documentary and for any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party shall identify the protected portion(s) and specify the level of protection being asserted.

5.3     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with this Order.

## 6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer.   The Challenging Party shall initiate the dispute resolution

process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with Paragraph 6.2 of the Protective Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within five business days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was improper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and either change the designation or explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet-and-confer process first or establishes that the Designating Party is unwilling to participate in the meet-and-confer process in a timely manner.

      6.3   <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without Court intervention, the Designating Party shall file and serve a motion to retain confidentiality within ten business days of the initial notice of challenge or within five business days of the Parties agreeing that the meet-and-confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet-and-confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion with the required declaration within the applicable time period shall waive the confidentiality designation for each challenged designation. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet-and-confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## 7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    <u>Basic Principles</u>.   A Receiving Party may use Protected Material disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with Section 13 below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record;

(b) Experts (as defined in this Order) of the Receiving Party and their professional staff, to whom (1) disclosure is reasonably necessary for this litigation, and (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) the Court and its personnel;

7

(d) court reporters and their staff, videographers and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(f)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

## 8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(a) promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Order; and

(b) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

8

If the Designating Party timely seeks a protective order or a motion to quash in that other litigation, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.

**9.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)     The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     if a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.     promptly notify in writing the Party that served the discovery request and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.     promptly provide the Non-Party with a copy of the Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.     make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this Court within ten business days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-

Party timely seeks a protective order, the Party receiving the discovery request shall not produce

any information in its possession or control subject to the confidentiality agreement with the Non-

Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall

bear the burden and expense of seeking protection in this Court of its Protected Material.

10.     **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

Material to any person or in any circumstance not authorized under this Order, the Receiving Party

must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b)

use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the

person or persons to whom unauthorized disclosures were made of all the terms of this Order, and

(d)  make best efforts to have such person or persons execute the "Acknowledgment and Agreement

to Be Bound" that is attached as Exhibit A.

11.     **INADVERTENT   PRODUCTION   OF   PRIVILEGED   OR   OTHERWISE
        PROTECTED MATERIAL**

Nothing in this Order shall require production of documents, information or other material

that a Party contends is protected from disclosure by attorney-client privilege, the work-product

doctrine, or other privilege, protection, or immunity. If documents, information, or other material

subject to a claim of attorney-client privilege, work product doctrine, or other privilege, protection,

or immunity is inadvertently or unintentionally disclosed, that shall in no way prejudice or

otherwise constitute a waiver of, or estoppel as to, any such privilege, protection, or immunity.

Any Party that inadvertently or unintentionally produces documents, information or other material

it reasonably believes are protected under the attorney-client privilege, work-product doctrine, or

other privilege, doctrine, or immunity may obtain the return of such documents, information or

other material by promptly notifying the recipient(s) and providing a privilege log for the

10

inadvertently or unintentionally produced documents, information or other material. The recipient(s) shall gather and return all copies of such documents, information or other material to the Producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the Producing Party.

Any Party that inadvertently or unintentionally produces Protected Material without designating it may request destruction of that Protected Material by timely notifying the Receiving Party and providing replacement Protected Material properly designated. The Receiving Party shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon.

## 12.   MISCELLANEOUS

12.1   <u>Other Proceedings</u>.   By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

12.2   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court.

12.3   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of the material covered by this Protective Order.

12.4    Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. Protected Material may only be filed under seal pursuant to a court order authorizing sealing the specific Protected Material.

## 13.    FINAL DISPOSITION

Within 60 calendar days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material, unless otherwise agreed upon by the Parties. This shall not require the return or destruction of Protected Material that (i) is stored on backup storage media overwritten in the normal course of business, (ii) is in the email archive system or archived electronic files of departed employees, or (iii) is subject to legal-hold obligations. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material returned or destroyed and (2) affirms that the Receiving Party has retained no copies, abstracts, compilations, summaries or any other format reproducing or capturing the Protected Material. Notwithstanding this provision, Outside Counsel may retain correspondence and an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work-product, and consultant and expert work-product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order in Section 4.

12

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**


ASHBY & GEDDES

/s/ Andrew C. Mayo

_____
Steven J. Balick (#2114)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8ᵗʰ Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashbygeddes.com
amayo@ashbygeddes.com

*Attorneys for Plaintiff*


MORRIS, NICHOLS, ARSHT & TUNNELL
LLP

/s/ Jeremy A. Tigan

_____
Jack v. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302)658-9200
jblumenfeld@mnat.com
jtigan@mnat.com

*Attorneys for Defendant*


**PURSUANT TO STIPULATION, IT IS SO ORDERED.**


DATED:  _August 6, 2020_____          /s/ Richard G. Andrews
                                                          _____
                                                          Hon. Richard G Andrews
                                                          United States District Judge

## I.   EXHIBIT A

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print   or   type   full   name], of

_____ [print   or   type   full

address], declare under penalty of perjury that I have read in its entirety and understand the

Stipulated Protective Order issued by the United States District Court for the District of

Delaware  on _____[date] in the case of *Wonderland Switzerland AG v. Evenflo Company,*

*Inc.*, C.A. No. 1:20- cv-00727-RGA. I agree to comply with and to be bound by all the terms of

this Stipulated Protective Order and I understand and acknowledge that failure to so comply

could expose me to sanctions and punishment in the nature of contempt. I solemnly promise I

will not disclose any information or item subject to this Stipulated Protective Order to any

person or entity except in strict compliance with this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

District of Delaware to enforce the terms of this Stipulated Protective Order, even if such

enforcement proceedings occur after termination of this action.

I   hereby   appoint_____[print or type full name] of

_____ [print  or  type  full

address and telephone number] as my agent for service of process in connection with this action

or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

14