**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| WONDERLAND SWITZERLAND AG,<br><br>Plaintiff,<br><br>v.<br><br>EVENFLO COMPANY, INC.,<br><br>Defendant. | Civil Action No. 20-cv-00727-JPM |

## WONDERLAND'S STATEMENT OF CONTESTED FACTS

The following statement of contested facts is based on the arguments Wonderland expects to make to establish infringement of the asserted patents and damages to compensate Wonderland for that infringement.  This statement is also based on the parties' pleadings, documentary and testimony evidence, and Wonderland's current understanding of Evenflo's claims and defenses.

Wonderland reserves the right to amend or supplement this statement as part of the meet and confer process leading up to trial, in response to Evenflo's pretrial disclosures and objections, and in response to any pretrial rulings or orders from the Court.  Should the Court find that any of the issues of law listed in Exhibit C of the Joint Pretrial Order should be considered as issues of fact, Wonderland incorporates those issues in this Section.  Should the Court find that any issues identified in this Section as an issue of fact should be considered as an issue of law, Wonderland incorporates those issues into Exhibit C.  To the extent Evenflo intends or attempts to introduce different or additional facts, Wonderland reserves its right to supplement this statement and contest those facts and to present any and all rebuttal evidence in response to those arguments.

Wonderland reserves the right to present facts set forth in the pending motions and to appeal any issues identified in motions that have been decided by the Court.

For the statement of intended proof, Wonderland intends to prove each of the asserted issues of fact set forth below.

## I.    STATEMENT OF ISSUES OF FACT

### A.    Infringement

1.    Whether Evenflo has infringed or induced others to infringe, or contributed to the infringement of, literally or under the doctrine of equivalents, claims 1 and 4-8 of the '951 patent by making, using, selling, offering for sale, and/or importing the EveryFit Car Seat, EveryKid Car Seat, SafeMax Car Seat, Evolve Car Seat, and Transitions Car Seat.

2.    Whether Evenflo has infringed or induced others to infringe, or contributed to the infringement of, literally or under the doctrine of equivalents, claim 1 of the '043 patent by making, using, selling, offering for sale, and/or importing the EveryFit Car Seat, EveryKid Car Seat, SafeMax Car Seat, Evolve Car Seat, and Transitions Car Seat.

3.    Whether Evenflo's infringement of the asserted claims of the '951 patent has been willful.

4.    Whether Evenflo's infringement of the asserted claims of the '043 patent has been willful.

### B.    Validity

1.    Whether the asserted references and systems are prior art to the asserted patents.

2.    Whether the alleged prior art publications were publicly available.

3.    Whether the alleged prior art systems were publicly known or used.

4.    Whether the claimed inventions were reduced to practice before the priority date of any of the references asserted by Evenflo.

5.      Whether the claimed inventions were conceived before the priority date of any of the prior art references asserted by Evenflo, with diligence from the prior art priority date until the inventions were reduced to practice.

6.      Whether the alleged prior art anticipates the asserted claims of the asserted patents.

7.      Whether the alleged prior art renders obvious the asserted claims of the '951 patent.

8.      Whether the alleged prior art renders obvious the asserted claims of the '043 patent.

9.      The scope and content of the prior art.

10.     The level of ordinary skill in the art.

11.     The differences between the claimed inventions of the asserted patents and the prior art.

12.     Whether a person of ordinary skill would be motivated to combine the references relied on by Evenflo in its obviousness combinations.

13.     Whether objective evidence of non-obviousness tends to show that the asserted claims are not obvious, the extent of any proffered objective evidence of non-obviousness, and whether a nexus exists between the evidence and the claimed invention.

14.     Whether the prior art references or combinations alleged by Evenflo are enabled.

15.     Whether any of the alleged prior art inherently discloses any of the asserted claim elements of the asserted patents.

**C.      Damages**

1.      Wonderland's damages for Evenflo's infringement including the dollar amount that will compensate Wonderland for infringement of the asserted patents.

2.      Whether Wonderland is entitled to costs and, if so, the dollar amount of such costs.

3.      Whether Wonderland is entitled to a finding that this case is exceptional pursuant to 35 U.S.C. § 285 and whether Wonderland is entitled to an award of attorneys' fees.

4.      Whether Wonderland is entitled to an award of prejudgment and post-judgment interest and the dollar amount of such award.

5.      Whether Wonderland is entitled to enhanced damages due to Evenflo's willful infringement and, if so, the level of enhancement.

6.      Whether Wonderland is entitled to an injunction against Evenflo.

7.      If Wonderland is not entitled to an injunction, the appropriate royalty to compensate Wonderland for Evenflo's future infringement.

## II.   CONTESTED FACTS

1.      Whether the EveryFit Car Seat, EveryKid Car Seat, SafeMax Car Seat, Evolve Car Seat, and Transitions Car Seat are specifically designed to operate in a vehicle seat.

2.      Whether Evenflo is aware that customers in the United States use the EveryFit Car Seat, EveryKid Car Seat, SafeMax Car Seat, Evolve Car Seat, and Transitions Car Seat in a vehicle seat.

3.      Whether Evenflo intentionally encourages customers in the United States to use the EveryFit Car Seat, EveryKid Car Seat, SafeMax Car Seat, Evolve Car Seat, and Transitions Car Seat in a vehicle seat.

4.      Whether Evenflo provides its customers instructions in the installation and/or operation of the EveryFit Car Seat, EveryKid Car Seat, SafeMax Car Seat, Evolve Car Seat, and Transitions Car Seat in customers' vehicle seats.

5.      Whether Evenflo provides its customers assistance in the installation and/or operation of the EveryFit Car Seat, EveryKid Car Seat, SafeMax Car Seat, Evolve Car Seat, and Transitions Car Seat in customers' vehicle seats.

6.      Whether the EveryFit Car Seat, EveryKid Car Seat, SafeMax Car Seat, Evolve Car Seat, and Transitions Car Seat are specifically designed to operate as a material component in Evenflo's customers' vehicle seats.

7.      Whether the EveryFit Car Seat, EveryKid Car Seat, SafeMax Car Seat, Evolve Car Seat, and Transitions Car Seat are not staple articles of commerce.

8.      Whether statements and depictions presented at the following website url locations are true and accurate:

https://www.evenflo.com/

https://www.evenflo.com/car-seats/accessories/

https://www.evenflo.com/collections/booster-car-seats/products/safemax-booster-seat

https://www.evenflo.com/products/everyfit-4-in-1-car-seat-convertible-car-seat

https://www.evenflo.com/products/everykid-convertible-car-seat

https://www.evenflo.com/products/gold-pivot-xpand-car-seats-and-stroller-travel-systems

https://www.evenflo.com/products/securemax-infant-car-seats

https://www.evenflo.com/products/shyft-car-seats-and-stroller-travel-systems

https://www.evenflo.com/products/symphony-dlx-convertible-car-seat

https://www.evenflo.com/products/verge3-car-seats-and-stroller-travel-systems

ASHBY & GEDDES

*/s/ Andrew C. Mayo*

_____
Steven J. Balick (#2114)
Andrew C. Mayo (#5207)
ASHBY & GEDDES
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE  19899
Telephone:  (302) 654-1888
sbalick@ashbygeddes.com
amayo@ashbygeddes.com

Noah A. Brumfield (*pro hac vice*)
David M. Tennant (*pro hac vice*)
Shamita D. Etienne-Cummings (*pro hac vice*)
Jacob Rothenberg (*pro hac vice*)
Megan Ines (*pro hac vice*)
ALLEN & OVERY LLP
1101 New York Avenue, NW
Washington, DC  20005
Telephone:  (202) 833-3810
Noah.brumfield@allenovery.com
David.tennant@allenovery.com
Shamita.etienne@allenovery.com
Jacob.rothenberg@allenovery.com
Megan.ines@allenovery.com

Bijal V. Vakil (*pro hac vice*)
Eric E. Lancaster (*pro hac vice*)
ALLEN & OVERY LLP
550 High Street, Second Floor
Palo Alto, CA  94301
Telephone: (650) 388-1700
Bijal.vakil@allenovery.com
Eric.lancaster@allenovery.com

Majesty Jala (*pro hac vice*)
ALLEN & OVERY LLP
1221 Avenue of the Americas
New York, NY  10020
Telephone:  (212) 610-6300
Majesty.jala@allenovery.com

Katherine Kieckhafer (*pro hac vice*)
ALLEN & OVERY LLP
One Beacon Street
Boston, MA  02108
Telephone:  (857) 353-4500
Katherine.kieckhafer@allenovery.cm

*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| WONDERLAND SWITZERLAND AG, | |
| Plaintiff, | Civil Action No. 20-cv-00727-JPM |
| v. | |
| EVENFLO COMPANY, INC., | |
| Defendant. | |

**EXHIBIT A.2**
**Evenflo's Statement of Contested Facts**

Evenflo submits the following Statement of Contested Facts, based on its current understanding of Wonderland's positions and its anticipated defenses at trial. Should the Court determine that any issue identified herein is an issue of law, Evenflo incorporates such issues by reference in its Statement of Issues of Law (Exhibit B.2). Likewise, to the extent that Evenflo's Statement of Issues of Law contains issues that the Court deems to be issues of fact, Evenflo incorporates those herein by reference. While the below identifies contested facts for the upcoming trial, not all such contested facts are appropriate for the jury phase of the trial, including, for example, facts that are more appropriate for the Court's analysis of equitable issues, as noted below. In addition, to the extent the Court's orders on the pending motions for summary judgment, *Daubert* motions, and motions *in limine* impact the scope of contested facts to the jury, Evenflo reserves the right to edit or supplement this statement accordingly.

**I.    Infringement**

1.    Whether, under 35 U.S.C. § 271(a), Evenflo's manufacture, sale, offer for sale, and/or use in the United States of the EveryFit Car Seat, EveryKid Car Seat, SafeMax Car Seat, Evolve Car Seat, and/or Transitions Car Seat has directly infringed, either literally or under the doctrine of equivalents, claim 1 of the '043 patent.

2.      Whether, under 35 U.S.C. § 271(b), Evenflo's manufacture, sale, offer for sale and/or use in the United States of the EveryFit Car Seat, EveryKid Car Seat, SafeMax Car Seat, Evolve Car Seat, and/or Transitions Car Seat has induced others to infringe, literally or under the doctrine of equivalents, claim 1 of the '043 patent.

3.      Whether, under 35 U.S.C. § 271(c), Evenflo's manufacture, sale, offer for sale, and/or use in the United States of the EveryFit Car Seat, EveryKid Car Seat, SafeMax Car Seat, Evolve Car Seat, and/or Transitions Car Seat has contributed to the infringement of, literally or under the doctrine of equivalents, claim 1 of the '043 patent.

4.      Whether Wonderland can show that the accused products are insubstantially different from, or otherwise are interchangeable with or perform substantially the same function, in substantially the same way, to achieve the substantially same result as the structures recited in claim 1 of the '043 patent.

5.      Whether, under 35 U.S.C. § 271(a), Evenflo's manufacture, sale, offer for sale, and/or use in the United States of the EveryFit Car Seat, EveryKid Car Seat, SafeMax Car Seat, Evolve Car Seat, and/or Transitions Car Seat has directly infringed, either literally or under the doctrine of equivalents, claims 1 and 4-8 of the '951 patent.

6.      Whether, under 35 U.S.C. § 271(b), Evenflo's manufacture, sale, offer for sale, and/or use  in the United States of the EveryFit Car Seat, EveryKid Car Seat, SafeMax Car Seat, Evolve Car Seat, and/or Transitions Car Seat has induced others to infringe, literally or under the doctrine of equivalents, claims 1 and 4-8 of the '951 patent.

7.      Whether, under 35 U.S.C. § 271(c), Evenflo's manufacture, sale, offer for sale, and/or use  in the United States of the EveryFit Car Seat, EveryKid Car Seat, SafeMax Car Seat, Evolve Car Seat, and/or Transitions Car Seat has contributed to the infringement of, literally or under the doctrine of equivalents, claims 1 and 4-8 of the '951 patent.

8.      Whether Wonderland can show that the accused products are insubstantially different from, or otherwise are interchangeable with or perform substantially the same function, in substantially the same way, to achieve the substantially same result as the structures recited in 1 and 4-8 of the '951 patent.

## II.    Invalidity

9.      Whether claim 1 of the '043 patent is invalid in view of (a) U.S. Patent No. 7,086,695 ("Hosoya"); (b) U.S. Patent No. 7,303,230 ("Munn"); (c) U.S. Patent No. 6,382,722 ("Burleigh"); (d) U.S. Patent No. 7,131,692 ("Huang"); and/or (e) U.S. Patent No. 7,370,912 ("Williams").

10.     Whether claims 1 and 4-8 of the '951 patent are invalid in view of (a) U.S. Patent Application Publication No. 2008/0111412 ("Woellert"); (b) European Patent Specification 1621395 ("Pietro"); (c) U.S. Patent Application Publication No. 2007/0063556 ("Santamaria"); and/or (d) U.S. Patent No. 7,862,117 ("Hutchinson").

11.     The scope and content of the prior art, any differences between the prior art and the claimed invention, and any objective indicia of nonobviousness.

12.     The level of ordinary skill in the art.

## III.   Damages

13.     If any asserted claim is found to be infringed and not invalid, the amount of reasonable royalty to which the parties would have agreed in a hypothetical negotiation.

14.     The date of the hypothetical negotiation.

15.     The factors the parties would have agreed to in that negotiation, including other licenses under the patent-in-suit.

16.     Whether, and to what extent, Wonderland can prove it complied with the marking provisions set forth in 35 U.S.C. § 287.

17.     Whether there are any economically and technically feasible non-infringing alternatives to practicing the asserted claims of the asserted patents available to Evenflo.

18.     Whether, and to what extent, Wonderland can show other licenses are technically and economically comparable to the hypothetical negotiation.

19.     Whether Wonderland is entitled to an award from the Court of pre or post-judgment interest and the amount of any pre or post-judgment interest award.

20.     Whether Wonderland can show to the Court that it is entitled to an injunction.

## IV.   Willful Infringement

21.     Whether Wonderland can show that Evenflo's conduct was "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate" such that it constitutes willful infringement of the '043 patent.[1]

22.     If any asserted claim of the '043 patent is found to be infringed and not invalid, and Evenflo's alleged infringement of the '043 patent is found to be willful, whether Wonderland can show to the Court—by preponderance of the evidence—that it is entitled to enhanced damages, e.g., under the factors outlined in *Read Corp. v. Portec, Inc.*, 970 F. 2d 816 (Fed. Cir. 1992) as well as the amount of any such enhanced damages.

## V.   Attorneys' Fees

---

[1] Wonderland does not allege that Evenflo's purported infringement of the '951 patent was willful. Accordingly, the factual issue of willful infringement is only relevant to Wonderland's allegations concerning Evenflo's alleged infringement of the '043 patent.

3

23.     Whether Evenflo is entitled to a finding that this case is exceptional pursuant to 35 U.S.C. § 285 and whether Evenflo is entitled to an award of attorneys' fees.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| WONDERLAND SWITZERLAND AG, | |
| Plaintiff, | Civil Action No. 20-cv-00727-JPM |
| v. | |
| EVENFLO COMPANY, INC., | |
| Defendant. | |

## WONDERLAND'S STATEMENT OF ISSUES OF LAW

## <u>TABLE OF CONTENTS</u>

**Page(s)**

I.    ISSUES OF LAW ON WHICH WONDERLAND BEARS THE BURDEN OF PROOF................................................................................................................. 1

    A.    Infringement......................................................................................... 1

    B.    Infringement - Legal Authority............................................................. 2

    C.    Willful Infringement ............................................................................ 6

    D.    Willful Infringement – Legal Authority ................................................ 6

    E.    Damages.............................................................................................. 7

    F.    Damages – Legal Authority ................................................................. 8

II.    ISSUES OF LAW ON WHICH EVENFLO BEARS THE BURDEN OF PROOF ........ 12

    A.    Validity ............................................................................................. 12

    B.    Validity - Legal Authority ................................................................. 12

i

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Abbott Labs. v. Andrx Pharms., Inc.*,
    473 F.3d 1196 (Fed. Cir. 2007)..............................................................................3

*Abbott Labs. v. Sandoz, Inc.*,
    544 F.3d 1341 (Fed. Cir. 2008)............................................................................19

*Abbott Labs. v. Sandoz, Inc.*,
    566 F.3d 1282 (Fed. Cir. 2009)............................................................................16

*Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.*,
    261 F.3d 1329 (Fed. Cir. 2001)..............................................................................2

*Alza Corp. v. Andrx Pharms., LLC*,
    607 F. Supp. 2d 614 (D. Del. 2009)......................................................................12

*Amstar Corp. v. Envirotech Corp.*,
    730 F.2d 1476 (Fed. Cir. 1984)..............................................................................3

*Apple Computer, Inc. v. Articulate Sys., Inc.*,
    234 F.3d 14 (Fed. Cir. 2000)................................................................................15

*Apple, Inc. v. Samsung Elecs. Co.*,
    No. 12-CV-00630-LHK, 2012 WL 2576136 (N.D. Cal. July 3, 2012)..................13

*In re Arkley*,
    455 F.2d 586 (C.C.P.A 1972) ..............................................................................16

*Bayer Pharma AG v. Watson Labs., Inc.*,
    183 F. Supp. 3d 579 (D. Del. 2016)......................................................................12

*In re Bayer*,
    568 F.2d 1357 (C.C.P.A. 1978) ...........................................................................14

*Block v. Nathan Anklet Support Co.*,
    9 F.2d 311 (2d Cir. 1925) ....................................................................................19

*Bowers v. Baystate Techs., Inc.*,
    320 F.3d 1317 (Fed. Cir. 2003)..............................................................................2

*Brown v. Barbacid*,
    436 F.3d 1376 (Fed. Cir. 2006)............................................................................15

*Callaway Golf Co. v. Acushnet Co.*,
   576 F.3d 1331 (Fed. Cir. 2009)................................................................................15

*Canon Computer Sys., Inc. v. Nu-Kote Int'l, Inc.*,
   134 F.3d 1085 (Fed. Cir. 1998)................................................................................13

*Cheese Sys., Inc. v. Tetra Pak Cheese and Powder Systems, Inc.*,
   725 F.3d 1341 (Fed. Cir. 2013)..........................................................................18, 19

*In re Chudik*,
   851 F.3d 1365 (Fed. Cir. 2017)................................................................................19

*Commil USA, LLC v. Cisco Sys., Inc.*,
   575 U.S. 632 (2015)...................................................................................................4

*Cont'l Can Co. v. Monsanto Co.*,
   948 F.2d 1264 (Fed. Cir. 1991)................................................................................13

*Cordis Corp. v. Boston Scientific Corp.*,
   561 F.3d 1319 (Fed. Cir. 2009)..................................................................................3

*Cross Med Prods., Inc. v. Medtronic Sofamor Danek, Inc.*,
   424 F.3d 1293 (Fed. Cir. 2005)..................................................................................2

*In re Cyclobenzaprine Hydrochloride Extended Release Capsule Patent Litig.*,
   676 F.3d 1063 (Fed. Cir. 2012)................................................................................18

*Del Mar Avionics, Inc. v. Quinton Instrument Co.*,
   836 F.2d 1320 (Fed. Cir. 1987)..................................................................................8

*Dow Chem. Co. v. Mee Indus., Inc.*,
   341 F.3d 1370 (Fed. Cir. 2003)..................................................................................8

*DSU Med. Corp. v. JMS Co.*,
   471 F.3d 1293 (Fed. Cir. 2006)..................................................................................4

*eBay Inc. v. MercExchange, L.L.C.*,
   547 U.S. 388 (2006).................................................................................................11

*Edwards Lifesciences AG v. CoreValve, Inc.*,
   2011 U.S. Dist. LEXIS 12022, 2011 WL 446203 (D. Del. Feb. 7, 2011)................6

*Elan Pharm., Inc. v. Mayo Found. for Med. Educ. & Research*,
   346 F.3d 1051 (Fed. Cir. 2003)................................................................................17

*Epistar Corp. v. ITC*,
   566 F.3d 1321 (Fed. Cir. 2009)..................................................................................5

*Exergen Corp. v. Wal-Mart Stores, Inc.*,
   575 F.3d 1312 (Fed. Cir. 2009)...........................................................................5

*Finjan, Inc. v. Secure Computing Corp.*,
   626 F.3d 1197 (Fed. Cir. 2010)...........................................................................5

*General Motors Corp. v. Devex Corp.*,
   461 U.S. 648 (1983).........................................................................................10

*Georgia-Pacific Corp v. United States Plywood Corp.*,
   318 F. Supp. 1116 (S.D.N.Y. 1970)....................................................................8

*Glob.-Tech Appliances, Inc. v. SEB S.A.*,
   563 U.S. 754 (2011)...........................................................................................4

*Golden Blount, Inc. v. Robert H. Peterson Co.*,
   365 F.3d 1054 (Fed. Cir. 2004)...........................................................................3

*Golden Blount, Inc. v. Robert H. Peterson Co.*,
   438 F.3d 1354 (Fed. Cir. 2006)...........................................................................5

*Golden Bridge Tech., Inc. v. Apple Inc.*,
   758 F.3d 1362 (Fed. Cir. 2014)......................................................................6, 14

*Golden Bridge Tech., Inc. v. Apple Inc.*,
   937 F. Supp. 2d 504 (D. Del. 2013)...................................................................14

*Graham v. John Deere Co.*,
   383 U.S. 1 (1966)........................................................................................17, 19

*Graver Tank & Mfg. Co. v. Linde Air Prods. Co.*,
   339 U.S. 605 (1950)...........................................................................................3

*In re Hall*,
   781 F.2d 897 (Fed. Cir. 1986)...........................................................................14

*Halo Elec., Inc. v. Pulse Elec., Inc.*,
   579 U.S. 93 (2016)...................................................................................6, 7, 11

*Hewlett-Packard Co. v. Bausch & Lomb Inc.*,
   909 F.2d 1464 (Fed. Cir. 1990).........................................................................19

*Hill-Rom Servs. v. Stryker Corp.*,
   755 F.3d 1367 (Fed. Cir. 2014)...........................................................................5

*Hughes Aircraft Co. v. United States*,
   717 F.2d 1351 (Fed. Cir. 1983).........................................................................19

*Hybritech Inc. v. Monoclonal Antibodies, Inc.*,
    802 F.2d 1367 (Fed. Cir. 1986)..............................................................................15, 19

*i4i Ltd. Partnership v. Microsoft Corp.*,
    598 F.3d 831 (Fed. Cir. 2010)...............................................................................8

*SRI Int'l, Inc. v. Internet Sec. Sys., Inc. v. Internet Sec. Sys., Inc.*,
    511 F.3d 1186 (Fed. Cir. 2008)...........................................................................14

*Intellectual Ventures LLC v. Canon Inc.*,
    143 F. Supp. 3d 143 (D. Del. 2015)......................................................................14

*Kegel Co. v. AMF Bowling, Inc.*,
    127 F.3d 1420 (Fed. Cir. 1997).............................................................................2

*Keizer v. Bradley*,
    270 F.2d 396 (CCPA 1959) ...................................................................................15

*KSR Int'l Co. v. Teleflex Inc.*,
    550 U.S. 298 (2007)..........................................................................................17, 18

*LG Elecs. U.S.A., Inc. v. Whirlpool Corp.*,
    798 F. Supp. 2d 541 (D. Del. 2011)......................................................................7

*Liquid Dynamics Corp. v. Vaughan Co.*,
    449 F.3d 1209 (Fed. Cir. 2006)..........................................................................6, 7

*Loughman v. Consol-Pennsylvania Coal Co.*,
    6 F.3d 88 (3d Cir. 1993)......................................................................................10

*Massachusetts Inst. of Tech. v. AB Fortia, et al.*,
    774 F.2d 1104 (Fed. Cir. 1985)...........................................................................14

*Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*,
    545 U.S. 913 (2005)............................................................................................4

*Microsoft Corp. v. i4i Ltd. Partnership*,
    564 U.S. 91 (2011)..............................................................................................12

*Minnesota Min. &Mfg. Co. v. Chemque, Inc.*,
    303 F.3d 1294 (Fed. Cir. 2002)...........................................................................13

*Motorola Mobility, LLC v. Int'l Trade Comm'n*,
    737 F.3d 1345 (Fed. Cir. 2013)...........................................................................13

*nCUBE Corp. v. SeaChange Int'l, Inc.*,
    313 F. Supp. 2d 361 (D. Del. 2004), aff'd, 436 F.3d 1317 (Fed. Cir. 2006).........................10

v

*NetMoneyIN, Inc. v. VeriSign, Inc.*,
    545 F.3d 1359 (Fed. Cir. 2008)........................................................................19

*Nickson Indus., Inc. v. Rol Mfg. Co., Ltd.*,
    847 F.2d 795 (Fed. Cir. 1988)........................................................................10

*Novo Nordisk A/S v. Caraco Pharm. Labs., Ltd.*,
    719 F.3d 1346 (Fed. Cir. 2013)......................................................................12

*In re NTP, Inc.*,
    654 F.3d 1279 (Fed. Cir. 2011)......................................................................18

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,
    572 U.S. 545 (2014)........................................................................................10

*In re Omeprazole Patent Litig. v. Apotex Corp.*,
    536 F.3d 1361 (Fed. Cir. 2008)......................................................................13

*Paice LLC v. Toyota Motor Corp.*,
    504 F.3d 1293 (Fed. Cir. 2007)......................................................................11

*Primos, Inc. v. Hunter's Specialties, Inc.*,
    451 F.3d 841 (Fed. Cir. 2006)..........................................................................3

*Research Foundation of State University of New York v. Mylan Pharms. Inc.*,
    Civ. Nos. 09-184-LPS, 10-892-LPS, 2012 WL 1901267 (D. Del. May 25,
    2012) ...............................................................................................................11

*Rey-Bellet v. Engelhardt*,
    493 F.2d 1380 (CCPA 1974) ..........................................................................15

*Ricoh Co., Ltd. v. Quanta Computer Inc.*,
    550 F.3d 1325 (Fed. Cir. 2008).........................................................................4

*In re Robertson*,
    169 F.3d 743 (Fed. Cir. 1999)........................................................................13

*Ruiz v. A.B. Chance Co.*,
    234 F.3d 654 (Fed. Cir. 2000)........................................................................17

*Sage Prods., Inc. v. Devon Indus., Inc.*,
    126 F.3d 1420 (Fed. Cir. 1997)........................................................................3

*Scott v. Koyama*,
    281 F.3d 1243 (Fed. Cir. 2002)......................................................................15

*Scripps Clinic & Research Found. v. Genentech, Inc.*,
    927 F.2d 1565 (Fed. Cir. 1991)......................................................................16

*Sensonics, Inc. v. Aerosonic Corp.*,
  81 F.3d 1566 (Fed. Cir. 1996) .......................................................................................9, 10

*Shatterproof Glass Corp. v. Libbey-Owens Ford Co.*,
  758 F.2d 613 (Fed. Cir. 1985) ...............................................................................................11

*SmithKline Diagnostics, Inc. v. Helena Lab. Corp.*,
  859 F.2d 878 (Fed. Cir. 1988) .................................................................................................2

*StairMaster Sports/Med. Prods., Inc. v. Groupe Procycle, Inc.*,
  25 F. Supp. 2d 270 (D. Del. 1998) ..........................................................................................6

*Stamps.com Inc. v. Endicia, Inc.*,
  437 Fed. Appx. 897 (Fed. Cir. 2011) ....................................................................................15

*State Contracting & Eng'g Corp. v. Condotte Am., Inc.*,
  346 F.3d 1057 (Fed. Cir. 2003) .............................................................................................12

*Stern v. Trustees of Columbia Univ. in New York*,
  434 F.3d 1375 (Fed. Cir. 2006) .............................................................................................15

*Structural Rubber Prod. Co. v. Park Rubber Co.*,
  749 F.2d 707 (Fed. Cir. 1984) ...............................................................................................16

*Summit 6, LLC v. Samsung Elecs. Co.*,
  802 F.3d 1283 (Fed. Cir. 2015) ...............................................................................................8

*TecSec, Inc. v. Adobe Inc.*,
  978 F.3d 1278 (Fed. Cir. 2020) ...........................................................................................3, 4

*Titanium Metals Corp. of Am. v. Banner*,
  778 F.2d 775 (Fed. Cir. 1985) ...............................................................................................16

*Topliff v. Topliff*,
  145 U.S. 156 (1892) ...............................................................................................................19

*Toshiba Corp. v. Imation Corp.*,
  681 F.3d 1358 (Fed. Cir. 2012) ...............................................................................................5

*Transmatic, Inc. v. Gulton Indus., Inc.*,
  180 F.3d 1343 (Fed. Cir. 1999) .............................................................................................10

*Transocean Offshore Deepwater Drilling, Inc. v. Maersk Drilling USA, Inc.*,
  699 F.3d 1340 (Fed. Cir. 2012) ...............................................................................................8

*TruePosition Inc. v. Andrew Corp.*,
  611 F. Supp. 2d 400 (D. Del. 2009), aff'd, 389 F. App'x 1000 (Fed. Cir. 2010) ...................10

*Vita-Mix Corp. v. Basic Holding, Inc.*,
  581 F.3d 1317 (Fed. Cir. 2009)..................................................................5

*Wang Lab'ys, Inc. v. Toshiba Corp.*,
  993 F.2d 858 (Fed. Cir. 1993)....................................................................8

*Warner-Lambert Co. v. Teva Pharm. USA, Inc.*,
  418 F.3d 1326 (Fed. Cir. 2005)..................................................................2

*Warsaw Orthopedic, Inc. v. NuVasive, Inc.*,
  824 F.3d 1344 (Fed. Cir. 2016)..................................................................4

*WBJP, LLC v. Kohler Co.*,
  829 F.3d 1317 (Fed. Cir. 2016)..................................................................7

*In re Wells*,
  53 F.2d 537 (C.C.P.A. 1931) ...................................................................19

*Wenger Mfg., Inc. v. Coating Mach. Sys., Inc.*,
  239 F.3d 1225 (Fed. Cir. 2001)..................................................................2

*Yamanouchi Pharm. Co., Ltd. v. Danbury Pharmacal, Inc.*,
  231 F.3d 1339 (Fed. Cir. 2000)................................................................18

*Z4 Techs., Inc. v. Microsoft Corp.*,
  507 F.3d 1340 (Fed. Cir. 2007)..................................................................3

*Zenith Elecs. Corp. v. PDI Commc'n Sys., Inc.*,
  522 F.3d 1348 (Fed. Cir. 2008)................................................................17

**Statutes**

28 U.S.C. § 1828...........................................................................................9

28 U.S.C. § 1920......................................................................................9, 10

28 U.S.C. § 1923...........................................................................................9

35 U.S.C. § 102........................................................................12, 13, 15, 16

35 U.S.C. § 103....................................................................................16, 17

35 U.S.C. § 271(a).........................................................................................2

35 U.S.C. § 271(c) ........................................................................................4

35 U.S.C. § 282(a).......................................................................................12

35 U.S.C. § 283...........................................................................................11

35 U.S.C. § 284 ..................................................................................................8, 11

35 U.S.C. § 285 ....................................................................................................7, 9

**Other Authorities**

Federal Rule of Civil Procedure 54 ...........................................................................9

Wonderland identifies the following issues of law to be litigated.  The following statement of issues of law that remain to be litigated is based on the parties' pleadings, documentary and testimony evidence, and on Wonderland's current understanding of Evenflo's claims and defenses. Wonderland reserves the right to supplement this statement to rebut or otherwise address the issues of law identified by Evenflo.

Should the Court find that any issues of fact listed in Exhibit A of the Joint Pretrial Order should be considered as issues of law, Wonderland incorporates those issues in this Section. Should the Court find that any issues identified in this Section as issues of law should be considered as issues of fact, Wonderland incorporates those issues into Exhibit A of the Joint Pretrial Order. Wonderland's issues of law to be litigated may change based on the Court's decisions on any open matters, as well as any pretrial rulings by the Court.  Wonderland reserves the right to revise this statement as needed in light of those decisions.  Wonderland reserves the right to present issues of law set forth in the pending motions identified in this Pretrial Order and to appeal any issues identified in motions that have been decided by the Court.

## I.     ISSUES OF LAW ON WHICH WONDERLAND BEARS THE BURDEN OF PROOF

### A.     Infringement

1.     Whether Evenflo has infringed or induced others to infringe, or contributed to the infringement of, literally or under the doctrine of equivalents, claims 1 and 4-8 of the '951 patent by making, using, selling, offering for sale, and/or importing the EveryFit Car Seat, EveryKid Car Seat, SafeMax Car Seat, Evolve Car Seat, and Transitions Car Seat.

2.     Whether Evenflo has infringed or induced others to infringe, or contributed to the infringement of, literally or under the doctrine of equivalents, claim 1 of the '043 patent by making,

using, selling, offering for sale, and/or importing the EveryFit Car Seat, EveryKid Car Seat, SafeMax Car Seat, Evolve Car Seat, and Transitions Car Seat.

### B.   Infringement - Legal Authority

1.   Wonderland bears the burden of proving infringement, either direct or indirect, by a preponderance of the evidence. *Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.*, 261 F.3d 1329, 1336 (Fed. Cir. 2001); *SmithKline Diagnostics, Inc. v. Helena Lab. Corp.*, 859 F.2d 878, 889 (Fed. Cir. 1988).  Wonderland must show that it is more likely than not that Evenflo infringes the Asserted Claims. *See Warner-Lambert Co. v. Teva Pharm. USA, Inc.*, 418 F.3d 1326, 1341 (Fed. Cir. 2005).

2.   A determination of direct infringement under 35 U.S.C. § 271(a) requires a two-step analysis.  First, the claims at issue are construed to define their scope. *Advanced Cardiovascular Sys.*, 261 F.3d. at 1336.  Next, the evidence must be examined to ascertain whether the construed claim has been infringed by the accused product. *Kegel Co. v. AMF Bowling, Inc.*, 127 F.3d 1420, 1425 (Fed. Cir. 1997).

3.   "To prove infringement, the patentee must show that the accused device contains each limitation of the asserted claim, or an equivalent of each limitation." *Bowers v. Baystate Techs., Inc.*, 320 F.3d 1317, 1334 (Fed. Cir. 2003).

4.   An accused product literally infringes when it literally contains each and every limitation of the claim. *Wenger Mfg., Inc. v. Coating Mach. Sys., Inc.*, 239 F.3d 1225, 1231 (Fed. Cir. 2001) ("Literal infringement requires that every limitation of the patent claim be found in the accused [infringing] device.") (citation omitted).  Infringement is determined on an element by element basis; if each and every element of the claim is present in the accused device, then the device literally infringes the claims. *Cross Med Prods., Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1310 (Fed. Cir. 2005).

5.      The performance of additional steps beyond those required by an asserted claim does not avoid literal infringement. *Amstar Corp. v. Envirotech Corp.*, 730 F.2d 1476, 1482 (Fed. Cir. 1984). In addition, "infringement is not avoided merely because a non-infringing mode of operation is possible." *Z4 Techs., Inc. v. Microsoft Corp.*, 507 F.3d 1340, 1350 (Fed. Cir. 2007).

6.      "The doctrine of equivalents prevents an accused infringer from avoiding infringement by changing only minor or insubstantial details of a claimed invention while retaining their essential functionality." *Sage Prods., Inc. v. Devon Indus., Inc.*, 126 F.3d 1420, 1424 (Fed. Cir. 1997). "[A] patentee may invoke this doctrine to proceed against the producer of a device 'if it performs substantially the same function in substantially the same way to obtain the same result.'" *Graver Tank & Mfg. Co. v. Linde Air Prods. Co.*, 339 U.S. 605, 608 (1950).

7.      The doctrine of equivalents cannot be used to vitiate a claim limitation, but "[a] claim element is not vitiated merely because it does not literally exist in the accused product." *Abbott Labs. v. Andrx Pharms., Inc.*, 473 F.3d 1196, 1212 (Fed. Cir. 2007).  In addition, claim terms cannot be read in insolation, but should be read in the context of the entire claim and specification. *See, e.g.*, *Cordis Corp. v. Boston Scientific Corp.*, 561 F.3d 1319, 1329-30 (Fed. Cir. 2009); *Primos, Inc. v. Hunter's Specialties, Inc.*, 451 F.3d 841, 845, 849-50 (Fed. Cir. 2006).

8.      To prove inducement, Wonderland must show that Evenflo "actively induce[d] infringement" of the applicable asserted claims of the asserted patents. 35 § 271(b) ("Whoever actively induces infringement of a patent shall be liable as an infringer.").

9.      Inducement requires proof that: (1) another directly infringed, *Golden Blount, Inc. v. Robert H. Peterson Co.*, 365 F.3d 1054, 1061 (Fed. Cir. 2004); (2) Evenflo took affirmative action that led to the direct infringement, *TecSec, Inc. v. Adobe Inc.*, 978 F.3d 1278, 1286 (Fed. Cir. 2020); and (3) Evenflo had the requisite specific intent, either because (i) it knew of the asserted

3

patent and knew that the induced acts were infringing, or (ii) was willfully blind to the fact that the induced acts were infringing, *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 637, 640–42 (2015); *Warsaw Orthopedic, Inc. v. NuVasive, Inc.*, 824 F.3d 1344, 1347 (Fed. Cir. 2016). Evenflo was willfully blind if it "believe[d] there was a high probability" of infringement and nevertheless took "deliberate actions to avoid learning that fact."  *Glob.-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 769 (2011); *see TecSec,* 978 F.3d at 1286–88 ("a finding of willfulness may rest on the subjective bad faith of the infringer even if it would be objectively reasonable to view the conduct at issue as non-infringing"); *Warsaw Orthopedic*, 824 F.3d at 1348 (affirming defendant "had knowledge (or was willfully blind to the fact) that it was infringing" because its "infringement position was objectively unreasonable").

10.     Evidence of active steps taken to induce infringement, such as advertising an infringing use, or instructing how to engage in an infringing use, may support a finding of an intention for the product to be used in an infringing manner.  *Ricoh Co., Ltd. v. Quanta Computer Inc.*, 550 F.3d 1325, 1341 (Fed. Cir. 2008) (quoting *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913, 936 (2005)).

11.     Under 35 U.S.C. § 271(c) a defendant is liable for contributory infringement if it offers "a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use."  To prove contributory infringement, Wonderland must prove an act of direct infringement.  *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006).  The requisite intent, "knowing," may be actual knowledge or willful blindness.  *Warsaw Orthopedic*, 824 F.3d at 1347.

12.    An article has no "substantial noninfringing use" under § 271(c) when it has no meaningful use other than to infringe the claims of a patent.  *See Golden Blount, Inc. v. Robert H. Peterson Co.,* 438 F.3d 1354, 1363 (Fed. Cir. 2006) ("[I]t matters not that the assembled device can be manipulated into a non-infringing configuration, because the instructions packaged with each device teach the infringing configuration and nothing in the record suggests that either Peterson or any end-user ignored the instructions or assembled the burners in a manner contrary to the instructions so as to form a non-infringing configuration.").  "[N]on-infringing uses are substantial when they are not unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental." *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1327 (Fed. Cir. 2009).

