**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| WONDERLAND SWITZERLAND AG,<br><br>Plaintiff,<br><br>v.<br><br>EVENFLO COMPANY, INC.,<br><br>Defendant. | Civil Action No. 1:20-cv-00727-JPM |

# FINAL PRETRIAL ORDER

This matter comes before the Court at a final pretrial conference held pursuant to Rule 16 of the Federal Rules of Civil Procedure. Trial will begin in this matter on January 6, 2023. The Parties submitted a Proposed Pretrial Order (ECF No. 147), which the Court adopts, with modifications, as follows.

Plaintiff's Counsel: Plaintiff Wonderland Switzerland AG ("Wonderland") is represented by:

Noah A. Brumfield (*pro hac vice*)
David M. Tennant (*pro hac vice*)
Shamita D. Etienne-Cummings (*pro hac vice*)
Jacob Rothenberg (*pro hac vice*)
Megan Ines (*pro hac vice*)
ALLEN & OVERY LLP
1101 New York Avenue, NW
Washington, DC 20005
Telephone: (202) 833-3810
Noah.brumfield@allenovery.com
David.tennant@allenovery.com
Shamita.etienne@allenovery.com

Bijal V. Vakil (*pro hac vice*)
Eric E. Lancaster (*pro hac vice*)
ALLEN & OVERY LLP
550 High Street, Second Floor

Palo Alto, CA 94301
Telephone: (650) 388-1700
Bijal.vakil@allenovery.com
Eric.lancaster@allenovery.com

Majesty Jala (*pro hac vice*)
ALLEN & OVERY LLP
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 610-6300
Majesty.jala@allenovery.com

Katherine Kieckhafer (*pro hac vice*)
ALLEN & OVERY LLP
One Beacon Street
Boston, MA 02108
Telephone: (857) 353-4500
Katherine.kieckhafer@allenovery.com

Defendant Evenflo Company, Inc. is represented by:

Jeremy A. Tigan (#5239)
Sarah Elizabeth Simonetti
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
Telephone: (302) 658-9200
jtigan@mnat.com
ssimonetti@mnat.com

Lauren Douville (*pro hac vice*)
B. Trent Webb (*pro hac vice*)
Aaron E. Hankel (*pro hac vice*)
Maxwell C. McGraw (*pro hac vice*)
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, MO 64108
Telephone: (816) 559-0348
ldouville@shb.com
bwebb@shb.com
ahankel@shb.com
mmcgraw@shb.com

## I. NATURE OF THE CASE

The parties in this case are Wonderland Switzerland AG ("Wonderland" or "Plaintiff") and Evenflo Company, Inc. ("Evenflo" or "Defendant"). Wonderland alleges Evenflo infringes United States Patent Nos. 7,625,043 and 8,141,951 (collectively, "the asserted patents," or the "'043 patent," and the "'951 patent").[1] The operative pleadings are Wonderland's First Amended Complaint (ECF No. 41) and Evenflo's Answer to Amended Complaint (ECF No. 43). Specifically, the parties will try the issues of infringement, invalidity, and damages to the jury, with the remainder of the issues of law, such as Wonderland's claims for an injunction, being tried separately to the Court.

### A. Wonderland's Claims

Wonderland alleges infringement to claims 1 and 4-8 of the '951 patent, and claim 1 of the '043 patent (collectively, "the asserted claims"). Wonderland accuses the following versions of Evenflo's car seats of infringing the asserted patents: Evenflo's EveryFit 4-in-1 Car Seat ("EveryFit Car Seat"), EveryKid 4-in-1 Car Seat ("EveryKid Car Seat"), SafeMax 3-in-1 Car Seat ("SafeMax Car Seat"), Evolve 3-in-1 Car Seat ("Evolve Car Seat"), and Transitions 3-in-1 Car Seat ("Transitions Car Seat") (collectively, the "accused products").

