IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WONDERLAND SWITZERLAND AG, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>EVENFLO COMPANY, INC., )<br>)<br>Defendant. ) | C.A. No. 20-727-JPM |

# WONDERLAND'S OPPOSITION TO EVENFLO'S REQUEST
# FOR CLARIFICATION (D.I. 184)

OF COUNSEL:
Shamita D. Etienne-Cummings
Noah A. Brumfield
David M. Tennant
Jacob Rothenberg
Megan Ines
ALLEN & OVERY LLP
1101 New York Avenue, NW
Washington, DC 20005
(202) 683-3800

Bijal V. Vakil
Eric E. Lancaster
ALLEN & OVERY LLP
550 High Street, Second Floor
Palo Alto, CA 94301
(650) 388-1650

Majesty Jala
ALLEN & OVERY LLP
1221 Avenue of the Americas
New York, NY 10020
(212) 610-6300

Karen E. Keller (No. 4489)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
*Attorneys for Plaintiff*

Katherine Kieckhafer
ALLEN & OVERY LLP
One Beacon Street
Boston, MA 02108
(857) 353-4500

Dated: January 8, 2023

Wonderland opposes Evenflo's Request for Clarification (D.I. 184) (the "Request"). Evenflo's Request is without legal basis or merit. It seeks, on the eve of trial, to rehash and reargue issues already expressly and clearly decided by this Court. It should be rejected.

***First, Evenflo had notice of Wonderland's allegations of copying for years, from the very beginning of this litigation.*** In its May 2020 Complaint, Wonderland alleged:

> **Evenflo has a history of copying the features and designs of Wonderland products, including products Graco sells, which Wonderland designs and manufactures. The EveryFit, EveryKid, SafeMax, and Evolve products are examples of this behavior.** An engineer for the Evenflo admitted under oath in an unrelated proceeding that Evenflo has modified its designs to look more like those of Graco. *See* https://www.propublica.org/article/evenflo-maker-of-the-big-kid-booster-seat-put-profits-over-child-safety.

Ex. A (D.I. 1 (Compl.)) at ¶ 11 (filed on May 29, 2020) (emphasis added). Additionally, in response to Evenflo's contention interrogatories, requesting that Wonderland "explain the bases for [its] contention that Evenflo's alleged infringement has been willful and deliberate," Wonderland expressly identified its bases for asserting willfulness, including the very evidence Evenflo now appears to challenge—specifically:

> the September 27, 2021 deposition of Mr. Jon Conaway and exhibits; the September 24, 2021 deposition of Mr. Phillip Przybylo and exhibits; and the upcoming depositions of Messrs. Eric Dahle and Steve Delong and corresponding exhibits.

Ex. B (Wonderland's Supplemental Response to Evenflo's Interrogatory 2 (September 28, 2021)). Evenflo was satisfied with that response and never sought a more detailed response or to meet and confer—because all of the information relating to copying was in Evenflo's possession. Finally, Wonderland repeatedly raised the issue of market research and teardowns, as well as the underlying evidence it had, in its depositions of Evenflo's Rule 30(b)(6) corporate representative, Eric Dahle, *see, e.g.,* Ex. C (Dahle Depo) at 21:11-22:5 (discussing teardown of Graco Nautilus); 47:10-19 (discussing teardown of Graco 4Ever), and Evenflo's current and former employees,

1

including Andrew Davis and Jon Conaway, *see, e.g.*, Ex. D (Davis Depo) at 137:10-142:19 (discussing Evenflo's tear down of the Nautilus); Ex. E (Conaway Depo) at 38:22-41:20 (questioning about teardowns of competitive products). Indeed, on re-direct, Evenflo's own attorney questioned Mr. Conaway regarding teardowns. Ex. E (Conaway Depo) at 213:13-24 (Questioning by Evenflo attorney of Mr. Conaway questions about "tear-down report"). Evenflo's request should, therefore, be denied.

***Second, Evenflo's assertions of unfair surprise is unfounded at best, disingenuous at worst***. In the Third Circuit, to have evidence excluded for unfair surprise, a party must argue under the *Pennypack* factors. This means, to get the exclusion it seeks, Evenflo must show, inter alia, "prejudice or surprise" and no "possibility of curing [that] prejudice." *UCB, Inc. v. KV Pharm. Co.*, 692 F. Supp. 2d 419, 422 (D. Del. 2010) (citing, inter alia, *Konstantopoulos v. Westvaco Corp.,* 112 F.3d 710, 719 (3d Cir.1997); *Meyers v. Pennypack Woods Home Ownership Ass'n,* 559 F.2d 894, 904–905 (3d Cir.1977)). The "exclusion of critical evidence is an 'extreme' sanction, not normally to be imposed absent a showing of wilful deception or 'flagrant disregard' of a court order by the proponent of the evidence." *Id.* (quoting *Konstantopoulos,* 112 F.3d at 719). Evenflo has not even attempted to argue to this standard—indeed, it cannot meet it or plausibility claim prejudice or unfair surprise as detailed above.

***Third, while styled a "request for clarification," Evenflo's submission is, blatantly, a motion for reconsideration.*** As Evenflo acknowledges, the submission merely repeats arguments already raised in Evenflo's motion in limine and rejected by this Court. D.I. 184; *see* D.I. 156; D.I. 176. Evenflo asks the Court to revisit these arguments and, in effect, re-decide its motion in limine. This Court should decline to do so. The purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999). It may be granted "to correct a clear error of

2

law or fact or to prevent manifest injustice." *Apeldyn Corp. v. Samsung Elecs. Co.*, 693 F. Supp. 2d 399, 402 (D. Del. 2010). Evenflo has failed to identify or argue any such basis—indeed, it cannot, as there is no change in law, no new fact, and, as outlined further below, no possible injustice. Evenflo only seeks, once again, to resurrect an already-rejected argument. "A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made." *Nash v. Connections CSP, Inc.*, No. CV 16-896-GMS, 2017 WL 1224536, at *1 (D. Del. Mar. 31, 2017). Evenflo's request, therefore, must be denied.[1]

For at least the reasons stated herein, Evenflo's Request should be denied.

|  |  |
|---|---|
| | /s/ Karen E. Keller |
| | Karen E. Keller (No. 4489) |
| OF COUNSEL: | SHAW KELLER LLP |
| Shamita D. Etienne-Cummings | I.M. Pei Building |
| Noah A. Brumfield | 1105 North Market Street, 12th Floor |
| David M. Tennant | Wilmington, DE 19801 |
| Jacob Rothenberg | (302) 298-0700 |
| Megan Ines | kkeller@shawkeller.com |
| ALLEN & OVERY LLP | *Attorneys for Plaintiff* |
| 1101 New York Avenue, NW | |
| Washington, DC 20005 | |
| (202) 683-3800 | |

Bijal V. Vakil
Eric E. Lancaster
ALLEN & OVERY LLP
550 High Street, Second Floor
Palo Alto, CA 94301
(650) 388-1650

Majesty Jala
ALLEN & OVERY LLP
1221 Avenue of the Americas
New York, NY 10020
(212) 610-6300

---

[1] In addition, such motions are subject to a meet and confer requirement in Delaware. Del. L.R. 7.1.1. Evenflo made no such effort. Its submission may be denied on this basis alone. *See id.* ("Unless otherwise ordered, failure to" submit a non-dispositive motion with an averment "that a reasonable effort has been made to reach agreement with the opposing party on the matters set forth in the motion," "may result in dismissal of the motion.")

3

Katherine Kieckhafer
ALLEN & OVERY LLP
One Beacon Street
Boston, MA 02108
(857) 353-4500

Dated: January 8, 2023

4