13.    There is "a heavy presumption that claim terms carry their full ordinary and customary meaning, unless [the accused infringer] can show the patentee expressly relinquished claim scope." *Epistar Corp. v. ITC*, 566 F.3d 1321, 1334 (Fed. Cir. 2009). It is "axiomatic that 'claims, not the specification embodiments, define the scope of protection.'" *Dow Chem. Co. v. Sumitomo Chem Co.,* 257 F.3d 1364, 1372 (Fed. Cir. 2001).  Thus, "[a]n accused infringer cannot overcome the plain meaning of a claim term simply by pointing to the preferred embodiment or other structures or steps disclosed in the specification or prosecution history." *Toshiba Corp. v. Imation Corp.*, 681 F.3d 1358, 1369 (Fed. Cir. 2012). A construction that excludes a preferred embodiment is rarely, if ever, correct. *Hill-Rom Servs. v. Stryker Corp.*, 755 F.3d 1367, 1379 (Fed. Cir. 2014).

14.    It is well-settled that "[o]nce a district court has construed the relevant claim terms" of a patent, "that legal determination governs." *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1321 (Fed. Cir. 2009). Once a court has made this legal determination, expert testimony that conflicts with a district court's claim construction is inadmissible and should be excluded. *See Finjan, Inc. v. Secure Computing Corp.*, 626 F.3d 1197, 1207 (Fed. Cir. 2010) (discussing with

approval the district court's decision to exclude expert testimony that "attempted to resurrect a claim construction that the district court already rejected").

15.     It is proper to "exclude[ ] expert opinion evidence as irrelevant because it [is] based on an impermissible claim construction," and such "evidence could prejudice and confuse the jury." *Liquid Dynamics Corp. v. Vaughan Co.*, 449 F.3d 1209, 1224 n.2 (Fed. Cir. 2006).

16.     Parties are generally not permitted to "reopen claim construction," as it "undermines the court's ability to resolve legal issues in an efficient and timely manner." *Edwards Lifesciences AG v. CoreValve, Inc.*, 2011 U.S. Dist. LEXIS 12022, 2011 WL 446203, at *28-29 (D. Del. Feb. 7, 2011).  "It would be fundamentally unfair to allow" a party "after losing the claim construction arguments at issue" to change its contentions. *Golden Bridge Tech., Inc. v. Apple Inc.*, 758 F.3d 1362, 1369 (Fed. Cir. 2014).

17.     The doctrine of judicial estoppel "prevent[s] a litigant from asserting a position inconsistent with one that [he] has previously asserted in the same or in a previous proceeding." *StairMaster Sports/Med. Prods., Inc. v. Groupe Procycle, Inc.*, 25 F. Supp. 2d 270 (D. Del. 1998).

### C.     Willful Infringement

1.     Whether Evenflo's infringement of the '043 patent has been willful.

### D.     Willful Infringement – Legal Authority

1.     Wonderland must prove Evenflo's willful infringement of the asserted patents by a preponderance of the evidence.  *Halo Elec., Inc. v. Pulse Elec., Inc.*, 579 U.S. 93, 94 (2016). "A patent infringer's subjective willfulness, whether intentional or knowing, may warrant enhanced damages, without regard to whether his infringement was objectively reckless."  *Id.* at 94.

2.     "Knowledge of the patent alleged to be willfully infringed continues to be a prerequisite to enhanced damages." *WBJP, LLC v. Kohler Co.*, 829 F.3d 1317, 1341 (Fed. Cir. 2016).

"[C]ulpability is generally measured against the knowledge of the actor at the time of the challenged conduct." *Halo*, 579 U.S. at 94. "Proof of an objectively reasonable litigation-inspired defense to infringement is no longer a defense to willful infringement." *WBIP*, 829 F.3d at 1341.

3.      "By its nature," willful infringement "hinges both on the fact finder's assessments of the credibility of witnesses and on the fact finder drawing inferences from the evidence presented to it." *LG Elecs. U.S.A., Inc. v. Whirlpool Corp.*, 798 F. Supp. 2d 541, 557 (D. Del. 2011). As such, the "intent-implicating question [of] willfulness" is "peculiarly within the province of the fact finder that observed the witnesses." *Liquid Dynamics Corp. v. Vaughan Co.*, 449 F.3d 1209, 1225 (Fed. Cir. 2006).

## E.      Damages

1.      Wonderland's damages for Evenflo's infringement includes the dollar amount that will compensate Wonderland for infringement of the asserted patents.

2.      Whether Wonderland is entitled to costs and, if so, the dollar amount of such costs.

3.      Whether Wonderland is entitled to a finding that this case is exceptional pursuant to 35 U.S.C. § 285 and whether Wonderland is entitled to an award of attorneys' fees.

4.      Whether Wonderland is entitled to an award of prejudgment and post-judgment interest and the dollar amount of such award.

5.      Whether Wonderland is entitled to enhanced damages due to Evenflo's willful infringement and, if so, the level of enhancement.

6.      Whether Wonderland is entitled to an injunction against Evenflo.

7.      If Wonderland is not entitled to an injunction, the appropriate royalty to compensate Wonderland for Evenflo's future infringement.

F.      **Damages – Legal Authority**

1.      Upon a finding of infringement, "the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court."  35 U.S.C. § 284.  "The statute is unequivocal that the district court must award damages in an amount no less than a reasonable royalty."  *Dow Chem. Co. v. Mee Indus., Inc.*, 341 F.3d 1370, 1381-82 (Fed. Cir. 2003).  One approach for calculating a reasonable royalty is through a hypothetical negotiation analysis considering the factors set forth in *Georgia-Pacific Corp v. United States Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970); *Transocean Offshore Deepwater Drilling, Inc. v. Maersk Drilling USA, Inc.*, 699 F.3d 1340, 1357 (Fed. Cir. 2012) ("The [reasonable] royalty may be based upon an established royalty, if there is one, or if not, upon the supposed result of hypothetical negotiations between the plaintiff and defendant.").  The hypothetical negotiation must be set "at the start of infringement, *i.e.*, when both a patent had issued and accused products were sold."  *Wang Lab'ys, Inc. v. Toshiba Corp.*, 993 F.2d 858, 869 (Fed. Cir. 1993).

2.      One of the *Georgia-Pacific* factors "looks at use of the invention and at evidence probative of the value of that use . . . .  [C]orrelation of use with value [is] not unreliable."  *Summit 6, LLC v. Samsung Elecs. Co.*, 802 F.3d 1283, 1298 (Fed. Cir. 2015).

3.      "As we have recognized previously, any reasonable royalty analysis necessarily involves an element of approximation, and uncertainty."  *i4i Ltd. Partnership v. Microsoft Corp.*, 598 F.3d 831, 857-58 (Fed. Cir. 2010); *see also Del Mar Avionics, Inc. v. Quinton Instrument Co.*, 836 F.2d 1320, 1327 (Fed. Cir. 1987) ("The determination of a damage award is not an exact science, and the amount need not be proven with unerring precision.  The trial court is required to approximate, if necessary, the amount to which the patent owner is entitled.  In such case, while the damages

may not be determined by mere speculation or guess, it will be enough if the evidence show the extent of the damages as a matter of just and reasonable inference, although the result be only approximate.") (citations and internal quotations omitted).

4.      "[I]f actual damages cannot be ascertained with precision because the evidence available from the infringer is inadequate, damages may be estimated on the best available evidence, taking cognizance of the reason for the inadequacy of proof and resolving doubt against the infringer." *Sensonics, Inc. v. Aerosonic Corp.*, 81 F.3d 1566, 1572 (Fed. Cir. 1996).

5.      Federal Rule of Civil Procedure 54 states "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(l).  Section 1920 of Title 28 of the United States Code includes the following costs: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in this case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under 28 U.S.C. § 1828. *See also* D. Del. LR 54.1.

6.      Section 285 of Title 35 of the United States Code states that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party."  An exceptional case is "one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated" and "[d]istrict courts may determine whether a case is 'exceptional' in the

case-by-case exercise of their discretion, considering the totality of the circumstances." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 555 (2014).

7.       "Prejudgment interest shall ordinarily be awarded absent some justification for withholding such an award." *Nickson Indus., Inc. v. Rol Mfg. Co., Ltd.*, 847 F.2d 795, 800 (Fed. Cir. 1988) (citing *General Motors Corp. v. Devex Corp.*, 461 U.S. 648 (1983)).   The Supreme Court has explained that "prejudgment interest should ordinarily be awarded where necessary to afford the plaintiff full compensation for the infringement." *Gen. Motors Corp.*, 461 U.S. at 654. Prejudgment interest is not a penalty but "serves to make the patent owner whole, for damages properly include the foregone use of money of which the patentee was wrongly deprived." *Sensonics, Inc.*, 81 F.3d at 1574.   Accordingly, awarding "prejudgment interest is the rule, not the exception." *Id.*   "[P]rejudgment interest should be awarded from the date of infringement to the date of judgment." *Nickson Indus., Inc.*, 847 F.2d at 800.   Section 1961(a) of Title 28 of the United States Code states that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court."

8.       "Postjudgment interest is awarded on monetary judgments recovered in all civil cases," including ones for patent infringement. *Transmatic, Inc. v. Gulton Indus., Inc.*, 180 F.3d 1343, 1347 (Fed. Cir. 1999).   Post-judgment interest is governed by regional circuit law. *Id.* at 1348. Interest begins to accrue on the date of the entry of judgment. *Loughman v. Consol-Pennsylvania Coal Co.*, 6 F.3d 88, 97 (3d Cir. 1993).   Courts in this District routinely award postjudgment interest in patent infringement cases. *See nCUBE Corp. v. SeaChange Int'l, Inc.*, 313 F. Supp. 2d 361, 392 (D. Del. 2004), aff'd, 436 F.3d 1317 (Fed. Cir. 2006) (awarding postjudgment interest to patentee for defendant's willful infringement); *TruePosition Inc. v. Andrew Corp.*, 611 F. Supp.

2d 400, 414 (D. Del. 2009), aff'd, 389 F. App'x 1000 (Fed. Cir. 2010) (awarding post-judgment interest for patent infringement).

9.      Section 284 provides that upon a finding of patent infringement, the court "may increase the damages up to three times the amount found or assessed."  There is "no explicit limit or condition on when enhanced damages are appropriate. . . ."  *Halo Elec., Inc.*, 579 U.S. at 93.  "A patent infringer's subjective willfulness, whether intentional or knowing, may warrant enhanced damages, without regard to whether his infringement was objectively reckless."  *Id.*

10.     Courts having jurisdiction over patent infringement cases "may grant injunctions in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable."  35 U.S.C. § 283.  Relief in the form of a permanent objection is available when (1) the plaintiff has suffered an irreparable injury; (2) remedies at law, such as monetary damages, will not adequately compensate the plaintiff for the injury; (3) the balance of hardships between the plaintiff and defendant weigh in favor of an equitable remedy; and (4) a permanent injunction is not against the public interest.  *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

11.     The District Court has the authority to award an ongoing royalty for patent infringement.  *Shatterproof Glass Corp. v. Libbey-Owens Ford Co.*, 758 F.2d 613, 628 (Fed. Cir. 1985).  For example, rather than issue an injunction, the Court may award an ongoing royalty for infringement.  *Research Foundation of State University of New York v. Mylan Pharms. Inc.,* Civ. Nos. 09-184-LPS, 10-892-LPS, 2012 WL 1901267, at *2 (D. Del. May 25, 2012); *see also Paice LLC v. Toyota Motor Corp.*, 504 F.3d 1293, 1314 (Fed. Cir. 2007) (noting that the District Court has authority to award an ongoing royalty).

## II.     ISSUES OF LAW ON WHICH EVENFLO BEARS THE BURDEN OF PROOF

### A.     Validity

1.     Whether each reference asserted against the asserted patents is "prior art" under 35 U.S.C. §§ 102 and/or 103.

2.     Whether Evenflo can prove that any asserted claims of the asserted patents are invalid as anticipated.

3.     Whether Evenflo can provide that any of the asserted claims of the asserted patents are invalid as obvious.

### B.     Validity - Legal Authority

1.     All patents are presumed valid.  35 U.S.C. § 282(a); *Novo Nordisk A/S v. Caraco Pharm. Labs., Ltd.*, 719 F.3d 1346, 1352 (Fed. Cir. 2013) ("It is black-letter law that a patent is presumed valid.").  "Each claim of a patent . . . shall be presumed valid independently of the validity of other claims; dependent or multiple dependent claims shall be presumed valid even though dependent upon an invalid claim."  35 U.S.C. § 282(a).  Evenflo must prove invalidity of the asserted patents by clear and convincing evidence.  *Microsoft Corp. v. i4i Ltd. Partnership*, 564 U.S. 91, 95 (2011); *State Contracting & Eng'g Corp. v. Condotte Am., Inc.*, 346 F.3d 1057, 1067 (Fed. Cir. 2003).  "Clear and convincing evidence is evidence that places in the fact finder an abiding conviction that the truth of the factual contentions are highly probable."  *Bayer Pharma AG v. Watson Labs., Inc.*, 183 F. Supp. 3d 579, 585 (D. Del. 2016) (citing *Alza Corp. v. Andrx Pharms., LLC*, 607 F. Supp. 2d 614, 631 (D. Del. 2009)).

2.     Evenflo bears the burden of proof concerning validity throughout the entirety of the litigation.  *Novo Nordisk*, 719 F.3d at 1352 ("[B]ecause the presumption of validity remains intact throughout the litigation, the burden of persuasion never shifts to the patentee.") (internal quotations omitted).  "[W]here the challenger fails to identify any persuasive evidence of

invalidity, the very existence of the patent satisfies the patentee's burden on the validity issue." *Canon Computer Sys., Inc. v. Nu-Kote Int'l, Inc.*, 134 F.3d 1085, 1088 (Fed. Cir. 1998).

3.      In order for a reference to be considered prior art, whether as 35 U.S.C. § 102 art or § 103 art, a reference must have been sufficiently accessible to the public interested in the art before the critical date. *In re Omeprazole Patent Litig. v. Apotex Corp.*, 536 F.3d 1361, 1381 (Fed. Cir. 2008). For a reference to be publicly known, "the knowledge must be publicly accessible . . . and it must be sufficient to enable one with ordinary skill in the art to practice the invention." *Minnesota Min. &Mfg. Co. v. Chemque, Inc.*, 303 F.3d 1294, 1301 (Fed. Cir. 2002). Similarly, for the use of a product to be prior art, the "use must be accessible to the public." *Id.* "Although 'public use' for purposes of § 102(b) is defined differently from 'use' for purposes of § 102(a) both require actual use by someone at some point." *Id.* at 1307.

4.      Where a party relies on the public use of a combination of elements, the party must show that those elements were actually used together. *Minnesota*, 303 F.3d at 1307. "The mere fact that a certain thing may result from a given set of circumstances is not sufficient." *In re Robertson*, 169 F.3d 743, 745 (Fed. Cir. 1999). It must be shown that the prior art system was actually created, not just merely a possible configuration that could be assembled. *See Motorola Mobility, LLC v. Int'l Trade Comm'n*, 737 F.3d 1345, 1349-50 (Fed. Cir. 2013) (affirming finding of no anticipation where the accused infringer relied on a configuration of a prior art system that was possible but not necessary); *Cont'l Can Co. v. Monsanto Co.*, 948 F.2d 1264, 1269 (Fed. Cir. 1991) ("The mere fact that a certain thing may result from a given set of circumstances is not sufficient" for anticipation.); *Apple, Inc. v. Samsung Elecs. Co.*, No. 12-CV-00630-LHK, 2012 WL 2576136, at *3 (N.D. Cal. July 3, 2012) (finding no anticipation where "[t]here [was] no evidence that the

software programs and code used by [the invalidity expert] were in existence at the same time or that they were combined in a single apparatus.").

5.     To constitute a printed publication, a reference must be publicly accessible. *Intellectual Ventures LLC v. Canon Inc.*, 143 F. Supp. 3d 143, 165 (D. Del. 2015). A reference is "publicly accessible upon a satisfactory showing that such document has been disseminated or otherwise made available to the extent that persons interested and ordinarily skilled in the subject matter or art exercising reasonable diligence, can locate it." *SRI Int'l, Inc. v. Internet Sec. Sys., Inc.*, 511 F.3d 1186, 1194 (Fed. Cir. 2008) (citation and quotation marks omitted). "The proponent of the publication bar must show that prior to the critical date the reference was sufficiently accessible, at least to the public interested in the art, so that such a one by examining the reference could make the claimed invention without further research or experimentation." *In re Hall*, 781 F.2d 897, 899 (Fed. Cir. 1986); *Massachusetts Inst. of Tech. v. AB Fortia, et al.*, 774 F.2d 1104, 1109 (Fed. Cir. 1985). If an alleged piece of prior art must be located through abnormal means and "not by means of customary research aids available in the library, the probability of public knowledge of the contents of the [prior art] . . . [i]s virtually nil." *In re Bayer*, 568 F.2d 1357, 1361 (C.C.P.A. 1978).

6.     "A party asserting prior invention may establish that he was the first to invent by showing that he was either: (1) the first to reduce the invention to practice; or (2) the first to conceive the invention and to then exercise reasonable diligence in attempting to reduce the invention to practice from a date just prior to the applicant's conception to the date of his reduction to practice." *Golden Bridge Tech., Inc. v. Apple Inc.*, 937 F. Supp. 2d 504, 516 (D. Del. 2013), *adhered to on reconsideration* (Apr. 25, 2013), *aff'd*, 758 F.3d 1362 (Fed. Cir. 2014). "Though the patentee has the burden of production in antedating a reference, the burden of persuasion, by clear and convincing evidence, remains with the party that challenges an issued patent's validity."

14

*Stamps.com Inc. v. Endicia, Inc.*, 437 Fed. Appx. 897, 907-08 (Fed. Cir. 2011).  Conception is the "formation in the inventor's mind of a definite and permanent idea of the complete and operative invention, as it is hereafter to be applied in practice."  *Hybritech Inc. v. Monoclonal Antibodies, Inc.*, 802 F.2d 1367, 1376 (Fed. Cir. 1986)); *Stern v. Trustees of Columbia Univ. in New York*, 434 F.3d 1375, 1378 (Fed. Cir. 2006).  "Actual reduction to practice requires that the claimed invention work for its intended purpose, and, as has long been the law, constructive reduction to practice occurs when a patent application on the claimed invention is filed."  *Hybritech Inc.*, 802 F.2d at 1376 (internal citations omitted).  To determine whether a patentee was diligent, "[t]he basic inquiry is whether, on all of the evidence, there was reasonably continuing activity to reduce the invention to practice."  *Brown v. Barbacid*, 436 F.3d 1376, 1380 (Fed. Cir. 2006).  There is no rule requiring a specific kind of activity in determining whether the applicant was reasonably diligent in proceeding toward an actual or constructive reduction to practice."  *Id.*; *see also Scott v. Koyama*, 281 F.3d 1243, 1248 (Fed. Cir. 2002) ("The activities that may be considered in a showing of diligence can take a diversity of forms.").  Engineering activity directed to an actual reduction to practice, or "engineering diligence," can establish diligence running to a constructive reduction to practice, *i.e.*, the filing of a patent application.  *Scott*, 281 F.3d at 1248; (citing *Rey-Bellet v. Engelhardt*, 493 F.2d 1380, 1388 (CCPA 1974)); *see also Keizer v. Bradley*, 270 F.2d 396, 400 (CCPA 1959).

7.     A patent claim is invalid as anticipated under 35 U.S.C. § 102 if it can be shown by clear and convincing evidence that "within the four corners of a single, prior art document every element of the claimed invention [is described], either expressly or inherently, such that a person of ordinary skill in the art could practice the invention without undue experimentation."  *Callaway Golf Co. v. Acushnet Co.*, 576 F.3d 1331, 1346 (Fed. Cir. 2009); *Apple Computer, Inc. v. Articulate*

*Sys., Inc.*, 234 F.3d 14, 20 (Fed. Cir. 2000) ("Anticipation under 35 U.S.C. § 102 requires the disclosure in a single piece of prior art of each and every limitation of a claimed invention."). Furthermore, in addition to disclosing all of the elements, the claimed elements must also be "arranged as in the claim.  A prior art disclosure that 'almost' meets that standard may render the claim invalid under § 103; it does not 'anticipate.'"  *Structural Rubber Prod. Co. v. Park Rubber Co.*, 749 F.2d 707, 716 (Fed. Cir. 1984).  In order to anticipate, the alleged prior art reference must disclose the invention "without any need for picking, choosing, and combining various disclosures not directly related to each other by the teachings of the cited reference."  *In re Arkley*, 455 F.2d 586, 587-88 (C.C.P.A 1972) ("Such picking and choosing may be entirely proper in the making of a 103, obviousness rejection, where the applicant must be afforded an opportunity to rebut with objective evidence any inference of obviousness which may arise from the similarity of the subject matter which he claims to the prior art, but it has no place in the making of a 102, anticipation rejection.").

8.      Anticipation requires more than mere similarity; an accused infringer must show that the prior art is exactly the same as the construed claim.  *Titanium Metals Corp. of Am. v. Banner*, 778 F.2d 775, 780 (Fed. Cir. 1985) ("[A]nticipation under § 102 can be found only when the reference discloses exactly what is claimed.").  An accused infringer cannot use extrinsic evidence, such as expert testimony, to fill gaps in a reference.  *See Scripps Clinic & Research Found. v. Genentech, Inc.*, 927 F.2d 1565, 1576-77 (Fed. Cir. 1991) ("The role of extrinsic evidence is to educate the decision-maker to what the reference meant to persons of ordinary skill in the field of the invention, not to fill gaps in the reference."), clarified on denial of reconsideration, No. 89-1541, 1991 WL 523489 (Fed. Cir. Apr. 30, 1991), and overruled on other grounds by *Abbott Labs. v. Sandoz, Inc.*, 566 F.3d 1282 (Fed. Cir. 2009).

9.     "Anticipation cannot be proved by merely establishing that one 'practices the prior art.' . . . Likewise, mere proof that the prior art is identical, in all material respects, to an allegedly infringing product cannot constitute clear and convincing evidence of invalidity.  Anticipation requires a showing that each element of the claim at issue, properly construed, is found in a single prior art reference."  *Zenith Elecs. Corp. v. PDI Commc'n Sys., Inc.*, 522 F.3d 1348, 1363 (Fed. Cir. 2008).

10.    Finally, to anticipate, a prior art reference must enable one of skill to practice the claimed invention.  *Elan Pharm., Inc. v. Mayo Found. for Med. Educ. & Research*, 346 F.3d 1051, 1054 (Fed. Cir. 2003) ("To serve as an anticipating reference, the reference must enable that which it is asserted to anticipate.").

11.    A patent claim is invalid as obvious under 35 U.S.C. § 103 "if the differences between the claimed invention and the prior art are such that the claimed invention as a whole would have been obvious before the effective filing date of the claimed invention to a person having ordinary skill in the art to which the claimed invention pertains."  35 U.S.C. § 103.  To conclude whether a patent is obvious, the following factors must be determined: (1) the scope and content of the prior art; (2) the level of ordinary skill in the art; (3) the differences between the claimed invention and the prior art; and (4) any objective indicators of nonobviousness.  *See Graham v. John Deere Co.*, 383 U.S. 1, 17-18 (1966).  All of these factors must be considered before a patent can be found invalid.  *Ruiz v. A.B. Chance Co.*, 234 F.3d 654, 663 (Fed. Cir. 2000).  The obviousness analysis takes place at the time of the invention and focuses on evidence existing before the time of the invention.  *See KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 298, 420 (2007).

12.    "[A] patent composed of several elements is not proved obvious by merely demonstrating that each of its elements was, independently, known in the prior art."  *KSR Int'l*, 550 U.S. at 418.

17

"Inventions in most, if not all, instances rely upon building blocks long since uncovered, and claimed discoveries almost of necessity will be combinations of what, in some sense, is already known." *Id.* at 418-19.   An accused infringer must demonstrate "by clear and convincing evidence" that a "skilled artisan would have had reason to combine the teaching of the prior art references to achieve the claimed invention, and that the skilled artisan would have had a reasonable expectation of success from doing so." *In re Cyclobenzaprine Hydrochloride Extended Release Capsule Patent Litig.*, 676 F.3d 1063, 1068-69 (Fed. Cir. 2012).

13.     It is prohibited to use hindsight in the obviousness analysis.  *KSR Int'l*, 550 U.S. at 421. "Obviousness cannot be based on the hindsight combination of components selectively culled from the prior art to fit the parameters of the patented invention." *Cheese Sys., Inc. v. Tetra Pak Cheese and Powder Systems, Inc.*, 725 F.3d 1341, 1352 (Fed. Cir. 2013); *In re NTP, Inc.*, 654 F.3d 1279, 1299 (Fed. Cir. 2011) ("Care must be taken to avoid hindsight reconstruction by using the patent in suit as a guide through the maze of prior art references, combining the right references in the right way so as to achieve the result of the claims in suit."); *Yamanouchi Pharm. Co., Ltd. v. Danbury Pharmacal, Inc.*, 231 F.3d 1339, 1343 (Fed. Cir. 2000) (using "the claimed invention itself as a blueprint for piecing together elements in the prior art to defeat the patentability of the claimed invention" is impermissible hindsight reasoning) (citation omitted).  In order to guard against hindsight bias, secondary considerations or objective indicia of nonobviousness should be considered.

14.     Some of the factors to be considered as objective indicators of nonobviousness are: (i) copying; (ii) long felt but unresolved need; (iii) failure of others to develop the invention; licenses showing industry respect for the invention; (v) commercial success; (vi) unexpected results created by the claimed invention; (vii) whether the claimed invention was praised by others in the field;

and (vii) skepticism of skilled artisans before the invention. *Cheese Sys., Inc.*, 725 F.3d at 1352-53.  Additional factors that relate to obviousness or nonobviousness may also be considered. *Graham*, 83 U.S. at 17-18.  Objective factors of nonobviousness "must" always be considered as part of the original determination of obviousness. *See Hybritech Inc.*, 802 F.2d at 1380, 1382-84.

15.     The burden on one challenging the validity of a patent may be more difficult when relying on prior art the PTO considered. *See, e.g., Hewlett-Packard Co. v. Bausch & Lomb Inc.*, 909 F.2d 1464, 1467 (Fed. Cir. 1990) (meeting the clear and convincing evidence standard is especially difficult when relying on prior art the PTO considered); *Hughes Aircraft Co. v. United States*, 717 F.2d 1351, 1359 (Fed. Cir. 1983) (finding challenger's burden is more difficult to carry when relying only on art the PTO considered).

16.     [A] prior art reference that "'must be distorted from its obvious design'" does not anticipate a patent claim. *In re Wells*, 53 F.2d 537, 539 (C.C.P.A. 1931) (*quoting Block v. Nathan Anklet Support Co.*, 9 F.2d 311, 312 (2d Cir. 1925)); *accord Topliff v. Topliff*, 145 U.S. 156, 161 (1892) ("It is not sufficient to constitute an anticipation that the device relied upon might, by modification, be made to accomplish the function performed by the patent in question, if it were not designed by its maker, nor adapted, nor actually used, for the performance of such functions.") (emphasis added).  In other words, a prior art reference anticipates a claim only if it discloses all the elements "in the same form and order as in the claim." *Abbott Labs. v. Sandoz, Inc.*, 544 F.3d 1341, 1345 (Fed. Cir. 2008); *NetMoneyIN, Inc. v. VeriSign, Inc.*, 545 F.3d 1359, 1369 (Fed. Cir. 2008) (same). *See also In re Chudik*, 851 F.3d 1365, 1372 (Fed. Cir. 2017).

Dated:                                          ASHBY & GEDDES

                                                */s/  Andrew C. Mayo*
                                                _____
                                                Steven J. Balick (#2114)
                                                Andrew C. Mayo (#5207)
                                                ASHBY & GEDDES
                                                500 Delaware Avenue, 8th Floor
                                                P.O. Box 1150
                                                Wilmington, DE  19899
                                                Telephone:  (302) 654-1888
                                                sbalick@ashbygeddes.com
                                                amayo@ashbygeddes.com

                                                Noah A. Brumfield (*pro hac vice*)
                                                David M. Tennant (*pro hac vice*)
                                                Shamita D. Etienne-Cummings (*pro hac vice*)
                                                ALLEN & OVERY LLP
                                                1101 New York Avenue, NW
                                                Washington, DC  20005
                                                Telephone:  (202) 833-3810
                                                Noah.brumfield@allenovery.com
                                                David.tennant@allenovery.com
                                                Shamita.etienne@allenovery.com

                                                Bijal V. Vakil (*pro hac vice*)
                                                Eric E. Lancaster (*pro hac vice*)
                                                ALLEN & OVERY LLP
                                                550 High Street, Second Floor
                                                Palo Alto, CA  94301
                                                Telephone:  (650) 388-1700
                                                Bijal.vakil@allenovery.com
                                                Eric.lancaster@allenovery.com

                                                Majesty Jala (*pro hac vice*)
                                                ALLEN & OVERY LLP
                                                1221 Avenue of the Americas
                                                New York, NY  10020
                                                Telephone:  (212) 610-6300
                                                Majesty.jala@allenovery.com

                                                *Attorneys for Plaintiff*

20

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| WONDERLAND SWITZERLAND AG,<br><br>    Plaintiff,<br><br>  v.<br><br>EVENFLO COMPANY, INC.,<br><br>    Defendant. | Civil Action No. 20-cv-00727-JPM |

## <u>EXHIBIT B.2</u>
### Evenflo's Statement of Issues of Law

Evenflo denies that the asserted claims of U.S. Patent Nos. 7,625,043 and 8,141,951 are infringed. In addition, Evenflo asserts that the asserted claims of the asserted patents are invalid as obvious in view of the prior art identified by Evenflo and pursuant to 35 U.S.C. § 103.  Evenflo seeks its costs pursuant to Rule 54(d) of the Federal Rules of Civil Procedure, and its attorneys' fees, including under 35 U.S.C. § 285, the Court's inherent powers, and other applicable authority.

Evenflo's Statement of Issues of Law is based on arguments it expects to make to establish invalidity of the asserted claims, as well as its understanding of the arguments that Wonderland is likely to present in attempting to prove infringement, conception and reduction to practice, and damages. To the extent that Wonderland intends or attempts to introduce different or additional legal arguments, Evenflo reserves the right to supplement this statement and contest those legal arguments, and to present any and all rebuttal evidence in response to those arguments. By providing this statement, Evenflo does not concede that all the recited issues are appropriate for trial. In particular, Evenflo does not waive any of its motions *in limine*, *Daubert* motions, or motions for summary judgment, which, if granted, would render some or all of these issues moot.

## I.     Direct Infringement

### A.     Issues to be Litigated

1.     Whether Evenflo has directly infringed claim 1 of the '043 patent literally and/or under the doctrine of equivalents.

2.     Whether Evenflo has indirectly infringed, by inducing others to infringe or contributing to the infringement of, claim 1 of the '043 patent literally or under the doctrine of equivalents.

3.     Whether Evenflo has directly infringed claims 1 and 4-8 of the '951 patent literally and/or under the doctrine of equivalents.

4.     Whether Evenflo has indirectly infringed, by inducing others to infringe or contributing to the infringement of, claims 1 and 4-8 of the '951 patent literally or under the doctrine of equivalents.

### B.     Legal Authority

#### i.     Literal Infringement

5.     Wonderland bears the burden of proving patent infringement by a preponderance of the evidence. *Advanced Cardiovascular Sys., Inc. v, Scimed Life Sys., Inc.*, 261 F.3d 1329, 1336 (Fed. Cir. 2001). To meet this burden, Wonderland must show that it is more likely than not that Evenflo has infringed the asserted patents. *Warner-Lambert Co. v. Teva Pharm., USA, Inc.*, 418 F.3d 1326, 1341 (Fed. Cir. 2005).

6.     The infringement analysis involves two steps. *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 976 (Fed. Cir. 1995) (en banc), *aff'd*, 517 U.S. 370 (1996). The first step is to define the disputed terms of the patent consistent with how those terms would be understood by a person of ordinary skill in the art. *Id.*; *Phillips v. AWH Corp.*, 415 F.3d 1303, 1313 (Fed. Cir. 2005)

(en banc). This Court construed the disputed terms in its order issued on August 26, 2021. (D.I. 66). The second step is to determine whether the accused product infringes the patent by comparing the accused product with the properly construed claims. *Markman*, 52 F.3d at 976.

7.       To establish literal infringement, Wonderland must prove "that each and every limitation set forth in a claim appear" in each accused product. *V-Formation, Inc. v. Benetton Grp. SpA*, 401 F.3d 1307, 1312 (Fed. Cir. 2005); *see also DeMarini Sports, Inc. v. Worth*, Inc., 239 F.3d 1314, 1331 (Fed. Cir. 2001) ("Literal infringement of a claim occurs when every limitation recited in the claim appears in the accused device, i.e., when 'the properly construed claim reads on the accused device exactly.'") (citation omitted). If the patentee fails to prove that any limitation is literally present in the accused product, then there can be no finding of literal infringement. *V-Formation*, 401 F.3d at 1312 (finding no literal infringement where "the accused devices do not include" one of the limitations of the asserted claims); *Litton Sys., Inc. v. Honeywell, Inc.*, 140 F.3d 1449, 1454 (Fed. Cir. 1998) ("[A]ny deviation from the claim precludes a finding of literal infringement"). "[A] dependent claim, by nature, incorporates all the limitations of the claim to which it refers." *Jeneric/Pentron, Inc. v. Dillon Co.*, 205 F.3d 1377, 1383 (Fed. Cir. 2000). Thus, it is "a fundamental principle of patent law that 'dependent claims cannot be found infringed unless the claims from which they depend have been found to have been infringed.'" *Id.* (citation omitted).

### ii.       Indirect Infringement

8.       Indirect infringement results if a defendant induces another to infringe a claim of a patent or contributes to the infringement of a claim of a patent by another.

9.       To establish induced infringement, Wonderland must prove that Evenflo "actively and knowingly aid[ed] and abet[ed] another's direct infringement." *C.R. Bard, Inc. v. Advanced*

3

*Cardiovascular Sys., Inc.*, 911 F.2d 670, 675 (Fed. Cir. 1990).  Thus, Wonderland must prove that (1) Evenflo's products, when used as complained, necessarily infringe and (2) that "[Evenflo] knowingly induced infringement and possessed specific intent to encourage another's infringement." *Minn. Mining & Mfg. Co. v. Chemque, Inc.*, 303 F.3d 1294, 1304–05 (Fed. Cir. 2002) (citation omitted); 35 U.S.C. § 271(b).  In other words, to meet this heavy burden, Wonderland must satisfy a two-part test and must show "that the alleged infringer's actions induced infringing acts *and* that he knew or should have known his actions would induce actual infringements." *Manville Sales Corp. v. Paramount Sys., Inc.*, 917 F.2d 544, 553 (Fed. Cir. 1990) (emphasis in original).

10.     To satisfy the first part of the test—inducing infringing acts—Wonderland must show that a third party actually committed an act of direct infringement and that Evenflo took an affirmative act that induced, aided, or abetted the act that directly infringed the patent. *See Wordtech Sys., Inc. v. Integrated Networks Sols., Inc.*, 609 F.3d 1308, 1315–16 (Fed. Cir. 2010). For the second part of the test—know or should have known actions would induce infringement— Wonderland must show that Evenflo: (1) had actual or constructive knowledge of the asserted patent at the time of infringement; (2) knew or should have known that the act of the third party it encouraged by its inducing act would result in direct infringement; and (3) had a specific intent to cause the acts which resulted in infringement. *See Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 843 F.3d 1315, 1322 (Fed. Cir. 2016); *see also Global Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011); *Takeda Pharm., USA v. West-Ward Pharm. Grp.*, 785 F.3d 625, 630–31 (Fed. Cir. 2015); *Info-Hold, Inc. v. Muzak LLC*, 783 F.3d 1365, 1372-1373 (Fed. Cir. 2015); *DSU Medical Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) (en banc).

11.     To establish contributory infringement, Wonderland must prove that there is direct infringement in addition to the following four elements: (1) Evenflo sold or offered to sell in the United States an apparatus for use in practicing the patented inventions; (2) the apparatus is a material part of the invention; (3) Evenflo knew that the apparatus was especially made or adapted for use in a manner that would infringe the patent; and (4) the apparatus is not a staple article of commerce capable of substantial non-infringing use.  *See Fujitsu Ltd. v. Netgear, Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010); *see also C.R. Bard*, 911 F.2d at 673; *In re Bill of Lading Transmission & Processing Sys. Patent Litig.,* 681 F.3d 1323, 1337 (Fed. Cir. 2012).

12.     In particular, 35 U.S.C. § 271(c) requires Wonderland to show that Evenflo knew that the accused products were "especially made or especially adapted for use in infringement" of the asserted patents.  35 U.S.C. § 271(c).  "The prohibition against contributory infringement is confined to the knowing sale of a component especially made for use in connection with a particular patent."  *Sony Corp. of Am. V. Universal City Studios, Inc.*, 464 U.S. 417, 440 (1984). To rely on willful blindness to satisfy the knowledge requirement for indirect infringement (including contributory infringement), Wonderland must show that Evenflo subjectively believed there was a high probability that a patent existed covering the accused product, and that Evenflo took deliberate actions to avoid learning about the patent.  *See Global-Tech Appliances*, 563 U.S. at 764–65. A staple article of commerce capable of substantial non-infringing use is something that has uses other than as a component of the patented product, and those other uses are not occasional, farfetched, impractical, experimental, or hypothetical.  *See Bio-Rad Labs., Inc. v. Int'l Trade Comms'n*, 998 F.3d 1320, 1336 (Fed. Cir. 2021); *Fujitsu*, 620 F.3d 1330–31; *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1327 (Fed. Cir. 2009).

iii.     **Doctrine of Equivalents**

13.     If Wonderland fails to prove that each claim limitation is literally present in each accused network or method, then the claim may only "be found to infringe if there is 'equivalence' between the elements of the accused [network] or process and the claimed elements of the patented invention." *Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 29 (1997).