Wonderland further alleges that Evenflo infringes the asserted patents directly and indirectly, and that Evenflo's infringement of the '043 patent has and continues to be willful. Wonderland further alleges that, in the alternative, Evenflo infringes the asserted patents under the doctrine of equivalents.

[1] All claims related to U.S. Patent No. D837,537 in Wonderland's Original Complaint (ECF No. 1) were withdrawn by Wonderland and not re-alleged in its First Amended Complaint (ECF No. 41).

Wonderland seeks damages to compensate it for Evenflo's infringement to date in the form of a reasonable royalty. Wonderland also seeks injunctive relief against future acts of infringement by Evenflo under 35 U.S.C. § 283. Wonderland also seeks prejudgment and post-judgment interest and costs, pursuant to 35 U.S.C. § 284 and FED. R. CIV. P. Rule 54, attorneys' fees pursuant to 35 U.S.C. § 285, and enhanced damages against Evenflo.

**B. Evenflo's Defenses**

Evenflo denies all of Wonderland's claims. Specifically, with respect to infringement, Evenflo denies that the accused products infringe any of the asserted claims, both directly and indirectly, and literally or under the doctrine of equivalents. Moreover, Evenflo denies Wonderland's allegations that the alleged infringement was willful.

Further, Evenflo alleges that the asserted claims of the asserted patents are invalid under 35 U.S.C. §§ 102 and 103.

Because the asserted patents are not infringed and invalid, Evenflo contends that Wonderland is entitled to no damages. Moreover, Evenflo contends that any damages are limited by 35 U.S.C. § 287, and that Wonderland's damages claims are overstated. Evenflo also seeks its attorneys' fees pursuant to 35 U.S.C. § 285.

**C. Claim Construction**

The parties filed a joint claim construction brief on June 15, 2021 (ECF No. 46), and a claim construction hearing was held on August 23, 2021. On August 26, 2021, the Court issued a Claim Construction Order (ECF No. 66), with the following terms and constructions:

| Claim Term | Court's Construction |
|---|---|
| Receptacle | "a three dimensional space sized to receive an attachment arm" |
| Engagement | No construction necessary: plain and ordinary meaning |

However, as noted below, the parties raised an ancillary claim construction dispute over the scope of the term "engagement" in the '043 patent. During oral argument on this issue, the presiding Court (Judge Andrews) indicated that this scope dispute would be resolved on summary judgment as warranted. *See* ECF No. 77 at 44 ("When we get to summary judgment, if it makes a difference to something, you're free to bring up that I need to construe it in some way because it makes a difference.").

### D. Summary Judgment and *Daubert* Motions

On March 10, 2022, Wonderland filed a motion for partial summary judgment of: (1) the proper construction of "connected to" in the '951 patent and "receptacle" in the '043 patent; and (2) validity of the asserted patents. (ECF No. 103, 106). Wonderland also filed a *Daubert* motion to preclude certain opinions from Evenflo's damages expert. (ECF No. 105, 106).

Also on March 10, 2022, Evenflo moved for summary judgment of non-infringement of both asserted patents because: (1) the plain and ordinary meaning of "connected to" in the '951 patent requires two structures, which the accused products lack; (2) the accused products do not infringe the '043 patent's limitation requiring a "pair of receptacles" that are each "sized to receive" the accused attachment arms; (3) the accused products do not infringe the '043 patent's limitation "attachment arms . . . for engagement" when properly construed; and (4) the accused products do not infringe the '043 patent's limitation requiring "a locking mechanism on [the] seat back." (ECF No. 101, 102).

All of these motions are fully briefed, and the Court held a hearing on the motions on May 27, 2022. The Court Denied Evenflo's Motion for Summary Judgment and Granted in Part and Denied in Part Wonderland's Motion for Partial Summary Judgment on December 6, 2022. (ECF No. 171.) The Court has not yet ruled on the *Daubert* motions.