14.     To prove infringement under the doctrine of equivalents, Wonderland must "prove that the accused [network or method] contains an equivalent for each limitation not literally satisfied." *Catalina Mktg. Int'l, Inc. v. Coolsavings.com, Inc.*, 289 F.3d 801, 812 (Fed. Cir. 2002). "An element in the accused [network or method] is equivalent to a claim limitation if the differences between the two are 'insubstantial' to one of ordinary skill in the art." *Id.* (citation omitted). "Insubstantiality may be determined by whether the accused device 'performs substantially the same function in substantially the same way to obtain the same result' as the claim limitation." *Id.* (quoting *Graver Tank & Mfg. Co. v. Linde Air Prods. Co.*, 339 U.S. 605, 608 (1950)). In addition, "other 'objective evidence rather than unexplained subjective conclusions' may be relevant to the determination whether the differences between the accused product or process and the claimed invention are insubstantial." *Tex. Instruments Inc. v. Cypress Semiconductor Corp.*, 90 F.3d 1558, 1566 (Fed. Cir. 1996) (citation omitted). "Such evidence may include evidence of known interchangeability to one of ordinary skill in the art, copying, and designing around." *Id.*

15.     To carry its burden of proof, Wonderland "must provide particularized testimony and linking argument as to the 'insubstantiality of the differences' between the claimed invention and the accused device or process, or with respect to the function, way, result test . . . ." *Id.* at 1567. "Such evidence must be presented on a limitation-by-limitation basis[,]" and "[g]eneralized testimony as to the overall similarity between the claims and the accused infringer's product or

process will not suffice." *Id.* "[W]ithout these requirements, the fact-finder has no analytical framework for making its decision and is 'put to sea without guiding charts when called upon to determine infringement under the doctrine [of equivalents].'" *Id.* at 1566-67 (citation omitted). Thus, as the Federal Circuit has explained:

> [W]hen the patent holder relies on the doctrine of equivalents, . . . the difficulties and complexities of the doctrine require that evidence be presented to the jury or other fact-finder through the particularized testimony of a person of ordinary skill in the art, typically a qualified expert, who (on a limitation-by-limitation basis) describes the claim limitations and establishes that those skilled in the art would recognize the equivalents.

*AquaTex Indus., Inc. v. Techniche Sols.*, 479 F.3d 1320, 1329 (Fed. Cir. 2007).

16.     The scope of potential equivalents is limited by the principle of prosecution history estoppel, whereby "a patentee is unable to reclaim through the doctrine of equivalents what was surrendered or disclaimed in order to obtain the patent." *Loral Fairchild Corp. v. Sony Corp.*, 181 F.3d 1313, 1322 (Fed. Cir. 1999). Prosecution history estoppel applies not only "to matter surrendered as a result of amendments to overcome patentability rejections," but also "to matter surrendered . . . as a result of an argument to secure allowance of a claim." *Id.* (citations omitted). "Competitors may rely on estoppel to ensure that their own devices will not be found to infringe by equivalence." *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722, 727 (2002).

17.     "[T]he patentee bears the burden of showing that a narrowing amendment did not surrender a particular equivalent"; it can only overcome this presumption "by showing that 'at the time of the amendment one skilled in the art could not reasonably be expected to have drafted a claim that would have literally encompassed the alleged equivalent.'" *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 344 F.3d 1359, 1365 (Fed. Cir. 2003) (citation omitted). Specifically, Wonderland must demonstrate that the alleged equivalent would have been unforeseeable at the time of the narrowing amendment, that the rationale underlying the narrowing

7

amendment bore no more than a tangential relation to the equivalent in question, or that there was some other reason suggesting that the patentee could not have reasonably been expected to have described the alleged equivalent.

18.     "The doctrine of equivalents cannot be used to erase meaningful structural and functional limitations of the claim on which the public is entitled to rely in avoiding infringement." *V-Formation*, 401 F.3d at 1313 (internal quotations and citations omitted). Thus, "[i]t is important to ensure that the application of the doctrine, even as to an individual element, is not allowed such broad play as to effectively eliminate that element in its entirety." *Warner- Jenkinson*, 520 U.S. at 29. Likewise, because Wonderland may not "obtain[ ] under the doctrine of equivalents coverage it could not have obtained from the Patent and Trademark Office (PTO) by literal claims[,]" the range of equivalents may not be so broad as to encompass what is already known in the prior art. *Marquip, Inc. v. Fosber Am., Inc.*, 198 F.3d 1363, 1367 (Fed. Cir. 1999). ("Because prior art limits the exclusive right available to an inventor, it also limits the range of permissible equivalents of a claim."). Wonderland bears the burden of proving that its asserted range of equivalents "would not ensnare the prior art." *Id.* at 1368 (internal quotations and citations omitted); *see also Wilson Sporting Goods Co. v. David Geoffrey & Associates*, 904 F.2d 677, 685 (Fed. Cir. 1990) ("[I]t is important to remember that the burden is on Wilson [the patentee] to prove that the range of equivalents which it seeks would not ensnare the prior art."). In addition, Wonderland's theory of equivalence cannot assert a range of equivalence so broad that it effectively reads out or vitiates a claim limitation. *See Tronzo v. Biomet, Inc.*, 156 F.3d 1154 (Fed. Cir. 1998) (rejecting patentee's equivalence argument where it found that patentee's argument that a hemispherically shaped cup was an equivalent would read out the "generally conical" shape limitation in the claims); *see also Freedman Seating Co. v. Am. Seating Co.*, 420 F.3d 1350, 1361–62 (Fed. Cir. 2005) (reversing

summary judgment of infringement under the doctrine of equivalents, finding that the conclusion that a support member having an end rotatably mounted to a seat base was equivalent to a support member that had an end slidably mounted to a seat base vitiated the "slidably mounted" limitation); *see also Warner-Jenkinson*, 520 U.S. at 40 (reversing finding of infringement under doctrine of equivalents and remanding for a determination on whether prosecution history estoppel barred equivalents for lower range of a claim limitation where patentee amended claim to add a pH range of 6.0 to 9.0 to distinguish over prior art having pH levels above 9.0 and accused process used a pH level of 5.0).

## II.   Invalidity

### A.   Issues to be Litigated

19.     Whether Evenflo will prove, by clear and convincing evidence, that claim 1 of the '043 patent is invalid in view of (a) U.S. Patent No. 7,086,695 ("Hosoya"); (b) U.S. Patent No. 7,303,230 ("Munn"); (c) U.S. Patent No. 6,382,722 ("Burleigh"); (d) U.S. Patent No. 7,131,692 ("Huang"); and /or(e) U.S. Patent No. 7,370,912 ("Williams").

20.     Whether Evenflo will prove, by clear and convincing evidence, that claims 1 and 4-8 of the '951 patent are invalid in view of (a) U.S. Patent Application Publication No. 2008/0111412 ("Woellert"); (b) European Patent Specification 1621395 ("Pietro"); (c) U.S. Patent Application Publication No. 2007/0063556 ("Santamaria"); and/or (d) U.S. Patent No. 7,862,117 ("Hutchinson").

### B.   Legal Authority

21.     "The presumption of a patent's validity under 35 U.S.C. § 282 can be rebutted by clear and convincing evidence." *Allergan, Inc. v. Apotex Inc.*, 754 F.3d 952, 958 (Fed. Cir. 2014). "The standard does not 'rise and fall with the facts of each case.'" *Id.* (citation omitted). "In

particular, '[w]hether a reference was previously considered by the PTO, the burden of proof is the same: clear and convincing evidence of invalidity.'" *Id.* (citation omitted). Once an accused infringer has come "forward with invalidating prior art[,]" the burden shifts to the patent holder to "show that the prior art does not actually invalidate the patent or that it is not prior art because the asserted claim is entitled to the benefit of an earlier filing date." *Research Corp. Techs., Inc. v. Microsoft Corp.*, 627 F.3d 859, 870 (Fed. Cir. 2010).

22.     To be considered prior art (whether the reference is asserted as anticipatory art under § 102 or obviousness art under § 103), a reference must have been "accessible to the public interested in the prior art" before the critical date. *In re Omeprazole Patent Litig. v. Apotex Corp.*, 536 F.3d 1361, 1381 (Fed. Cir. 2008). "[A] document may be deemed a printed publication 'upon a satisfactory showing that it has been disseminated or otherwise made available to the extent that persons interested and of ordinary skill in the subject matter or art, exercising reasonable diligence can locate it and recognize and comprehend therefrom the essentials of the claimed invention without need of further research or experimentation." *Mass. Inst. of Tech. v. AB Fortia*, 774 F.2d 1104, 1109 (Fed. Cir. 1985) (quoting *In re Wyer*, 655 F.2d 221, 226 (CCPA 1981)). But although the challenger "bears the burden of persuasion to show that [a reference is] prior art . . . , the patentee nevertheless must meet its burden of production to demonstrate an earlier conception date." *Allergan*, 754 F.3d at 967.

> Section 103 of Title 35 of the United States Code provides, in relevant part, that: A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negated by the manner in which the invention was made.

35 U.S.C. § 103(a).

> Under § 103, the scope and content of the prior art are to be
> determined; differences between the prior art and the claims at issue
> are to be ascertained; and the level of ordinary skill in the pertinent
> art resolved. Against this background, the obviousness or
> nonobviousness of the subject matter is determined. Such secondary
> considerations as commercial success, long felt but unsolved needs,
> failure of others, etc., might be utilized to give light to the
> circumstances surrounding the origin of the subject matter sought to
> be patented.

*KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 406 (2007) (quoting *Graham v. John Deere Co. of Kansas City*, 383 U.S. 1, 17-18 (1966)). "The combination of familiar elements according to known methods is likely to be obvious when it does no more than yield predictable results." *Id.* at 416. In other words, the claimed subject matter must involve "more than the predictable use of prior art elements according to their established functions." *Id.* at 417.

23.      In determining whether the claimed subject matter is obvious:

> [I]t will often be necessary for a court to look to interrelated
> teachings of multiple patents; the effects of demands known to the
> design community or present in the marketplace; and the
> background knowledge possessed by a person having ordinary skill
> in the art, all in order to determine whether there was an apparent
> reason to combine the known elements in the fashion claimed by the
> patent at issue.

*Id.* at 418. "[T]he analysis need not seek out precise teachings directed to the specific subject matter of the challenged claim, for a court can take account of the inferences and creative steps that a person of ordinary skill in the art would employ." *Id.* The person of ordinary skill in the art is a "hypothetical person who is presumed to be aware of all the pertinent prior art." *Standard Oil Co. v. Am. Cyanamid Co.*, 774 F.2d 448, 454 (Fed. Cir. 1985).

24.      One way to demonstrate obviousness "is by noting that there existed at the time of invention a known problem for which there was an obvious solution encompassed by the patent's claims." *KSR*, 550 U.S. at 419-20. This analysis need not focus on "the problem the patentee was trying to solve"; rather, "any need or problem known in the field of endeavor at the time of

invention and addressed by the patent can provide a reason for combining the elements in the manner claimed." *Id.* at 420. Likewise, the analysis should not be limited "to those elements of prior art designed to solve the same problem" as the one the patentee was trying to solve. *Id.* "Common sense teaches . . . that familiar items may have obvious uses beyond their primary purposes, and in many cases a person of ordinary skill will be able to fit the teachings of multiple patents together like pieces of a puzzle." *Id.* "A person of ordinary skill is also a person of creativity, not an automaton." *Id.* at 421.

25.     Once a challenger has made a "*prima facie* case demonstrating that the patent might be obvious[,]" the burden of production shifts to the patent holder "to come forward with evidence of nonobviousness . . . ." *Novo Nordisk A/S v. Caraco Pharm. Labs., Ltd.*, 719 F.3d 1346, 1353 (Fed. Cir. 2013). Such objective indicia of nonobviousness ("secondary considerations") may include commercial success, failure of others to solve the problem, copying, satisfaction of a long-felt need, and industry praise. *Asyst Techs., Inc. v. Emtrak, In*c., 544 F.3d 1310, 1316 (Fed. Cir. 2008); *Iron Grip Barbell Co., Inc. v. USA Sports, Inc.*, 392 F.3d 1317, 1324 (Fed. Cir. 2004). "For objective evidence to be accorded substantial weight, its proponent must establish a nexus between the evidence and the merits of the claimed invention." *In re GPAC Inc.*, 57 F.3d 1573, 1580 (Fed. Cir. 1995); see also *Wyers v. Master Lock Co.*, 616 F.3d 1231, 1246 (Fed. Cir. 2010) ("[T]he patentee must establish a nexus between the evidence of commercial success and the patented invention.").

26.     Moreover, "evidence of secondary considerations does not always overcome a strong prima facie showing of obviousness." *Asyst Techs., Inc. v. Emtrak, Inc.*, 544 F.3d 1310, 1316 (Fed. Cir. 2008); *see also, e.g., Agrizap, Inc. v. Woodstream Corp.*, 520 F.3d 1337, 1344 (Fed. Cir. 2008) (finding that "the objective evidence of nonobviousness simply cannot overcome

such a strong prima facie case of obviousness"). Thus, for example, the Federal Circuit has affirmed a finding of obviousness despite the patent holder's "substantial evidence of commercial success, praise, and long-felt need . . . ." *Leapfrog Enters., Inc. v. Fisher-Price, Inc.*, 485 F.3d 1157, 1162 (Fed. Cir. 2007) (agreeing that this evidence "was inadequate to overcome a final conclusion that [the asserted claim] would have been obvious").

## III.   Damages

### A.   Issues to Be Litigated

27.    Whether Wonderland is entitled to a reasonable royalty should the jury find that any claim of the '043 patent is valid and infringed based on a hypothetical negotiation.

28.    Whether Wonderland is entitled to a reasonable royalty should the jury find that any claim of the '951 patent is valid and infringed based on a hypothetical negotiation.

29.    Whether Evenflo has proved the existence of non-infringing alternatives to the technology of the asserted patents.

### B.   Legal Authority

30.    35 U.S.C. § 284 governs the monetary damages available to a patentee as compensation for infringement of its patent. *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 504 (1964). "Upon finding for the claimant the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer. . . . The court may receive expert testimony as an aid to the determination of damages or of what royalty would be reasonable under the circumstances." 35 U.S.C. § 284.

31.    The Supreme Court has said that the question to be answered when evaluating damages is "primarily: had the Infringer not infringed, what would Patent Holder-Licensee have

made?" *Aro Mfg.*, 377 U.S. 507 (internal quotations omitted). Thus, the purpose of compensatory patent damages is to make the patent owner "whole" or "fully compensate" her for the infringement, such that the patent owner is restored to the financial position he would have been in had the infringement not occurred. *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1324 (Fed. Cir. 2009), *cert. denied*, 130 S. Ct. 3324 (2010); *Rite-Hite Corp. v. Kelley Co., Inc.*, 56 F.3d 1538, 1545 (Fed. Cir. 1995) (*en banc*), *cert. denied*, 516 U.S. 867 (1995).

32.     "[T]he amount of a prevailing party's damages is a finding of fact on which the plaintiff bears the burden of proof by a preponderance of the evidence." *Smithkline Diagnostics, Inc. v. Helena Labs. Corp.*, 926 F.2d 1161, 1164 (Fed. Cir. 1991). "[T]he amount is normally provable by the facts in evidence or as a factual inference from the evidence." *Promega Corp. v. Life Techs. Corp.*, 875 F.3d 651, 660 (Fed. Cir. 2017) (internal quotations omitted).

33.     Depending on the circumstances of the case, compensatory damages may take the form of (1) lost profits, (2) an established royalty, or (3) a reasonable royalty. *See Smithkline*, 926 F.2d at 1163, 1167, n.5; *Hanson v. Alpine Valley Ski Area, Inc.*, 718 F.2d 1075, 1078 (Fed. Cir. 1983). As a general matter, a "patentee may seek to recover actual damages, usually, the amount of profits actually lost, or if unable to prove actual damages, the patentee is entitled to a reasonable royalty." *Smithkline*, 926 F.2d at 1164. Once a patent holder is compensated via an award of patent damages, no additional recovery may be had from the paying infringer or any other direct or indirect infringer. *Minco, Inc. v. Combustion Engineering, Inc.*, 95 F.3d 1109, 1121 (Fed. Cir. 1996). Accordingly, because the damages cases for direct and indirect infringement allegations will largely be premised on similar acts of infringement, a patent holder may not recover damages for both direct and indirect infringement. *See Glenayre Elecs., Inc. v. Jackson*, 443 F.3d 851, 872 (Fed. Cir. 2006) ("[W]hen a patentee receives full compensation . . . for the infringing activities .

. . the patentee cannot collect further payment from a party alleging to contribute to the same infringing activities."). This is because "in most cases damages assessed for indirect infringement will be equal to damages assessed for the underlying direct infringement." *Id.* at 859; *see also U.S. Fidelity & Gaur. v. Star Tech., Inc.*, 935 F. Supp. 1110, 1115 (D. Or. 1996) ("Generally speaking, a direct infringer cannot also be liable as an inducer to infringe based on the same act. As several courts have pointed out, the act of encouraging someone to purchase a product is necessarily subsumed by the actual sale of that product.") (collecting cases).

34.     A reasonable royalty may take the form of a lump sum royalty, "where the patentee receives a single upfront payment," or a running royalty, "where the patentee collects ongoing per-unit or percentage payments." *See Wordtech Systems Inc. v. Integrated Networks Solutions, Inc.*, 609 F.3d 1308, 1319 (Fed. Cir. 2010). The amount of damages based on a reasonable royalty is an issue of fact that depends on the particular circumstances of each case. *SmithKline Diagnostics, Inc. v. Helena Labs. Corp.*, 926 F.2d 1161, 1164 (Fed. Cir. 1991). The patentee bears the burden of proving, by a preponderance of the evidence, the amount of a reasonable royalty. *Id.*

35.     The common approach to determining a reasonable royalty is to consider the outcome of a hypothetical arms-length negotiation between a willing licensor and licensee just before infringement began. *Lucent Techs.*, 580 F.3d at 1324-25.  In other words, the reasonable royalty is "the royalty upon which the parties would have agreed had they successfully negotiated an agreement" at the time of the hypothetical negotiation. *Id*. "[P]arties in a hypothetical negotiation are presumed to have perfect knowledge of all facts and circumstances, some of which were unknown during the actual patent negotiations and acquisition."  *Intellectual Ventures I LLC v. Check Point Software, et al.*, C.A. Nos. 10-1067-LPS, 12-1581-LPS, at *11 (D. Del. Mar. 31, 2014) (Mem. Op.) (*citing Mobile Oil Corp. v. Amoco Chemicals Corp.*, 915 F. Supp. 1333, 1353

15

(D. Del. 1994)).  In applying the construct of the hypothetical negotiation, the fact-finder must assume that the patents-in-suit are valid, enforceable, and infringed.  *See Lucent Techs.*, 580 F.3d at 1324-25.

36.     As a general matter, the reasonable royalty analysis considers the relevant facts and circumstances concerning the parties as of the time of the hypothetical negotiation, but the analysis is flexible—the fact-finder may also look to "events and facts that occurred thereafter and that could not have been known or predicted by the hypothesized negotiators" under the so-called "Book of Wisdom."  *See Fromson v. Western Litho Plate and Supply Co.*, 853 F.2d 1568, 1575-76 (Fed. Cir. 1988), *overruled on other grounds by*, *Knorr Bremse System Fuer Nutzfahrzeuge GmbH v. Dana Corp.*, 383 F.3d 1337 (Fed. Cir. 2004).

37.     Courts consider a variety of factors in determining the reasonable royalty that the parties would have agreed to in the "hypothetical negotiation," outlined in *Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116 (S.D.N.Y. 1970). These include:

> 1. The royalties received by the patentee for the licensing of the patent in suit, proving or tending to prove an established royalty.
>
> 2. The rates paid by the licensee for the use of other patents comparable to the patent in suit.
>
> 3. The nature and scope of the license, as exclusive or non-exclusive; or as restricted or non-restricted in terms of territory or with respect to whom the manufactured product may be sold.
>
> 4. The licensor's established policy and marketing program to maintain his patent monopoly by not licensing others to use the invention or by granting licenses under special conditions designed to preserve that monopoly.
>
> 5. The commercial relationship between the licensor and licensee, such as, whether they are competitors in the same territory in the same line of business; or whether they are inventor and promotor.
>
> 6. The effect of selling the patented specialty in promoting sales of other products of the licensee; the existing value of the invention to

16

the licensor as a generator of sales of his non-patented items; and the extent of such derivative or convoyed sales.

7. The duration of the patent and the term of the license.

8. The established profitability of the product made under the patent; its commercial success; and its current popularity.

9. The utility and advantages of the patent property over the old modes or devices, if any, that had been used for working out similar results.

10. The nature of the patented invention; the character of the commercial embodiment of it as owned and produced by the licensor; and the benefits to those who have used the invention.

11. The extent to which the infringer has made use of the invention; and any evidence probative of the value of that use.

12. The portion of the profit or of the selling price that may be customary in the particular business or in comparable businesses to allow for the use of the invention or analogous inventions.

13. The portion of the realizable profit that should be credited to the invention as distinguished from non-patented elements, the manufacturing process, business risks, or significant features or improvements added by the infringer.

14. The opinion testimony of qualified experts.

15. The amount that a licensor (such as the patentee) and a licensee (such as the infringer) would have agreed upon (at the time the infringement began) if both had been reasonably and voluntarily trying to reach an agreement; that is, the amount which a prudent licensee—who desired, as a business proposition, to obtain a license to manufacture and sell a particular article embodying the patented invention—would have been willing to pay as a royalty and yet be able to make a reasonable profit and which amount would have been acceptable by a prudent patentee who was willing to grant a license.

*Georgia-Pacific*, 318 F. Supp. at 1120.

38.     Factor 15 of the *Georgia-Pacific* factors generally represents the hypothetical negotiation analysis as a whole and subsumes many of the other 14 factors.  The Federal Circuit has approved the use of the *Georgia-Pacific* factors in numerous decisions, *see*, *e.g.*, *Minks v.*

17

*Polaris Industries, Inc.*, 546 F.3d 1364, 1372 (Fed. Cir. 2008), *Dow Chemical Co. v. Mee Industries, Inc.*, 341 F.3d 1370, 1382 (Fed. Cir. 2003), *Rite-Hite Corp.*, 56 F.3d at 1555, and district courts have repeatedly applied the analysis, recognized that the factors are not exclusive, and found that some or all of the factors may be relevant to a particular case, depending on the facts of the case. *See Eaton Corp. v. Rockwell Int'l Corp.*, 2001 U.S. Dist. LEXIS 17054, at *73-74 (D. Del. Oct. 10, 2001). As described in *Georgia-Pacific*, there is no mathematical formula to determining reasonable royalties—"[A] multiplicity of inter-penetrating factors bear[s] upon the amount of a reasonable royalty. But there is no formula by which these factors can be rated precisely in the order of their relative importance or by which their economic significance can be automatically transduced into their pecuniary equivalent. . . ." *Georgia-Pacific*, 318 F. Supp. at 1120–21.

39.     In discharging its responsibility as fact finder, the Court has attempted to exercise a discriminating judgment reflecting its ultimate appraisal of all pertinent factors in the context of the credible evidence. *Georgia-Pacific*, 318 F. Supp. at 1120-21. "Any reasonable royalty analysis 'necessarily involves an element of approximation and uncertainty.'" *Lucent Techs.*, 580 F.3d at 1325 (*citing Unisplay, S.A. v. Am. Elec. Sign Co.*, 69 F.3d 512, 517 (Fed. Cir. 1995)).

40.     As part of the analysis under *Georgia-Pacific* factors 1 and 2, the fact-finder may consider, respectively, prior licenses for the use of the patent in suit, or prior licenses for the use of "other patents comparable to the patent in suit." *See Georgia-Pacific*, 318 F. Supp. at 1120. The amount of weight given to any particular license depends on the degree of comparability with the terms of the hypothetical license. *See ResQNet.com, Inc. v. Lansa Inc.*, 594 F.3d 860, 869-70 (Fed. Cir. 2010); *Lucent Techs.*, 1325-26. Economic comparability is one critical aspect when evaluating licenses and their effect on the hypothetical negotiation. Such economic factors may include the timing of the offer or license compared to the timing of infringement or whether the

patentee was making an offer or entering a license to one of its customers or competitors. *See, e.g.*, *Deere & Co. v. Int'l Harvester Co.*, 710 F.2d 1551, 1556–57 (Fed. Cir. 1983 (analyzing the timing and economic circumstances surrounding the licenses at issue); *see also MiiCs & Partners, Inc. et al. v. Funai Elec. Co., Ltd., et al.*, No. 14-804-RGA, 2017 WL 6268072, at *4 (D. Del. Dec. 7 2017) (striking an expert report's reliance on a draft license agreement, stating that the expert should have "include[d] a more robust analysis of the actual agreement . . . rather than rely[ing] on the draft royalty provisions"). Another factor when looking at past licenses is the technical comparability of those licenses. This is because, "when relying on licenses to prove a reasonable royalty, alleging loose or vague comparability between different technologies or licenses does not suffice." *Laser Dynamics*, 694 F.3d at 79. Indeed, with these economic and technical considerations, past licenses or transactions can differ from the hypothetical license in a variety of ways, including the parties to the transaction, the time of the transaction, the nature and scope of the rights granted in the transaction, the existing and projected marketplace conditions at the time of the transaction, the legal strength of the intellectual property transferred, the availability and costs of designing around the technology transferred, and the relative bargaining strength of the parties in the transaction. *ResQNet.com*, 594 F.3d at 869-73; *Georgia-Pacific*, 318 F. Supp. at 1120–21. Accordingly, the Federal Circuit "has long required district courts performing reasonable royalty calculations to exercise vigilance when considering past licenses to technologies other than the patent in suit." *Id.* at 869 (*citing Lucent Techs.*, 580 F.3d at 1329).

41.     The analysis of profits—specifically addressed in *Georgia-Pacific* Factor 8—may be considered as part of reasonable royalty analysis. *See*, *e.g.*, *TWM Manufacturing Co. v. Dura Corp.*, 789 F.2d 895, 899 (Fed. Cir. 1986). In determining a reasonable royalty, the fact-finder may consider both expected and actual profits from use of the patented technology by the

hypothetical licensee. *See Radio Steel & Mfg. Co. v. MTD Products, Inc.*, 788 F.2d 1554, 155657 (Fed. Cir. 1986). "The determination of a reasonable royalty . . . is based not on the infringer's profit, but on the royalty to which a willing licensor and a willing licensee would have agreed to at the time the infringement began." *Id*. at 1557; *see also Lucent Techs*., 680 F.3d at 1324–25.

42.     As part of *Georgia-Pacific* factor 9 concerning the comparative utility of the patented technology over old modes or devices, the fact-finder may consider the existence of non-infringing alternatives to the patented technology, although experts are not required to address non-infringing alternatives in their reasonable royalty analysis. *See*, *e.g.*, *Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1393-94 (Fed. Cir. 2003); *Riles v. Shell Exploration & Prod.*, 298 F.3d 1302, 1312 (Fed. Cir. 2002). The existence of a non-infringing alternative can help show that the alleged infringer "would have been in a stronger position to negotiate for a lower royalty rate knowing it had a competitive noninfringing device 'in the wings.'" *Zygo Corp. v. Wyko Corp*., 79 F.3d 1563, 1571-72 (Fed. Cir. 1996). As a general matter, the availability of a viable, non-infringing alternative will place a downward pressure on the reasonable royalty. *See id.* However, the alternative must be acceptable and non-infringing in order to be considered in the reasonable royalty analysis. *See Mars*, 527 F.3d at 1372-73 (Fed. Cir. 2008).

43.     The "entire market value rule" derives from the principle that a patentee must apportion the defendant's profits between patented and unpatented features, and it allows a patentee to calculate a royalty as a percentage of the entire market value of the accused product only if the patented feature creates the basis for customer demand. *See Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1318 (Fed. Cir. 2011). However, starting an apportionment analysis with total revenues or profits of an accused product does not necessarily invoke the entire market value rule, especially where there is no other smaller saleable patent-practicing unit and

20

the damages model "separate[s] or apportion[s] the defendant's profits and the patentee's damages between the patented feature and the unpatented feature. " *Fractus, S.A. v. Samsung Elecs. Co.*, 876 F. Supp. 2d 802, 833 (E.D. Tex. 2012) (quoting Uniloc, 632 F.3d at 1318); *Carnegie Mellon Univ. v. Marvell Tech. Grp.*, Civ. No. 09-920, 2012 WL 3679564, at *4 (W.D. Pa. Aug. 24, 2012).

44.     In order to be admissible, any evidence considered in a reasonable royalty analysis "must be tied to the relevant facts and circumstances of the particular case at issue and the hypothetical negotiations that would have taken place in light of those facts and circumstances at the relevant time." *Uniloc USA*, 632 F.3d at 1318.  Shortcuts to determining a reasonable royalty rate that have no relation to the specific facts of the case are "arbitrary, unreliable, and irrelevant." *Id*. at 1318; *Avocent Redmond Corp. v. Rose Elect.*, C.A. 06-cv-1711-RSL, 2013 WL 8844098, at *5 (W.D. Wash. Mar. 11, 2013).

45.     Another approach to determining reasonable royalty damages is the analytical approach, which determines the infringer's actual profit margin, subtracts the industry standard profit margin, and then awards incremental profits, properly apportioned, as a reasonable royalty. *See TWM Mfg. Co. v. Dura Corp.*, 789 F.2d 895, 899 (Fed. Cir. 1986) (explaining the analytical approach and ruling that the district court did not abuse its discretion by using the approach to calculate a reasonable royalty). A proper analysis using the analytical method will generally compare an infringer's profits without infringement to an infringer's profits with infringement. *See TWM Mfg.*, 789 F.2d at 899 ("The special master . . . used the so-called "'analytical approach[,]'" in which she subtracted the infringer's usual or acceptable net profit from its anticipated net profit realized from sales of infringing devices).  *See also Apple, Inc. v. Samsung Electronics Co*., No. 12–CV–00630–LHK, 2014 WL 794328, at *25 (N.D. Cal. Feb. 25, 2014) ("Using the Income Approach, Dr. Chevalier separately looks at the subset of profits for the

products that incorporate the patented technology at issue due to that technology, less the return

Samsung would have enjoyed had it used the next-best alternative to that technology.");

*Novozymes A/S v. Genencor International, Inc.*, 474 F.Supp.2d 592, 606 (D. Del. 2007)

("According to [the analytical] method, the parties would compare the expected profit margin of

the infringing product to the typical profit margin for the relevant business."); *Inline Connection*

*Corp. v. AOL Time Warner, Inc.*, 470 F.Supp.2d 424, 432 n.38 (D. Del. 2007) ("The Income

Approach estimates an asset's price based on the value of the benefits derived from the use of that

asset."). In addition, the analytical approach must not "capture[] profits attributable to non-

patented features of the [accused product]" and must be "grounded in the facts of the case." *Sprint*

*Commc'ns Co. L.P. v. Cequel Commc'ns, LLC*, No. 18-1752-RGA, 2022 WL 1801433, at *1 (D.

Del. June 2, 2022) (citing *VirnetX, Inc. v. Cisco Sys., Inc.*, 767 F.3d 1308, 1333 (Fed. Cir. 2014)).

## IV.    Fees and Costs

### A.    Issues to be Litigated

46.    Whether either party can show, to the Court, that it is entitled to a declaration that

this case is exceptional pursuant to 35 U.S.C. § 285 and whether that party can prove, to the Court,

that it is entitled to an award of attorneys' fees, under this statute, Federal Rule of Civil Procedure

11, and/or the Court's inherent authority.

### B.    Legal Authority

#### i.    Exceptional Case

47.    35 U.S.C. § 285 provides for the awarding of "reasonable attorney fees to the

prevailing party" when the case is determined to be exceptional. An exceptional case is "simply

one that stands out from others with respect to the substantive strength of a party's litigating

position (considering both the governing law and the facts of the case) or the unreasonable manner

in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S.Ct. 1749, 1756 (2014). This is "a simple discretionary inquiry . . . governed by a preponderance of the evidence standard[.]" *Id.* at 1758. The court should consider the "totality of the circumstances" in determining whether a case is exceptional. *Id.* at 1756. The Federal Circuit has suggested that courts should "consider a 'nonexclusive' list of 'factors,' including 'frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'" *Id.* at 1756 n.6 (citation omitted).

### ii.    Award of Fees and Costs

48.    Pursuant to Federal Rule of Civil Procedure 54(d), costs should be allowed to the prevailing party. Under 28 U.S.C. § 1920, the prevailing party may recover the following costs: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in this case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under 28 U.S.C. § 1828. *See also* D. Del. L.R. 54.1.

### iii.    Rule 11 of the Federal Rules of Civil Procedure

49.    Rule 11 provides that an attorney who fails to "make a reasonable inquiry into the factual and legal legitimacy of the pleading . . . shall be sanctioned." *Simmerman v. Corino*, 27 F.3d 58, 62 (3d Cir. 1994). Conduct violates Rule 11 if it is not "objectively reasonable under the circumstances." *Id.* Attorneys in a patent suit must conduct "a reasonable presuit investigation"

that includes "an objective evaluation of the claim terms when reading those terms on the accused device." *Eon-Net LP v. Flagstar Bancorp*, 653 F.3d 1314, 1329 (Fed. Cir. 2011); Garr v. U.S. Healthcare, Inc., 22 F.3d 1274, 1279 (3d Cir. 1994) (analysis must be done before filing). Before alleging a fact, "a plaintiff should consult the sources at its disposal." *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 108 (3d Cir. 2015). If those sources are not "sufficient to permit a reasonable inference that all the accused products infringe," then the allegations would be violations of Rule 11. *Antonious v. Spalding & Evenflo Companies, Inc.*, 275 F.3d 1066, 1075 (Fed. Cir. 2002). The pre-suit investigation must also be technologically sufficient—typically, if practicable, a plaintiff must perform reverse engineering or its equivalent directly on the accused products. *See*, *e.g.*, *Refac Int'l, Ltd. v. Hitachi, Ltd.*, 141 F.R.D. 281, 286 (C.D. Cal. 1991).

## V.   Willful Infringement

### A.   Issues to be Litigated

50.   If Wonderland meets its burden to prove infringement of the '043 patent and Evenflo is unable to meet its burden to show the '043 patent is invalid, whether Evenflo's alleged infringement of the '043 patent was willful.[1]

### B.   Legal Authority

51.   To demonstrate that Evenflo's alleged infringement of the '043 patent was willful, Wonderland must prove by a preponderance of the evidence that Evenflo knew of the asserted patents and intentionally infringed at least one asserted claim of the asserted patents. *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923 (2016). "Knowledge of the patent alleged to be willfully infringed continues to be a prerequisite to enhanced damages." *WBIP, LLC v. Kohler Co.*, 829

---

[1] Wonderland does not allege that Evenflo's purported infringement of the '951 patent was willful. Accordingly, the legal issue of willful infringement is only relevant to Wonderland's allegations concerning Evenflo's alleged infringement of the '043 patent.

F.3d 1317, 1341 (Fed. Cir. 2016).  However, "pre-suit knowledge alone is not sufficient to support a finding of willful infringement."  *Intell. Ventures I LLC v. Symantech Corp.*, 234 F. Supp. 3d 601, 602 (D. Del. 2017), *aff'd*, 725 F. App'x 976 (Fed. Cir. 2018).  "The sort of conduct warranting enhanced damages has been variously described in our cases as willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate." *Halo Elecs.*, 579 U.S. at 103–04.

52.     A finding of willful infringement does not mandate that enhanced damages must be awarded. *See* 35 U.S.C. § 284; *see also Halo Elecs.*, 579 U.S. at 104. Accordingly, awards of enhanced damages for willful infringement is reserved only for truly egregious conduct warranting "punitive" or "vindictive" sanctions.  *Halo Elecs.*, 579 U.S. at 98.