## II. FEDERAL JURISDICTION AND VENUE

This is a civil action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, and this Court has jurisdiction over this action pursuant to 35 U.S.C. §§ 271, *et seq.*, and 28 U.S.C. §§ 1331 and 1338(a). Personal jurisdiction and venue are not disputed.

## III. FACTS

### A. Uncontested Facts[2]

The following facts are not disputed and have been agreed to and stipulated to by the parties:

1. Wonderland is a corporation limited by share ownership (AG) duly organized and existing under the laws of Switzerland, having its principal place of business at Beim Bahnhof 5, 6312 Steinhausen, Switzerland.

2. Evenflo is a Delaware corporation having its principal place of business at 3131 Newmark Road, Miamisburg, Ohio 45342.

3. The parties do not contest that the Court has personal jurisdiction over the parties solely for the limited purpose of this action only.

4. The United States Patent and Trademark Office ("PTO") issued U.S. Patent No. 7,625,043, entitled "Child Car Seat with Multiple Use Configurations," on December 1, 2009.

5. The PTO issued U.S. Patent No. 8,141,951, entitled "Child Safety Seat," on March 27, 2012.

6. Wonderland filed this lawsuit on May 29, 2020.

[2] This list may be supplemented upon resolution of the parties' outstanding motions.

7. Evenflo has made, used, sold, and offered for sale in the United States, and continues to do so, the EveryFit Car Seat, EveryKid Car Seat, SafeMax Car Seat, Evolve Car Seat, and Transitions Car Seat.

### B. Contested Facts

Wonderland's Statement of Contested Facts is attached as **Exhibit A.1**.

Evenflo's Statement of Contested Facts is attached as **Exhibit A.2**.

Should the Court find that any of the issues of law listed in **Exhibits B.1** or **B.2** of the Joint Pretrial Order should be considered as issues of fact, they shall be incorporated as issues in **Exhibit A.1** or **A.2**, respectively. The parties reserve the right to modify or supplement their statements of facts that remain to be litigated to the extent necessary to reflect the Court's rulings on any motions or subsequent orders of the Court or by agreement of the parties.

## IV. ISSUES OF LAW

Wonderland's Statement of Issues of Law is attached as **Exhibit B.1**.

Evenflo's Statement of Issues of Law is attached as **Exhibit B.2**.

Should the Court find that any of the issues identified in **Exhibits A.1** or **A.2** of the Joint Pretrial Order should be considered as issues of law, they shall be incorporated as issues in **Exhibits B.1** or **B.2**, respectively. Conversely, if the Court determines that any issue identified in **Exhibits B.1** or **B.2** is more properly considered an issue of fact, it shall be incorporated into **Exhibits A.1** or **A.2**, respectfully. The parties reserve the right to modify or supplement their statement of issues of law that remain to be litigated to the extent necessary to fairly reflect the Court's rulings on any motions or subsequent orders of the Court or by agreement of the parties.

## V. WITNESSES

Any witness not listed will be precluded from testifying, absent good cause. In the absence of an alternative agreement among the parties, witnesses will be sequestered unless a fact witness is also a party's corporate representative(s) at trial.

The parties will identify by email to the opposing party the witnesses they intend to call (in the order in which the witnesses will be called), and whether those witnesses will be called live or by deposition, by 7 p.m. EST two calendar days before such witness will be called to testify. The other party shall identify any objections to such witness(es) by 7 p.m. EST the following day, and the parties shall meet and confer to resolve any objections by 10 p.m. EST that same evening. If good faith efforts to resolve the objections fail, the party objecting to the witness shall bring its objections to the Court's attention for resolution the next day.

The parties agree that fact witnesses, unless they are party representatives, will be sequestered for opening statements and the testimony of fact witnesses. The parties agree that expert witnesses need not be sequestered.

Except as provided under D. Del. LR 43.1 or by express permission of the Court, once tendered for cross examination, no witness shall communicate with anyone else regarding the substance of the witness's testimony until such time as the witness is excused by the Court from that examination.