53.     "The failure of an infringer to obtain the advice of counsel with respect to any allegedly infringed patent, or the failure of the infringer to present such advice to the court or jury, may not be used to prove that the accused infringer willfully infringed the patent or that the infringer intended to induce infringement of the patent." 35 U.S.C. § 298. The Federal Circuit has explained, that while there is an affirmative duty to avoid infringement of known patent rights, "the failure to obtain an exculpatory opinion of counsel shall no longer provide an adverse inference or evidentiary presumption that such an opinion would be unfavorable." *Knorr-Bremse Systeme Fuer Ntuzfahrzeuge GMBH v. Dana Corp.*, 383 F.3d 1337, 1345–46 (Fed. Cir. 2004). Congress followed suit and noted that this provision was to bar fact finders from drawing adverse inferences from either the failure to obtain an opinion of counsel or refusal to waive privilege and disclose an infringement opinion from counsel.  *See* H.R. Rep 98(I), 112th Cong., 1st Sess., 2011 WL 2150541, at *63 (2011). Accordingly, the decision not to seek an opinion of counsel or refuse to waive attorney-client privilege is "largely irrelevant" to the willful infringement analysis. *See*

*SRI Int'l, Inc. v. Cisco Sys., Inc.*, 930 F.3d 1295, 1309 (Fed .Cir. 2019); *see also Vaporstream, Inc.*

*v. Snap Inc.*, No. 17-cv-220-MLH (KSx), 2020 WL 136591, at *21 (C.D. Cal. Jan. 13, 2020).