### A. List of Live Witnesses Plaintiff Expects to Call

Wonderland identifies the following trial witnesses. Wonderland reserves the right to call witnesses on Evenflo's witness list (either live or by deposition designation). Wonderland also reserves the right to call by deposition any of the witnesses identified in its deposition designations. Wonderland reserves the right to amend or supplement its trial witness list as part of the meet and confer process leading up to trial, in response to Evenflo's pretrial disclosures and objections, in

response to any pretrial rulings or orders from the Court, and in the event that any of the individuals listed below become unable to attend the trial or otherwise unable to provide testimony. Wonderland also reserves the right to call rebuttal witnesses. Inclusion on this list does not imply or establish that Evenflo may compel the live testimony of that witness and does not waive any objections that Wonderland may have should Evenflo seek to introduce testimony of that witness.

Wonderland expects to call for live testimony:

1. Renee Wang
2. Curtis Michael Hartenstine
3. Jackie Chu
4. Kerry Strzelecki
5. Eric Dahle
6. Andrew Davis
7. Brian Pleiman
8. Bryan Adams
9. Christopher Russell
10. Phil Przybylo
11. Steve DeLong
12. Jon Conaway
13. Jon McGuire
14. Kimberly K. Cameron (technical expert)
15. W. Todd Schoettelkotte (damages expert)

Wonderland reserves the right to call any witness by deposition testimony (and has so designated) if necessary.

### B. List of Live Witnesses Defendant Expects to Call

Evenflo respectfully submits this list of witnesses that it may call to testify at trial either in person or by deposition.

Evenflo further reserves the right to call additional witnesses to testify at trial either in person or by deposition to provide foundation testimony should any party contest the authenticity or admissibility of any material proffered at trial. After the parties exchange objections to such materials, Evenflo will address this issue with Wonderland and/or the Court, and will provide notice of any additional witnesses it will or may call to establish the authenticity and admissibility of materials to be proffered at trial.

Evenflo's list of potential witnesses is made to comply with the Court's Order and the parties' agreements and to preserve its rights, based on the present status of the case. The parties will exchange objections and motions *in limine* and otherwise present to the Court disputes regarding the issues and evidence to be presented to the jury and the relevancy and admissibility of certain testimony and exhibits. Evenflo's list of potential witnesses does not waive Evenflo's right to object to certain categories of evidence as irrelevant or otherwise inadmissible and does not waive its right to pursue motions *in limine*. Until the Court addresses and rules on such disputes, Evenflo reserves its rights to make final decisions regarding what witnesses to call, and what exhibits to proffer. The inclusion of a witness on Evenflo's list of potential witnesses does not represent or otherwise require that Evenflo call that witness to testify, does not constitute a representation that Evenflo will bring an identified potential witness to trial, and does not mean that Evenflo has the power to compel the attendance or live testimony of that potential witness.

Evenflo's listing of potential witnesses and designations of deposition testimony is also made based on Evenflo's present understanding of the trial date, the availability of potential witnesses, and the issues. In the event that an individual whom Evenflo identified as a potential

witness is not available for trial or otherwise cannot testify in person, Evenflo may designate a replacement witness to testify either in person or by deposition, and will provide reasonable notice to Wonderland.

After the parties complete their pretrial exchanges and the Court rules on motions or other disputes that are presented during pretrial, Evenflo reserves the right to further clarify the witness(es) it will call and whether the respective witness(es) will provide their testimony in person or by deposition.

Subject to the foregoing, Evenflo's current list of witnesses that it will or may call to testify at trial, either in person or by deposition, is set forth below.

1. Eric Dahle
2. Bryan Adams
3. Jon Conaway
4. Jon McGuire
5. Steve DeLong
6. Brian Pleiman
7. James Hutchinson
8. Chris Russell
9. Andrew Davis
10. Renee Wang
11. Curtis Hartenstine
12. Corey Campbell (technical expert)
13. Mark Peterson (damages expert)
14. One or more witnesses identified by Wonderland.