| Transcript | PgFrom | LnFrom | PgTo | LnTo | Evenflo's Objections | Issues | Wonderland's Objections | Wonderland's Additional Designations | Evenflo's Objections to WL's Additional Designations | Evenflo's Additional Designations |
|---|---|---|---|---|---|---|---|---|---|---|
| Adams, Bryan (09.21.2021) | 11 | 17 | 11 | 22 | 106 | Wonderland Initial Designations | | | | |
| Adams, Bryan (09.21.2021) | 14 | 22 | 15 | 7 | 106, 402, 403 | Wonderland Initial Designations | | | | |
| Adams, Bryan (09.21.2021) | 16 | 25 | 19 | 12 | 106 | Wonderland Initial Designations | | | | |
| Adams, Bryan (09.21.2021) | 19 | 19 | 19 | 21 | 106 | Wonderland Initial Designations | | | | |
| Adams, Bryan (09.21.2021) | 21 | 6 | 21 | 12 | 106 | Wonderland Initial Designations | | | | |
| Adams, Bryan (09.21.2021) | 24 | 6 | 24 | 16 | | Wonderland Initial Designations | | | | |
| Adams, Bryan (09.21.2021) | 25 | 25 | 27 | 22 | [27:11-22] 602 | Wonderland Initial Designations | | | | |
| Adams, Bryan (09.21.2021) | 25 | 25 | 27 | 22 | | Wonderland Initial Designations | | | | |
| Adams, Bryan (09.21.2021) | 27 | 24 | 27 | 24 | 602 | Wonderland Initial Designations | | | | |
| Adams, Bryan (09.21.2021) | 28 | 11 | 28 | 17 | | Wonderland Initial Designations | | | | |
| Adams, Bryan (09.21.2021) | 29 | 7 | 29 | 14 | | Wonderland Initial Designations | | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Adams, Bryan (09.21.2021) | 30 | 17 | 31 | 13 | [30:25-31:13] 402, 403, 602, 106 | Wonderland Initial Designations | | | |
| Adams, Bryan (09.21.2021) | 31 | 20 | 32 | 11 | 403, 602, 106, V, AMB | Wonderland Initial Designations | | | |
| Adams, Bryan (09.21.2021) | 32 | 17 | 33 | 21 | 106, 402, 403, 602, KB, 298, MIL | Wonderland Initial Designations | | | |
| Adams, Bryan (09.21.2021) | 34 | 4 | 34 | 5 | 106, 402, 403, MIL, KB, 298, MIL | Wonderland Initial Designations | | | |
| Adams, Bryan (09.21.2021) | 34 | 16 | 35 | 18 | 106, 402, 403, MIL, KB, 298, MIL | Wonderland Initial Designations | | | |
| Adams, Bryan (09.21.2021) | 36 | 17 | 36 | 17 | 106, 402, 403, MIL, KB, 298 | Wonderland Initial Designations | | | |
| Adams, Bryan (09.21.2021) | 36 | 24 | 36 | 25 | 106, 402, 403, MIL, KB, 298 | Wonderland Initial Designations | | | |
| Adams, Bryan (09.21.2021) | 37 | 6 | 37 | 22 | 106, 402, 403, MIL, KB, 298 | Wonderland Initial Designations | | | |
| Adams, Bryan (09.21.2021) | 38 | 3 | 40 | 1 | 106 | Wonderland Initial Designations | | | |
| Adams, Bryan (09.21.2021) | 40 | 15 | 40 | 24 | 106 | Wonderland Initial Designations | | | |
| Adams, Bryan (09.21.2021) | 41 | 6 | 42 | 9 | 106 | Wonderland Initial Designations | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Adams, Bryan (09.21.2021) | 43 | 25 | 44 | 2 | 106, 402, 403, MIL, KB, 298 | Wonderland Initial Designations | | | |
| Adams, Bryan (09.21.2021) | 44 | 6 | 44 | 15 | 106, 402, 403, MIL, KB, 298 | Wonderland Initial Designations | | | |
| Adams, Bryan (09.21.2021) | 44 | 17 | 46 | 11 | | Wonderland Initial Designations | | | |
| Adams, Bryan (09.21.2021) | 47 | 12 | 47 | 14 | | Wonderland Initial Designations | | | |
| Adams, Bryan (09.21.2021) | 48 | 1 | 50 | 4 | | Wonderland Initial Designations | | | |
| Adams, Bryan (09.21.2021) | 50 | 7 | 50 | 23 | | Wonderland Initial Designations | | | |
| Adams, Bryan (09.21.2021) | 51 | 1 | 51 | 13 | | Wonderland Initial Designations | | | |
| Adams, Bryan (09.21.2021) | 52 | 16 | 52 | 25 | | Wonderland Initial Designations | | | |
| Adams, Bryan (09.21.2021) | 53 | 17 | 54 | 1 | | Wonderland Initial Designations | | | |
| Adams, Bryan (09.21.2021) | 54 | 6 | 55 | 3 | 106 | Wonderland Initial Designations | | | |
| Adams, Bryan (09.21.2021) | 55 | 11 | 55 | 14 | | Wonderland Initial Designations | | | |
| Adams, Bryan (09.21.2021) | 55 | 17 | 56 | 3 | | Wonderland Initial Designations | | | |
| Adams, Bryan (09.21.2021) | 56 | 7 | 59 | 1 | | Wonderland Initial Designations | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Adams, Bryan (09.21.2021) | 59 | 10 | 62 | 10 | [60:12-15] 402, 403, NT | Wonderland Initial Designations | | | |
| Adams, Bryan (09.21.2021) | 62 | 13 | 62 | 13 | 106 | Wonderland Initial Designations | | | |
| Adams, Bryan (09.21.2021) | 63 | 1 | 63 | 19 | | Wonderland Initial Designations | | | |
| Adams, Bryan (09.21.2021) | 64 | 8 | 64 | 19 | 106, 402, 403 | Wonderland Initial Designations | | | |
| Adams, Bryan (09.21.2021) | 65 | 4 | 65 | 8 | 106, 402, 403 | Wonderland Initial Designations | | | |
| Adams, Bryan (09.21.2021) | 66 | 14 | 66 | 20 | | Wonderland Initial Designations | | | |
| Adams, Bryan (09.21.2021) | 67 | 17 | 67 | 20 | 106 | Wonderland Initial Designations | | | |
| Adams, Bryan (09.21.2021) | 68 | 1 | 68 | 2 | 106 | Wonderland Initial Designations | | | |
| Adams, Bryan (09.21.2021) | 68 | 15 | 68 | 16 | | Wonderland Initial Designations | | | |
| Adams, Bryan (09.21.2021) | 68 | 22 | 68 | 23 | 106 | Wonderland Initial Designations | | | |
| Adams, Bryan (09.21.2021) | 69 | 11 | 69 | 13 | | Wonderland Initial Designations | | | |
| Adams, Bryan (09.21.2021) | 70 | 7 | 70 | 10 | | Wonderland Initial Designations | | | |
| Adams, Bryan (09.21.2021) | 70 | 21 | 70 | 22 | | Wonderland Initial Designations | | | |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Adams, Bryan (09.21.2021) | 70 | 24 | 71 | 15 | | Wonderland Initial Designations | | | | |
| Adams, Bryan (09.21.2021) | 71 | 18 | 71 | 22 | | Wonderland Initial Designations | | | | |
| Adams, Bryan (09.21.2021) | 72 | 17 | 73 | 3 | 106 | Wonderland Initial Designations | | | | |
| Adams, Bryan (09.21.2021) | 73 | 9 | 74 | 14 | 106 | Wonderland Initial Designations | | | | |
| Adams, Bryan (09.21.2021) | 75 | 8 | 76 | 16 | 106 | Wonderland Initial Designations | | | | |
| Adams, Bryan (09.21.2021) | 76 | 25 | 77 | 3 | | Wonderland Initial Designations | | | | |
| Adams, Bryan (09.21.2021) | 77 | 8 | 77 | 18 | | Wonderland Initial Designations | | | | |
| Adams, Bryan (09.21.2021) | 78 | 1 | 80 | 14 | 106 | Wonderland Initial Designations | | | | |
| Adams, Bryan (09.21.2021) | 81 | 1 | 81 | 13 | | Wonderland Initial Designations | | | | |
| Adams, Bryan (09.21.2021) | 81 | 20 | 82 | 3 | 106 | Wonderland Initial Designations | | | | |
| Adams, Bryan (09.21.2021) | 82 | 17 | 82 | 20 | 106, 402, 403 | Wonderland Initial Designations | | | | |
| Adams, Bryan (09.21.2021) | 83 | 16 | 83 | 19 | MIS | Wonderland Initial Designations | | | | |
| Adams, Bryan (09.21.2021) | 84 | 11 | 84 | 12 | | Wonderland Initial Designations | | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Adams, Bryan (09.21.2021) | 84 | 14 | 85 | 16 | | Wonderland Initial Designations | | | |
| Adams, Bryan (09.21.2021) | 86 | 4 | 86 | 18 | | Wonderland Initial Designations | | | |
| Adams, Bryan (09.21.2021) | 86 | 21 | 87 | 9 | 106, 602 | Wonderland Initial Designations | | | |
| Adams, Bryan (09.21.2021) | 88 | 20 | 89 | 13 | 106, 602 | Wonderland Initial Designations | | | |
| Adams, Bryan (09.21.2021) | 90 | 5 | 90 | 17 | 602 | Wonderland Initial Designations | | | |
| Adams, Bryan (09.21.2021) | 90 | 24 | 90 | 25 | 602 | Wonderland Initial Designations | | | |
| Adams, Bryan (09.21.2021) | 91 | 2 | 91 | 16 | 602 | Wonderland Initial Designations | | | |
| Adams, Bryan (09.21.2021) | 91 | 19 | 92 | 15 | 602 | Wonderland Initial Designations | | | |
| Adams, Bryan (09.21.2021) | 92 | 14 | 92 | 15 | | Wonderland Initial Designations | | | |
| Adams, Bryan (09.21.2021) | 92 | 17 | 92 | 23 | 602 | Wonderland Initial Designations | | | |
| Adams, Bryan (09.21.2021) | 93 | 3 | 93 | 5 | | Wonderland Initial Designations | | | |
| Adams, Bryan (09.21.2021) | 93 | 19 | 96 | 1 | 106 | Wonderland Initial Designations | | | |
| Adams, Bryan (09.21.2021) | 97 | 2 | 98 | 8 | 402, 403 | Wonderland Initial Designations | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Adams, Bryan (09.21.2021) | 99 | 8 | 99 | 9 | 106, 402, 403, 602 | Wonderland Initial Designations | | | |
| Adams, Bryan (09.21.2021) | 99 | 14 | 99 | 16 | 106, 402, 403, 602 | Wonderland Initial Designations | | | |
| Adams, Bryan (09.21.2021) | 102 | 7 | 108 | 11 | 106, 602, 402, MIS | Wonderland Initial Designations | | | |
| Adams, Bryan (09.21.2021) | 109 | 8 | 109 | 10 | | Wonderland Initial Designations | | | |
| Adams, Bryan (09.21.2021) | 109 | 16 | 110 | 3 | 106 | Wonderland Initial Designations | | | |
| Adams, Bryan (09.21.2021) | 110 | 24 | 112 | 2 | | Wonderland Initial Designations | | | |
| Adams, Bryan (09.21.2021) | 112 | 6 | 112 | 10 | 106 | Wonderland Initial Designations | | | |
| Adams, Bryan (09.21.2021) | 115 | 5 | 115 | 17 | 106 | Wonderland Initial Designations | | | |
| Adams, Bryan (09.21.2021) | 116 | 15 | 116 | 18 | | Wonderland Initial Designations | | | |
| Adams, Bryan (09.21.2021) | 116 | 25 | 117 | 8 | | Wonderland Initial Designations | | | |
| Adams, Bryan (09.21.2021) | 118 | 11 | 118 | 23 | | Wonderland Initial Designations | | | |
| Adams, Bryan (09.21.2021) | 119 | 2 | 119 | 4 | | Wonderland Initial Designations | | | |
| Adams, Bryan (09.21.2021) | 119 | 11 | 120 | 19 | [119:11-17] MIS, 106, 602, 403 | Wonderland Initial Designations | | | |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Adams, Bryan (09.21.2021) | 120 | 24 | 120 | 24 | 106, 602 | Wonderland Initial Designations | | | | |
| Adams, Bryan (09.21.2021) | 121 | 15 | 121 | 17 | 602, V, AMB | Wonderland Initial Designations | | | | |
| Adams, Bryan (09.21.2021) | 122 | 14 | 122 | 25 | 106 | Wonderland Initial Designations | | | | |
| Adams, Bryan (09.21.2021) | 123 | 8 | 124 | 12 | | Wonderland Initial Designations | | | | |
| Adams, Bryan (09.21.2021) | 124 | 21 | 124 | 24 | 106 | Wonderland Initial Designations | | | | |
| Adams, Bryan (09.21.2021) | 125 | 12 | 125 | 13 | 403, 602, MIL, KB, 298 | Wonderland Initial Designations | | | | |
| Adams, Bryan (09.21.2021) | 126 | 15 | 127 | 12 | 106 | Wonderland Initial Designations | | | | |
| Adams, Bryan (09.21.2021) | 127 | 18 | 127 | 21 | | Wonderland Initial Designations | | | | |
| Adams, Bryan (09.21.2021) | 127 | 23 | 128 | 3 | | Wonderland Initial Designations | | | | |
| Adams, Bryan (09.21.2021) | 128 | 7 | 128 | 8 | | Wonderland Initial Designations | | | | |
| Adams, Bryan (09.21.2021) | 128 | 12 | 128 | 15 | | Wonderland Initial Designations | | | | |
| Adams, Bryan (09.21.2021) | 128 | 24 | 129 | 2 | | Wonderland Initial Designations | | | | |
| Adams, Bryan (09.21.2021) | 129 | 7 | 130 | 1 | | Wonderland Initial Designations | | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Adams, Bryan (09.21.2021) | 130 | 8 | 130 | 10 | | Wonderland Initial Designations | | | |
| Adams, Bryan (09.21.2021) | 130 | 12 | 131 | 9 | | Wonderland Initial Designations | | | |
| Adams, Bryan (09.21.2021) | 131 | 16 | 132 | 12 | | Wonderland Initial Designations | | | |
| Adams, Bryan (09.21.2021) | 133 | 21 | 133 | 23 | 106, 402, 403, MIL, KB, 298 | Wonderland Initial Designations | | | |
| Adams, Bryan (09.21.2021) | 134 | 5 | 134 | 15 | 106, 402, 403, MIL, KB, 298 | Wonderland Initial Designations | | | |
| Adams, Bryan (09.21.2021) | 7 | 10 | 7 | 13 | | Evenflo Counter Designations | | | |
| Adams, Bryan (09.21.2021) | 10 | 12 | 10 | 14 | | Evenflo Counter Designations | | | |
| Adams, Bryan (09.21.2021) | 10 | 22 | 11 | 3 | | Evenflo Counter Designations | | | |
| Adams, Bryan (09.21.2021) | 12 | 3 | 12 | 23 | | Evenflo Counter Designations | | | |
| Adams, Bryan (09.21.2021) | 12 | 24 | 13 | 10 | | Evenflo Counter Designations | 402 | | |
| Adams, Bryan (09.21.2021) | 13 | 17 | 13 | 22 | | Evenflo Counter Designations | 602 | | |
| Adams, Bryan (09.21.2021) | 14 | 5 | 14 | 16 | | Evenflo Counter Designations | | | |
| Adams, Bryan (09.21.2021) | 14 | 17 | 14 | 21 | | Evenflo Counter Designations | | | |
| Adams, Bryan (09.21.2021) | 19 | 13 | 19 | 18 | | Evenflo Counter Designations | | | |
| Adams, Bryan (09.21.2021) | 21 | 1 | 21 | 5 | | Evenflo Counter Designations | | | |
| Adams, Bryan (09.21.2021) | 31 | 14 | 31 | 19 | | Evenflo Counter Designations | 602 | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Adams, Bryan (09.21.2021) | 32 | 12 | 32 | 16 | | Evenflo Counter Designations | | | |
| Adams, Bryan (09.21.2021) | 35 | 19 | 35 | 21 | | Evenflo Counter Designations | 402, 403, 602, 802 | | |
| Adams, Bryan (09.21.2021) | 35 | 24 | 36 | 5 | | Evenflo Counter Designations | 402, 403, 602, 701, 802 | | |
| Adams, Bryan (09.21.2021) | 36 | 6 | 36 | 16 | | Evenflo Counter Designations | 402, 403, 602, 701, 802 | | |
| Adams, Bryan (09.21.2021) | 40 | 2 | 40 | 14 | | Evenflo Counter Designations | 402, 403, 602 | | |
| Adams, Bryan (09.21.2021) | 42 | 10 | 42 | 11 | | Evenflo Counter Designations | 403, 602 | | |
| Adams, Bryan (09.21.2021) | 42 | 13 | 43 | 24 | | Evenflo Counter Designations | 403, 602 | | |
| Adams, Bryan (09.21.2021) | 54 | 2 | 54 | 5 | | Evenflo Counter Designations | | | |
| Adams, Bryan (09.21.2021) | 62 | 14 | 62 | 15 | | Evenflo Counter Designations | | | |
| Adams, Bryan (09.21.2021) | 62 | 18 | 62 | 25 | | Evenflo Counter Designations | 602 | | |
| Adams, Bryan (09.21.2021) | 64 | 20 | 65 | 3 | | Evenflo Counter Designations | | | |
| Adams, Bryan (09.21.2021) | 65 | 9 | 65 | 14 | | Evenflo Counter Designations | 602 | | |
| Adams, Bryan (09.21.2021) | 67 | 16 | 67 | 16 | | Evenflo Counter Designations | | | |
| Adams, Bryan (09.21.2021) | 67 | 23 | 67 | 25 | | Evenflo Counter Designations | | | |
| Adams, Bryan (09.21.2021) | 69 | 5 | 69 | 7 | | Evenflo Counter Designations | | | |
| Adams, Bryan (09.21.2021) | 72 | 12 | 72 | 16 | | Evenflo Counter Designations | | | |
| Adams, Bryan (09.21.2021) | 74 | 15 | 75 | 7 | | Evenflo Counter Designations | | | |
| Adams, Bryan (09.21.2021) | 77 | 19 | 77 | 23 | | Evenflo Counter Designations | | | |
| Adams, Bryan (09.21.2021) | 82 | 4 | 82 | 7 | | Evenflo Counter Designations | 403, 602 | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Adams, Bryan (09.21.2021) | 82 | 21 | 83 | 12 | | Evenflo Counter Designations | 602 | | |
| Adams, Bryan (09.21.2021) | 83 | 14 | 83 | 15 | | Evenflo Counter Designations | | | |
| Adams, Bryan (09.21.2021) | 87 | 10 | 87 | 16 | | Evenflo Counter Designations | 403, 602 | | |
| Adams, Bryan (09.21.2021) | 89 | 17 | 89 | 18 | | Evenflo Counter Designations | 403 | | |
| Adams, Bryan (09.21.2021) | 89 | 23 | 90 | 1 | | Evenflo Counter Designations | 403, 602 | | |
| Adams, Bryan (09.21.2021) | 96 | 2 | 96 | 18 | | Evenflo Counter Designations | | | |
| Adams, Bryan (09.21.2021) | 99 | 12 | 99 | 13 | | Evenflo Counter Designations | | | |
| Adams, Bryan (09.21.2021) | 99 | 17 | 100 | 1 | | Evenflo Counter Designations | 403, 602 | | |
| Adams, Bryan (09.21.2021) | 100 | 19 | 102 | 6 | | Evenflo Counter Designations | 403, 602, 802 | | |
| Adams, Bryan (09.21.2021) | 110 | 4 | 110 | 15 | | Evenflo Counter Designations | 403, 602 | | |
| Adams, Bryan (09.21.2021) | 112 | 11 | 112 | 15 | | Evenflo Counter Designations | | | |
| Adams, Bryan (09.21.2021) | 113 | 3 | 113 | 7 | | Evenflo Counter Designations | | | |
| Adams, Bryan (09.21.2021) | 113 | 24 | 114 | 6 | | Evenflo Counter Designations | 402, 403, 602 | 114:7 - 115:4 | |
| Adams, Bryan (09.21.2021) | 123 | 1 | 123 | 7 | | Evenflo Counter Designations | | | |
| Adams, Bryan (09.21.2021) | 124 | 25 | 125 | 9 | | Evenflo Counter Designations | 403, 602 | | |
| Adams, Bryan (09.21.2021) | 125 | 14 | 126 | 14 | | Evenflo Counter Designations | 403, 602 | | |
| Adams, Bryan (09.21.2021) | 133 | 7 | 133 | 11 | | Evenflo Counter Designations | 403 | | |
| Adams, Bryan (09.21.2021) | 133 | 13 | 133 | 20 | | Evenflo Counter Designations | 403 | | |
| Conaway, Jon (09.27.2021) | 10 | 4 | 10 | 6 | 106 | Wonderland Initial Designations | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Conaway, Jon (09.27.2021) | 10 | 12 | 10 | 13 | 106 | Wonderland Initial Designations | | | |
| Conaway, Jon (09.27.2021) | 14 | 23 | 14 | 24 | | Wonderland Initial Designations | | | |
| Conaway, Jon (09.27.2021) | 15 | 3 | 15 | 19 | | Wonderland Initial Designations | | | |
| Conaway, Jon (09.27.2021) | 16 | 9 | 16 | 15 | 106 | Wonderland Initial Designations | | | |
| Conaway, Jon (09.27.2021) | 16 | 17 | 17 | 10 | | Wonderland Initial Designations | | | |
| Conaway, Jon (09.27.2021) | 17 | 16 | 18 | 13 | | Wonderland Initial Designations | | | |
| Conaway, Jon (09.27.2021) | 17 | 17 | 17 | 22 | | Wonderland Initial Designations | | | |
| Conaway, Jon (09.27.2021) | 17 | 25 | 19 | 15 | [18:23] NT | Wonderland Initial Designations | | | |
| Conaway, Jon (09.27.2021) | 19 | 17 | 20 | 3 | | Wonderland Initial Designations | | | |
| Conaway, Jon (09.27.2021) | 21 | 15 | 21 | 17 | 106 | Wonderland Initial Designations | | | |
| Conaway, Jon (09.27.2021) | 21 | 19 | 26 | 8 | 106 | Wonderland Initial Designations | | | |
| Conaway, Jon (09.27.2021) | 27 | 1 | 27 | 8 | 106 | Wonderland Initial Designations | | | |
| Conaway, Jon (09.27.2021) | 27 | 15 | 29 | 4 | | Wonderland Initial Designations | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Conaway, Jon (09.27.2021) | 29 | 8 | 29 | 21 | 106, 402, 403, MIL | Wonderland Initial Designations | | | |
| Conaway, Jon (09.27.2021) | 30 | 8 | 31 | 9 | [31:2-9] 402 | Wonderland Initial Designations | | | |
| Conaway, Jon (09.27.2021) | 31 | 21 | 32 | 4 | | Wonderland Initial Designations | | | |
| Conaway, Jon (09.27.2021) | 32 | 17 | 33 | 12 | [33:10-12] 106, NT, 602 | Wonderland Initial Designations | | | |
| Conaway, Jon (09.27.2021) | 33 | 15 | 33 | 23 | | Wonderland Initial Designations | | | |
| Conaway, Jon (09.27.2021) | 33 | 25 | 34 | 16 | 106 | Wonderland Initial Designations | | | |
| Conaway, Jon (09.27.2021) | 35 | 5 | 37 | 8 | 106; [35:5-15] NT | Wonderland Initial Designations | | | |
| Conaway, Jon (09.27.2021) | 38 | 2 | 38 | 21 | 403, 402, 602, 37(c), MIL | Wonderland Initial Designations | | | |
| Conaway, Jon (09.27.2021) | 39 | 2 | 40 | 15 | 106, 402, 403, 602, 37(c), MIL | Wonderland Initial Designations | | | |
| Conaway, Jon (09.27.2021) | 46 | 14 | 49 | 1 | | Wonderland Initial Designations | | | |
| Conaway, Jon (09.27.2021) | 52 | 11 | 52 | 24 | 901; [52:11-18] NT, 402 | Wonderland Initial Designations | | | |
| Conaway, Jon (09.27.2021) | 53 | 3 | 55 | 7 | 106 | Wonderland Initial Designations | | | |
| Conaway, Jon (09.27.2021) | 55 | 19 | 57 | 1 | 106; [56:12-14] NT, 402 | Wonderland Initial Designations | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Conaway, Jon (09.27.2021) | 57 | 19 | 58 | 13 | 106; [58:3-6] NT, 402 | Wonderland Initial Designations | | | |
| Conaway, Jon (09.27.2021) | 58 | 17 | 61 | 17 | 106; [60:15] NT, 402 | Wonderland Initial Designations | | | |
| Conaway, Jon (09.27.2021) | 61 | 19 | 62 | 2 | 106, 402, 403, 37(c) | Wonderland Initial Designations | | | |
| Conaway, Jon (09.27.2021) | 62 | 7 | 65 | 3 | 106; [62:7-10] 402, 403, 37(c); [63:11-15] MIS, 402, 403, 37(c); [63:13, 64:8] NT, 402, 403 | Wonderland Initial Designations | | | |
| Conaway, Jon (09.27.2021) | 65 | 21 | 66 | 9 | 402, 802, 602 | Wonderland Initial Designations | | | |
| Conaway, Jon (09.27.2021) | 67 | 6 | 67 | 23 | 402; [67:6-11] NT, 402, 602, 802 | Wonderland Initial Designations | | | |
| Conaway, Jon (09.27.2021) | 68 | 8 | 68 | 25 | 402 | Wonderland Initial Designations | | | |
| Conaway, Jon (09.27.2021) | 69 | 12 | 70 | 13 | 402 | Wonderland Initial Designations | | | |
| Conaway, Jon (09.27.2021) | 71 | 3 | 72 | 13 | 106; [71:3-72:8] 602, 402 | Wonderland Initial Designations | | | |
| Conaway, Jon (09.27.2021) | 73 | 7 | 73 | 13 | 106 | Wonderland Initial Designations | | | |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Conaway, Jon (09.27.2021) | 74 | 16 | 74 | 17 | 402 | Wonderland Initial Designations | | | | |
| Conaway, Jon (09.27.2021) | 74 | 19 | 75 | 2 | [74:25-75:2] 402; 602 | Wonderland Initial Designations | | | | |
| Conaway, Jon (09.27.2021) | 75 | 4 | 75 | 6 | 402, 602 | Wonderland Initial Designations | | | | |
| Conaway, Jon (09.27.2021) | 75 | 12 | 75 | 16 | 402, 602 | Wonderland Initial Designations | | | | |
| Conaway, Jon (09.27.2021) | 75 | 23 | 79 | 17 | 106, 402; [75:23-78:5] 402, 602 | Wonderland Initial Designations | | | | |
| Conaway, Jon (09.27.2021) | 80 | 18 | 80 | 22 | 106, 402, 602 | Wonderland Initial Designations | | | | |
| Conaway, Jon (09.27.2021) | 80 | 24 | 81 | 10 | 106, 402, 602 | Wonderland Initial Designations | | | | |
| Conaway, Jon (09.27.2021) | 82 | 13 | 82 | 21 | V, AMB, C, 402, 602 | Wonderland Initial Designations | | | | |
| Conaway, Jon (09.27.2021) | 83 | 17 | 83 | 24 | 402, V, AMB; [83:17-21] NT | Wonderland Initial Designations | | | | |
| Conaway, Jon (09.27.2021) | 84 | 1 | 85 | 23 | 402, V, AMB | Wonderland Initial Designations | | | | |
| Conaway, Jon (09.27.2021) | 86 | 19 | 87 | 22 | 402, 602 | Wonderland Initial Designations | | | | |
| Conaway, Jon (09.27.2021) | 87 | 24 | 88 | 23 | 402 | Wonderland Initial Designations | | | | |
| Conaway, Jon (09.27.2021) | 90 | 10 | 91 | 4 | 402 | Wonderland Initial Designations | | | | |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Conaway, Jon (09.27.2021) | 91 | 20 | 92 | 20 | 106, 402, 602 | Wonderland Initial Designations | | | | |
| Conaway, Jon (09.27.2021) | 93 | 13 | 94 | 14 | 106, 402, 602 | Wonderland Initial Designations | | | | |
| Conaway, Jon (09.27.2021) | 98 | 22 | 99 | 10 | 402, 106 | Wonderland Initial Designations | | | | |
| Conaway, Jon (09.27.2021) | 100 | 2 | 100 | 4 | 402 | Wonderland Initial Designations | | | | |
| Conaway, Jon (09.27.2021) | 100 | 12 | 100 | 22 | 402 | Wonderland Initial Designations | | | | |
| Conaway, Jon (09.27.2021) | 101 | 4 | 102 | 22 | 402 | Wonderland Initial Designations | | | | |
| Conaway, Jon (09.27.2021) | 103 | 13 | 103 | 24 | 106 | Wonderland Initial Designations | | | | |
| Conaway, Jon (09.27.2021) | 104 | 4 | 104 | 7 | 106 | Wonderland Initial Designations | | | | |
| Conaway, Jon (09.27.2021) | 104 | 25 | 106 | 19 | 402, 403, 37(c); [105:10-106:2] 802 | Wonderland Initial Designations | | | | |
| Conaway, Jon (09.27.2021) | 107 | 14 | 107 | 21 | 402, 403, 37(c) | Wonderland Initial Designations | | | | |
| Conaway, Jon (09.27.2021) | 107 | 23 | 110 | 2 | 402, 403, 37(c) | Wonderland Initial Designations | | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Conaway, Jon (09.27.2021) | 110 | 6 | 114 | 16 | [110:6-11:5] 402, 403, 37(c), 802; [111:16-17] NT; [113:8-21] 602 | Wonderland Initial Designations | | | |
| Conaway, Jon (09.27.2021) | 116 | 20 | 117 | 9 | 402, 403, 37(c), 602; [116:20] NT, 402 | Wonderland Initial Designations | | | |
| Conaway, Jon (09.27.2021) | 118 | 7 | 118 | 22 | 402, 403 | Wonderland Initial Designations | | | |
| Conaway, Jon (09.27.2021) | 119 | 7 | 119 | 17 | 402, 403, 602 | Wonderland Initial Designations | | | |
| Conaway, Jon (09.27.2021) | 121 | 18 | 122 | 7 | 402, 403 | Wonderland Initial Designations | | | |
| Conaway, Jon (09.27.2021) | 122 | 20 | 123 | 4 | 402, 403 | Wonderland Initial Designations | | | |
| Conaway, Jon (09.27.2021) | 123 | 13 | 123 | 21 | 402, 403 | Wonderland Initial Designations | | | |
| Conaway, Jon (09.27.2021) | 124 | 8 | 124 | 25 | 106 | Wonderland Initial Designations | | | |
| Conaway, Jon (09.27.2021) | 125 | 18 | 126 | 12 | 106, 402, 403 | Wonderland Initial Designations | | | |
| Conaway, Jon (09.27.2021) | 126 | 14 | 127 | 4 | 106, 402, 403, MIS, V, AMB | Wonderland Initial Designations | | | |
| Conaway, Jon (09.27.2021) | 128 | 4 | 128 | 11 | | Wonderland Initial Designations | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Conaway, Jon (09.27.2021) | 128 | 13 | 128 | 18 | | Wonderland Initial Designations | | | |
| Conaway, Jon (09.27.2021) | 128 | 20 | 129 | 10 | | Wonderland Initial Designations | | | |
| Conaway, Jon (09.27.2021) | 129 | 12 | 129 | 16 | | Wonderland Initial Designations | | | |
| Conaway, Jon (09.27.2021) | 129 | 18 | 131 | 4 | | Wonderland Initial Designations | | | |
| Conaway, Jon (09.27.2021) | 131 | 11 | 131 | 18 | 106 | Wonderland Initial Designations | | | |
| Conaway, Jon (09.27.2021) | 133 | 4 | 136 | 1 | 106 | Wonderland Initial Designations | | | |
| Conaway, Jon (09.27.2021) | 136 | 3 | 136 | 3 | 106 | Wonderland Initial Designations | | | |
| Conaway, Jon (09.27.2021) | 137 | 6 | 137 | 12 | 602 | Wonderland Initial Designations | | | |
| Conaway, Jon (09.27.2021) | 139 | 18 | 140 | 15 | | Wonderland Initial Designations | | | |
| Conaway, Jon (09.27.2021) | 142 | 9 | 143 | 4 | [142:9-17] 106; 402, 403 | Wonderland Initial Designations | | | |
| Conaway, Jon (09.27.2021) | 143 | 13 | 143 | 22 | 106 | Wonderland Initial Designations | | | |
| Conaway, Jon (09.27.2021) | 144 | 2 | 144 | 19 | [144:5] NT | Wonderland Initial Designations | | | |
| Conaway, Jon (09.27.2021) | 144 | 21 | 145 | 1 | | Wonderland Initial Designations | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Conaway, Jon (09.27.2021) | 145 | 3 | 145 | 3 | | Wonderland Initial Designations | | | |
| Conaway, Jon (09.27.2021) | 145 | 9 | 146 | 6 | 602, 802 | Wonderland Initial Designations | | | |
| Conaway, Jon (09.27.2021) | 147 | 15 | 147 | 19 | | Wonderland Initial Designations | | | |
| Conaway, Jon (09.27.2021) | 147 | 21 | 148 | 2 | | Wonderland Initial Designations | | | |
| Conaway, Jon (09.27.2021) | 148 | 4 | 149 | 25 | | Wonderland Initial Designations | | | |
| Conaway, Jon (09.27.2021) | 150 | 9 | 151 | 11 | 106, 402, 403, 602 | Wonderland Initial Designations | | | |
| Conaway, Jon (09.27.2021) | 152 | 14 | 152 | 23 | 402, 403 | Wonderland Initial Designations | | | |
| Conaway, Jon (09.27.2021) | 153 | 9 | 153 | 17 | 402, 403 | Wonderland Initial Designations | | | |
| Conaway, Jon (09.27.2021) | 153 | 23 | 154 | 16 | 602 | Wonderland Initial Designations | | | |
| Conaway, Jon (09.27.2021) | 157 | 20 | 158 | 3 | 106; 402, 403, 602 | Wonderland Initial Designations | | | |
| Conaway, Jon (09.27.2021) | 158 | 10 | 160 | 3 | 106, 402, 403, 602; [158:25-159:4] V, AMB | Wonderland Initial Designations | | | |
| Conaway, Jon (09.27.2021) | 160 | 12 | 160 | 19 | 106, 402, 403, 37(c) | Wonderland Initial Designations | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Conaway, Jon (09.27.2021) | 161 | 8 | 162 | 13 | 402, 403, 37(c) | Wonderland Initial Designations | | | |
| Conaway, Jon (09.27.2021) | 162 | 18 | 163 | 1 | 106, 402, 403, 602, 37(c) | Wonderland Initial Designations | | | |
| Conaway, Jon (09.27.2021) | 163 | 8 | 163 | 25 | 106, 602, 402, 403, 37(c) | Wonderland Initial Designations | | | |
| Conaway, Jon (09.27.2021) | 164 | 2 | 165 | 7 | 106, 402, 403, 37(c); [165:19-24] 602 | Wonderland Initial Designations | | | |
| Conaway, Jon (09.27.2021) | 167 | 3 | 167 | 7 | 602, 402, 403, 106, 37(c) | Wonderland Initial Designations | | | |
| Conaway, Jon (09.27.2021) | 167 | 9 | 167 | 9 | 602, 402, 403, 106 | Wonderland Initial Designations | | | |
| Conaway, Jon (09.27.2021) | 171 | 8 | 171 | 24 | 402, 403, 37(c), 602 | Wonderland Initial Designations | | | |
| Conaway, Jon (09.27.2021) | 174 | 8 | 174 | 16 | 402, 403, 602, 37(c) | Wonderland Initial Designations | | | |
| Conaway, Jon (09.27.2021) | 174 | 18 | 174 | 23 | 402, 403, 602, 37(c) | Wonderland Initial Designations | | | |
| Conaway, Jon (09.27.2021) | 175 | 1 | 175 | 4 | | Wonderland Initial Designations | | | |
| Conaway, Jon (09.27.2021) | 175 | 6 | 175 | 9 | | Wonderland Initial Designations | | | |
| Conaway, Jon (09.27.2021) | 175 | 11 | 176 | 6 | | Wonderland Initial Designations | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Conaway, Jon (09.27.2021) | 176 | 10 | 176 | 23 | | Wonderland Initial Designations | | | |
| Conaway, Jon (09.27.2021) | 179 | 16 | 179 | 20 | 402, 403, 602, 37(c) | Wonderland Initial Designations | | | |
| Conaway, Jon (09.27.2021) | 180 | 11 | 180 | 21 | 602 | Wonderland Initial Designations | | | |
| Conaway, Jon (09.27.2021) | 181 | 20 | 183 | 5 | 106, 402, 403, 37(c), 602, MIL, KB, 298 | Wonderland Initial Designations | | | |
| Conaway, Jon (09.27.2021) | 183 | 7 | 183 | 9 | 106, 402, 403, 37(c), 602, MIL, KB, 298 | Wonderland Initial Designations | | | |
| Conaway, Jon (09.27.2021) | 188 | 10 | 188 | 17 | 402, 403, 602, 802, 37(c), MIL, KB, 298, 106 | Wonderland Initial Designations | | | |
| Conaway, Jon (09.27.2021) | 189 | 2 | 189 | 14 | 402, 403, 602, 802, 37(c), MIL, KB, 298, 106 | Wonderland Initial Designations | | | |
| Conaway, Jon (09.27.2021) | 189 | 21 | 192 | 4 | 402, 403, 602, 802, 37(c), MIL, KB, 298, 106 | Wonderland Initial Designations | | | |
| Conaway, Jon (09.27.2021) | 192 | 12 | 193 | 3 | 402, 403, 602, 802, 37(c), MIL, KB, 298, 106 | Wonderland Initial Designations | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Conaway, Jon (09.27.2021) | 193 | 6 | 193 | 8 | 402, 403, 602, 37(c), MIL | Wonderland Initial Designations | | | |
| Conaway, Jon (09.27.2021) | 193 | 16 | 193 | 24 | 402, 403, 602, 802, 37(c), MIL, KB, 298, 106 | Wonderland Initial Designations | | | |
| Conaway, Jon (09.27.2021) | 194 | 1 | 194 | 3 | 402, 403, 602, 802, 37(c), MIL, KB, 298, 106 | Wonderland Initial Designations | | | |
| Conaway, Jon (09.27.2021) | 194 | 15 | 195 | 1 | 402, 403, 602, 802, 37(c), MIL, KB, 298 | Wonderland Initial Designations | | | |
| Conaway, Jon (09.27.2021) | 195 | 8 | 195 | 8 | 402, 403, 602, 802, 37(c), MIL, KB, 298 | Wonderland Initial Designations | | | |
| Conaway, Jon (09.27.2021) | 196 | 1 | 196 | 12 | 402, 403, 602, 802, 37(c), MIL, KB, 298 | Wonderland Initial Designations | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Conaway, Jon (09.27.2021) | 196 | 14 | 198 | 17 | 402, 403, 602, 802, 37(c), MIL, KB, 298; [196:21, 197:21, 198:12] NT; [197:18-198:2] SPEC, MIS, 802, 106; [198:7-13] 402, 403, 602, V, AMB | Wonderland Initial Designations | | | |
| Conaway, Jon (09.27.2021) | 198 | 23 | 199 | 3 | 403, 403, 602, MIL | Wonderland Initial Designations | | | |
| Conaway, Jon (09.27.2021) | 199 | 9 | 199 | 11 | 106 | Wonderland Initial Designations | | | |
| Conaway, Jon (09.27.2021) | 199 | 18 | 199 | 23 | 106 | Wonderland Initial Designations | | | |
| Conaway, Jon (09.27.2021) | 202 | 14 | 203 | 7 | | Wonderland Initial Designations | | | |
| Conaway, Jon (09.27.2021) | 203 | 14 | 204 | 19 | | Wonderland Initial Designations | | | |
| Conaway, Jon (09.27.2021) | 205 | 3 | 205 | 10 | 602 | Wonderland Initial Designations | | | |
| Conaway, Jon (09.27.2021) | 206 | 8 | 206 | 11 | 602, 402, 403, 702 | Wonderland Initial Designations | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Conaway, Jon (09.27.2021) | 206 | 15 | 209 | 11 | 602, 402, 403, 702 | Wonderland Initial Designations | | | |
| Conaway, Jon (09.27.2021) | 209 | 13 | 209 | 24 | 602, 402, 403, 702 | Wonderland Initial Designations | | | |
| Conaway, Jon (09.27.2021) | 16 | 6 | 16 | 8 | | Evenflo Counter Designations | | 17:22-24 Added as it was inadvertently excluded from initial designation. | |
| Conaway, Jon (09.27.2021) | 20 | 4 | 20 | 21 | | Evenflo Counter Designations | | | |
| Conaway, Jon (09.27.2021) | 21 | 2 | 21 | 14 | | Evenflo Counter Designations | | | |
| Conaway, Jon (09.27.2021) | 26 | 9 | 26 | 19 | | Evenflo Counter Designations | 402, 403 [26:14-26:19] 602 | | |
| Conaway, Jon (09.27.2021) | 30 | 3 | 30 | 7 | | Evenflo Counter Designations | 402, 403, 602 | 29:22 - 30:2 Added as it was inadvertently excluded from initial designation. | |
| Conaway, Jon (09.27.2021) | 33 | 13 | 33 | 14 | | Evenflo Counter Designations | 402, 403 | | |
| Conaway, Jon (09.27.2021) | 34 | 17 | 35 | 4 | | Evenflo Counter Designations | 402, 403 | | |
| Conaway, Jon (09.27.2021) | 55 | 8 | 55 | 18 | | Evenflo Counter Designations | | | |
| Conaway, Jon (09.27.2021) | 57 | 2 | 57 | 18 | | Evenflo Counter Designations | [57:17-57:18] 602, 802 | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Conaway, Jon (09.27.2021) | 61 | 18 | 61 | 18 | | Evenflo Counter Designations | | | |
| Conaway, Jon (09.27.2021) | 72 | 14 | 73 | 6 | | Evenflo Counter Designations | 402, 403, 602 | | |
| Conaway, Jon (09.27.2021) | 74 | 9 | 74 | 15 | | Evenflo Counter Designations | 402, 403, 602 | | |
| Conaway, Jon (09.27.2021) | 79 | 25 | 80 | 13 | | Evenflo Counter Designations | 402, 403, 602 | 81:11-82:12 | scope, 402, 403 |
| Conaway, Jon (09.27.2021) | 92 | 21 | 93 | 1 | | Evenflo Counter Designations | 402, 403, 602 | | |
| Conaway, Jon (09.27.2021) | 96 | 14 | 96 | 21 | | Evenflo Counter Designations | 402, 403 | | |
| Conaway, Jon (09.27.2021) | 99 | 14 | 99 | 21 | | Evenflo Counter Designations | 402, 403, 602 | | |
| Conaway, Jon (09.27.2021) | 103 | 25 | 104 | 3 | | Evenflo Counter Designations | 602 | | |
| Conaway, Jon (09.27.2021) | 125 | 7 | 125 | 17 | | Evenflo Counter Designations | 106, 402, 403, 602, 802 | | |
| Conaway, Jon (09.27.2021) | 127 | 12 | 127 | 18 | | Evenflo Counter Designations | 402, 403, 602 | | |
| Conaway, Jon (09.27.2021) | 127 | 19 | 128 | 3 | | Evenflo Counter Designations | 402, 403, 602, 802 | | |
| Conaway, Jon (09.27.2021) | 131 | 19 | 133 | 3 | | Evenflo Counter Designations | [131:19-132:23] 402, 403, 602 | | |
| Conaway, Jon (09.27.2021) | 136 | 9 | 137 | 5 | | Evenflo Counter Designations | 402, 403 | | |
| Conaway, Jon (09.27.2021) | 143 | 5 | 143 | 12 | | Evenflo Counter Designations | 402, 403 | | |
| Conaway, Jon (09.27.2021) | 143 | 23 | 144 | 1 | | Evenflo Counter Designations | 402, 403, 602 | | |
| Conaway, Jon (09.27.2021) | 157 | 15 | 157 | 19 | | Evenflo Counter Designations | 1002 | | |
| Conaway, Jon (09.27.2021) | 158 | 9 | 158 | 9 | | Evenflo Counter Designations | | | |
| Conaway, Jon (09.27.2021) | 160 | 4 | 160 | 6 | | Evenflo Counter Designations | 1002, NT | | |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Conaway, Jon (09.27.2021) | 165 | 8 | 166 | 6 | | Evenflo Counter Designations | 402, 403, 602, 802 | | | |
| Conaway, Jon (09.27.2021) | 181 | 5 | 181 | 19 | | Evenflo Counter Designations | [181:15-181:19] 602 | | | |
| Conaway, Jon (09.27.2021) | 183 | 10 | 183 | 17 | | Evenflo Counter Designations | | | | |
| Conaway, Jon (09.27.2021) | 184 | 21 | 184 | 23 | | Evenflo Counter Designations | 402, 403, NT | | | |
| Conaway, Jon (09.27.2021) | 185 | 4 | 185 | 7 | | Evenflo Counter Designations | 402, 403 | | | |
| Conaway, Jon (09.27.2021) | 188 | 24 | 189 | 1 | | Evenflo Counter Designations | 402, 403 | | | |
| Conaway, Jon (09.27.2021) | 189 | 15 | 189 | 18 | | Evenflo Counter Designations | 402, 403 | | | |
| Conaway, Jon (09.27.2021) | 193 | 3 | 193 | 5 | | Evenflo Counter Designations | ["Like ... full" 402, 403 | | | |
| Conaway, Jon (09.27.2021) | 194 | 4 | 194 | 6 | | Evenflo Counter Designations | 402, 403, 602 | | | |
| Conaway, Jon (09.27.2021) | 195 | 18 | 195 | 22 | | Evenflo Counter Designations | 402, 403 | | | |
| Conaway, Jon (09.27.2021) | 199 | 24 | 200 | 1 | | Evenflo Counter Designations | 602 | | | |
| Conaway, Jon (09.27.2021) | 212 | 9 | 212 | 23 | | Evenflo Counter Designations | 402, 403 | | | |
| Conaway, Jon (09.27.2021) | 213 | 13 | 213 | 24 | | Evenflo Counter Designations | 402, 403, 602 | | | |
| Conaway, Jon (09.27.2021) | 214 | 7 | 214 | 21 | | Evenflo Counter Designations | [214:17-214:21] NT, 402, 403, 602, 701 | | | |
| Conaway, Jon (09.27.2021) | 214 | 23 | 215 | 1 | | Evenflo Counter Designations | [214:17-214:21] NT, 402, 403, 602, 701 | | | |
| Conaway, Jon (09.27.2021) | 215 | 2 | 215 | 5 | | Evenflo Counter Designations | NT, 402, 403, 602, 701 | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Conaway, Jon (09.27.2021) | 215 | 7 | 215 | 8 | | Evenflo Counter Designations | NT, 402, 403, 602, 701 | | |
| Conaway, Jon (09.27.2021) | 215 | 10 | 215 | 14 | | Evenflo Counter Designations | NT, 402, 403, 602, 701 | | |
| Dahle, Eric Volume I (09.29.21) | 9 | 11 | 9 | 13 | 106 | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 10 | 1 | 10 | 10 | | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 13 | 19 | 19 | 10 | [19:7-10] 106, 402, 403 | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 20 | 4 | 20 | 13 | 106, 402, 403 | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 20 | 16 | 20 | 17 | 402, 403 | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 20 | 19 | 21 | 12 | [21:5-12] 402, 403, 602, V; MIL | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 21 | 14 | 22 | 5 | 402, 403, 602, V, MIL | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 22 | 17 | 22 | 18 | 402, 403, 602 | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 22 | 21 | 23 | 5 | 402, 403, 602, MIL | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 23 | 9 | 24 | 8 | | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 24 | 10 | 24 | 20 | | Wonderland Initial Designations | | | |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Dahle, Eric Volume I (09.29.21) | 24 | 22 | 24 | 25 | | Wonderland Initial Designations | | | | |
| Dahle, Eric Volume I (09.29.21) | 25 | 2 | 25 | 5 | 106, 402, 403 | Wonderland Initial Designations | | | | |
| Dahle, Eric Volume I (09.29.21) | 26 | 10 | 27 | 20 | [26:14-15] 402; [27:19-20] 402, 403, 602 | Wonderland Initial Designations | | | | |
| Dahle, Eric Volume I (09.29.21) | 27 | 24 | 28 | 24 | [27:24-28:3] 402, 403, 602; [28:20-24] 402, 403, MIL | Wonderland Initial Designations | | | | |
| Dahle, Eric Volume I (09.29.21) | 29 | 2 | 29 | 4 | 402, 403, MIL | Wonderland Initial Designations | | | | |
| Dahle, Eric Volume I (09.29.21) | 29 | 6 | 29 | 20 | 402, 403, MIL | Wonderland Initial Designations | | | | |
| Dahle, Eric Volume I (09.29.21) | 30 | 6 | 30 | 8 | 402, 403, MIL | Wonderland Initial Designations | | | | |
| Dahle, Eric Volume I (09.29.21) | 30 | 10 | 31 | 19 | 402, 403, MIL | Wonderland Initial Designations | | | | |
| Dahle, Eric Volume I (09.29.21) | 32 | 11 | 35 | 5 | [34:21-35:5] 106 | Wonderland Initial Designations | | | | |
| Dahle, Eric Volume I (09.29.21) | 35 | 9 | 37 | 12 | [35:13-23] 402, 403; [35:24-25, 36:3-37:12] 402, 403, V; [37:1-12] 106 | Wonderland Initial Designations | | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Dahle, Eric Volume I (09.29.21) | 37 | 21 | 37 | 25 | 106, 402, 403 | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 38 | 11 | 38 | 16 | 402, 403 | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 38 | 23 | 39 | 9 | 402, 403 | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 39 | 12 | 39 | 20 | 402, 403 | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 39 | 23 | 41 | 6 | [40:25-41:1] 402, 403 | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 41 | 9 | 42 | 7 | [42:5-7] 402; 403 | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 42 | 10 | 42 | 18 | 402, 403 | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 42 | 21 | 43 | 12 | [42:21-43:10] 402, 403, 37(c) | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 43 | 19 | 44 | 6 | 402, 403, 37(c) | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 44 | 13 | 44 | 19 | 106 | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 45 | 22 | 46 | 17 | | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 46 | 19 | 47 | 1 | | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 47 | 10 | 47 | 12 | 402, 403, 602, MIL | Wonderland Initial Designations | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Dahle, Eric Volume I (09.29.21) | 47 | 14 | 47 | 19 | 402, 403, 602, MIL | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 48 | 7 | 48 | 12 | | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 48 | 15 | 48 | 25 | 402, 403, 602 | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 49 | 6 | 49 | 20 | 402, 403, 602, 802, MIL | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 49 | 22 | 50 | 7 | 402, 403, 602, 802, MIL | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 50 | 13 | 50 | 23 | [50:13-20] 402, 403, 602, 802, MIL | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 50 | 25 | 51 | 7 | 402, 403, V, AMB, MIS | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 51 | 9 | 51 | 13 | 402, 403, V, AMB, MIS | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 51 | 16 | 52 | 1 | 402, 403, V, AMB, MIS | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 52 | 11 | 54 | 5 | [52:11-53:25] 402, 403, 602; [54:1-54:5] 402, 403, 602, MIL | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 54 | 7 | 54 | 12 | 402, 403, 602, MIL | Wonderland Initial Designations | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Dahle, Eric Volume I (09.29.21) | 54 | 16 | 54 | 24 | | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 55 | 2 | 55 | 5 | | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 55 | 19 | 56 | 4 | | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 56 | 14 | 56 | 15 | 402, 403, 602, MIL, 37(c) | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 56 | 22 | 57 | 18 | 402, 403, 602, MIL, 37(c) | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 57 | 25 | 58 | 6 | 402, 403, 602, MIL, 37(c) | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 58 | 9 | 58 | 19 | 402, 403, 602, MIL, 37(c) | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 58 | 25 | 59 | 4 | 402, 403, 602, MIL, 37(c) | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 60 | 9 | 60 | 10 | 402, 403, MIL | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 60 | 17 | 60 | 21 | 402, 403, MIL | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 61 | 4 | 61 | 9 | 402, 403, 602 | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 61 | 13 | 61 | 17 | 402, 403, 602, MIL, KB, 298, 802 | Wonderland Initial Designations | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Dahle, Eric Volume I (09.29.21) | 62 | 5 | 62 | 7 | 402, 403, 602, MIL, KB, 298, 802 | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 62 | 11 | 65 | 6 | 402, 403, 602, MIL, KB, 298, 802 | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 65 | 11 | 66 | 10 | 402, 403, 602, MIL, KB, 298, 802; [65:13] NT, 402, 403 | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 66 | 12 | 66 | 16 | 402, 403, 602, MIL, KB, 298, 802 | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 67 | 3 | 67 | 5 | 402, 403, MIL | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 67 | 8 | 67 | 19 | 402, 403, MIL | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 68 | 3 | 68 | 13 | [68:11-13] V, AMB, MIS | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 68 | 15 | 69 | 18 | [8:15-16] V, AMB, MIS; [68:24-69:18] 402, 403, MIL | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 69 | 20 | 69 | 24 | [69:20-21] 402, 403, MIL | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 70 | 1 | 70 | 9 | | Wonderland Initial Designations | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Dahle, Eric Volume I (09.29.21) | 70 | 11 | 70 | 12 | | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 70 | 14 | 73 | 9 | [73:4-73:9] 402, 403, 602, MIL, KB, 298 | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 73 | 19 | 74 | 17 | 402, 403, 602, MIL, KB, 298, 802 | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 75 | 13 | 75 | 15 | 402, 403, 602, MIL, KB, 298 | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 76 | 8 | 76 | 9 | 402, 403, 602, MIL, KB, 298 | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 76 | 16 | 76 | 19 | 402, 403, 602, MIL, KB, 298 | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 77 | 14 | 77 | 19 | | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 80 | 2 | 80 | 5 | | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 80 | 9 | 80 | 13 | 106 | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 80 | 18 | 80 | 23 | 602 | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 83 | 6 | 83 | 16 | | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 83 | 22 | 83 | 23 | | Wonderland Initial Designations | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Dahle, Eric Volume I (09.29.21) | 83 | 25 | 84 | 5 | | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 84 | 7 | 84 | 9 | | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 84 | 12 | 84 | 14 | | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 84 | 17 | 86 | 5 | 106 | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 86 | 22 | 86 | 23 | 402, 403, MIL | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 87 | 1 | 88 | 7 | [87:1-87:21] 402, 403, MIL | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 88 | 9 | 89 | 9 | | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 90 | 15 | 90 | 25 | 106 | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 91 | 10 | 93 | 9 | 106 | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 93 | 11 | 95 | 19 | | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 95 | 23 | 96 | 10 | | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 99 | 1 | 99 | 2 | | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 99 | 4 | 99 | 18 | | Wonderland Initial Designations | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Dahle, Eric Volume I (09.29.21) | 99 | 21 | 99 | 24 | | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 105 | 25 | 106 | 16 | 106 | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 106 | 20 | 107 | 1 | | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 107 | 16 | 109 | 3 | | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 110 | 24 | 111 | 12 | [111:6-12] 106 | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 111 | 21 | 112 | 4 | | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 113 | 8 | 113 | 23 | | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 113 | 25 | 114 | 15 | 106 | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 115 | 13 | 115 | 20 | | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 117 | 10 | 118 | 18 | [117:19] NT, 402, 403 | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 119 | 10 | 120 | 8 | | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 120 | 10 | 120 | 20 | | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 121 | 13 | 125 | 14 | | Wonderland Initial Designations | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Dahle, Eric Volume I (09.29.21) | 125 | 16 | 126 | 22 | | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 127 | 2 | 127 | 20 | | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 127 | 22 | 129 | 2 | [127:22-128:13] 106 | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 129 | 10 | 129 | 14 | | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 129 | 18 | 132 | 18 | [131:16-24] 402, 403, HYPO/602; [131:8, 131:21, 132:6] 402, 403, NT | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 133 | 1 | 134 | 13 | | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 134 | 15 | 134 | 17 | | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 135 | 16 | 135 | 25 | | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 136 | 19 | 137 | 9 | [137:7-9] 106, 402, 403 | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 137 | 11 | 137 | 18 | | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 140 | 9 | 140 | 24 | 106 | Wonderland Initial Designations | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Dahle, Eric Volume I (09.29.21) | 141 | 20 | 142 | 6 | | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 142 | 8 | 143 | 24 | | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 144 | 1 | 147 | 2 | [144:21-25] 402, 403 | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 147 | 4 | 148 | 8 | [147:21-148:8] 106 | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 152 | 12 | 154 | 25 | | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 155 | 6 | 155 | 20 | | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 155 | 24 | 156 | 19 | | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 156 | 22 | 157 | 8 | | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 157 | 12 | 159 | 18 | | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 159 | 20 | 160 | 2 | [160:2] 106, 402, 403 | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 160 | 19 | 161 | 12 | | Wonderland Initial Designations | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Dahle, Eric Volume I (09.29.21) | 161 | 18 | 169 | 1 | 402, 403, 602; [168:15-169:1] 106; [164:5, 164:14, 165:5, 166:16, 166:25] 402, 403, NT | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 169 | 17 | 170 | 25 | | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 171 | 2 | 171 | 12 | | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 171 | 14 | 175 | 11 | [174:3-7] 402, 403, 602; [174:21-175:11] 402, 403 | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 181 | 23 | 182 | 1 | 106, 402 | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 182 | 3 | 182 | 24 | 106, 402; [182:10] 402, 403, NT | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 183 | 1 | 183 | 1 | 106 | Wonderland Initial Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 9 | 5 | 9 | 7 | | Evenflo Counter Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 19 | 12 | 20 | 3 | | Evenflo Counter Designations | 402, 403, 602 | | |
| Dahle, Eric Volume I (09.29.21) | 25 | 6 | 25 | 11 | | Evenflo Counter Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 35 | 6 | 35 | 8 | | Evenflo Counter Designations | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Dahle, Eric Volume I (09.29.21) | 37 | 13 | 37 | 20 | | Evenflo Counter Designations | 602 | | |
| Dahle, Eric Volume I (09.29.21) | 45 | 8 | 45 | 10 | | Evenflo Counter Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 45 | 13 | 45 | 18 | | Evenflo Counter Designations | 602 | | |
| Dahle, Eric Volume I (09.29.21) | 78 | 7 | 79 | 15 | | Evenflo Counter Designations | | 78:16-79:19 | |
| Dahle, Eric Volume I (09.29.21) | 82 | 12 | 82 | 14 | | Evenflo Counter Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 82 | 21 | 82 | 22 | | Evenflo Counter Designations | 602, 802 | | |
| Dahle, Eric Volume I (09.29.21) | 84 | 16 | 84 | 16 | | Evenflo Counter Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 91 | 1 | 91 | 9 | | Evenflo Counter Designations | 602 | | |
| Dahle, Eric Volume I (09.29.21) | 104 | 23 | 104 | 25 | | Evenflo Counter Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 105 | 1 | 105 | 7 | | Evenflo Counter Designations | AMB | | |
| Dahle, Eric Volume I (09.29.21) | 114 | 16 | 115 | 1 | | Evenflo Counter Designations | 602 | | |
| Dahle, Eric Volume I (09.29.21) | 137 | 19 | 137 | 23 | | Evenflo Counter Designations | 602 | 137:24 - 138:5 | |
| Dahle, Eric Volume I (09.29.21) | 138 | 6 | 139 | 1 | | Evenflo Counter Designations | 602 | | |
| Dahle, Eric Volume I (09.29.21) | 139 | 2 | 139 | 3 | | Evenflo Counter Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 139 | 6 | 139 | 24 | | Evenflo Counter Designations | 602 | 139:25-140:7 | |
| Dahle, Eric Volume I (09.29.21) | 141 | 8 | 141 | 16 | | Evenflo Counter Designations | | | |
| Dahle, Eric Volume I (09.29.21) | 148 | 9 | 148 | 12 | | Evenflo Counter Designations | 602 | 148:13 - 149:4 | |
| Dahle, Eric Volume I (09.29.21) | 160 | 4 | 160 | 7 | | Evenflo Counter Designations | 602 | 160:8-18 | |
| Dahle, Eric Volume I (09.29.21) | 169 | 2 | 169 | 6 | | Evenflo Counter Designations | 602 | 169:7-9 | 106 | 169:10 |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Dahle, Eric Volume I (09.29.21) | 178 | 15 | 179 | 9 | | Evenflo Counter Designations | 106, 402, 403, 37(c) | | |
| Dahle, Eric Volume I (09.29.21) | 180 | 1 | 180 | 7 | | Evenflo Counter Designations | 106, 402, 403, 602, 701, 37(c) | | |
| Dahle, Eric Volume II (01.31.2022) | 193 | 6 | 193 | 18 | 106, 402, 403 | Wonderland Initial Designations | | | |
| Dahle, Eric Volume II (01.31.2022) | 197 | 6 | 197 | 8 | | Wonderland Initial Designations | | | |
| Dahle, Eric Volume II (01.31.2022) | 199 | 5 | 199 | 9 | 106 | Wonderland Initial Designations | | | |
| Dahle, Eric Volume II (01.31.2022) | 199 | 14 | 199 | 24 | 106 | Wonderland Initial Designations | | | |
| Dahle, Eric Volume II (01.31.2022) | 202 | 13 | 202 | 16 | | Wonderland Initial Designations | | | |
| Dahle, Eric Volume II (01.31.2022) | 203 | 25 | 204 | 7 | | Wonderland Initial Designations | | | |
| Dahle, Eric Volume II (01.31.2022) | 204 | 16 | 205 | 1 | | Wonderland Initial Designations | | | |
| Dahle, Eric Volume II (01.31.2022) | 205 | 12 | 206 | 18 | | Wonderland Initial Designations | | | |
| Dahle, Eric Volume II (01.31.2022) | 207 | 15 | 208 | 1 | | Wonderland Initial Designations | | | |
| Dahle, Eric Volume II (01.31.2022) | 208 | 3 | 209 | 4 | [208:10] 402, 403, NT; 106 | Wonderland Initial Designations | | | |
| Dahle, Eric Volume II (01.31.2022) | 209 | 6 | 209 | 6 | | Wonderland Initial Designations | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Dahle, Eric Volume II (01.31.2022) | 209 | 9 | 209 | 23 | | Wonderland Initial Designations | | | |
| Dahle, Eric Volume II (01.31.2022) | 210 | 19 | 210 | 21 | 106 | Wonderland Initial Designations | | | |
| Dahle, Eric Volume II (01.31.2022) | 210 | 24 | 211 | 9 | 106 | Wonderland Initial Designations | | | |
| Dahle, Eric Volume II (01.31.2022) | 211 | 11 | 211 | 18 | 106 | Wonderland Initial Designations | | | |
| Dahle, Eric Volume II (01.31.2022) | 212 | 6 | 213 | 23 | 106; [212:16] 402, 403, NT | Wonderland Initial Designations | | | |
| Dahle, Eric Volume II (01.31.2022) | 213 | 25 | 213 | 25 | | Wonderland Initial Designations | | | |
| Dahle, Eric Volume II (01.31.2022) | 214 | 23 | 215 | 11 | 402, 403, 602 | Wonderland Initial Designations | | | |
| Dahle, Eric Volume II (01.31.2022) | 218 | 9 | 218 | 11 | 106 | Wonderland Initial Designations | | | |
| Dahle, Eric Volume II (01.31.2022) | 218 | 20 | 218 | 22 | 106 | Wonderland Initial Designations | | | |
| Dahle, Eric Volume II (01.31.2022) | 218 | 24 | 221 | 11 | 106 | Wonderland Initial Designations | | | |
| Dahle, Eric Volume II (01.31.2022) | 223 | 4 | 223 | 9 | | Wonderland Initial Designations | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Dahle, Eric Volume II (01.31.2022) | 225 | 1 | 226 | 12 | 106; [225:1-225:2] 402, 403; [225:17] 402, 403, NT; | Wonderland Initial Designations | | | |
| Dahle, Eric Volume II (01.31.2022) | 227 | 24 | 228 | 1 | | Wonderland Initial Designations | | | |
| Dahle, Eric Volume II (01.31.2022) | 228 | 3 | 228 | 14 | | Wonderland Initial Designations | | | |
| Dahle, Eric Volume II (01.31.2022) | 228 | 19 | 228 | 24 | | Wonderland Initial Designations | | | |
| Dahle, Eric Volume II (01.31.2022) | 229 | 2 | 229 | 10 | | Wonderland Initial Designations | | | |
| Dahle, Eric Volume II (01.31.2022) | 230 | 11 | 230 | 14 | 106 | Wonderland Initial Designations | | | |
| Dahle, Eric Volume II (01.31.2022) | 230 | 17 | 230 | 22 | 106 | Wonderland Initial Designations | | | |
| Dahle, Eric Volume II (01.31.2022) | 230 | 24 | 230 | 24 | 106 | Wonderland Initial Designations | | | |
| Dahle, Eric Volume II (01.31.2022) | 231 | 1 | 231 | 20 | 106 | Wonderland Initial Designations | | | |
| Dahle, Eric Volume II (01.31.2022) | 232 | 14 | 232 | 14 | 106 | Wonderland Initial Designations | | | |
| Dahle, Eric Volume II (01.31.2022) | 232 | 16 | 233 | 6 | 106 | Wonderland Initial Designations | | | |
| Dahle, Eric Volume II (01.31.2022) | 233 | 8 | 233 | 23 | | Wonderland Initial Designations | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Dahle, Eric Volume II (01.31.2022) | 234 | 4 | 234 | 16 | [234:4-5] 402, 403 | Wonderland Initial Designations | | | |
| Dahle, Eric Volume II (01.31.2022) | 234 | 18 | 234 | 19 | 106 | Wonderland Initial Designations | | | |
| Dahle, Eric Volume II (01.31.2022) | 234 | 25 | 235 | 4 | | Wonderland Initial Designations | | | |
| Dahle, Eric Volume II (01.31.2022) | 235 | 25 | 238 | 1 | 106; [236:11, 236:23-24] 402, 403 | Wonderland Initial Designations | | | |
| Dahle, Eric Volume II (01.31.2022) | 238 | 4 | 238 | 7 | 106 | Wonderland Initial Designations | | | |
| Dahle, Eric Volume II (01.31.2022) | 238 | 21 | 239 | 3 | 106 | Wonderland Initial Designations | | | |
| Dahle, Eric Volume II (01.31.2022) | 239 | 6 | 239 | 6 | | Wonderland Initial Designations | | | |
| Dahle, Eric Volume II (01.31.2022) | 243 | 10 | 243 | 15 | | Wonderland Initial Designations | | | |
| Dahle, Eric Volume II (01.31.2022) | 243 | 17 | 244 | 9 | [244:3-9] 402, 403 | Wonderland Initial Designations | | | |
| Dahle, Eric Volume II (01.31.2022) | 245 | 15 | 246 | 3 | | Wonderland Initial Designations | | | |
| Dahle, Eric Volume II (01.31.2022) | 246 | 23 | 247 | 8 | [247:1] 402, 403, NT | Wonderland Initial Designations | | | |
| Dahle, Eric Volume II (01.31.2022) | 248 | 10 | 248 | 11 | | Wonderland Initial Designations | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Dahle, Eric Volume II (01.31.2022) | 248 | 19 | 249 | 14 | 106 | Wonderland Initial Designations | | | |
| Dahle, Eric Volume II (01.31.2022) | 249 | 16 | 249 | 19 | | Wonderland Initial Designations | | | |
| Dahle, Eric Volume II (01.31.2022) | 249 | 21 | 249 | 21 | | Wonderland Initial Designations | | | |
| Dahle, Eric Volume II (01.31.2022) | 250 | 7 | 250 | 16 | | Wonderland Initial Designations | | | |
| Dahle, Eric Volume II (01.31.2022) | 251 | 24 | 254 | 2 | | Wonderland Initial Designations | | | |
| Dahle, Eric Volume II (01.31.2022) | 254 | 4 | 256 | 20 | [256:12-15] 402, 403, 106 ; [254:13, 254:24, 255:12, 256:6, 256:12-15] 402, 403, NT | Wonderland Initial Designations | | | |
| Dahle, Eric Volume II (01.31.2022) | 256 | 22 | 257 | 1 | 106 | Wonderland Initial Designations | | | |
| Dahle, Eric Volume II (01.31.2022) | 257 | 15 | 258 | 2 | 106 | Wonderland Initial Designations | | | |
| Dahle, Eric Volume II (01.31.2022) | 258 | 23 | 260 | 8 | 402, 403; [259:13, 259:17, 260:6] 402, 403, NT | Wonderland Initial Designations | | | |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Dahle, Eric Volume II (01.31.2022) | 260 | 11 | 260 | 23 | 106 | Wonderland Initial Designations | | | | |
| Dahle, Eric Volume II (01.31.2022) | 261 | 5 | 261 | 8 | 106 | Wonderland Initial Designations | | | | |
| Dahle, Eric Volume II (01.31.2022) | 262 | 5 | 262 | 8 | 106 | Wonderland Initial Designations | | | | |
| Dahle, Eric Volume II (01.31.2022) | 262 | 10 | 262 | 12 | 106 | Wonderland Initial Designations | | | | |
| Dahle, Eric Volume II (01.31.2022) | 262 | 25 | 264 | 7 | | Wonderland Initial Designations | | | | |
| Dahle, Eric Volume II (01.31.2022) | 264 | 15 | 265 | 1 | | Wonderland Initial Designations | | | | |
| Dahle, Eric Volume II (01.31.2022) | 193 | 3 | 193 | 5 | | Evenflo Counter Designations | | | | |
| Dahle, Eric Volume II (01.31.2022) | 199 | 10 | 199 | 13 | | Evenflo Counter Designations | | | | |
| Dahle, Eric Volume II (01.31.2022) | 210 | 4 | 210 | 5 | | Evenflo Counter Designations | | | | |
| Dahle, Eric Volume II (01.31.2022) | 210 | 7 | 210 | 11 | | Evenflo Counter Designations | | | | |
| Dahle, Eric Volume II (01.31.2022) | 210 | 13 | 210 | 18 | | Evenflo Counter Designations | 403, 602 | | | |
| Dahle, Eric Volume II (01.31.2022) | 211 | 19 | 211 | 25 | | Evenflo Counter Designations | | | | |
| Dahle, Eric Volume II (01.31.2022) | 212 | 1 | 212 | 3 | | Evenflo Counter Designations | | 212:4-5 | | |
| Dahle, Eric Volume II (01.31.2022) | 214 | 1 | 214 | 8 | | Evenflo Counter Designations | 602 | | | |
| Dahle, Eric Volume II (01.31.2022) | 214 | 11 | 214 | 16 | | Evenflo Counter Designations | 602 | 214:17-22 | 602 | |
| Dahle, Eric Volume II (01.31.2022) | 216 | 9 | 217 | 16 | | Evenflo Counter Designations | 403, 602 | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Dahle, Eric Volume II (01.31.2022) | 217 | 18 | 218 | 1 | | Evenflo Counter Designations | 403, 602, 802 | | |
| Dahle, Eric Volume II (01.31.2022) | 218 | 6 | 218 | 8 | | Evenflo Counter Designations | | | |
| Dahle, Eric Volume II (01.31.2022) | 221 | 12 | 221 | 24 | | Evenflo Counter Designations | 602 | | |
| Dahle, Eric Volume II (01.31.2022) | 222 | 1 | 222 | 1 | | Evenflo Counter Designations | 602 | 222:2 - 223:20 | |
| Dahle, Eric Volume II (01.31.2022) | 226 | 13 | 226 | 22 | | Evenflo Counter Designations | 602 | | |
| Dahle, Eric Volume II (01.31.2022) | 231 | 21 | 231 | 23 | | Evenflo Counter Designations | | | |
| Dahle, Eric Volume II (01.31.2022) | 232 | 10 | 232 | 13 | | Evenflo Counter Designations | 602 | | |
| Dahle, Eric Volume II (01.31.2022) | 234 | 23 | 234 | 24 | | Evenflo Counter Designations | 602, 802 | | |
| Dahle, Eric Volume II (01.31.2022) | 240 | 18 | 240 | 24 | 106 | Evenflo Counter Designations | 602 | | |
| Dahle, Eric Volume II (01.31.2022) | 241 | 10 | 241 | 21 | 106 | Evenflo Counter Designations | 602 | 241:22 - 243:9 | V, AMB, SPEC; [242:9-12] 402; [242:11] NT |
| Dahle, Eric Volume II (01.31.2022) | 248 | 13 | 248 | 17 | 106 | Evenflo Counter Designations | 602 | | |
| Dahle, Eric Volume II (01.31.2022) | 249 | 22 | 250 | 1 | 106 | Evenflo Counter Designations | | | |
| Dahle, Eric Volume II (01.31.2022) | 250 | 3 | 250 | 6 | 106 | Evenflo Counter Designations | 602 | | |
| Dahle, Eric Volume II (01.31.2022) | 257 | 2 | 257 | 14 | | Evenflo Counter Designations | 602 | | |
| Dahle, Eric Volume II (01.31.2022) | 260 | 24 | 260 | 25 | | Evenflo Counter Designations | | | |
| Dahle, Eric Volume II (01.31.2022) | 261 | 2 | 261 | 4 | | Evenflo Counter Designations | 602, 802 | | |
| Dahle, Eric Volume II (01.31.2022) | 261 | 17 | 262 | 4 | | Evenflo Counter Designations | | | |
| Dahle, Eric Volume II (01.31.2022) | 262 | 13 | 262 | 18 | | Evenflo Counter Designations | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Davis, Andrew R. (09.17.2021) | 4 | 9 | 4 | 9 | NT, 402, 403 | Wonderland Initial Designations | | | |
| Davis, Andrew R. (09.17.2021) | 6 | 13 | 6 | 22 | 106, 402 | Wonderland Initial Designations | | | |
| Davis, Andrew R. (09.17.2021) | 9 | 6 | 9 | 15 | 106 | Wonderland Initial Designations | | | |
| Davis, Andrew R. (09.17.2021) | 10 | 22 | 10 | 24 | 402 | Wonderland Initial Designations | | | |
| Davis, Andrew R. (09.17.2021) | 11 | 1 | 11 | 11 | | Wonderland Initial Designations | | | |
| Davis, Andrew R. (09.17.2021) | 13 | 10 | 13 | 12 | 402, 403 | Wonderland Initial Designations | | | |
| Davis, Andrew R. (09.17.2021) | 13 | 17 | 13 | 22 | 106 | Wonderland Initial Designations | | | |
| Davis, Andrew R. (09.17.2021) | 16 | 4 | 16 | 15 | | Wonderland Initial Designations | | | |
| Davis, Andrew R. (09.17.2021) | 17 | 8 | 19 | 25 | [18:16-19:25] 402, 403, KB, 298, 37(c), MIL, 602 | Wonderland Initial Designations | | | |
| Davis, Andrew R. (09.17.2021) | 23 | 2 | 23 | 13 | [23:2-4] NT, 402, 403 | Wonderland Initial Designations | | | |
| Davis, Andrew R. (09.17.2021) | 23 | 19 | 24 | 12 | | Wonderland Initial Designations | | | |
| Davis, Andrew R. (09.17.2021) | 25 | 6 | 25 | 19 | | Wonderland Initial Designations | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Davis, Andrew R. (09.17.2021) | 27 | 9 | 27 | 12 | | Wonderland Initial Designations | | | |
| Davis, Andrew R. (09.17.2021) | 27 | 24 | 28 | 2 | 106 | Wonderland Initial Designations | | | |
| Davis, Andrew R. (09.17.2021) | 31 | 9 | 31 | 13 | | Wonderland Initial Designations | | | |
| Davis, Andrew R. (09.17.2021) | 31 | 17 | 32 | 15 | | Wonderland Initial Designations | | | |
| Davis, Andrew R. (09.17.2021) | 32 | 22 | 34 | 10 | [33:22-34:10] 402, 403, KB, 298, MIL, 602, 37(c), 106 | Wonderland Initial Designations | | | |
| Davis, Andrew R. (09.17.2021) | 36 | 11 | 37 | 12 | | Wonderland Initial Designations | | | |
| Davis, Andrew R. (09.17.2021) | 37 | 24 | 42 | 16 | 106; [41:3] NT, 402, 403 | Wonderland Initial Designations | | | |
| Davis, Andrew R. (09.17.2021) | 44 | 11 | 44 | 15 | | Wonderland Initial Designations | | | |
| Davis, Andrew R. (09.17.2021) | 45 | 4 | 45 | 5 | | Wonderland Initial Designations | | | |
| Davis, Andrew R. (09.17.2021) | 45 | 11 | 45 | 23 | | Wonderland Initial Designations | | | |
| Davis, Andrew R. (09.17.2021) | 46 | 8 | 49 | 8 | | Wonderland Initial Designations | | | |
| Davis, Andrew R. (09.17.2021) | 49 | 20 | 49 | 24 | | Wonderland Initial Designations | | | |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Davis, Andrew R. (09.17.2021) | 50 | 3 | 51 | 25 | 106 | Wonderland Initial Designations | | | | |
| Davis, Andrew R. (09.17.2021) | 52 | 4 | 55 | 25 | | Wonderland Initial Designations | | | | |
| Davis, Andrew R. (09.17.2021) | 57 | 4 | 57 | 10 | | Wonderland Initial Designations | | | | |
| Davis, Andrew R. (09.17.2021) | 57 | 20 | 58 | 14 | | Wonderland Initial Designations | | | | |
| Davis, Andrew R. (09.17.2021) | 58 | 21 | 60 | 7 | | Wonderland Initial Designations | | | | |
| Davis, Andrew R. (09.17.2021) | 60 | 10 | 61 | 4 | 106 | Wonderland Initial Designations | | | | |
| Davis, Andrew R. (09.17.2021) | 62 | 2 | 64 | 14 | [62:23-63:6] NT | Wonderland Initial Designations | | | | |
| Davis, Andrew R. (09.17.2021) | 64 | 18 | 64 | 21 | | Wonderland Initial Designations | | | | |
| Davis, Andrew R. (09.17.2021) | 65 | 8 | 65 | 9 | | Wonderland Initial Designations | | | | |
| Davis, Andrew R. (09.17.2021) | 65 | 13 | 66 | 17 | | Wonderland Initial Designations | | | | |
| Davis, Andrew R. (09.17.2021) | 68 | 2 | 69 | 20 | 106 | Wonderland Initial Designations | | | | |
| Davis, Andrew R. (09.17.2021) | 70 | 25 | 72 | 6 | [71:15-17] NT, 402, 403 | Wonderland Initial Designations | | | | |
| Davis, Andrew R. (09.17.2021) | 72 | 9 | 73 | 24 | 106 | Wonderland Initial Designations | | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Davis, Andrew R. (09.17.2021) | 78 | 20 | 86 | 15 | 402, 403, MIS, V, AMB, 106; [81:16-82-5, 83:18-84:14] NT, 402, 403 | Wonderland Initial Designations | | | |
| Davis, Andrew R. (09.17.2021) | 86 | 19 | 87 | 1 | 106 | Wonderland Initial Designations | | | |
| Davis, Andrew R. (09.17.2021) | 90 | 4 | 90 | 24 | 402, 403 | Wonderland Initial Designations | | | |
| Davis, Andrew R. (09.17.2021) | 91 | 7 | 92 | 8 | | Wonderland Initial Designations | | | |
| Davis, Andrew R. (09.17.2021) | 92 | 11 | 95 | 12 | | Wonderland Initial Designations | | | |
| Davis, Andrew R. (09.17.2021) | 96 | 20 | 97 | 3 | | Wonderland Initial Designations | | | |
| Davis, Andrew R. (09.17.2021) | 103 | 15 | 103 | 20 | | Wonderland Initial Designations | | | |
| Davis, Andrew R. (09.17.2021) | 104 | 8 | 109 | 15 | | Wonderland Initial Designations | | | |
| Davis, Andrew R. (09.17.2021) | 109 | 21 | 110 | 16 | | Wonderland Initial Designations | | | |
| Davis, Andrew R. (09.17.2021) | 110 | 22 | 114 | 14 | | Wonderland Initial Designations | | | |
| Davis, Andrew R. (09.17.2021) | 114 | 20 | 115 | 11 | 106 | Wonderland Initial Designations | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Davis, Andrew R. (09.17.2021) | 121 | 18 | 122 | 18 | [122:14-18] 602, V, AMB, 106 | Wonderland Initial Designations | | | |
| Davis, Andrew R. (09.17.2021) | 122 | 25 | 124 | 12 | 106 | Wonderland Initial Designations | | | |
| Davis, Andrew R. (09.17.2021) | 125 | 9 | 125 | 21 | 106 | Wonderland Initial Designations | | | |
| Davis, Andrew R. (09.17.2021) | 126 | 8 | 128 | 8 | | Wonderland Initial Designations | | | |
| Davis, Andrew R. (09.17.2021) | 128 | 12 | 129 | 25 | | Wonderland Initial Designations | | | |
| Davis, Andrew R. (09.17.2021) | 130 | 6 | 130 | 12 | | Wonderland Initial Designations | | | |
| Davis, Andrew R. (09.17.2021) | 130 | 16 | 131 | 5 | 602 | Wonderland Initial Designations | | | |
| Davis, Andrew R. (09.17.2021) | 131 | 23 | 133 | 15 | 602, 802 | Wonderland Initial Designations | | | |
| Davis, Andrew R. (09.17.2021) | 133 | 24 | 135 | 2 | 602 | Wonderland Initial Designations | | | |
| Davis, Andrew R. (09.17.2021) | 137 | 10 | 138 | 12 | 602, 802, 402, 403, MIL | Wonderland Initial Designations | | | |
| Davis, Andrew R. (09.17.2021) | 138 | 15 | 139 | 2 | 602, 402, 403, 37(c), MIL, 106; [141:14] NT, 402, 403 | Wonderland Initial Designations | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Davis, Andrew R. (09.17.2021) | 139 | 7 | 142 | 19 | 602, 402, 403, 37(c), MIL, 106; [139:25, 141:14] NT, 402, 403 | Wonderland Initial Designations | | | |
| Davis, Andrew R. (09.17.2021) | 145 | 4 | 146 | 20 | | Wonderland Initial Designations | | | |
| Davis, Andrew R. (09.17.2021) | 147 | 13 | 147 | 21 | | Wonderland Initial Designations | | | |
| Davis, Andrew R. (09.17.2021) | 148 | 15 | 148 | 17 | 106 | Wonderland Initial Designations | | | |
| Davis, Andrew R. (09.17.2021) | 149 | 23 | 150 | 16 | 402, 403, 602, MIL, 37(c) | Wonderland Initial Designations | | | |
| Davis, Andrew R. (09.17.2021) | 169 | 5 | 169 | 7 | 106 | Wonderland Initial Designations | | | |
| Davis, Andrew R. (09.17.2021) | 169 | 9 | 169 | 20 | | Wonderland Initial Designations | | | |
| Davis, Andrew R. (09.17.2021) | 6 | 5 | 6 | 8 | | Evenflo Counter Designations | | | |
| Davis, Andrew R. (09.17.2021) | 9 | 16 | 10 | 1 | | Evenflo Counter Designations | | | |
| Davis, Andrew R. (09.17.2021) | 13 | 23 | 14 | 11 | | Evenflo Counter Designations | | | |
| Davis, Andrew R. (09.17.2021) | 23 | 14 | 23 | 18 | | Evenflo Counter Designations | 402, 403, 602 | | |
| Davis, Andrew R. (09.17.2021) | 28 | 3 | 29 | 14 | | Evenflo Counter Designations | 402, 403 | | |
| Davis, Andrew R. (09.17.2021) | 34 | 11 | 34 | 12 | | Evenflo Counter Designations | 602 | | |
| Davis, Andrew R. (09.17.2021) | 34 | 24 | 35 | 9 | | Evenflo Counter Designations | 602 | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Davis, Andrew R. (09.17.2021) | 42 | 17 | 43 | 22 | | Evenflo Counter Designations | 602, 802 | | | |
| Davis, Andrew R. (09.17.2021) | 56 | 1 | 57 | 1 | | Evenflo Counter Designations | 402, 403, 602 | | | |
| Davis, Andrew R. (09.17.2021) | 61 | 5 | 61 | 12 | | Evenflo Counter Designations | | | | |
| Davis, Andrew R. (09.17.2021) | 70 | 3 | 70 | 14 | | Evenflo Counter Designations | 403 | | | |
| Davis, Andrew R. (09.17.2021) | 73 | 25 | 74 | 14 | | Evenflo Counter Designations | 403 | | | |
| Davis, Andrew R. (09.17.2021) | 75 | 7 | 75 | 22 | | Evenflo Counter Designations | 403, 602, 701 | | | |
| Davis, Andrew R. (09.17.2021) | 77 | 6 | 78 | 19 | | Evenflo Counter Designations | 403, 602, 701 | | | |
| Davis, Andrew R. (09.17.2021) | 87 | 8 | 87 | 11 | | Evenflo Counter Designations | 403, 602 | 88:1-90:3 | [88:12-17] NT, 402, 403, 106 | |
| Davis, Andrew R. (09.17.2021) | 87 | 13 | 87 | 18 | | Evenflo Counter Designations | 403, 602 | | | |
| Davis, Andrew R. (09.17.2021) | 117 | 12 | 120 | 9 | | Evenflo Counter Designations | 403, 602 | | | |
| Davis, Andrew R. (09.17.2021) | 122 | 20 | 122 | 24 | | Evenflo Counter Designations | | | | |
| Davis, Andrew R. (09.17.2021) | 124 | 13 | 124 | 19 | | Evenflo Counter Designations | 403, 602 | | | |
| Davis, Andrew R. (09.17.2021) | 124 | 22 | 125 | 5 | | Evenflo Counter Designations | 403, 602 | | | |
| Davis, Andrew R. (09.17.2021) | 148 | 18 | 149 | 18 | | Evenflo Counter Designations | 403 | | | |
| Davis, Andrew R. (09.17.2021) | 152 | 3 | 152 | 9 | | Evenflo Counter Designations | 403, 602, 701, 802, V | | | |
| Davis, Andrew R. (09.17.2021) | 152 | 10 | 153 | 2 | | Evenflo Counter Designations | 403, 602, 701, 802, V | | | |
| Davis, Andrew R. (09.17.2021) | 155 | 16 | 156 | 11 | | Evenflo Counter Designations | 106, 37(c), 403, 602, 901, DES | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Davis, Andrew R. (09.17.2021) | 156 | 14 | 156 | 25 | | Evenflo Counter Designations | 106, 37(c), 403, 602, 901, DES | | |
| Davis, Andrew R. (09.17.2021) | 157 | 3 | 158 | 8 | | Evenflo Counter Designations | 106, 37(c), 403, 602, 901, DES | | |
| Davis, Andrew R. (09.17.2021) | 158 | 9 | 159 | 3 | | Evenflo Counter Designations | 106, 37(c), 403, 602, 901, DES | | |
| Davis, Andrew R. (09.17.2021) | 159 | 9 | 160 | 21 | | Evenflo Counter Designations | 106, 37(c), 403, 602, 901, DES | | |
| Davis, Andrew R. (09.17.2021) | 160 | 22 | 161 | 19 | | Evenflo Counter Designations | 106, 37(c), 403, 602, 901, DES | 162:22 - 165:6 | [164:11-195:1] 602, 802; 402, 403 |
| Davis, Andrew R. (09.17.2021) | 165 | 7 | 166 | 3 | | Evenflo Counter Designations | 403, 602 | 166:4 - 167:24 | 402, 403, 602, 802; [166:22] 402, 403 |
| Davis, Andrew R. (09.17.2021) | 167 | 25 | 168 | 11 | | Evenflo Counter Designations | 403, 602 | 168:12 - 169:4, 169:21 - 173:11 | [168:12-169:] 402; [169:21-173:11] 402, 403, 602 |
| Delong, Steve (09.29.2021) | 10 | 15 | 10 | 25 | 106 | Wonderland Initial Designations | | | |
| Delong, Steve (09.29.2021) | 11 | 1 | 11 | 17 | | Wonderland Initial Designations | | | |
| Delong, Steve (09.29.2021) | 12 | 15 | 12 | 21 | | Wonderland Initial Designations | | | |
| Delong, Steve (09.29.2021) | 13 | 2 | 13 | 25 | 106 | Wonderland Initial Designations | | | |