**C. Testimony By Deposition (coded depositions to be received by December 28, 2022)**

Wonderland's Deposition Designations are attached as **Exhibit C.1**.

Evenflo's Deposition Designations are attached as **Exhibit C.2**.

Should a fact witness identified as testifying live become unavailable, as that term is defined by the Federal Rules of Civil Procedure and Federal Rules of Evidence, the parties may designate specific pages and lines of transcript that they intend to read or play in lieu of the witness's appearance upon reasonable notice. The parties shall immediately notify each other in the event they have decided not to call a witness to testify live at trial. Each party is entitled to offer testimony designated by any other party (whether as a designation or counter-designation), even if not separately listed on its own deposition designation list, unless that testimony was designated solely to rebut testimony the Court later holds is inadmissible.

When the witness is called to testify by deposition at trial, the party calling the witness shall provide the Court with two copies of the transcript of the designations and counter-designations that will be read or played. The parties agree to use deposition videos to the extent such videos exist for the depositions the parties wish to read or play at trial. The parties will be charged for all time that elapses from the time the witness is called until the next witness is called, according to the proportions to be provided by the parties.

If a party decides to play less than all of the designated testimony for a witness at trial, or to include less than all of its counter-designations or counter-counter-designations, the opposing parties may use such dropped testimony as counter-designations or counter-counter designations to the extent the usage of such testimony in such manner is otherwise consistent with FED. R. EVID. 106, FED. R. CIV. P. 32, and any other applicable Federal Rule of Evidence or Federal Rule of Civil Procedure.

Unless otherwise agreed between the parties, the party offering deposition testimony (other than for the purpose of impeachment) shall identify the deposition testimony to be offered from previously-exchanged designations by 7 p.m. EST two calendar days prior to the testimony being offered into the record (in good-faith). The parties will meet and confer by 10 p.m. EST the following calendar day before the deposition testimony is to be played to resolve any objections to deposition testimony. Any issues that remain will be raised orally with the Court before the designations are played. Unless the Court requests otherwise, there will be no written submissions to the Court.

If deposition testimony is to be presented by video, then the party playing the designated testimony shall also serve the other party with electronic video clips of all testimony to be played by 7 p.m. EST the calendar day before the witness is to be called at trial, subject to revision on any pending objections to be resolved by the Court.

Designated deposition testimony will be offered to the Court as designated testimony that the parties may read into the record or play by video, and such testimony will count against the party's trial presentation time. Specifically, any affirmative designations offered by a party will count against that party's trial presentation time whereas any counter-designations by the other party will count against the party who made the counter-designation.

**D. Impeachment**

Pursuant to FED. R. EVID. 613, deposition or other testimony or statements not specifically identified on a party's deposition designation list or exhibit list may be used at trial for the purpose of impeachment, if otherwise competent for such purpose. The Court will rule at trial on any objections based on lack of completeness and/or lack of consistency.

## VI. EXHIBITS

### A. Evidentiary Exhibits / All exhibits at trial shall be marked sequentially – in the order in which they are presented at trial to the jury.

Wonderland's exhibit list is attached as **Exhibit D.1**. Wonderland identified its exhibits with PTX numbers, starting with PTX-001. These numbers may be covered up at trial by the trial exhibit number.

Evenflo's exhibit list is attached as **Exhibit D.2**. Evenflo identified its exhibits with DTX numbers, starting with DTX-001. These numbers may be covered up at trial by the trial exhibit number.

A joint exhibit list is attached as **Exhibit D.3.** Any joint trial exhibits will be identified with JTX numbers, starting with JTX-001. These numbers may be covered up at trial by the trial exhibit number.