| | | | | | | | corrected from initial exchange | | |
|---|---|---|---|---|---|---|---|---|---|
| Delong, Steve (09.29.2021) | 14 | 1 | 18 | 18 | | Wonderland Initial Designations | | 402, 403 | |
| Delong, Steve (09.29.2021) | 18 | 20 | 18 | 24 | 402, 403, 106 | Wonderland Initial Designations | | | |
| Delong, Steve (09.29.2021) | 19 | 7 | 19 | 25 | | Wonderland Initial Designations | | | |
| Delong, Steve (09.29.2021) | 20 | 1 | 31 | 13 | | Wonderland Initial Designations | | | |
| Delong, Steve (09.29.2021) | 31 | 16 | 33 | 21 | | Wonderland Initial Designations | | | |
| Delong, Steve (09.29.2021) | 35 | 11 | 35 | 16 | | Wonderland Initial Designations | | | |
| Delong, Steve (09.29.2021) | 36 | 1 | 36 | 11 | | Wonderland Initial Designations | | | |
| Delong, Steve (09.29.2021) | 37 | 6 | 37 | 14 | 402, 403, NT | Wonderland Initial Designations | | | |
| Delong, Steve (09.29.2021) | 37 | 18 | 38 | 18 | 402, 403, 602 | Wonderland Initial Designations | | | |
| Delong, Steve (09.29.2021) | 39 | 11 | 40 | 9 | 602 | Wonderland Initial Designations | | | |
| Delong, Steve (09.29.2021) | 40 | 24 | 41 | 16 | 602 | Wonderland Initial Designations | | | |
| Delong, Steve (09.29.2021) | 41 | 19 | 41 | 25 | NT | Wonderland Initial Designations | | | |
| Delong, Steve (09.29.2021) | 42 | 25 | 42 | 25 | | Wonderland Initial Designations | | | |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Delong, Steve (09.29.2021) | 43 | 1 | 43 | 5 | 602 | Wonderland Initial Designations | | | | |
| Delong, Steve (09.29.2021) | 43 | 24 | 44 | 8 | 602 | Wonderland Initial Designations | | | | |
| Delong, Steve (09.29.2021) | 45 | 10 | 45 | 22 | 602, NT | Wonderland Initial Designations | | | | |
| Delong, Steve (09.29.2021) | 46 | 24 | 47 | 6 | NT | Wonderland Initial Designations | | | | |
| Delong, Steve (09.29.2021) | 47 | 22 | 49 | 22 | 402, 403, 106 | Wonderland Initial Designations | | | | |
| Delong, Steve (09.29.2021) | 50 | 7 | 50 | 15 | 602, 402, 403 | Wonderland Initial Designations | | | | |
| Delong, Steve (09.29.2021) | 53 | 12 | 53 | 18 | 402, 403, 602 | Wonderland Initial Designations | | | | |
| Delong, Steve (09.29.2021) | 53 | 21 | 53 | 24 | 402, 403, 602, V, AMB | Wonderland Initial Designations | | | | |
| Delong, Steve (09.29.2021) | 54 | 1 | 54 | 14 | 402, 403, 602 | Wonderland Initial Designations | | | | |
| Delong, Steve (09.29.2021) | 54 | 16 | 54 | 22 | 402, 403, 602, V, AMB | Wonderland Initial Designations | | | | |
| Delong, Steve (09.29.2021) | 55 | 4 | 62 | 15 | 106, 402, 403 | Wonderland Initial Designations | | | | |
| Delong, Steve (09.29.2021) | 62 | 23 | 63 | 1 | 402, 403 | Wonderland Initial Designations | | | | |
| Delong, Steve (09.29.2021) | 63 | 6 | 63 | 17 | 402, 403 | Wonderland Initial Designations | | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Delong, Steve (09.29.2021) | 64 | 1 | 64 | 5 | 402, 403, 602 | Wonderland Initial Designations | | | |
| Delong, Steve (09.29.2021) | 65 | 3 | 65 | 6 | | Wonderland Initial Designations | | | |
| Delong, Steve (09.29.2021) | 65 | 22 | 66 | 12 | 402, 403 | Wonderland Initial Designations | | | |
| Delong, Steve (09.29.2021) | 68 | 14 | 68 | 21 | 402, 403, 602 | Wonderland Initial Designations | | | |
| Delong, Steve (09.29.2021) | 69 | 9 | 70 | 7 | 402, 403, 602; [69:12] 402, 403, NT | Wonderland Initial Designations | | | |
| Delong, Steve (09.29.2021) | 10 | 8 | 10 | 11 | | Evenflo Counter Designations | | | |
| Delong, Steve (09.29.2021) | 14 | 6 | 17 | 13 | | Evenflo Counter Designations | | | |
| Delong, Steve (09.29.2021) | 18 | 14 | 18 | 18 | | Evenflo Counter Designations | | | |
| Delong, Steve (09.29.2021) | 49 | 23 | 50 | 6 | | Evenflo Counter Designations | 1002 | | |
| Delong, Steve (09.29.2021) | 51 | 18 | 52 | 15 | 602, 402, 403 | Evenflo Counter Designations | 402, 403 | | |
| Hartenstine, Curtis (09.23.2021) | 14 | 17 | 14 | 22 | | Wonderland Initial Designations | | | |
| Hartenstine, Curtis (09.23.2021) | 15 | 3 | 15 | 7 | | Wonderland Initial Designations | | | |
| Hartenstine, Curtis (09.23.2021) | 15 | 18 | 15 | 19 | | Wonderland Initial Designations | | | |
| Hartenstine, Curtis (09.23.2021) | 15 | 23 | 16 | 7 | | Wonderland Initial Designations | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Hartenstine, Curtis (09.23.2021) | 16 | 11 | 17 | 2 | [16:19-20] NT | Wonderland Initial Designations | | | |
| Hartenstine, Curtis (09.23.2021) | 18 | 8 | 19 | 6 | 106, 402 | Wonderland Initial Designations | | | |
| Hartenstine, Curtis (09.23.2021) | 19 | 14 | 19 | 24 | 106, 402 | Wonderland Initial Designations | | | |
| Hartenstine, Curtis (09.23.2021) | 21 | 14 | 21 | 18 | 106 | Wonderland Initial Designations | | | |
| Hartenstine, Curtis (09.23.2021) | 22 | 9 | 22 | 25 | 106, 402, 602; [22:16-18] 402, 403 | Wonderland Initial Designations | | | |
| Hartenstine, Curtis (09.23.2021) | 27 | 23 | 29 | 11 | 106 | Wonderland Initial Designations | | | |
| Hartenstine, Curtis (09.23.2021) | 30 | 21 | 31 | 13 | 106, 402, 403 | Wonderland Initial Designations | | | |
| Hartenstine, Curtis (09.23.2021) | 32 | 20 | 32 | 24 | 106, 602 | Wonderland Initial Designations | | | |
| Hartenstine, Curtis (09.23.2021) | 37 | 23 | 38 | 13 | 106 | Wonderland Initial Designations | | | |
| Hartenstine, Curtis (09.23.2021) | 44 | 14 | 44 | 21 | 402, 602, V, AMB | Wonderland Initial Designations | | | |
| Hartenstine, Curtis (09.23.2021) | 56 | 4 | 56 | 19 | | Wonderland Initial Designations | | | |
| Hartenstine, Curtis (09.23.2021) | 60 | 8 | 60 | 18 | 402 | Wonderland Initial Designations | | | |
| Hartenstine, Curtis (09.23.2021) | 65 | 9 | 65 | 13 | | Wonderland Initial Designations | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Hartenstine, Curtis (09.23.2021) | 72 | 18 | 72 | 21 | 402, 602 | Wonderland Initial Designations | | | |
| Hartenstine, Curtis (09.23.2021) | 72 | 24 | 74 | 23 | 402, 602 | Wonderland Initial Designations | | | |
| Hartenstine, Curtis (09.23.2021) | 83 | 24 | 84 | 9 | | Wonderland Initial Designations | | | |
| Hartenstine, Curtis (09.23.2021) | 138 | 12 | 138 | 25 | V, AMB | Wonderland Initial Designations | | | |
| Hartenstine, Curtis (09.23.2021) | 139 | 2 | 139 | 16 | V, AMB; [139:2] NT | Wonderland Initial Designations | | | |
| Hartenstine, Curtis (09.23.2021) | 139 | 18 | 139 | 24 | V, AMB | Wonderland Initial Designations | | | |
| Hartenstine, Curtis (09.23.2021) | 140 | 2 | 140 | 21 | 602, V, AMB | Wonderland Initial Designations | | | |
| Hartenstine, Curtis (09.23.2021) | 140 | 23 | 141 | 11 | 602, V, AMB | Wonderland Initial Designations | | | |
| Hartenstine, Curtis (09.23.2021) | 141 | 13 | 141 | 16 | 106, 602, V, AMB | Wonderland Initial Designations | | | |
| Hartenstine, Curtis (09.23.2021) | 141 | 18 | 142 | 25 | 602, V, AMB | Wonderland Initial Designations | | | |
| Hartenstine, Curtis (09.23.2021) | 8 | 20 | 8 | 22 | | Evenflo Counter Designations | | | |
| Hartenstine, Curtis (09.23.2021) | 19 | 7 | 19 | 13 | | Evenflo Counter Designations | | | |
| Hartenstine, Curtis (09.23.2021) | 21 | 19 | 21 | 20 | | Evenflo Counter Designations | | | |
| Hartenstine, Curtis (09.23.2021) | 23 | 6 | 23 | 8 | | Evenflo Counter Designations | | 23:9 - 24:17 | V, AMB, 402, 403, 802 | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Hartenstine, Curtis (09.23.2021) | 25 | 14 | 25 | 24 | | Evenflo Counter Designations | | | | |
| Hartenstine, Curtis (09.23.2021) | 26 | 24 | 26 | 25 | | Evenflo Counter Designations | | | | |
| Hartenstine, Curtis (09.23.2021) | 27 | 2 | 27 | 2 | | Evenflo Counter Designations | | 27:3-14 | NT, 402, 602, 701, 702 | |
| Hartenstine, Curtis (09.23.2021) | 27 | 15 | 27 | 22 | | Evenflo Counter Designations | 403, 701 | | | |
| Hartenstine, Curtis (09.23.2021) | 29 | 12 | 29 | 22 | | Evenflo Counter Designations | 403, 602 | | | |
| Hartenstine, Curtis (09.23.2021) | 30 | 2 | 30 | 10 | | Evenflo Counter Designations | 403, 602, 701 | | | |
| Hartenstine, Curtis (09.23.2021) | 30 | 12 | 30 | 20 | | Evenflo Counter Designations | 403, 602, 701 | | | |
| Hartenstine, Curtis (09.23.2021) | 31 | 18 | 31 | 25 | | Evenflo Counter Designations | 602 | | | |
| Hartenstine, Curtis (09.23.2021) | 32 | 2 | 32 | 17 | | Evenflo Counter Designations | 602 | | | |
| Hartenstine, Curtis (09.23.2021) | 33 | 4 | 33 | 25 | | Evenflo Counter Designations | V, DES | | | |
| Hartenstine, Curtis (09.23.2021) | 35 | 25 | 35 | 25 | | Evenflo Counter Designations | | | | |
| Hartenstine, Curtis (09.23.2021) | 36 | 2 | 36 | 3 | | Evenflo Counter Designations | | | | |
| Hartenstine, Curtis (09.23.2021) | 36 | 5 | 36 | 25 | | Evenflo Counter Designations | V, DES, 602 | | | |
| Hartenstine, Curtis (09.23.2021) | 37 | 2 | 37 | 15 | | Evenflo Counter Designations | 701 | | | |
| Hartenstine, Curtis (09.23.2021) | 37 | 17 | 37 | 22 | | Evenflo Counter Designations | 701 | | | |
| Hartenstine, Curtis (09.23.2021) | 39 | 13 | 39 | 15 | | Evenflo Counter Designations | | | | |
| Hartenstine, Curtis (09.23.2021) | 50 | 17 | 50 | 25 | | Evenflo Counter Designations | | | | |
| Hartenstine, Curtis (09.23.2021) | 51 | 2 | 51 | 3 | | Evenflo Counter Designations | V, DES, 403, 602 | | | |
| Hartenstine, Curtis (09.23.2021) | 51 | 5 | 51 | 5 | | Evenflo Counter Designations | V, DES, 403, 602 | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Hartenstine, Curtis (09.23.2021) | 51 | 12 | 51 | 17 | | Evenflo Counter Designations | V, DES, 403, 602 | | |
| Hartenstine, Curtis (09.23.2021) | 51 | 19 | 51 | 25 | | Evenflo Counter Designations | V, DES, 403, 602 | | |
| Hartenstine, Curtis (09.23.2021) | 52 | 2 | 52 | 23 | | Evenflo Counter Designations | V, DES, 403, 602 | | |
| Hartenstine, Curtis (09.23.2021) | 75 | 13 | 75 | 17 | | Evenflo Counter Designations | 402, 403, 602 | | |
| Hartenstine, Curtis (09.23.2021) | 137 | 11 | 137 | 25 | | Evenflo Counter Designations | 602, 901 | | |
| Hartenstine, Curtis (09.23.2021) | 138 | 2 | 138 | 5 | | Evenflo Counter Designations | 602, 901 | | |
| Hartenstine, Curtis (09.23.2021) | 145 | 20 | 145 | 25 | | Evenflo Counter Designations | V, DES, 403, 602 | | |
| Hartenstine, Curtis (09.23.2021) | 146 | 2 | 146 | 6 | | Evenflo Counter Designations | V, DES, 403, 602 | | |
| Mcguire, Jon (09.13.2021) | 9 | 12 | 9 | 18 | 106 | Wonderland Initial Designations | | | |
| Mcguire, Jon (09.13.2021) | 9 | 24 | 10 | 16 | | Wonderland Initial Designations | | | |
| Mcguire, Jon (09.13.2021) | 16 | 10 | 16 | 25 | | Wonderland Initial Designations | | | |
| Mcguire, Jon (09.13.2021) | 17 | 11 | 18 | 1 | | Wonderland Initial Designations | | | |
| Mcguire, Jon (09.13.2021) | 18 | 7 | 19 | 10 | 602, 402 | Wonderland Initial Designations | | | |
| Mcguire, Jon (09.13.2021) | 22 | 4 | 22 | 9 | 402 | Wonderland Initial Designations | | | |
| Mcguire, Jon (09.13.2021) | 23 | 10 | 24 | 1 | | Wonderland Initial Designations | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Mcguire, Jon (09.13.2021) | 24 | 14 | 24 | 23 | 402, 403 | Wonderland Initial Designations | | | |
| Mcguire, Jon (09.13.2021) | 25 | 4 | 25 | 8 | 402, 403 | Wonderland Initial Designations | | | |
| Mcguire, Jon (09.13.2021) | 25 | 25 | 26 | 9 | 402, 602 | Wonderland Initial Designations | | | |
| Mcguire, Jon (09.13.2021) | 29 | 2 | 29 | 24 | | Wonderland Initial Designations | | | |
| Mcguire, Jon (09.13.2021) | 34 | 24 | 38 | 25 | 106; [34:24-35:9; 35:22-38:2] 402, 403 | Wonderland Initial Designations | | | |
| Mcguire, Jon (09.13.2021) | 39 | 2 | 40 | 2 | | Wonderland Initial Designations | | | |
| Mcguire, Jon (09.13.2021) | 43 | 2 | 43 | 10 | | Wonderland Initial Designations | | | |
| Mcguire, Jon (09.13.2021) | 43 | 20 | 45 | 10 | 602, 802, 402, 403; [43:20-24] 402, 403, NT | Wonderland Initial Designations | | | |
| Mcguire, Jon (09.13.2021) | 45 | 24 | 46 | 4 | 602, 802, 402, 403 | Wonderland Initial Designations | | | |
| Mcguire, Jon (09.13.2021) | 46 | 5 | 47 | 1 | 602, 802, 402, 403 | Wonderland Initial Designations | | | |
| Mcguire, Jon (09.13.2021) | 47 | 12 | 47 | 16 | 402 | Wonderland Initial Designations | | | |
| Mcguire, Jon (09.13.2021) | 47 | 24 | 48 | 10 | 402, 403; [48:2-10] 602 | Wonderland Initial Designations | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Mcguire, Jon (09.13.2021) | 49 | 5 | 49 | 9 | 602, 802, 106 | Wonderland Initial Designations | | | |
| Mcguire, Jon (09.13.2021) | 49 | 13 | 49 | 20 | 602, 802, 106 | Wonderland Initial Designations | | | |
| Mcguire, Jon (09.13.2021) | 50 | 4 | 50 | 15 | 602, 802 | Wonderland Initial Designations | | | |
| Mcguire, Jon (09.13.2021) | 52 | 18 | 52 | 23 | 402, 602, 802 | Wonderland Initial Designations | | | |
| Mcguire, Jon (09.13.2021) | 53 | 5 | 53 | 14 | 402, 403 | Wonderland Initial Designations | | | |
| Mcguire, Jon (09.13.2021) | 53 | 24 | 54 | 13 | 402, 602, 802 | Wonderland Initial Designations | | | |
| Mcguire, Jon (09.13.2021) | 55 | 8 | 55 | 13 | 402, 602, 403 | Wonderland Initial Designations | | | |
| Mcguire, Jon (09.13.2021) | 55 | 21 | 55 | 24 | 106, 402, 602, 403 | Wonderland Initial Designations | | | |
| Mcguire, Jon (09.13.2021) | 56 | 2 | 56 | 10 | 402, 602, 403 | Wonderland Initial Designations | | | |
| Mcguire, Jon (09.13.2021) | 58 | 5 | 58 | 13 | 402 | Wonderland Initial Designations | | | |
| Mcguire, Jon (09.13.2021) | 58 | 24 | 59 | 4 | 402, 602, 106 | Wonderland Initial Designations | | | |
| Mcguire, Jon (09.13.2021) | 61 | 12 | 62 | 6 | 402, 106 | Wonderland Initial Designations | | | |
| Mcguire, Jon (09.13.2021) | 62 | 17 | 62 | 25 | 402 | Wonderland Initial Designations | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Mcguire, Jon (09.13.2021) | 67 | 8 | 67 | 20 | 402, 403, 37(c), MIL, 106 | Wonderland Initial Designations | | | |
| Mcguire, Jon (09.13.2021) | 72 | 11 | 73 | 19 | 106; [73:17-19] 602, V, AMB | Wonderland Initial Designations | | | |
| Mcguire, Jon (09.13.2021) | 74 | 12 | 75 | 24 | 602, 802, 402, 403 | Wonderland Initial Designations | | | |
| Mcguire, Jon (09.13.2021) | 76 | 6 | 76 | 16 | 402, 403, 37(c), MIL, 802 | Wonderland Initial Designations | | | |
| Mcguire, Jon (09.13.2021) | 77 | 7 | 77 | 22 | 402, 403, MIL, 37(c) | Wonderland Initial Designations | | | |
| Mcguire, Jon (09.13.2021) | 77 | 23 | 79 | 1 | 402, 403, MIL, 37(c) | Wonderland Initial Designations | | | |
| Mcguire, Jon (09.13.2021) | 79 | 4 | 79 | 8 | | Wonderland Initial Designations | | | |
| Mcguire, Jon (09.13.2021) | 79 | 19 | 79 | 24 | | Wonderland Initial Designations | | | |
| Mcguire, Jon (09.13.2021) | 81 | 23 | 83 | 4 | 106 | Wonderland Initial Designations | | | |
| Mcguire, Jon (09.13.2021) | 83 | 15 | 84 | 1 | | Wonderland Initial Designations | | | |
| Mcguire, Jon (09.13.2021) | 84 | 11 | 84 | 20 | 602, 106 | Wonderland Initial Designations | | | |
| Mcguire, Jon (09.13.2021) | 88 | 9 | 88 | 18 | 602 | Wonderland Initial Designations | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Mcguire, Jon (09.13.2021) | 91 | 7 | 91 | 11 | 402, 403, 37(c), MIL | Wonderland Initial Designations | | | |
| Mcguire, Jon (09.13.2021) | 91 | 19 | 92 | 9 | 402, 403, 802, 37(c), MIL | Wonderland Initial Designations | | | |
| Mcguire, Jon (09.13.2021) | 93 | 23 | 94 | 24 | 402, 403, 802, 37(c), MIL, 106 | Wonderland Initial Designations | | | |
| Mcguire, Jon (09.13.2021) | 96 | 24 | 98 | 7 | 402, 403, 802, 37(c), MIL, 106 | Wonderland Initial Designations | | | |
| Mcguire, Jon (09.13.2021) | 98 | 11 | 98 | 13 | 106 | Wonderland Initial Designations | | | |
| Mcguire, Jon (09.13.2021) | 98 | 18 | 99 | 10 | 402, 403, 602, 802, 37(c), MIL | Wonderland Initial Designations | | | |
| Mcguire, Jon (09.13.2021) | 99 | 24 | 101 | 5 | 402, 403, 602, 802, 37(c), MIL | Wonderland Initial Designations | | | |
| Mcguire, Jon (09.13.2021) | 105 | 3 | 105 | 10 | 402, 403, 602, 802, 37(c), MIL | Wonderland Initial Designations | | | |
| Mcguire, Jon (09.13.2021) | 106 | 6 | 106 | 21 | | Wonderland Initial Designations | | | |
| Mcguire, Jon (09.13.2021) | 107 | 1 | 107 | 17 | | Wonderland Initial Designations | | | |
| Mcguire, Jon (09.13.2021) | 108 | 1 | 109 | 14 | | Wonderland Initial Designations | | | |
| Mcguire, Jon (09.13.2021) | 109 | 23 | 110 | 6 | | Wonderland Initial Designations | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Mcguire, Jon (09.13.2021) | 111 | 5 | 111 | 8 | 402, 106 | Wonderland Initial Designations | | | |
| Mcguire, Jon (09.13.2021) | 113 | 8 | 113 | 16 | | Wonderland Initial Designations | | | |
| Mcguire, Jon (09.13.2021) | 113 | 21 | 114 | 9 | 602, 802, 402, 403 | Wonderland Initial Designations | | | |
| Mcguire, Jon (09.13.2021) | 115 | 12 | 115 | 22 | 602, 802, 402, 403 | Wonderland Initial Designations | | | |
| Mcguire, Jon (09.13.2021) | 116 | 4 | 116 | 18 | 402, 403, 602, 802, 37(c), MIL | Wonderland Initial Designations | | | |
| Mcguire, Jon (09.13.2021) | 117 | 5 | 117 | 8 | 402, 403, 802 | Wonderland Initial Designations | | | |
| Mcguire, Jon (09.13.2021) | 117 | 9 | 120 | 20 | 402, 403, 602, 802 | Wonderland Initial Designations | | | |
| Mcguire, Jon (09.13.2021) | 120 | 25 | 121 | 8 | 402, 403, 602, 802 | Wonderland Initial Designations | | | |
| Mcguire, Jon (09.13.2021) | 121 | 19 | 123 | 20 | 402, 403, 602, 802, 37(c), MIL | Wonderland Initial Designations | | | |
| Mcguire, Jon (09.13.2021) | 123 | 25 | 123 | 25 | 402, 403, 602, 802, 37(c), MIL | Wonderland Initial Designations | | | |
| Mcguire, Jon (09.13.2021) | 124 | 1 | 124 | 7 | 402, 403, 602, 802, 37(c), MIL | Wonderland Initial Designations | | | |
| Mcguire, Jon (09.13.2021) | 125 | 15 | 125 | 23 | 402, 403, 602, 802, 37(c), MIL | Wonderland Initial Designations | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Mcguire, Jon (09.13.2021) | 126 | 1 | 126 | 6 | 106, 402, 403, 602, 802, 37(c), MIL | Wonderland Initial Designations | | | |
| Mcguire, Jon (09.13.2021) | 126 | 9 | 126 | 13 | | Wonderland Initial Designations | | | |
| Mcguire, Jon (09.13.2021) | 127 | 14 | 127 | 21 | 402, 403, 602, 802, 37(c), MIL, C, V, AMB | Wonderland Initial Designations | | | |
| Mcguire, Jon (09.13.2021) | 127 | 23 | 128 | 15 | 402, 403, 602, 802, 37(c), MIL, C, V, AMB | Wonderland Initial Designations | | | |
| Mcguire, Jon (09.13.2021) | 129 | 15 | 129 | 17 | 402 | Wonderland Initial Designations | | | |
| Mcguire, Jon (09.13.2021) | 130 | 15 | 131 | 3 | 402, 403, HYPO, Daubert, 106 | Wonderland Initial Designations | | | |
| Mcguire, Jon (09.13.2021) | 132 | 23 | 132 | 24 | 402, 403, 602, 802, 37(c), MIL, V, AMB | Wonderland Initial Designations | | | |
| Mcguire, Jon (09.13.2021) | 133 | 1 | 133 | 3 | 402, 403, 602, 802, 37(c), MIL, V, AMB | Wonderland Initial Designations | | | |
| Mcguire, Jon (09.13.2021) | 138 | 3 | 138 | 13 | | Wonderland Initial Designations | | | |
| Mcguire, Jon (09.13.2021) | 139 | 11 | 139 | 23 | 402, V, AMB | Wonderland Initial Designations | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Mcguire, Jon (09.13.2021) | 140 | 7 | 140 | 25 | | Wonderland Initial Designations | | | |
| Mcguire, Jon (09.13.2021) | 141 | 1 | 141 | 17 | | Wonderland Initial Designations | | | |
| Mcguire, Jon (09.13.2021) | 142 | 7 | 142 | 16 | | Wonderland Initial Designations | | | |
| Mcguire, Jon (09.13.2021) | 143 | 2 | 144 | 10 | | Wonderland Initial Designations | | | |
| Mcguire, Jon (09.13.2021) | 144 | 13 | 144 | 22 | 106 | Wonderland Initial Designations | | | |
| Mcguire, Jon (09.13.2021) | 145 | 1 | 145 | 5 | 106 | Wonderland Initial Designations | | | |
| Mcguire, Jon (09.13.2021) | 146 | 25 | 147 | 13 | | Wonderland Initial Designations | | | |
| Mcguire, Jon (09.13.2021) | 147 | 17 | 147 | 17 | 602 | Wonderland Initial Designations | | | |
| Mcguire, Jon (09.13.2021) | 8 | 10 | 8 | 20 | | Evenflo Counter Designations | | | |
| Mcguire, Jon (09.13.2021) | 8 | 21 | 9 | 11 | | Evenflo Counter Designations | | | |
| Mcguire, Jon (09.13.2021) | 9 | 19 | 9 | 23 | | Evenflo Counter Designations | | | |
| Mcguire, Jon (09.13.2021) | 26 | 15 | 26 | 17 | | Evenflo Counter Designations | 402, 403, 602 | | |
| Mcguire, Jon (09.13.2021) | 41 | 13 | 41 | 17 | | Evenflo Counter Designations | 402, 403 | | |
| Mcguire, Jon (09.13.2021) | 41 | 18 | 42 | 4 | | Evenflo Counter Designations | 402, 403 | | |
| Mcguire, Jon (09.13.2021) | 49 | 10 | 49 | 12 | | Evenflo Counter Designations | 402, 403 | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Mcguire, Jon (09.13.2021) | 49 | 21 | 50 | 3 | | Evenflo Counter Designations | 402, 1002 | | |
| Mcguire, Jon (09.13.2021) | 55 | 18 | 55 | 20 | | Evenflo Counter Designations | | | |
| Mcguire, Jon (09.13.2021) | 55 | 25 | 56 | 1 | | Evenflo Counter Designations | | | |
| Mcguire, Jon (09.13.2021) | 56 | 11 | 56 | 15 | | Evenflo Counter Designations | 402, 403, 602 | | |
| Mcguire, Jon (09.13.2021) | 58 | 14 | 58 | 23 | | Evenflo Counter Designations | 402, 403 | | |
| Mcguire, Jon (09.13.2021) | 62 | 7 | 62 | 8 | | Evenflo Counter Designations | 402, 403, NT | | |
| Mcguire, Jon (09.13.2021) | 62 | 10 | 62 | 11 | | Evenflo Counter Designations | 402, 403 | | |
| Mcguire, Jon (09.13.2021) | 68 | 6 | 68 | 15 | | Evenflo Counter Designations | 402, 403, 602 | 68:21-69:5 | 402, 403, 37(c), MIL, 602 |
| Mcguire, Jon (09.13.2021) | 73 | 25 | 74 | 11 | | Evenflo Counter Designations | 402, 403 | | |
| Mcguire, Jon (09.13.2021) | 83 | 5 | 83 | 14 | | Evenflo Counter Designations | 402, 403 | | |
| Mcguire, Jon (09.13.2021) | 84 | 21 | 85 | 25 | | Evenflo Counter Designations | | | |
| Mcguire, Jon (09.13.2021) | 86 | 1 | 86 | 10 | | Evenflo Counter Designations | 402, 403 | | |
| Mcguire, Jon (09.13.2021) | 86 | 21 | 87 | 4 | | Evenflo Counter Designations | 402, 403, 602 | 87:5-87:15 additional designation, IF this is allowed. | 402, 403, 602 |
| Mcguire, Jon (09.13.2021) | 96 | 16 | 96 | 23 | | Evenflo Counter Designations | 402, 403, 602, 1002 | | |
| Mcguire, Jon (09.13.2021) | 98 | 8 | 98 | 10 | | Evenflo Counter Designations | | | |
| Mcguire, Jon (09.13.2021) | 98 | 14 | 98 | 17 | | Evenflo Counter Designations | 402, 403 | | |
| Mcguire, Jon (09.13.2021) | 111 | 9 | 111 | 12 | | Evenflo Counter Designations | 402, 403 | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Mcguire, Jon (09.13.2021) | 125 | 24 | 125 | 25 | | Evenflo Counter Designations | 402, 403 | | |
| Mcguire, Jon (09.13.2021) | 131 | 21 | 132 | 8 | | Evenflo Counter Designations | 402, 403 | | |
| Mcguire, Jon (09.13.2021) | 132 | 22 | 132 | 22 | | Evenflo Counter Designations | | | |
| Mcguire, Jon (09.13.2021) | 139 | 10 | 139 | 10 | | Evenflo Counter Designations | | | |
| Mcguire, Jon (09.13.2021) | 141 | 18 | 142 | 6 | | Evenflo Counter Designations | [141:18-141:19] 402, NT [141:20:142:6] 1002 | | |
| Mcguire, Jon (09.13.2021) | 142 | 17 | 142 | 23 | | Evenflo Counter Designations | 1002 | | |
| Mcguire, Jon (09.13.2021) | 144 | 11 | 144 | 12 | | Evenflo Counter Designations | | 144:13-144:13 | |
| Mcguire, Jon (09.13.2021) | 144 | 23 | 144 | 23 | | Evenflo Counter Designations | | | |
| Mcguire, Jon (09.13.2021) | 144 | 24 | 144 | 25 | | Evenflo Counter Designations | | | |
| Pleiman, Brian (09.09.2021) | 8 | 5 | 8 | 7 | 106 | Wonderland Initial Designations | | | |
| Pleiman, Brian (09.09.2021) | 10 | 6 | 10 | 11 | 106 | Wonderland Initial Designations | | | |
| Pleiman, Brian (09.09.2021) | 16 | 2 | 16 | 2 | | Wonderland Initial Designations | | | |
| Pleiman, Brian (09.09.2021) | 16 | 18 | 16 | 24 | 106 | Wonderland Initial Designations | | | |
| Pleiman, Brian (09.09.2021) | 19 | 12 | 20 | 6 | | Wonderland Initial Designations | | | |
| Pleiman, Brian (09.09.2021) | 20 | 15 | 20 | 20 | | Wonderland Initial Designations | | | |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Pleiman, Brian (09.09.2021) | 21 | 20 | 22 | 8 | 106 | Wonderland Initial Designations | | | | |
| Pleiman, Brian (09.09.2021) | 23 | 21 | 24 | 9 | | Wonderland Initial Designations | | | | |
| Pleiman, Brian (09.09.2021) | 24 | 25 | 24 | 25 | | Wonderland Initial Designations | | | | |
| Pleiman, Brian (09.09.2021) | 25 | 14 | 26 | 14 | | Wonderland Initial Designations | | | | |
| Pleiman, Brian (09.09.2021) | 26 | 19 | 26 | 22 | 602 | Wonderland Initial Designations | | | | |
| Pleiman, Brian (09.09.2021) | 27 | 20 | 27 | 24 | | Wonderland Initial Designations | | | | |
| Pleiman, Brian (09.09.2021) | 29 | 5 | 31 | 19 | 106 | Wonderland Initial Designations | | | | |
| Pleiman, Brian (09.09.2021) | 32 | 1 | 32 | 14 | | Wonderland Initial Designations | | | | |
| Pleiman, Brian (09.09.2021) | 33 | 19 | 37 | 11 | 106 | Wonderland Initial Designations | | | | |
| Pleiman, Brian (09.09.2021) | 38 | 9 | 38 | 18 | | Wonderland Initial Designations | | | | |
| Pleiman, Brian (09.09.2021) | 38 | 24 | 38 | 24 | | Wonderland Initial Designations | | | | |
| Pleiman, Brian (09.09.2021) | 39 | 1 | 40 | 7 | | Wonderland Initial Designations | | | | |
| Pleiman, Brian (09.09.2021) | 40 | 14 | 40 | 16 | 602 | Wonderland Initial Designations | | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Pleiman, Brian (09.09.2021) | 41 | 1 | 41 | 9 | 602 | Wonderland Initial Designations | | | |
| Pleiman, Brian (09.09.2021) | 43 | 5 | 43 | 16 | | Wonderland Initial Designations | | | |
| Pleiman, Brian (09.09.2021) | 43 | 25 | 45 | 7 | | Wonderland Initial Designations | | | |
| Pleiman, Brian (09.09.2021) | 46 | 4 | 47 | 15 | 602, 402, 403 | Wonderland Initial Designations | | | |
| Pleiman, Brian (09.09.2021) | 47 | 22 | 48 | 8 | 602 | Wonderland Initial Designations | | | |
| Pleiman, Brian (09.09.2021) | 48 | 13 | 48 | 14 | 602 | Wonderland Initial Designations | | | |
| Pleiman, Brian (09.09.2021) | 48 | 24 | 49 | 5 | | Wonderland Initial Designations | | | |
| Pleiman, Brian (09.09.2021) | 49 | 15 | 50 | 6 | | Wonderland Initial Designations | | | |
| Pleiman, Brian (09.09.2021) | 52 | 12 | 52 | 16 | 106 | Wonderland Initial Designations | | | |
| Pleiman, Brian (09.09.2021) | 52 | 22 | 53 | 13 | | Wonderland Initial Designations | | | |
| Pleiman, Brian (09.09.2021) | 53 | 18 | 54 | 5 | | Wonderland Initial Designations | | | |
| Pleiman, Brian (09.09.2021) | 55 | 2 | 55 | 2 | | Wonderland Initial Designations | | | |
| Pleiman, Brian (09.09.2021) | 55 | 12 | 56 | 24 | [56:11-15] 402, 403 | Wonderland Initial Designations | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Pleiman, Brian (09.09.2021) | 57 | 6 | 57 | 14 | | Wonderland Initial Designations | | | |
| Pleiman, Brian (09.09.2021) | 58 | 6 | 58 | 24 | 602 | Wonderland Initial Designations | | | |
| Pleiman, Brian (09.09.2021) | 59 | 25 | 59 | 25 | | Wonderland Initial Designations | | | |
| Pleiman, Brian (09.09.2021) | 60 | 5 | 60 | 12 | | Wonderland Initial Designations | | | |
| Pleiman, Brian (09.09.2021) | 60 | 24 | 60 | 24 | | Wonderland Initial Designations | | | |
| Pleiman, Brian (09.09.2021) | 61 | 13 | 62 | 1 | | Wonderland Initial Designations | | | |
| Pleiman, Brian (09.09.2021) | 65 | 5 | 65 | 11 | | Wonderland Initial Designations | | | |
| Pleiman, Brian (09.09.2021) | 67 | 11 | 68 | 12 | | Wonderland Initial Designations | | | |
| Pleiman, Brian (09.09.2021) | 68 | 14 | 68 | 18 | | Wonderland Initial Designations | | | |
| Pleiman, Brian (09.09.2021) | 69 | 1 | 70 | 7 | | Wonderland Initial Designations | | | |
| Pleiman, Brian (09.09.2021) | 70 | 16 | 70 | 21 | | Wonderland Initial Designations | | | |
| Pleiman, Brian (09.09.2021) | 72 | 8 | 72 | 9 | | Wonderland Initial Designations | | | |
| Pleiman, Brian (09.09.2021) | 72 | 14 | 73 | 18 | | Wonderland Initial Designations | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Pleiman, Brian (09.09.2021) | 74 | 5 | 75 | 11 | | Wonderland Initial Designations | | | |
| Pleiman, Brian (09.09.2021) | 75 | 24 | 77 | 22 | | Wonderland Initial Designations | | | |
| Pleiman, Brian (09.09.2021) | 78 | 5 | 78 | 25 | 106 | Wonderland Initial Designations | | | |
| Pleiman, Brian (09.09.2021) | 79 | 3 | 79 | 25 | | Wonderland Initial Designations | | | |
| Pleiman, Brian (09.09.2021) | 80 | 1 | 83 | 5 | [81:24-83:5] 402, 403, 37(c), MIL, 602 | Wonderland Initial Designations | | | |
| Pleiman, Brian (09.09.2021) | 83 | 20 | 85 | 11 | 402, 403, 37(c), MIL, 602 | Wonderland Initial Designations | | | |
| Pleiman, Brian (09.09.2021) | 85 | 23 | 86 | 2 | | Wonderland Initial Designations | | | |
| Pleiman, Brian (09.09.2021) | 86 | 10 | 87 | 12 | [86:17-98:12] 402, 403, 37(c), MIL, 602 | Wonderland Initial Designations | | | |
| Pleiman, Brian (09.09.2021) | 87 | 19 | 88 | 5 | 402, 403, KB, 298, MIL, 602, 106 | Wonderland Initial Designations | | | |
| Pleiman, Brian (09.09.2021) | 90 | 17 | 90 | 19 | 402, 403 | Wonderland Initial Designations | | | |
| Pleiman, Brian (09.09.2021) | 7 | 24 | 8 | 2 | | Evenflo Counter Designations | | | |
| Pleiman, Brian (09.09.2021) | 9 | 24 | 10 | 5 | | Evenflo Counter Designations | 106 | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Pleiman, Brian (09.09.2021) | 10 | 12 | 10 | 18 | | Evenflo Counter Designations | 106 | | | |
| Pleiman, Brian (09.09.2021) | 16 | 25 | 17 | 15 | | Evenflo Counter Designations | | | | |
| Pleiman, Brian (09.09.2021) | 18 | 15 | 19 | 11 | | Evenflo Counter Designations | | | | |
| Pleiman, Brian (09.09.2021) | 20 | 7 | 20 | 14 | | Evenflo Counter Designations | | | | |
| Pleiman, Brian (09.09.2021) | 20 | 21 | 21 | 16 | | Evenflo Counter Designations | | | | |
| Pleiman, Brian (09.09.2021) | 22 | 9 | 22 | 18 | | Evenflo Counter Designations | | | | |
| Pleiman, Brian (09.09.2021) | 28 | 20 | 29 | 4 | | Evenflo Counter Designations | | | | |
| Pleiman, Brian (09.09.2021) | 38 | 1 | 38 | 8 | | Evenflo Counter Designations | 402, 403, 602, 701 | 37:12-25 | 402, 403, 602 | |
| Pleiman, Brian (09.09.2021) | 52 | 17 | 52 | 21 | | Evenflo Counter Designations | 403 | | | |
| Pleiman, Brian (09.09.2021) | 79 | 1 | 79 | 1 | | Evenflo Counter Designations | | | | |
| Pleiman, Brian (09.09.2021) | 88 | 19 | 89 | 3 | | Evenflo Counter Designations | 402, 403 | | | |
| Przybylo, Phil (09.24.2021) | 7 | 4 | 7 | 5 | | Wonderland Initial Designations | | | | |
| Przybylo, Phil (09.24.2021) | 7 | 13 | 7 | 22 | 402, 403 (7:13-17); 402, 403 (7:21-22) | Wonderland Initial Designations | | | | |
| Przybylo, Phil (09.24.2021) | 11 | 9 | 11 | 11 | 106, 402, 403, NT | Wonderland Initial Designations | | | | |
| Przybylo, Phil (09.24.2021) | 11 | 18 | 11 | 23 | 106, 402, 403 | Wonderland Initial Designations | | | | |
| Przybylo, Phil (09.24.2021) | 12 | 19 | 13 | 5 | | Wonderland Initial Designations | | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Przybylo, Phil (09.24.2021) | 15 | 5 | 15 | 15 | | Wonderland Initial Designations | | | |
| Przybylo, Phil (09.24.2021) | 16 | 8 | 16 | 24 | 106 | Wonderland Initial Designations | | | |
| Przybylo, Phil (09.24.2021) | 21 | 1 | 23 | 3 | | Wonderland Initial Designations | | | |
| Przybylo, Phil (09.24.2021) | 24 | 1 | 24 | 16 | | Wonderland Initial Designations | | | |
| Przybylo, Phil (09.24.2021) | 25 | 6 | 25 | 17 | 403, 402, KB, 298, MIL, 106 | Wonderland Initial Designations | | | |
| Przybylo, Phil (09.24.2021) | 27 | 8 | 29 | 1 | MIL; 402, 403 (27:15-17); 402, 403 (28:2-18, 27:25-28:18, 28:23-29:1) | Wonderland Initial Designations | | | |
| Przybylo, Phil (09.24.2021) | 31 | 16 | 32 | 14 | 402, 403, 602; NT (32:4-5) | Wonderland Initial Designations | | | |
| Przybylo, Phil (09.24.2021) | 33 | 20 | 35 | 2 | 402, 403, 602, 37(c), MIL | Wonderland Initial Designations | | | |
| Przybylo, Phil (09.24.2021) | 36 | 8 | 36 | 14 | 402, 403, 37(c), MIL | Wonderland Initial Designations | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Przybylo, Phil (09.24.2021) | 36 | 15 | 37 | 24 | 402, 403, 37(c), MIL; NT, 402, 403 (36:10, 36:13, 36:15) | Wonderland Initial Designations | | | |
| Przybylo, Phil (09.24.2021) | 38 | 10 | 38 | 22 | 106, 402, 403, 37(c), MIL | Wonderland Initial Designations | | | |
| Przybylo, Phil (09.24.2021) | 39 | 8 | 39 | 11 | 106, 402, 403, 602, 37(c), MIL | Wonderland Initial Designations | | | |
| Przybylo, Phil (09.24.2021) | 42 | 1 | 42 | 13 | 402, 403, 37(c), MIL | Wonderland Initial Designations | | | |
| Przybylo, Phil (09.24.2021) | 42 | 24 | 43 | 1 | 402, 403, 37(c), MIL | Wonderland Initial Designations | | | |
| Przybylo, Phil (09.24.2021) | 44 | 15 | 44 | 20 | 402, 403, 37(c), MIL, 602 | Wonderland Initial Designations | | | |
| Przybylo, Phil (09.24.2021) | 45 | 3 | 45 | 15 | 402, 403, 37(c), MIL, 602 | Wonderland Initial Designations | | | |
| Przybylo, Phil (09.24.2021) | 45 | 17 | 45 | 20 | 402, 403, 37(c), MIL, 602 | Wonderland Initial Designations | | | |
| Przybylo, Phil (09.24.2021) | 46 | 17 | 46 | 18 | 402, 403, 37(c), MIL, 602 | Wonderland Initial Designations | | | |
| Przybylo, Phil (09.24.2021) | 47 | 3 | 47 | 6 | 402, 403, 37(c), MIL, 602 | Wonderland Initial Designations | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Przybylo, Phil (09.24.2021) | 49 | 21 | 52 | 13 | 402, 403, 37(c), MIL, 602 | Wonderland Initial Designations | | | |
| Przybylo, Phil (09.24.2021) | 53 | 7 | 53 | 10 | 402, 403, 37(c), MIL, 602 | Wonderland Initial Designations | | | |
| Przybylo, Phil (09.24.2021) | 53 | 21 | 54 | 2 | 402, 403, 37(c), MIL, 602 | Wonderland Initial Designations | | | |
| Przybylo, Phil (09.24.2021) | 54 | 19 | 54 | 20 | 402, 403, 37(c), MIL | Wonderland Initial Designations | | | |
| Przybylo, Phil (09.24.2021) | 55 | 13 | 56 | 13 | 402, 403, 37(c), MIL, 802, 602 | Wonderland Initial Designations | | | |
| Przybylo, Phil (09.24.2021) | 56 | 16 | 57 | 18 | 403, KB, 298, MIL, 602 | Wonderland Initial Designations | | | |
| Przybylo, Phil (09.24.2021) | 58 | 4 | 58 | 10 | 403, KB, 298, MIL, 602 | Wonderland Initial Designations | | | |
| Przybylo, Phil (09.24.2021) | 58 | 18 | 58 | 21 | 403, KB, 298, MIL, 602 | Wonderland Initial Designations | | | |
| Przybylo, Phil (09.24.2021) | 59 | 8 | 59 | 20 | 402, 403, KB, 298, MIL, 602, 802 | Wonderland Initial Designations | | | |
| Przybylo, Phil (09.24.2021) | 60 | 14 | 60 | 24 | 402, 403, KB, 298, MIL, 602 | Wonderland Initial Designations | | | |
| Przybylo, Phil (09.24.2021) | 63 | 15 | 63 | 25 | 403, KB, 298, MIL, 602 | Wonderland Initial Designations | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Przybylo, Phil (09.24.2021) | 64 | 20 | 64 | 22 | 403, KB, 298, MIL, 602 | Wonderland Initial Designations | | | |
| Przybylo, Phil (09.24.2021) | 65 | 7 | 65 | 25 | 402, 403, KB, 298, MIL, 602 | Wonderland Initial Designations | | | |
| Przybylo, Phil (09.24.2021) | 66 | 13 | 66 | 15 | 403, KB, 298, MIL, 602 | Wonderland Initial Designations | | | |
| Przybylo, Phil (09.24.2021) | 67 | 12 | 68 | 11 | 402, 403, KB, 298, MIL, 602 | Wonderland Initial Designations | | | |
| Przybylo, Phil (09.24.2021) | 69 | 6 | 70 | 13 | 402, 403, KB, 298, MIL, 602 | Wonderland Initial Designations | | | |
| Przybylo, Phil (09.24.2021) | 71 | 11 | 71 | 12 | 403, KB, 298, MIL, 602 | Wonderland Initial Designations | | | |
| Przybylo, Phil (09.24.2021) | 71 | 20 | 71 | 20 | 403, KB, 298, MIL, 602 | Wonderland Initial Designations | | | |
| Przybylo, Phil (09.24.2021) | 71 | 24 | 72 | 2 | 402, 403, KB, 298, MIL, 602 | Wonderland Initial Designations | | | |
| Przybylo, Phil (09.24.2021) | 72 | 18 | 72 | 21 | 402, 403, KB, 298, 37(c), MIL, 602 | Wonderland Initial Designations | | | |
| Przybylo, Phil (09.24.2021) | 72 | 24 | 73 | 1 | 402, 403, KB, 298, 37(c), MIL, 602 | Wonderland Initial Designations | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Przybylo, Phil (09.24.2021) | 73 | 10 | 73 | 14 | 402, 403, KB, 298, 37(c), MIL, 602 | Wonderland Initial Designations | | | |
| Przybylo, Phil (09.24.2021) | 74 | 18 | 76 | 23 | 402, 403, KB, 298, 37(c), MIL, 602; [76:8] NT | Wonderland Initial Designations | | | |
| Przybylo, Phil (09.24.2021) | 77 | 21 | 77 | 23 | 402, 403, KB, 298, 37(c), MIL, 602 | Wonderland Initial Designations | | | |
| Przybylo, Phil (09.24.2021) | 80 | 25 | 81 | 17 | 402, 403, KB, 298, 37(c), MIL, 602 | Wonderland Initial Designations | | | |
| Przybylo, Phil (09.24.2021) | 84 | 5 | 84 | 25 | 402, 403, KB, 298, 37(c), MIL, 602 | Wonderland Initial Designations | | | |
| Przybylo, Phil (09.24.2021) | 86 | 17 | 87 | 4 | 402, 403, KB, 298, 37(c), MIL, 602 | Wonderland Initial Designations | | | |
| Przybylo, Phil (09.24.2021) | 87 | 18 | 94 | 12 | 402, 403, KB, 298, 37(c), MIL, 602 | Wonderland Initial Designations | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Przybylo, Phil (09.24.2021) | 94 | 20 | 95 | 10 | 402, 403, KB, 298, 37(c), MIL, 602; [94:11-12; 94:20] NT | Wonderland Initial Designations | | | |
| Przybylo, Phil (09.24.2021) | 95 | 14 | 96 | 2 | 402, 403, KB, 298, 37(c), MIL, 602 | Wonderland Initial Designations | | | |
| Przybylo, Phil (09.24.2021) | 97 | 14 | 97 | 18 | 402, 403, 602 | Wonderland Initial Designations | | | |
| Przybylo, Phil (09.24.2021) | 97 | 24 | 98 | 2 | 402, 403, MIL, 602 | Wonderland Initial Designations | | | |
| Przybylo, Phil (09.24.2021) | 98 | 24 | 99 | 7 | 402, 403, MIL, 602, 37(c) | Wonderland Initial Designations | | | |
| Przybylo, Phil (09.24.2021) | 99 | 11 | 100 | 12 | 402, 403, MIL, 602, 37(c), KB, 298, NT | Wonderland Initial Designations | | | |
| Przybylo, Phil (09.24.2021) | 101 | 15 | 101 | 18 | | Wonderland Initial Designations | | | |
| Przybylo, Phil (09.24.2021) | 102 | 8 | 102 | 13 | 602 | Wonderland Initial Designations | | | |
| Przybylo, Phil (09.24.2021) | 102 | 16 | 102 | 18 | 602 | Wonderland Initial Designations | | | |
| Przybylo, Phil (09.24.2021) | 103 | 21 | 103 | 23 | | Wonderland Initial Designations | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Przybylo, Phil (09.24.2021) | 104 | 7 | 105 | 24 | 106 | Wonderland Initial Designations | | | |
| Przybylo, Phil (09.24.2021) | 109 | 23 | 110 | 19 | 402, 403, 37(c), KB, 298, MIL, 602; [110:4, 110:11] NT | Wonderland Initial Designations | | | |
| Przybylo, Phil (09.24.2021) | 111 | 2 | 111 | 6 | 402, 403, 37(c), KB, 298, MIL, 602 | Wonderland Initial Designations | | | |
| Przybylo, Phil (09.24.2021) | 111 | 13 | 112 | 3 | 402, 403, 37(c), KB, 298, MIL, 602 | Wonderland Initial Designations | | | |
| Przybylo, Phil (09.24.2021) | 112 | 13 | 112 | 21 | 402, 403, 37(c), KB, 298, MIL, 602 | Wonderland Initial Designations | | | |
| Przybylo, Phil (09.24.2021) | 113 | 5 | 113 | 7 | 402, 403, 37(c), KB, 298, MIL, 602 | Wonderland Initial Designations | | | |
| Przybylo, Phil (09.24.2021) | 11 | 24 | 12 | 8 | | Evenflo Counter Designations | 402, 403, 1002 | | |
| Przybylo, Phil (09.24.2021) | 16 | 25 | 17 | 4 | | Evenflo Counter Designations | 602 | | |
| Przybylo, Phil (09.24.2021) | 26 | 8 | 27 | 7 | | Evenflo Counter Designations | 402, 403, 602 | | |
| Przybylo, Phil (09.24.2021) | 32 | 15 | 32 | 18 | | Evenflo Counter Designations | | | |
| Przybylo, Phil (09.24.2021) | 37 | 25 | 38 | 1 | | Evenflo Counter Designations | 402, 403, 602, 701, SPEC | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Przybylo, Phil (09.24.2021) | 38 | 3 | 38 | 9 | | Evenflo Counter Designations | 402, 403, 602, 701, SPEC | | |
| Przybylo, Phil (09.24.2021) | 39 | 4 | 39 | 7 | | Evenflo Counter Designations | 402, 403 | 40:8-9 | 106, 402, 403, 602, 37(c), MIL |
| Przybylo, Phil (09.24.2021) | 42 | 17 | 42 | 23 | | Evenflo Counter Designations | 402, 403, 602 | | |
| Przybylo, Phil (09.24.2021) | 43 | 2 | 43 | 5 | | Evenflo Counter Designations | 402, 403, 602 | | |
| Przybylo, Phil (09.24.2021) | 44 | 21 | 45 | 2 | | Evenflo Counter Designations | 402, 403, 602 | 48:5-9 | 402, 403, 37(c), MIL, 602 |
| Przybylo, Phil (09.24.2021) | 49 | 5 | 49 | 8 | | Evenflo Counter Designations | 402, 403, 602 | 49:9-12 | 402, 403, 37(c), MIL, 602 |
| Przybylo, Phil (09.24.2021) | 49 | 13 | 49 | 20 | | Evenflo Counter Designations | 402, 403 | | |
| Przybylo, Phil (09.24.2021) | 54 | 24 | 54 | 25 | | Evenflo Counter Designations | 402, 403 | 55:1-6 | 402, 403, 37(c), MIL |
| Przybylo, Phil (09.24.2021) | 55 | 7 | 55 | 12 | | Evenflo Counter Designations | 402, 403 | | |
| Przybylo, Phil (09.24.2021) | 56 | 14 | 56 | 15 | | Evenflo Counter Designations | 402, 403, 602 | | |
| Przybylo, Phil (09.24.2021) | 58 | 11 | 58 | 16 | | Evenflo Counter Designations | 402, 403, 602 | | |
| Przybylo, Phil (09.24.2021) | 66 | 16 | 67 | 6 | | Evenflo Counter Designations | [66:16-67:3] 402, 403, 1002, NT | 67:8; 67:10-11 | [67:8] 402, 403, KB, 298, MIL, 602; [67:10-11] 402, 403, KB, 298, MIL, 602 |
| Przybylo, Phil (09.24.2021) | 77 | 9 | 77 | 13 | | Evenflo Counter Designations | 402, 403, NT | | |
| Przybylo, Phil (09.24.2021) | 77 | 15 | 77 | 20 | | Evenflo Counter Designations | 402, 403, 1002 | | |
| Przybylo, Phil (09.24.2021) | 79 | 9 | 80 | 6 | | Evenflo Counter Designations | 402, 403, 602 [79:13] NT | | |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Przybylo, Phil (09.24.2021) | 81 | 18 | 81 | 20 | | Evenflo Counter Designations | 402, 403 | 83:10-14; 85:15-24; 87:7-11; 87:14-17 | 402, 403, KB, 298, 37(c), MIL, 602 | |
| Przybylo, Phil (09.24.2021) | 105 | 25 | 106 | 7 | | Evenflo Counter Designations | 402, 403, 602 | | | |
| Przybylo, Phil (09.24.2021) | 108 | 4 | 108 | 23 | | Evenflo Counter Designations | 402, 403, 602, 701, 802, SPEC | | | |
| Russell, Christopher (09.16.2021) | 6 | 25 | 7 | 2 | 106 | Wonderland Initial Designations | | | | |
| Russell, Christopher (09.16.2021) | 11 | 1 | 11 | 3 | 402, 403, KB, 298, MIL, 602 | Wonderland Initial Designations | | | | |
| Russell, Christopher (09.16.2021) | 11 | 5 | 11 | 11 | 402, 403, KB, 298, MIL, 602 | Wonderland Initial Designations | | | | |
| Russell, Christopher (09.16.2021) | 11 | 15 | 11 | 20 | 402, 403, KB, 298, MIL, 602 | Wonderland Initial Designations | | | | |
| Russell, Christopher (09.16.2021) | 12 | 19 | 12 | 24 | 106, 402, 403 | Wonderland Initial Designations | | | | |
| Russell, Christopher (09.16.2021) | 14 | 9 | 14 | 19 | 402, 403 | Wonderland Initial Designations | | | | |
| Russell, Christopher (09.16.2021) | 15 | 6 | 15 | 7 | 106 | Wonderland Initial Designations | | | | |
| Russell, Christopher (09.16.2021) | 15 | 16 | 15 | 22 | 106 | Wonderland Initial Designations | | | | |
| Russell, Christopher (09.16.2021) | 15 | 25 | 16 | 1 | | Wonderland Initial Designations | | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Russell, Christopher (09.16.2021) | 16 | 21 | 17 | 6 | | Wonderland Initial Designations | | | |
| Russell, Christopher (09.16.2021) | 17 | 10 | 18 | 4 | | Wonderland Initial Designations | | | |
| Russell, Christopher (09.16.2021) | 19 | 6 | 21 | 12 | 106 | Wonderland Initial Designations | | | |
| Russell, Christopher (09.16.2021) | 21 | 23 | 22 | 6 | | Wonderland Initial Designations | | | |
| Russell, Christopher (09.16.2021) | 23 | 2 | 23 | 12 | | Wonderland Initial Designations | | | |
| Russell, Christopher (09.16.2021) | 24 | 8 | 24 | 11 | | Wonderland Initial Designations | | | |
| Russell, Christopher (09.16.2021) | 25 | 10 | 25 | 13 | | Wonderland Initial Designations | | | |
| Russell, Christopher (09.16.2021) | 27 | 16 | 29 | 14 | [29:12-14] 402, 403 | Wonderland Initial Designations | | | |
| Russell, Christopher (09.16.2021) | 29 | 17 | 31 | 9 | 402, 403, 37(c), MIL | Wonderland Initial Designations | | | |
| Russell, Christopher (09.16.2021) | 31 | 25 | 33 | 7 | | Wonderland Initial Designations | | | |
| Russell, Christopher (09.16.2021) | 33 | 11 | 33 | 15 | | Wonderland Initial Designations | | | |
| Russell, Christopher (09.16.2021) | 39 | 10 | 39 | 14 | 402, 403 | Wonderland Initial Designations | | | |
| Russell, Christopher (09.16.2021) | 39 | 23 | 40 | 9 | [40:4-6] NT, 402, 403 602 | Wonderland Initial Designations | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Russell, Christopher (09.16.2021) | 41 | 10 | 41 | 17 | 402, 403, 602 | Wonderland Initial Designations | | | |
| Russell, Christopher (09.16.2021) | 42 | 10 | 43 | 7 | 402, 403 | Wonderland Initial Designations | | | |
| Russell, Christopher (09.16.2021) | 43 | 22 | 45 | 21 | [44:10-16, 45:10] NT, 402, 403 | Wonderland Initial Designations | | | |
| Russell, Christopher (09.16.2021) | 46 | 10 | 46 | 14 | | Wonderland Initial Designations | | | |
| Russell, Christopher (09.16.2021) | 48 | 5 | 48 | 9 | | Wonderland Initial Designations | | | |
| Russell, Christopher (09.16.2021) | 49 | 10 | 51 | 3 | 106 | Wonderland Initial Designations | | | |
| Russell, Christopher (09.16.2021) | 51 | 9 | 51 | 14 | 602, 106 | Wonderland Initial Designations | | | |
| Russell, Christopher (09.16.2021) | 51 | 21 | 52 | 14 | 602, 106 | Wonderland Initial Designations | | | |
| Russell, Christopher (09.16.2021) | 53 | 4 | 54 | 23 | 602, 106 | Wonderland Initial Designations | | | |
| Russell, Christopher (09.16.2021) | 56 | 2 | 56 | 13 | 602 | Wonderland Initial Designations | | | |
| Russell, Christopher (09.16.2021) | 56 | 25 | 57 | 3 | 602, 106 | Wonderland Initial Designations | | | |
| Russell, Christopher (09.16.2021) | 57 | 14 | 57 | 22 | 602 | Wonderland Initial Designations | | | |
| Russell, Christopher (09.16.2021) | 58 | 6 | 58 | 16 | 602 | Wonderland Initial Designations | | | |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Russell, Christopher (09.16.2021) | 61 | 4 | 63 | 25 | [63:10-16] NT, 402, 403 | Wonderland Initial Designations | | | | |
| Russell, Christopher (09.16.2021) | 64 | 7 | 70 | 3 | [65:1-8] V, AMB, 403; [66:17-23] V, AMB, MIS, 403; [68:4-10] 402, 403, NT | Wonderland Initial Designations | | | | |
| Russell, Christopher (09.16.2021) | 70 | 16 | 71 | 17 | | Wonderland Initial Designations | | | | |
| Russell, Christopher (09.16.2021) | 72 | 3 | 72 | 8 | 602, 802 | Wonderland Initial Designations | | | | |
| Russell, Christopher (09.16.2021) | 72 | 15 | 72 | 17 | 602, 802 | Wonderland Initial Designations | | | | |
| Russell, Christopher (09.16.2021) | 73 | 9 | 73 | 12 | | Wonderland Initial Designations | | | | |
| Russell, Christopher (09.16.2021) | 73 | 17 | 73 | 19 | | Wonderland Initial Designations | | | | |
| Russell, Christopher (09.16.2021) | 74 | 4 | 74 | 7 | | Wonderland Initial Designations | | | | |
| Russell, Christopher (09.16.2021) | 74 | 17 | 75 | 8 | | Wonderland Initial Designations | | | | |
| Russell, Christopher (09.16.2021) | 77 | 13 | 77 | 14 | | Wonderland Initial Designations | | | | |
| Russell, Christopher (09.16.2021) | 79 | 5 | 79 | 22 | | Wonderland Initial Designations | | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Russell, Christopher (09.16.2021) | 80 | 3 | 81 | 11 | | Wonderland Initial Designations | | | |
| Russell, Christopher (09.16.2021) | 81 | 17 | 81 | 20 | | Wonderland Initial Designations | | | |
| Russell, Christopher (09.16.2021) | 81 | 25 | 83 | 25 | 402, 403, 602, V, AMB | Wonderland Initial Designations | | | |
| Russell, Christopher (09.16.2021) | 84 | 7 | 85 | 5 | 602 | Wonderland Initial Designations | | | |
| Russell, Christopher (09.16.2021) | 86 | 5 | 86 | 19 | 602 | Wonderland Initial Designations | | | |
| Russell, Christopher (09.16.2021) | 86 | 25 | 87 | 3 | 602 | Wonderland Initial Designations | | | |
| Russell, Christopher (09.16.2021) | 87 | 10 | 89 | 11 | 402, 403, 602; [87:10-11] NT, 402, 403 | Wonderland Initial Designations | | | |
| Russell, Christopher (09.16.2021) | 89 | 17 | 90 | 6 | 602 | Wonderland Initial Designations | | | |
| Russell, Christopher (09.16.2021) | 90 | 11 | 90 | 17 | 402, 403 | Wonderland Initial Designations | | | |
| Russell, Christopher (09.16.2021) | 90 | 21 | 91 | 7 | 402, 403 | Wonderland Initial Designations | | | |
| Russell, Christopher (09.16.2021) | 91 | 23 | 91 | 25 | [91:25] NT, 402, 403 | Wonderland Initial Designations | | | |
| Russell, Christopher (09.16.2021) | 92 | 12 | 92 | 17 | 402, 403, 602, 106 | Wonderland Initial Designations | | | |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Russell, Christopher (09.16.2021) | 92 | 25 | 93 | 15 | 402, 403, 602 | Wonderland Initial Designations | | | | |
| Russell, Christopher (09.16.2021) | 93 | 23 | 93 | 24 | 402, 403, 602 | Wonderland Initial Designations | | | | |
| Russell, Christopher (09.16.2021) | 94 | 1 | 95 | 7 | 402, 403, 602 | Wonderland Initial Designations | | | | |
| Russell, Christopher (09.16.2021) | 95 | 16 | 96 | 25 | 402, 403, 602; [96:12] 402, 403, NT | Wonderland Initial Designations | | | | |
| Russell, Christopher (09.16.2021) | 97 | 12 | 97 | 13 | | Wonderland Initial Designations | | | | |
| Russell, Christopher (09.16.2021) | 97 | 19 | 99 | 2 | [98:20-99:2] HYPO | Wonderland Initial Designations | | | | |
| Russell, Christopher (09.16.2021) | 99 | 4 | 99 | 9 | HYPO, 602 | Wonderland Initial Designations | | | | |
| Russell, Christopher (09.16.2021) | 99 | 11 | 99 | 24 | | Wonderland Initial Designations | | | | |
| Russell, Christopher (09.16.2021) | 100 | 22 | 101 | 1 | 602 | Wonderland Initial Designations | | | | |
| Russell, Christopher (09.16.2021) | 101 | 3 | 101 | 10 | | Wonderland Initial Designations | | | | |
| Russell, Christopher (09.16.2021) | 102 | 3 | 102 | 25 | 602, 802, 402, 403 | Wonderland Initial Designations | | | | |
| Russell, Christopher (09.16.2021) | 103 | 5 | 104 | 7 | 402, 403 | Wonderland Initial Designations | | | | |
| Russell, Christopher (09.16.2021) | 104 | 18 | 104 | 25 | 402, 403, 602 | Wonderland Initial Designations | | | | |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Russell, Christopher (09.16.2021) | 105 | 8 | 105 | 17 | 402, 403, 602 | Wonderland Initial Designations | | | | |
| Russell, Christopher (09.16.2021) | 105 | 23 | 106 | 11 | 402, 403 | Wonderland Initial Designations | | | | |
| Russell, Christopher (09.16.2021) | 107 | 11 | 107 | 15 | 602 | Wonderland Initial Designations | | | | |
| Russell, Christopher (09.16.2021) | 107 | 18 | 108 | 7 | 602 | Wonderland Initial Designations | | | | |
| Russell, Christopher (09.16.2021) | 108 | 13 | 110 | 7 | 602 | Wonderland Initial Designations | | | | |
| Russell, Christopher (09.16.2021) | 110 | 24 | 111 | 1 | 602 | Wonderland Initial Designations | | | | |
| Russell, Christopher (09.16.2021) | 111 | 9 | 111 | 23 | 602 | Wonderland Initial Designations | | | | |
| Russell, Christopher (09.16.2021) | 112 | 6 | 113 | 23 | 602 | Wonderland Initial Designations | | | | |
| Russell, Christopher (09.16.2021) | 113 | 25 | 114 | 2 | 602 | Wonderland Initial Designations | | | | |
| Russell, Christopher (09.16.2021) | 114 | 11 | 114 | 15 | 602 | Wonderland Initial Designations | | | | |
| Russell, Christopher (09.16.2021) | 114 | 17 | 114 | 24 | 602 | Wonderland Initial Designations | | | | |
| Russell, Christopher (09.16.2021) | 115 | 1 | 115 | 13 | 602 | Wonderland Initial Designations | | | | |
| Russell, Christopher (09.16.2021) | 115 | 15 | 115 | 20 | 602 | Wonderland Initial Designations | | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Russell, Christopher (09.16.2021) | 115 | 22 | 115 | 22 | 602 | Wonderland Initial Designations | | | |
| Russell, Christopher (09.16.2021) | 115 | 24 | 115 | 25 | 602 | Wonderland Initial Designations | | | |
| Russell, Christopher (09.16.2021) | 116 | 15 | 118 | 3 | 602, 402, 403, MIS | Wonderland Initial Designations | | | |
| Russell, Christopher (09.16.2021) | 120 | 9 | 120 | 10 | 602 | Wonderland Initial Designations | | | |
| Russell, Christopher (09.16.2021) | 121 | 8 | 121 | 21 | 602, 106 | Wonderland Initial Designations | | | |
| Russell, Christopher (09.16.2021) | 122 | 9 | 122 | 20 | 602 | Wonderland Initial Designations | | | |
| Russell, Christopher (09.16.2021) | 123 | 13 | 124 | 9 | 602 | Wonderland Initial Designations | | | |
| Russell, Christopher (09.16.2021) | 125 | 3 | 126 | 4 | 106, 402, 403; [126:2-4] 402, 403 | Wonderland Initial Designations | | | |
| Russell, Christopher (09.16.2021) | 127 | 7 | 128 | 3 | 602, 402, 403 | Wonderland Initial Designations | | | |
| Russell, Christopher (09.16.2021) | 129 | 13 | 129 | 22 | 402, 403, 602 | Wonderland Initial Designations | | | |
| Russell, Christopher (09.16.2021) | 130 | 17 | 130 | 22 | 402, 403, 602 | Wonderland Initial Designations | | | |
| Russell, Christopher (09.16.2021) | 132 | 2 | 132 | 16 | 402, 403, 602; [132:5, 132:10] NT, 402, 403 | Wonderland Initial Designations | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Russell, Christopher (09.16.2021) | 132 | 25 | 133 | 16 | 402, 403, 602 | Wonderland Initial Designations | | | |
| Russell, Christopher (09.16.2021) | 134 | 6 | 135 | 24 | [134:9] NT, 402, 403; 402, 403, 602 | Wonderland Initial Designations | | | |
| Russell, Christopher (09.16.2021) | 136 | 6 | 136 | 13 | | Wonderland Initial Designations | | | |
| Russell, Christopher (09.16.2021) | 136 | 16 | 137 | 15 | [136:16-137:2] NT, 402, 403; 402, 403, 602 | Wonderland Initial Designations | | | |
| Russell, Christopher (09.16.2021) | 138 | 8 | 139 | 6 | 402, 403, 602 | Wonderland Initial Designations | | | |
| Russell, Christopher (09.16.2021) | 140 | 22 | 142 | 4 | [141:2] NT, 402, 403; 402, 403, V, AMB, 602 | Wonderland Initial Designations | | | |
| Russell, Christopher (09.16.2021) | 142 | 15 | 143 | 14 | 402, 403, 602 | Wonderland Initial Designations | | | |
| Russell, Christopher (09.16.2021) | 144 | 24 | 146 | 9 | 402, 403, 602 | Wonderland Initial Designations | | | |
| Russell, Christopher (09.16.2021) | 146 | 12 | 147 | 17 | [147:15-17] NT, 402, 403; 402, 403, 602 | Wonderland Initial Designations | | | |
| Russell, Christopher (09.16.2021) | 147 | 22 | 149 | 2 | 402, 403, 602 | Wonderland Initial Designations | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Russell, Christopher (09.16.2021) | 149 | 6 | 149 | 13 | | Wonderland Initial Designations | | | |
| Russell, Christopher (09.16.2021) | 149 | 16 | 150 | 17 | | Wonderland Initial Designations | | | |
| Russell, Christopher (09.16.2021) | 150 | 23 | 151 | 7 | | Wonderland Initial Designations | | | |
| Russell, Christopher (09.16.2021) | 151 | 19 | 152 | 20 | 402, 403, 602; [151:22] NT, 402, 403 | Wonderland Initial Designations | | | |
| Russell, Christopher (09.16.2021) | 153 | 8 | 153 | 19 | 402, 403, 602 | Wonderland Initial Designations | | | |
| Russell, Christopher (09.16.2021) | 154 | 11 | 154 | 20 | 402, 403, 602 | Wonderland Initial Designations | | | |
| Russell, Christopher (09.16.2021) | 156 | 11 | 157 | 19 | | Wonderland Initial Designations | | | |
| Russell, Christopher (09.16.2021) | 158 | 11 | 160 | 18 | [158:19-22] 402, 403, 602 | Wonderland Initial Designations | | | |
| Russell, Christopher (09.16.2021) | 162 | 11 | 163 | 4 | 402, 403, 37(c), MIL, 602 | Wonderland Initial Designations | | | |
| Russell, Christopher (09.16.2021) | 15 | 23 | 15 | 24 | | Evenflo Initial Designations | | | |
| Russell, Christopher (09.16.2021) | 6 | 14 | 6 | 18 | | Evenflo Counter Designations | | | |
| Russell, Christopher (09.16.2021) | 13 | 1 | 13 | 8 | | Evenflo Counter Designations | 402, 403 | 13:21-23 | 402, 403 (cumulative), 106 | |
| Russell, Christopher (09.16.2021) | 13 | 13 | 13 | 16 | | Evenflo Counter Designations | 402, 403 | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Russell, Christopher (09.16.2021) | 13 | 24 | 14 | 4 | | Evenflo Counter Designations | | | |
| Russell, Christopher (09.16.2021) | 15 | 8 | 15 | 15 | | Evenflo Counter Designations | | | |
| Russell, Christopher (09.16.2021) | 15 | 23 | 15 | 24 | | Evenflo Counter Designations | | | |
| Russell, Christopher (09.16.2021) | 16 | 12 | 16 | 15 | | Evenflo Counter Designations | | | |
| Russell, Christopher (09.16.2021) | 25 | 14 | 25 | 24 | | Evenflo Counter Designations | | 25:25 - 27:15 | 402, 403; [26:13-15, 26:7] NT, 402 |
| Russell, Christopher (09.16.2021) | 39 | 1 | 39 | 9 | 602 | Evenflo Counter Designations | 403, 602 | | |
| Russell, Christopher (09.16.2021) | 40 | 10 | 41 | 9 | | Evenflo Counter Designations | 602 | | |
| Russell, Christopher (09.16.2021) | 51 | 4 | 51 | 8 | | Evenflo Counter Designations | | | |
| Russell, Christopher (09.16.2021) | 51 | 15 | 51 | 20 | | Evenflo Counter Designations | 602 | | |
| Russell, Christopher (09.16.2021) | 52 | 15 | 52 | 19 | | Evenflo Counter Designations | AMB | | |
| Russell, Christopher (09.16.2021) | 54 | 24 | 55 | 4 | | Evenflo Counter Designations | | 55:5-20 | 602 |
| Russell, Christopher (09.16.2021) | 57 | 4 | 57 | 13 | | Evenflo Counter Designations | | | |
| Russell, Christopher (09.16.2021) | 72 | 9 | 72 | 12 | | Evenflo Counter Designations | | | |
| Russell, Christopher (09.16.2021) | 84 | 1 | 84 | 1 | | Evenflo Counter Designations | | | |
| Russell, Christopher (09.16.2021) | 92 | 18 | 92 | 24 | | Evenflo Counter Designations | | | |
| Russell, Christopher (09.16.2021) | 97 | 14 | 97 | 14 | | Evenflo Counter Designations | | | |
| Russell, Christopher (09.16.2021) | 121 | 2 | 121 | 7 | | Evenflo Counter Designations | | | |
| Russell, Christopher (09.16.2021) | 121 | 22 | 122 | 8 | | Evenflo Counter Designations | 403, 602 | | |
| Russell, Christopher (09.16.2021) | 164 | 16 | 165 | 7 | | Evenflo Counter Designations | 402, 403, 602, 701, V | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Strzelecki, Kerry (09.07.2021) | 6 | 7 | 6 | 24 | 602, NT | Wonderland Initial Designations | | | |
| Strzelecki, Kerry (09.07.2021) | 7 | 4 | 7 | 6 | 602, NT | Wonderland Initial Designations | | | |
| Strzelecki, Kerry (09.07.2021) | 10 | 14 | 10 | 17 | 106 | Wonderland Initial Designations | | | |
| Strzelecki, Kerry (09.07.2021) | 10 | 25 | 10 | 25 | 106 | Wonderland Initial Designations | | | |
| Strzelecki, Kerry (09.07.2021) | 11 | 4 | 11 | 9 | | Wonderland Initial Designations | | | |
| Strzelecki, Kerry (09.07.2021) | 12 | 22 | 13 | 6 | | Wonderland Initial Designations | | | |
| Strzelecki, Kerry (09.07.2021) | 13 | 10 | 14 | 9 | [13:20-14:9] 106, 402, 403 | Wonderland Initial Designations | | | |
| Strzelecki, Kerry (09.07.2021) | 14 | 22 | 14 | 25 | 402 | Wonderland Initial Designations | | | |
| Strzelecki, Kerry (09.07.2021) | 16 | 2 | 16 | 19 | C, V, AMB; [16:2-4] 106, 402, 403, NT | Wonderland Initial Designations | | | |
| Strzelecki, Kerry (09.07.2021) | 17 | 16 | 18 | 25 | 602 | Wonderland Initial Designations | | | |
| Strzelecki, Kerry (09.07.2021) | 19 | 11 | 20 | 23 | 402, 403, MIL | Wonderland Initial Designations | | | |
| Strzelecki, Kerry (09.07.2021) | 21 | 1 | 22 | 14 | 106, 402, 403, 602, V, AMB, MIL | Wonderland Initial Designations | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Strzelecki, Kerry (09.07.2021) | 23 | 6 | 24 | 1 | | Wonderland Initial Designations | | | |
| Strzelecki, Kerry (09.07.2021) | 24 | 8 | 24 | 15 | 106, 402, 403, 602, 802, 37(c), MIL | Wonderland Initial Designations | | | |
| Strzelecki, Kerry (09.07.2021) | 24 | 19 | 24 | 22 | 106, 402, 403, 602, 802, 37(c), MIL | Wonderland Initial Designations | | | |
| Strzelecki, Kerry (09.07.2021) | 26 | 2 | 27 | 6 | 106, 402, 403, 602 | Wonderland Initial Designations | | | |
| Strzelecki, Kerry (09.07.2021) | 27 | 25 | 28 | 16 | 106; [28:10-16] 402, 403, 602, 702 | Wonderland Initial Designations | | | |
| Strzelecki, Kerry (09.07.2021) | 29 | 1 | 29 | 7 | 106 | Wonderland Initial Designations | | | |
| Strzelecki, Kerry (09.07.2021) | 29 | 11 | 32 | 6 | 106, 402, 403, MIL, 602, 702 | Wonderland Initial Designations | | | |
| Strzelecki, Kerry (09.07.2021) | 32 | 12 | 32 | 17 | 106, 402, 403, 602, 802 | Wonderland Initial Designations | | | |
| Strzelecki, Kerry (09.07.2021) | 33 | 6 | 34 | 2 | 106, 402, 403, 602 | Wonderland Initial Designations | | | |
| Strzelecki, Kerry (09.07.2021) | 34 | 9 | 35 | 12 | 106, 402, 403, 602, 702; NT, 402, 403 [34:21, 35:1-4] | Wonderland Initial Designations | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Strzelecki, Kerry (09.07.2021) | 36 | 22 | 37 | 2 | 602, 802 | Wonderland Initial Designations | | Added as additional designations as we intended these to be part of initial designations but was inadvertently excluded:<br><br>37:19-38:16 38:24-39:1 | 402, 403, 602, 702 | |
| Strzelecki, Kerry (09.07.2021) | 39 | 6 | 40 | 16 | 106, 402, 403, 602, 702 | Wonderland Initial Designations | | | | |
| Strzelecki, Kerry (09.07.2021) | 40 | 18 | 41 | 24 | 402, 403, 602, 702, C, V, AMB | Wonderland Initial Designations | | | | |
| Strzelecki, Kerry (09.07.2021) | 43 | 14 | 43 | 20 | NT, 402, 403, MIL, 602 | Wonderland Initial Designations | | | | |
| Strzelecki, Kerry (09.07.2021) | 44 | 14 | 44 | 25 | 106, 402, 403, MIL, 602 | Wonderland Initial Designations | | | | |
| Strzelecki, Kerry (09.07.2021) | 45 | 2 | 45 | 5 | 106, 402, 403, MIL, 602 | Wonderland Initial Designations | | | | |
| Strzelecki, Kerry (09.07.2021) | 46 | 11 | 46 | 20 | 402, 403, MIL, 602 | Wonderland Initial Designations | | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Strzelecki, Kerry (09.07.2021) | 46 | 23 | 50 | 9 | 402, 403, MIL, 602, 907; [46:23-47:3, 47:16-18] 402, 403, NT; [48:7-49:4] 402, 403, 602, 802, 901; [49:11-50:9] 402, 403 | Wonderland Initial Designations | | | |
| Strzelecki, Kerry (09.07.2021) | 50 | 11 | 50 | 18 | 402, 403, NT, MIL, 602 | Wonderland Initial Designations | | | |
| Strzelecki, Kerry (09.07.2021) | 50 | 20 | 51 | 2 | 402, 403, 602, 802 | Wonderland Initial Designations | | | |
| Strzelecki, Kerry (09.07.2021) | 52 | 9 | 58 | 6 | 401, 402, 106, 602, 802, 901, 1002, MIL; [55:2-4, 55:10-11] NT, 402, 403 | Wonderland Initial Designations | | | |
| Strzelecki, Kerry (09.07.2021) | 58 | 25 | 58 | 25 | 106, NT | Wonderland Initial Designations | | | |
| Strzelecki, Kerry (09.07.2021) | 59 | 3 | 59 | 7 | 106, 402, 403, NT, MIL | Wonderland Initial Designations | | | |
| Strzelecki, Kerry (09.07.2021) | 59 | 10 | 59 | 18 | 402, 403, NT, MIL, 602 | Wonderland Initial Designations | | | |
| Strzelecki, Kerry (09.07.2021) | 60 | 2 | 60 | 7 | 402, 403, NT, MIL, 602 | Wonderland Initial Designations | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Strzelecki, Kerry (09.07.2021) | 60 | 11 | 60 | 14 | 402, 403, MIL, 602 | Wonderland Initial Designations | | | |
| Strzelecki, Kerry (09.07.2021) | 60 | 23 | 61 | 8 | 106, 402, 403, 602, 1002 | Wonderland Initial Designations | | | |
| Strzelecki, Kerry (09.07.2021) | 61 | 10 | 63 | 7 | 106, 402, 403, MIL, 602, 802, 1002 | Wonderland Initial Designations | | | |
| Strzelecki, Kerry (09.07.2021) | 63 | 9 | 63 | 13 | 106, 402, 403, MIL, 602, 802, 1002 | Wonderland Initial Designations | | | |
| Strzelecki, Kerry (09.07.2021) | 63 | 19 | 63 | 24 | 402, 403, NT, MIL | Wonderland Initial Designations | | | |
| Strzelecki, Kerry (09.07.2021) | 64 | 8 | 64 | 15 | 106, 402, 403, MIL, 602 | Wonderland Initial Designations | | | |
| Strzelecki, Kerry (09.07.2021) | 65 | 19 | 66 | 4 | 402, 403, NT, 602 | Wonderland Initial Designations | | | |
| Strzelecki, Kerry (09.07.2021) | 66 | 8 | 66 | 24 | 106, 402, 403, 602, 1002 | Wonderland Initial Designations | | | |
| Strzelecki, Kerry (09.07.2021) | 67 | 21 | 69 | 7 | 106, 402, 403, 602, 802 | Wonderland Initial Designations | | | |
| Strzelecki, Kerry (09.07.2021) | 69 | 24 | 70 | 7 | 402, 403, 602, 802 | Wonderland Initial Designations | | | |
| Strzelecki, Kerry (09.07.2021) | 71 | 3 | 71 | 7 | 402, 403, NT | Wonderland Initial Designations | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Strzelecki, Kerry (09.07.2021) | 71 | 9 | 71 | 24 | 106, 402, 403, 602, 702, 802; [71:9-15] NT, 402, 403 | Wonderland Initial Designations | | | |
| Strzelecki, Kerry (09.07.2021) | 72 | 3 | 73 | 19 | 106, 402, 403, 602, 702, 802; [72:20-21] NT, 402, 403 | Wonderland Initial Designations | | | |
| Strzelecki, Kerry (09.07.2021) | 73 | 25 | 74 | 12 | 602 | Wonderland Initial Designations | | | |
| Strzelecki, Kerry (09.07.2021) | 74 | 24 | 75 | 20 | 602, 702, 106 | Wonderland Initial Designations | | | |
| Strzelecki, Kerry (09.07.2021) | 76 | 1 | 76 | 13 | 402, 403, 602, 802 | Wonderland Initial Designations | | | |
| Strzelecki, Kerry (09.07.2021) | 76 | 16 | 77 | 12 | 402, 403 | Wonderland Initial Designations | | | |
| Strzelecki, Kerry (09.07.2021) | 101 | 8 | 102 | 9 | 106, 402, 403, 602 | Wonderland Initial Designations | | | |
| Strzelecki, Kerry (09.07.2021) | 10 | 12 | 10 | 13 | | Evenflo Counter Designations | | | |
| Strzelecki, Kerry (09.07.2021) | 10 | 18 | 10 | 24 | | Evenflo Counter Designations | | | |
| Strzelecki, Kerry (09.07.2021) | 11 | 2 | 11 | 3 | | Evenflo Counter Designations | | | |
| Strzelecki, Kerry (09.07.2021) | 14 | 10 | 14 | 12 | | Evenflo Counter Designations | | | |
| Strzelecki, Kerry (09.07.2021) | 16 | 20 | 17 | 3 | | Evenflo Counter Designations | | | |
| Strzelecki, Kerry (09.07.2021) | 17 | 7 | 17 | 12 | | Evenflo Counter Designations | | 17:13-15 | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Strzelecki, Kerry (09.07.2021) | 24 | 2 | 24 | 7 | | Evenflo Counter Designations | | | |
| Strzelecki, Kerry (09.07.2021) | 24 | 16 | 24 | 18 | | Evenflo Counter Designations | 402, 403 | | |
| Strzelecki, Kerry (09.07.2021) | 24 | 23 | 24 | 25 | | Evenflo Counter Designations | 402, 403, 602 | | |
| Strzelecki, Kerry (09.07.2021) | 25 | 8 | 25 | 21 | | Evenflo Counter Designations | [25:17 - 25:21] 402, 403, 602 | | |
| Strzelecki, Kerry (09.07.2021) | 32 | 7 | 32 | 11 | | Evenflo Counter Designations | 402, 403 | | |
| Strzelecki, Kerry (09.07.2021) | 32 | 18 | 32 | 20 | | Evenflo Counter Designations | 402, 403, 602 | | |
| Strzelecki, Kerry (09.07.2021) | 32 | 23 | 33 | 1 | | Evenflo Counter Designations | 402, 403 | | |
| Strzelecki, Kerry (09.07.2021) | 35 | 13 | 35 | 25 | | Evenflo Counter Designations | 402, 403 | | |
| Strzelecki, Kerry (09.07.2021) | 36 | 12 | 36 | 21 | | Evenflo Counter Designations | | 37:19-38:16 | 402, 403, 602, 702 |
| Strzelecki, Kerry (09.07.2021) | 38 | 17 | 38 | 23 | | Evenflo Counter Designations | | 38:24-39:1 | 402, 403, 602, 702 |
| Strzelecki, Kerry (09.07.2021) | 39 | 2 | 39 | 3 | | Evenflo Counter Designations | | | |
| Strzelecki, Kerry (09.07.2021) | 45 | 1 | 45 | 1 | | Evenflo Counter Designations | | | |
| Strzelecki, Kerry (09.07.2021) | 59 | 1 | 59 | 2 | | Evenflo Counter Designations | | | |
| Strzelecki, Kerry (09.07.2021) | 64 | 16 | 65 | 18 | | Evenflo Counter Designations | 402, 403, 1002 | | |
| Strzelecki, Kerry (09.07.2021) | 71 | 25 | 72 | 2 | | Evenflo Counter Designations | | | |
| Strzelecki, Kerry (09.07.2021) | 75 | 21 | 75 | 23 | | Evenflo Counter Designations | 402, 403 | | |
| Strzelecki, Kerry (09.07.2021) | 82 | 9 | 82 | 14 | | Evenflo Counter Designations | 402, 403, 602 | 82:21-83:4 | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Strzelecki, Kerry (09.07.2021) | 87 | 2 | 87 | 25 | | Evenflo Counter Designations | [87:12 - 87:18] 402, 403, 1002 | | |
| Strzelecki, Kerry (09.07.2021) | 88 | 7 | 88 | 14 | | Evenflo Counter Designations | 402, 403, 1002 | 88:15-19 | |
| Strzelecki, Kerry (09.07.2021) | 91 | 2 | 91 | 21 | | Evenflo Counter Designations | [91:2 - 91:13] NT 402, 403, 1002 | | |
| Strzelecki, Kerry (09.07.2021) | 94 | 19 | 95 | 6 | | Evenflo Counter Designations | [94:25 - 95:6] 402, 403, 602 | | |
| Strzelecki, Kerry (09.07.2021) | 95 | 9 | 95 | 12 | | Evenflo Counter Designations | NT | | |
| Strzelecki, Kerry (09.07.2021) | 95 | 19 | 95 | 20 | | Evenflo Counter Designations | NT | | |
| Strzelecki, Kerry (09.07.2021) | 95 | 25 | 95 | 25 | | Evenflo Counter Designations | NT | | |
| Strzelecki, Kerry (09.07.2021) | 96 | 4 | 96 | 7 | | Evenflo Counter Designations | NT, 1002, 402, 403 | | |
| Strzelecki, Kerry (09.07.2021) | 96 | 15 | 97 | 8 | | Evenflo Counter Designations | 402, 403 [96:15] 1002 [96:25-97:8] 602, 802 | | |
| Strzelecki, Kerry (09.07.2021) | 98 | 6 | 98 | 15 | | Evenflo Counter Designations | 402, 403, 602, 802 [98:6-98:7] NT | | |
| Strzelecki, Kerry (09.07.2021) | 98 | 17 | 98 | 18 | | Evenflo Counter Designations | 402, 403, 602, 802 | | |
| Strzelecki, Kerry (09.07.2021) | 102 | 16 | 103 | 8 | | Evenflo Counter Designations | 402, 403, 602, Compound | | |