On or before the first day of trial, counsel will deliver to the Courtroom Deputy a completed AO Form 187 exhibit list for each party.

Each party may use a subset of an exhibit as a standalone exhibit, subject to evidentiary objections (e.g., FED. R. EVID. 106). Each Subset Exhibit shall be marked with the entire exhibit's number followed by a letter (e.g., PTX-001-A, DTX-012-A). These numbers may be covered up at trial by the trial exhibit number.

A party's failure to introduce any exhibit appearing on its list shall not be commented on during trial.

Each party may use an exhibit that is listed on the other party's exhibit list, to the same effect as though it were listed on its own exhibit list, subject to objections. Any exhibit, once admitted, may be used equally by each party. The listing of an exhibit by a party on its exhibit list does not waive any objections to that exhibit by the listing party should the opposing party attempt

to offer it into evidence. In other words, a party does not waive its objections to an exhibit by including that exhibit on its own exhibit list.

The parties agree that any date listed on an exhibit list is provided for convenience only and is neither evidence nor an admission of the date of the document, and that failing to list a date on an exhibit list is neither evidence nor an admission of whether the document is dated.

The parties agree that any description of a document listed on an exhibit list is provided for convenience only and shall not be used as an admission or otherwise as evidence regarding that document.

Legible photocopies of United States patents may be offered and received into evidence in lieu of certified copies thereof, subject to all other objections which might be made to the admissibility of certified copies. Likewise, legible photocopies of United States patent applications may be offered and received into evidence in lieu of certified copies thereof, subject to all other objections which might be made to the admissibility of certified copies.

Legible photocopies of documents may be offered and received in evidence in lieu of originals thereof, subject to all foundational requirements and other objections that might be made to the admissibility of originals, and subject to the right of the party against whom it is offered to inspect an original upon request reasonably in advance of any proposed use of the photocopy.

To the extent any exhibit(s) requires special software for viewing or accessing the exhibit(s), the parties will first meet and confer in good faith on any third-party software tools that may be used by the parties to demonstrate or otherwise publish such exhibits to the jury.

Four days before the first day of trial, the parties shall make available for inspection physical exhibits to be used at trial. Trial exhibit numbers will be assigned to each exhibit during

the trial, and will reflect the order in which each exhibit was presented at trial to the jury. Physical exhibits include non-document trial exhibits or demonstrative exhibits, detailed below.

**B. Demonstrative Exhibits**

The parties agree that they will not pre-exchange or identify exhibits or demonstratives to be used with any witness on cross-examination.

Subject to other provisions of this Order, once the pretrial conference has been held, no party shall be permitted to offer as evidence any exhibit not present on its exhibit list absent good cause shown or by agreement of the parties, except that documents, deposition transcripts, or portion thereof, or other items, not specifically identified herein or offered into evidence, may still be used at trial for purposes of cross-examination, impeachment or rehabilitation, if otherwise competent for such purposes, and may be admitted into evidence consistent with the requirements of the Federal Rules of Evidence.

The parties agree that documents produced by the parties and by third-parties under subpoena are authentic.

The parties agree that the demonstrative exhibits the parties intend to use at trial need not be included on their respective lists of trial exhibits to be filed with the Court. The parties further agree that demonstrative exhibits are materials or things presented for demonstration only and, as such, do not include presentation materials of items in (or expected in good faith to be in) evidence, e.g., call-outs of exhibits such as the asserted patents, boards of exhibits, witness testimony, the accused products, or the like.