| Transcript | PgFrom | LnFrom | PgTo | LnTo | Notes | Issues | Wonderland's Objections | Wonderland Counter-Designation | Evenflo's Objections to Counter-Designations | Evenflo's Additional Designations | Wonderland Objections to Evenflo's Additional Designations |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Hutchinson, James (03.11.2020) | 5 | 11 | 5 | 20 | Beginning at "Would you" | Evenflo Initial Designations | | 5:21-25; 6:2 | | | |
| Hutchinson, James (03.11.2020) | 13 | 20 | 13 | 23 | Beginning at "Are you" | Evenflo Initial Designations | | 13:5-19 | | | |
| Hutchinson, James (03.11.2020) | 14 | 6 | 14 | 8 | | Evenflo Initial Designations | 402, Inadmissible under FRCP 32(a)(8) | | | | |
| Hutchinson, James (03.11.2020) | 14 | 11 | 14 | 12 | | Evenflo Initial Designations | 402, Inadmissible under FRCP 32(a)(8) | | | | |
| Hutchinson, James (03.11.2020) | 17 | 23 | 17 | 25 | | Evenflo Initial Designations | 402, 403, 602, Inadmissible under FRCP 32(a)(8) | 17:17-22 | V, AMB | | |
| Hutchinson, James (03.11.2020) | 18 | 2 | 18 | 2 | | Evenflo Initial Designations | 402, 403, 602, Inadmissible under FRCP 32(a)(8) | | | | |
| Hutchinson, James (03.11.2020) | 21 | 2 | 21 | 3 | Ending at "from" | Evenflo Initial Designations | 402, 403, 602, Inadmissible under FRCP 32(a)(8) | | | | |
| Hutchinson, James (03.11.2020) | 21 | 4 | 21 | 4 | | Evenflo Initial Designations | 402, 403, 602, Inadmissible under FRCP 32(a)(8) | | | | |
| Hutchinson, James (03.11.2020) | 21 | 6 | 21 | 7 | | Evenflo Initial Designations | 402, 403, 602, Inadmissible under FRCP 32(a)(8) | 21:8-11 | 106 | 21:12-21:13 | 402, 403, 602, Inadmissible under FRCP 32(a)(8) |
| Hutchinson, James (03.11.2020) | 21 | 12 | 21 | 15 | | Evenflo Initial Designations | 402, 403, 602, Inadmissible under FRCP 32(a)(8) | | | | |
| Hutchinson, James (03.11.2020) | 24 | 21 | 24 | 22 | Beginning at "Do you know" | Evenflo Initial Designations | 402, Inadmissible under FRCP 32(a)(8) | | | | |
| Hutchinson, James (03.11.2020) | 24 | 24 | 24 | 24 | | Evenflo Initial Designations | 402, Inadmissible under FRCP 32(a)(8) | 24:25; 25:2-13 | | | |