Any party wishing to use a demonstrative exhibit will provide a copy of such exhibit(s) by 6 p.m. EST the night before the exhibits are intended to be used. When exchanging trial demonstratives, the party seeking to use a demonstrative exhibit will provide a color representation of the demonstrative materials intended for us in the exhibit to the other side in PDF form. For

demonstrative exhibits that cannot be placed in PDF form (e.g., video or animations), the party seeking to use the demonstrative exhibit will provide it to the other side in its native form via a downloadable link or email attachment. For irregularly sized materials, the party seeking to use the demonstrative exhibit will provide a color representation as a PDF of 8.5" x 11" copies of the demonstrative exhibits. Wonderland's demonstrative exhibits will be identified by numbers prefixed with "PDEM" and Evenflo's demonstrative exhibits will be identified by numbers prefixed with "DDEM." These numbers may be covered by the trial exhibit number, and are subject to the trial exhibit number protocol previously established. If a party's demonstrative exhibit changes after being provided to the opposing party, the party intending to use the demonstrative exhibit must promptly notify the opposing party of the change(s).

Any objections to any party's demonstrative exhibit must be communicated to the opposing party by 9 p.m. EST the night before the exhibit is intended to be used. The parties will meet and confer that same evening by 10 p.m. EST, if required, to discuss and attempt to resolve any objection to an identified demonstrative exhibit. Any issues that remain will be raised orally with the Court before the exhibits are presented.

The above provisions regarding the exchange of demonstrative exhibits does not apply to demonstrative exhibits created during testimony or demonstrative exhibits to be used for cross examination, neither of which need to be provided to the other side in advance of their use.

**C. Other**

The parties reserve the right to object on the grounds that: (a) there is no sponsoring witness through which the exhibit will be offered; (b) the exhibit is being used with a witness who has no personal knowledge of the exhibit and/or its contents under FRE 602; (c) the exhibit is not of the type that is reasonably relied upon by experts in the particular field under FRE 703; and/or (d) the exhibit was not timely disclosed under 35 U.S.C. § 282.

## VII. BIFURCATED TRIAL / NO BIFURCATION

Evenflo has requested that the trial be bifurcated into two phases – one for liability, and another for willful infringement. (ECF No. 147.) Wonderland opposes this request. (Id.) Having reviewed the Parties' arguments, the Court finds that a bifurcated trial would not serve to advance the interests of convenience, avoiding prejudice, or preserving judicial economy. The Court therefore declines to bifurcate the trial.

## VIII. MOTIONS *IN LIMINE*

Wonderland reserves the right to assert one or more motions *in limine* as part of the meet and confer process leading up to the submission of the pre-trial order, in response to Evenflo's pretrial disclosures and objections, and in response to any pretrial rulings or orders from the Court, including any orders from the Court with respect to either party's motions for summary judgment or *Daubert* motions.

Evenflo reserves the right to assert one or more motions *in limine* as part of the meet and confer process leading up to the submission of the pre-trial order, in response to Wonderland's pre-trial disclosures and objections, and in response to any pre-trial rulings or orders from the Court, including any orders from the Court with respect to either party's motions for summary judgment or *Daubert* motions.

The Parties have stipulated to the following motions in limine:

- **(1) Prior Litigation:** Parties agree to not reference or introduce evidence relating to the Wonderland 2018 case (Case No. 18-1990-RGA) or the outcome of that case, except for impeachment. Should one party open the door by mentioning the prior case, the other reserves the right not only to impeach any witness who may have opened the door, but to then put in additional evidence associated with the first case

to rebut and correct any statements that were made, subject to specific objections at trial.

- **(2) Product Recalls:** Wonderland agrees not to affirmatively raise argument on or put into evidence recalls of certain accused Evenflo products (Evolve, Transitions). Wonderland reserves the right, should Evenflo open the door to evidence of recalls by testifying about recalls generally or by testifying that Evenflo products have never been recalled, to not only impeach that witness's statements but also to put in additional evidence to rebut or correct those statements.
- **(3) Interrogatory 5:** Evenflo, despite disputing prejudice or lack of relevance, will not reference or rely upon Wonderland's Amended and Supplemental Response to Evenflo's Interrogatory No. 5 (August 20, 2021) or the contentions stated therein, which Wonderland asserts erroneously identified four products as practicing the '043 patent (Tranzitions, TurboBooster, AFFIX, and Wayz) and which Wonderland subsequently amended to correct. Should Evenflo's position change, it will provide notice to Wonderland, and Wonderland will raise specific objections at that time.
- **(4) COVID-19:** Evenflo never intended to and thus agrees not to make statements regarding COVID-19 coming from Taiwan or China.