| | | | | | | | | | | | Not testimony (see Trial Exhibit List for objections to documentary exhibits) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Hutchinson, James (03.11.2020) | 30 | 5 | 30 | 12 | | Evenflo Initial Designations | 402, 403, 602, Inadmissible under FRCP 32(a)(8) | 29:25; 30:2-4 | [29:25] 106, 402, 403, 802 | Exhibit 3 | |
| Hutchinson, James (03.11.2020) | 30 | 14 | 30 | 19 | | Evenflo Initial Designations | 402, 403, 602, Inadmissible under FRCP 32(a)(8) | | | | |
| Hutchinson, James (03.11.2020) | 30 | 21 | 30 | 22 | | Evenflo Initial Designations | 402, 403, 602, Inadmissible under FRCP 32(a)(8) | | | | |
| Hutchinson, James (03.11.2020) | 30 | 24 | 30 | 25 | | Evenflo Initial Designations | 402, 403, 602, Inadmissible under FRCP 32(a)(8) | | | | |
| Hutchinson, James (03.11.2020) | 31 | 2 | 31 | 2 | | Evenflo Initial Designations | 402, 403, 602, Inadmissible under FRCP 32(a)(8) | | | | |
| Hutchinson, James (03.11.2020) | 31 | 4 | 31 | 13 | | Evenflo Initial Designations | 402, 403, 602, Inadmissible under FRCP 32(a)(8) | | | | |
| Hutchinson, James (03.11.2020) | 39 | 3 | 39 | 6 | | Evenflo Initial Designations | 106, 402, 403, 802, Inadmissible under FRCP 32(a)(8) | | | | |
| Hutchinson, James (03.11.2020) | 39 | 8 | 39 | 16 | | Evenflo Initial Designations | 106, 402, 403, 802, Inadmissible under FRCP 32(a)(8) | 39:17-21 | | | |
| Hutchinson, James (03.11.2020) | 39 | 21 | 39 | 23 | Beginning at "What other" | Evenflo Initial Designations | 402, 403, 602, Inadmissible under FRCP 32(a)(8) | | | | |
| Hutchinson, James (03.11.2020) | 39 | 25 | 39 | 25 | | Evenflo Initial Designations | 402, 403, Inadmissible under FRCP 32(a)(8) | | | | |
| Hutchinson, James (03.11.2020) | 40 | 2 | 40 | 14 | | Evenflo Initial Designations | 402, 403, Inadmissible under FRCP 32(a)(8) | 40:15-17 | | | |
| Hutchinson, James (03.11.2020) | 41 | 23 | 41 | 25 | | Evenflo Initial Designations | 106, 402, 403, 602, Inadmissible under FRCP 32(a)(8) | 41:20-22 | NT | | |
| Hutchinson, James (03.11.2020) | 42 | 2 | 42 | 12 | | Evenflo Initial Designations | 402, 403, 602, Inadmissible under FRCP 32(a)(8) | | | | |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Hutchinson, James (03.11.2020) | 42 | 14 | 42 | 18 | | Evenflo Initial Designations | 402, 403, 602, Inadmissible under FRCP 32(a)(8) | | | | |
| Hutchinson, James (03.11.2020) | 42 | 20 | 42 | 20 | | Evenflo Initial Designations | 402, 403, 602, Inadmissible under FRCP 32(a)(8) | 42:21-25; 43:2-11; 42:15-16, ending with the word "testing" | [42:21-25] 106, 402, 802; [43:2-11] 106, 402, 802 | Exhibit 4 | Not testimony (see Trial Exhibit List for objections to documentary exhibits) |
| Hutchinson, James (03.11.2020) | 43 | 12 | 43 | 14 | | Evenflo Initial Designations | 402, 403, Inadmissible under FRCP 32(a)(8) | | | | |
| Hutchinson, James (03.11.2020) | 43 | 16 | 43 | 24 | Beginning at "have" | Evenflo Initial Designations | 402, 403, Inadmissible under FRCP 32(a)(8) | | | | |
| Hutchinson, James (03.11.2020) | 44 | 2 | 44 | 4 | | Evenflo Initial Designations | 402, 403, Inadmissible under FRCP 32(a)(8) | 44:5-8 | | | |
| Hutchinson, James (03.11.2020) | 44 | 25 | 44 | 25 | | Evenflo Initial Designations | 402, 403, Inadmissible under FRCP 32(a)(8) | | | | |
| Hutchinson, James (03.11.2020) | 45 | 2 | 45 | 7 | | Evenflo Initial Designations | 402, 403, Inadmissible under FRCP 32(a)(8) | | | | |
| Hutchinson, James (03.11.2020) | 45 | 9 | 45 | 18 | | Evenflo Initial Designations | 402, 403, Inadmissible under FRCP 32(a)(8) | | | | |
| Hutchinson, James (03.11.2020) | 45 | 20 | 45 | 25 | | Evenflo Initial Designations | 402, 403, Inadmissible under FRCP 32(a)(8) | | | | |
| Hutchinson, James (03.11.2020) | 46 | 2 | 46 | 2 | | Evenflo Initial Designations | 402, 403, Inadmissible under FRCP 32(a)(8) | | | | |
| Hutchinson, James (03.11.2020) | 46 | 4 | 46 | 4 | | Evenflo Initial Designations | 402, 403, Inadmissible under FRCP 32(a)(8) | 46:5-7; 46:9-20 | | | |
| Hutchinson, James (03.11.2020) | 49 | 4 | 49 | 6 | | Evenflo Initial Designations | 402, 403, 602, Inadmissible under FRCP 32(a)(8) | | | | |
| Hutchinson, James (03.11.2020) | 75 | 18 | 75 | 20 | | Evenflo Initial Designations | 106, 402, 403, 602, Inadmissible under FRCP 32(a)(8) | 75:13-15; 75:17 | 106 | Exhibit 9 | Not testimony (see Trial Exhibit List for objections to documentary exhibits) |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Hutchinson, James (03.11.2020) | 75 | 22 | 75 | 25 | | Evenflo Initial Designations | 106, 402, 403, 602, Inadmissible under FRCP 32(a)(8) | | |
| Hutchinson, James (03.11.2020) | 76 | 3 | 76 | 6 | | Evenflo Initial Designations | 402, 403, 602, Inadmissible under FRCP 32(a)(8) | | |
| Hutchinson, James (03.11.2020) | 76 | 8 | 76 | 13 | | Evenflo Initial Designations | 402, 403, 602, Inadmissible under FRCP 32(a)(8) | | |
| Hutchinson, James (03.11.2020) | 77 | 10 | 77 | 11 | | Evenflo Initial Designations | 402, 403, Inadmissible under FRCP 32(a)(8) | 77:2-7 | [77:6-7] NT |
| Hutchinson, James (03.11.2020) | 77 | 13 | 77 | 18 | | Evenflo Initial Designations | 402, 403, Inadmissible under FRCP 32(a)(8) | 77:19-23 | |
| Hutchinson, James (03.11.2020) | 85 | 5 | 85 | 7 | | Evenflo Initial Designations | 402, 403, Inadmissible under FRCP 32(a)(8) | | |
| Hutchinson, James (03.11.2020) | 85 | 9 | 85 | 11 | | Evenflo Initial Designations | 402, 403, Inadmissible under FRCP 32(a)(8) | | |
| Hutchinson, James (03.11.2020) | 85 | 13 | 85 | 13 | | Evenflo Initial Designations | 402, 403, Inadmissible under FRCP 32(a)(8) | | |
| Wang, Renee (03.13.2020) | 5 | 14 | 5 | 15 | Beginning at "Would you" | Evenflo Initial Designations | 802, Inadmissible under FRCP 32(a)(8) | | |
| Wang, Renee (03.13.2020) | 5 | 18 | 5 | 18 | | Evenflo Initial Designations | 802, Inadmissible under FRCP 32(a)(8) | | |
| Wang, Renee (03.13.2020) | 6 | 2 | 6 | 15 | | Evenflo Initial Designations | 802, Inadmissible under FRCP 32(a)(8) [6:8-6:15] 402, 403 | | |
| Wang, Renee (03.13.2020) | 6 | 18 | 6 | 21 | | Evenflo Initial Designations | 802, Inadmissible under FRCP 32(a)(8) | | |
| Wang, Renee (03.13.2020) | 8 | 21 | 8 | 25 | | Evenflo Initial Designations | 802, Inadmissible under FRCP 32(a)(8) | | |
| Wang, Renee (03.13.2020) | 9 | 3 | 9 | 17 | | Evenflo Initial Designations | 402, 403, 802, Inadmissible under FRCP 32(a)(8) | | |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Wang, Renee (03.13.2020) | 24 | 2 | 24 | 7 | | Evenflo Initial Designations | 402, 403, 802, Inadmissible under FRCP 32(a)(8) | | | | |
| Wang, Renee (03.13.2020) | 23 | 12 | 23 | 25 | | Evenflo Initial Designations | 402, 403, 802, Inadmissible under FRCP 32(a)(8) | | | | |
| Wang, Renee (03.13.2020) | 34 | 10 | 34 | 19 | | Evenflo Initial Designations | 402, 403, 802, Inadmissible under FRCP 32(a)(8) | | | | |
| Wang, Renee (03.13.2020) | 51 | 6 | 51 | 9 | | Evenflo Initial Designations | 402, 403, 602, 802, Inadmissible under FRCP 32(a)(8) | 52:2-4 (starting "I'm asking you"); 52:6-7 | 106 | 52:13-14 | Not testimony; 402, 403, 602, Inadmissible under FRCP 32(a)(8) |
| Wang, Renee (03.13.2020) | 99 | 4 | 99 | 7 | | Evenflo Initial Designations | 402, 403, 802, Inadmissible under FRCP 32(a)(8), Document not provided | | | | |
| Wang, Renee (03.13.2020) | 98 | 10 | 98 | 25 | | Evenflo Initial Designations | 402, 403, 802, Inadmissible under FRCP 32(a)(8), Document not provided [98:10-15] NT | | | | |
| Wang, Renee (03.13.2020) | 99 | 23 | 99 | 25 | | Evenflo Initial Designations | 402, 403, 802, Inadmissible under FRCP 32(a)(8), Document not provided, NT | | | | |
| Wang, Renee (03.13.2020) | 100 | 2 | 100 | 10 | | Evenflo Initial Designations | 402, 403, 602, 802, Inadmissible under FRCP 32(a)(8), Document not provided, NT | | | | |
| Wang, Renee (03.13.2020) | 100 | 12 | 100 | 25 | | Evenflo Initial Designations | 402, 403, 602, 802, Inadmissible under FRCP 32(a)(8), Document not provided | | | | |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Wang, Renee (03.13.2020) | 101 | 2 | 101 | 25 | | Evenflo Initial Designations | 402, 403, 602, 802, Inadmissible under FRCP 32(a)(8), Document not provided, | | | |
| Wang, Renee (03.13.2020) | 102 | 2 | 102 | 5 | | Evenflo Initial Designations | 402, 403, 602, 802, Inadmissible under FRCP 32(a)(8), Document not provided; MIS | | | |
| Wang, Renee (03.13.2020) | 102 | 7 | 102 | 17 | | Evenflo Initial Designations | 402, 403, 602, 802, Inadmissible under FRCP 32(a)(8), Document not provided | | | |
| Wang, Renee (03.13.2020) | 102 | 19 | 102 | 25 | | Evenflo Initial Designations | 402, 403, 602, 802, Inadmissible under FRCP 32(a)(8), Document not provided [102:20-24] C | | | |
| Wang, Renee (03.13.2020) | 103 | 2 | 103 | 7 | | Evenflo Initial Designations | 402, 403, 602, 802, Inadmissible under FRCP 32(a)(8), Document not provided | 103:8-21; 103:23-25 | [103:19-21] 402, 403, V, AMB; [103:23-25] 402, 403, V, AMB | |

| Exhibit ▮ | ▮ | ▮ | ▮ | ▮ | ▮ |
|---|---|---|---|---|---|
| ▮ | | ▮ | ▮▮ | ▮▮ | ▮▮ |
| ▮ | | ▮ | ▮▮ | | ▮▮ |
| ▮ | | ▮ | ▮▮ | ▮▮ | ▮ |
| ▮ | | ▮ | ▮▮ | ▮▮ | ▮ |
| ▮ | | ▮ | ▮▮ | ▮ | ▮ |
| ▮ | | ▮ | ▮▮ | ▮▮ | ▮ |
| ▮ | ▮ | ▮ | ▮▮ | ▮▮ | ▮ |
| ▮ | | ▮ | ▮▮ | ▮▮ | ▮ |
| ▮ | | ▮ | ▮▮ | ▮▮ | ▮ |
| ▮ | | ▮ | ▮▮ | ▮▮ | ▮ |
| ▮ | | ▮ | ▮▮ | ▮▮ | ▮ |
| ▮ | | ▮ | ▮ | ▮ | ▮ |
| ▮ | | ▮ | | | ▮ |
| ▮ | | ▮ | ▮ | ▮ | ▮ |
| ▮ | | ▮ | ▮ | ▮ | ▮ |
| ▮ | | ▮ | ▮ | ▮ | ▮ |
| ▮ | | ▮ | ▮ | ▮ | ▮ |
| ▮ | | ▮ | ▮ | ▮ | ▮ |
| ▮ | | ▮ | ▮ | ▮ | ▮ |
| ▮ | | ▮ | ▮ | ▮ | ▮ |
| ▮ | | ▮ | ▮ | ▮ | ▮ |
| ▮ | | ▮ | ▮ | ▮ | ▮ |
| ▮ | | ▮ | ▮ | ▮ | ▮ |









| | | | | | |
|---|---|---|---|---|---|
| ■ | | ████████████████ ████████████████ | | | ██████████ |
| ■ | | ██████████ ██████████████ ████ | | | ██████ |

| DTX No. | Date of Document | Description | BegProd | BegEnd | Objections |
|---------|------------------|-------------|---------|--------|------------|
| ██ | ██ | ████████████████ | ███ | ██ | ████████ |
| ██ | ██ | ████████████████ | ███ | ██ | ████████ |
| ██ | ██ | ████████████████ | ███ | ██ | ████████ |
| ██ | ██ | ███████████████ | ███ | ██ | ████████ |
| ██ | ██ | ███████████████ | ███ | ██ | ████████ |
| ██ | ████ | ████████████████ | █████ | ██████ | ██████ |
| ████ | ████ | ████████████████ | █████ | ██████ | ██████ |
| ████ | ████ | ███████████████ | █████ | ██████ | ██████ |
| ████ | ████ | ████████████████ | █████ | ██████ | ██████ |
| ████ | ████ | ████████████████ | ███ | ██ | █████████ |
| ████ | ████ | ████████████████ | ███ | ██ | █████████ |
| ████ | ████ | ███████████████ | ███ | ██ | ████████ |
| ████ | ████ | ████████████████ | ███ | ██ | ████████ |



| Exhibit No. | Date | Description | Begin Bates | End Bates | Objections |
|---|---|---|---|---|---|
| ▆ | | ▆▆ | ▆ | ▆ | ▆ |
| ▆ | | ▆▆ | ▆ | ▆ | ▆ |
| ▆ | | ▆▆▆ | ▆ | ▆ | ▆ |
| ▆ | | ▆▆▆ | ▆ | ▆ | ▆ |
| ▆ | | ▆▆ | ▆ | ▆ | ▆ |
| ▆ | | ▆▆ | ▆ | ▆ | ▆ |
| ▆ | | ▆▆ | ▆ | ▆ | ▆ |
| ▆ | | ▆▆ | ▆ | ▆ | ▆ |
| | | ▆▆ | | | |
| ▆ | | ▆ | ▆ | ▆ | ▆ |
| | ▆ | ▆▆ | ▆ | ▆ | |
| ▆ | ▆ | ▆▆ | ▆ | ▆ | |
| ▆ | ▆ | ▆▆ | | | |
| ▆ | ▆ | ▆▆ | ▆ | ▆ | ▆▆ |
| ▆ | ▆ | ▆▆ | ▆ | ▆ | |
| ▆ | ▆ | ▆▆ | ▆ | ▆ | ▆▆ |
| ▆ | ▆ | ▆▆ | ▆ | ▆ | ▆ |
| | ▆ | ▆▆ | | | |
| ▆ | ▆ | ▆▆ | ▆ | ▆ | ▆ |
| ▆ | ▆ | ▆▆ | ▆ | ▆ | ▆ |
| ▆ | ▆ | ▆▆ | ▆ | ▆ | ▆▆ |
| ▆ | | ▆▆ | ▆ | ▆ | ▆▆ |