## IX. DISCOVERY

Each party has completed discovery.

## X. TRIAL

### A. Length & Time

This matter is scheduled for a 5-day jury trial beginning on January 6, 2022. Jury selection will take place on Friday, January 6, 2022 with opening statements to begin on Monday, January 9, 2022. Until the case is submitted to the jury for deliberations, the jury will be excused each day

at a time decided by the Court. The trial will be timed. The parties are granted twelve (12) hours per side for opening statements, presentation of evidence (including cross-examination and deposition designations), and closing arguments. *Voir dire* shall not count against this time.

**B. Order**

The order of presentation of evidence will be as follows: (1) Opening Statements (Wonderland first, followed by Evenflo); (2) Wonderland's presentation of evidence of issues for which Wonderland bears the burden of proof; (3) Evenflo's presentation of evidence rebutting Wonderland's presentation, and Evenflo's presentation of evidence on issues for which it bears the burden of proof; (4) Wonderland's presentation of evidence rebutting Evenflo's presentation of evidence on issues for which Evenflo bears the burden of proof; and (5) Closing Arguments (Wonderland first, followed by Evenflo, followed by Wonderland's rebuttal).

To the extent it is necessary based on the jury's verdict, the Court will hold hearing bench trial following the conclusion of the jury trial to resolve any remaining equitable issues. Prior to the bench trial, the parties will be given an opportunity to submit witness lists, designated testimony and objections, exhibits and objections, and contested and uncontested statements of fact and law to the Court. To the extent any such materials are not included in the pretrial materials for the jury trial, neither party shall be prohibited from including them later for purposes of any bench trial.

**C. Jury**

There shall be at least eight (8) jurors, although the Court anticipates utilizing up to twelve (12) jurors with an additional two (2) alternates, if possible. The Court will conduct jury selection through the Court's "prejudice" method.

**D. Jury Notes**

The parties agree that the jurors will be permitted to write notes by hand during the presentations of the parties and that jurors will be permitted to bring these notes as well as the provide jury notebook(s) into the deliberation room. The parties further propose that the jurors be instructed not to exchange, share, or discuss the contents of their notes with each other. Notes may only be used by individual jurors to refresh that juror's recollections. The jurors' notes shall be collected by the clerk each evening and returned to the individual jurors each morning; at the end of the trial, after the final verdict is returned, the clerk will collect all juror notes, said notes to be destroyed after the jury's discharge and without review.

**E. Party Set-up**

The Court will make reasonable efforts to grant Parties access to the courtroom on the Thursday before jury selection to allow them to set up and test counsel's tables, including electronic and computer devices to be used during the trial, although such access is not guaranteed and is dependent on courtroom availability.

## XI. AMENDMENTS TO THE PLEADINGS

Neither party seeks any amendment(s) to the pleadings.

## XII. ADDITIONAL MATTERS

Both parties have designated materials as confidential during discovery. The majority of documents designated with some form of confidentiality do not require the Courtroom to be sealed. Any exhibit or testimony that a party seeks to maintain as confidential will only be held in such confidence if the matter is raised and a proffer made at the time the evidence (or discussion by counsel) will be presented to the Court.

## XIII. SETTLEMENT

The parties have engaged in a good faith effort to explore resolution of the controversy by settlement.

**IT IS HEREBY ORDERED** that this Final Pretrial Order shall control the subsequent course of the action, unless modified by the Court to prevent manifest injustice.

DATED: December 15, 2022

s/ Jon P. McCalla
HONORABLE JON P. McCALLA
UNITED STATES DISTRICT COURT JUDGE