Final

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| WONDERLAND SWITZERLAND AG,<br><br>Plaintiff,<br><br>v.<br><br>EVENFLO COMPANY, INC.,<br><br>Defendant, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:20-cv-00727-JPM |

**FINAL JURY INSTRUCTIONS**

## I. GENERAL INSTRUCTIONS

Ladies and gentlemen of the jury, we have now come to the point in the case when it is my duty to instruct you on the rules of law that you must follow and apply in deciding this case.

As jurors it is your exclusive duty to decide all questions of fact submitted to you and for that purpose to determine the effect and value of the evidence.

You must not be influenced by sympathy, bias, prejudice, or passion.

You must follow the law as I explain it to you whether you agree with it or not. You are not to single out any particular part of the instructions and ignore the rest, but you are to consider all the instructions as a whole and regard each in the light of all the others.

All of the instructions are equally important. The order in which these instructions are given has no significance. You must follow all of the instructions and not single out some and ignore others.

A. Organization Not to Be Prejudiced

In this case, the Plaintiff Wonderland Switzerland AG ("Wonderland"), and Defendant Evenflo Company, Inc. ("Evenflo") are business organizations. The fact that the parties in the case are organizations must not influence you in your deliberations or in your verdict.

You may not discriminate between businesses and natural individuals. Each is a person in the eyes of the law, and each is entitled to the same fair and impartial consideration and to justice by the same legal standards.

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations of life. An organization is entitled to the same fair trial at your hands as a private individual. All persons, including corporations, governments, and government entities, stand equal before the law, and are to be dealt with as equals in a court of justice.

It is your duty to decide this case with the same impartiality you would use in deciding a case between individuals.

B. Organizations/Corporations Act Through Their Authorized Employees or Agents

While Wonderland and Evenflo are the parties in this case, that does not mean that only the actions of each business organization as one body are to be considered by you in determining its claims or defenses. A corporation or business organization acts not only through the policies and decisions it makes, but also through its designated supervisory employees, such as its managers, officers, and others designated by the corporation to act on its behalf.

Pay close attention to the remainder of these instructions. As you apply subsequent portions of these instructions, you will have to determine whether or not individual employees, managers, or agents were authorized to act on behalf of the party you are considering.

C. Burden of Proof and Consideration of the Evidence

I will now instruct you with regard to where the law places the burden of making out and supporting the facts necessary to prove the theories in the case.

When a party denies the material allegations of the other party's claims, the law places upon the party bringing a claim the burden of supporting and making out each element of each claim by the greater weight or preponderance of the evidence.

The preponderance of the evidence means that amount of factual information presented to you in this trial which is sufficient to cause you to believe that an allegation is probably true. In order to preponderate, the evidence must have the greater convincing effect in the formation of your belief. If the evidence on a particular issue appears to be equally balanced, the party having the burden of proving that issue must fail.

You must consider all the evidence pertaining to every issue, regardless of which party presented it.

Wonderland has the burden of proving by the greater weight or preponderance of the evidence each claim asserted in this case. You must consider each claim separately and determine whether or not the plaintiff has established by the greater weight or preponderance of the evidence the facts necessary as to the particular claim you are considering. If Wonderland has proven the facts necessary by the greater weight or preponderance of the evidence as to the claim you are considering, then you must return a verdict for Wonderland. Conversely, if Wonderland has failed to meet its burden as to the claim you are considering, then as to that claim you must return a verdict for Evenflo.

D. Credibility and Weighing of Evidence

You, the members of the jury, are judges of the facts concerning the controversy involved in this lawsuit. In order for you to determine what the true facts are, you are called upon to weigh the testimony of every witness who appears before you and to give the testimony of the witnesses the weight, faith, credit, and value to which you think it is entitled.

You should consider the manner and demeanor of each witness while on the stand.

You must consider whether the witness impressed you as one who was telling the truth or one who was telling a falsehood, and whether or not the witness was a frank witness. You should consider the reasonableness or unreasonableness of the testimony of the witness; the opportunity or lack of opportunity of the witness to know the facts about which he or she testified; the intelligence or lack of intelligence of the witness; the interest of the witness in the result of the lawsuit, if any; the relationship of the witness to any of the parties to the lawsuit, if any; and whether the witness testified inconsistently while on the witness stand or if the witness said or did something or failed to say or do something at any other time that is inconsistent with what the witness said while testifying.

These are the rules that should guide you, along with your common judgment, your common experience, and your common observations gained by you in your various walks of life, in weighing the testimony of the witnesses who have appeared before you in this case.

If there is a conflict between the testimony of different witnesses, it is your duty to reconcile that conflict if you can, because the law presumes that every witness has attempted to and has testified to the truth. But if there is a conflict in the testimony of the witnesses that you are not able to reconcile in accordance with these instructions, then you must determine which of the witnesses you believe have testified to the truth and which ones you believe have testified to a falsehood.

Immaterial discrepancies do not affect a witness's testimony, but material discrepancies do. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

The preponderance of the evidence in a case is not determined by the number of witnesses testifying to a particular fact or a particular set of facts. Rather, it depends on the weight, credit, and value of the total evidence on either side of the issue, and of this you jurors are the exclusive judges.

Remember, you are the sole and exclusive judges of the credibility or believability of the witnesses who testify in this case.

Ultimately, you must decide which witnesses you believe and how important you think their testimony was. You are not required to accept or reject everything a witness says. You are free to believe all, none, or part of any person’s testimony.

E. Impeachment — Inconsistent Statements or Conduct

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something, that is inconsistent with the witness's present testimony.

If you believe that any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness's other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves; you may, of course, accept any part you decide is true. This is all for you, the jury, to decide.

An act or omission is done "knowingly" if committed voluntarily and intentionally, and not because of mistake or accident, or some other innocent reason.

F. Direct and Circumstantial Evidence

There are two kinds of evidence: direct and circumstantial. Direct evidence is testimony by a witness about what a witness personally saw, heard, or did. Circumstantial evidence is indirect evidence—that is, proof of one or more facts from which one can find another fact.

You may consider both direct and circumstantial evidence in deciding this case. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

G. Evidence

You are to decide this case only from the evidence that was received—that is, evidence that was presented for your consideration during the trial. The evidence consists of:

1. The sworn testimony of the witnesses who have testified;
2. The exhibits that were received and marked as evidence;
3. Any facts to which the lawyers for all sides have agreed or stipulated.

H. Stipulations

Stipulations are facts all parties have agreed to. You must take the stipulations to be true. Plaintiff Wonderland and Defendant Evenflo stipulate that the following facts are not disputed:

1. The United States Patent and Trademark Office ("PTO") issued U.S. Patent No. 7,625,043, entitled "Child Car Seat with Multiple Use Configurations," on December 1, 2009.

2. Wonderland is the owner of all substantial rights, title and interest in and to the '043 patent, including the right to sue for infringement.

3. The PTO issued U.S. Patent No. 8,141,951, entitled "Child Safety Seat" on March 27, 2012.

4. Wonderland is the owner of all substantial rights, title and interest in and to the '951 patent, including the right to sue for infringement.

5. Wonderland filed this lawsuit on May 29, 2020.

6. Evenflo has made, used, sold, and offered for sale in the United States, and continues to do so, the EveryFit Car Seat, EveryKid Car Seat, SafeMax Car Seat, Evolve Car Seat, and Transitions Car Seat.

7. It is routine and commonplace in the car seat industry for a company to do competitive research, including breaking down and testing competitors' products. Both Evenflo and Wonderland engage in competitive research.

8. Evenflo was aware of U.S. Patent 7,625,043 in 2014.

I. <u>"Inferences" Defined</u>

Although you are to consider only the evidence in this case, you are not limited to the statements of the witnesses. In other words, you are not limited to what you see and hear as the witnesses testify. You may draw from the facts that you find have been proved such reasonable inferences as seem justified in light of your experience.

Inferences are deductions or conclusions that reason and common sense lead you to make from facts established by the evidence in the case.

J. Statements and Arguments of Counsel

You must not consider as evidence any statements of counsel made during the trial.

If, however, counsel for the parties have stipulated to any fact, or any fact has been admitted by counsel, you will regard that fact as being conclusively established.

As to any questions to which an objection was sustained, you must not speculate as to what the answer might have been or as to the reason for the objection, and you must assume that the answer would be of no value to you in your deliberations.

You must not consider for any purpose any offer of evidence that was rejected, or any evidence that was stricken out by the Court. Such matter is to be treated as though you had never known it.

You must never speculate to be true any insinuation suggested by a question asked of a witness. A question is not evidence. It may be considered only as it supplies meaning to the answer.

K. Totality of the Evidence

You should consider all of the evidence admitted in the case. Testimony and documents which the Court allowed into evidence over a hearsay objection may be considered by you as evidence, on the same basis as all other evidence, for the purpose for which it was admitted. For example, matters and things that a decision maker is told may be considered for the purpose of explaining the basis upon which that person acted or made a decision. This, of course, is all for you, the jury, to decide.

L. Limited Admission of Evidence

You will recall that during the course of this trial, certain evidence was admitted for a limited purpose only. For example, some financial evidence was admitted for the limited purpose of damages. You must not consider such evidence for any other purpose.

M. Juror Notes

If you took notes, please remember that your notes are not evidence. You should keep your notes to yourself. They may only be used to help refresh your personal recollection of the evidence in this case. It is the evidence itself, and not your notes, that you should discuss with the other jurors.

If you cannot recall a particular piece of evidence, you should not be overly influenced by the fact that someone else on the jury appears to have a note regarding that evidence.

Remember, it is your recollection and the collective recollection of all of you upon which you should rely in deciding the facts in the case.

N. Comments by the Court

During the course of this trial, I occasionally asked questions of a witness in order to bring out facts not then fully covered in the testimony. Please do not assume that I hold any opinion on the matters to which my questions may have related. Remember that you, as jurors, are at liberty to disregard all comments of the Court in arriving at your own findings as to the facts.

On the other hand, you are required to follow the Court's instructions on the law, whether you agree with these instructions or not.

O. Opinion Testimony

You have heard the testimony of Kimberly K. Cameron, W. Todd Schoettelkotte, and Corey Campbell, who rendered opinions in this case.

A witness is allowed to express his or her opinion on those matters about which the witness has special knowledge, training, or experience. Opinion testimony is presented to you on the theory that someone who is experienced or knowledgeable in a field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing each opinion witness's testimony, you may consider his or her qualifications, opinions, reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony. You may give opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case.

You should not, however, accept a witness's testimony merely because he or she is an opinion witness. Nor should you substitute it for your own reason, judgment, and common sense. The determination of the facts in this case rests solely with you.

P. Deposition Testimony

Certain testimony has been placed into evidence by the playing of video depositions. A deposition is testimony taken under oath in advance of this trial and preserved in writing or on video tape. You are to consider all such testimony as if it had been given in person in this Court.

Q. Demonstratives

Certain demonstratives have been shown to you in order to help explain facts disclosed by books, records, and other documents that are in evidence in the case. These demonstratives are not themselves evidence or proof of any facts. If a demonstrative did not correctly reflect the facts or figures shown by the evidence in the case, you should disregard that demonstrative.

## II. STATEMENT OF THE CASE

This matter involves a civil action for patent infringement arising under the patent laws of the United States. The parties in this case are the patent owner, Wonderland Switzerland AG ("Wonderland") and alleged infringer Evenflo Company, Inc. ("Evenflo"). The case involves United States Patent Nos. 7,625,043 and 8,141,951. For your convenience, the parties and I often referred to these patents by the last three numbers, that is the '043 patent and '951 patent. I will also refer to them as the "Asserted Patents." A copy of these patents has been given to you in the binders you have received. Both patents relate to children's car seats.

Wonderland filed suit in this court seeking monetary damages from Evenflo for allegedly infringing the '043 and '951 patents by making, importing, using, selling, or offering for sale in the United States, or importing into the United States, children's car seats that Wonderland says are covered by claim 1 of the '043 patent and claims 1, 4, 5, and 6 of the '951 patent. We may refer to these as the "Asserted Claims." The products that are alleged to infringe one or more claims are Evenflo's EveryFit 4-in-1 Car Seat ("EveryFit Car Seat"), EveryKid 4-in-1 Car Seat ("EveryKid Car Seat"), SafeMax 3-in-1 Car Seat ("SafeMax Car Seat"), Evolve 3-in-1 Car Seat ("Evolve Car Seat"), and Transitions 3-in-1 Car Seat ("Transitions Car Seat").

Evenflo denies that it has infringed the Asserted Claims.

Your job will be to decide whether or not the Asserted Claims have been infringed. If you decide that any claim of the Asserted Patents has been infringed, you will then need to decide any monetary damages to be awarded to Wonderland to compensate it for the infringement. You will also need to make a finding as to whether the infringement of the '043 patent was willful. If you decide that any infringement was willful, that decision should not affect any damages award you give. I will take willfulness into account later.

## III. APPLICABLE LAW

A. Legal Theories of the Case

Turning now to the legal theories in the case, it is my duty to tell you what the law is. If a lawyer or party has told you that the law is different from what I tell you it is, you must, of course, take the law as I give it to you. That is my duty. But it is your duty, and your duty alone, to determine what the facts are and after you have determined what the facts are, to apply the law to those facts, free from any bias, prejudice, or sympathy, either one way or the other.

B. Patent Claims

Before you can decide many of the issues in this case, you will need to understand the role of patent "claims." The patent claims are the numbered sentences at the end of each patent. The claims are important because it is the words of the claims that define what a patent covers. The figures and text in the rest of the patent provide a description and/or examples of the invention and provide a context for the claims, but it is the claims that define the breadth of the patent's coverage. Therefore, what a patent covers depends, in turn, on what each of its claims covers.

To know what a claim covers, a claim sets forth, in words, a set of requirements. Each claim sets forth its requirements in a single sentence. The requirements of a claim are often referred to as "claim elements" or "claim limitations." The coverage of a patent is assessed claim-by-claim. When a thing (such as a product or a process) meets all of the requirements of a claim, the claim is said to "cover" that thing, and that thing is said to "fall" within the scope of that claim. In other words, a claim covers a product where each of the claim elements or limitations is present in that product.

You will first need to understand what each claim covers in order to decide whether or not there is infringement of the claim. The first step is to understand the meaning of the words used in the patent claim.

The law says that it is my role to define the terms of the claims and it is your role to apply my definitions of the terms I have construed to the issues that you are asked to decide in this case. Therefore, as I explained to you at the start of the case, I have determined the meaning of certain claim terms and I have provided to you my definitions of certain claim terms. You must accept my definitions of these words in the claims as being correct. It is your job to take these definitions

and apply them to the issues that you are deciding, including the issue of infringement. The three terms that I have construed, that is, defined are shown below:

| Claim Term | Court's Construction |
|---|---|
| Receptacle | "a three dimensional space sized to receive an attachment arm" |
| Engagement | plain and ordinary meaning |
| Connected to | plain and ordinary meaning.<br>"Connected to" can refer not only to separate pieces that are later connected, but also to different parts or features that are discrete yet formed out of a continuous base material. |

The beginning portion, also known as the preamble, of a claim often uses the word "comprising." The word "comprising," when used in the preamble, means "including but not limited to" or "containing but not limited to." When "comprising" is used in the preamble, if you decide that an accused product includes all of the requirements of that claim, the claim is infringed. This is true even if the accused product contains additional elements.

For any words in the claim for which I have not provided you with a definition, or for which I have told you the definition is the "plain and ordinary meaning" of the term as used in the patent, you should apply the ordinary meaning of those terms in the field of the patent. I need to make clear that the term "backrest" must be understood from the perspective of a person having ordinary skill in the art reading the patent.

You should not take my definition of the language of the claims as an indication that I have a view regarding how you should decide the issues that you are being asked to decide, such as infringement. These issues are yours to decide.

C. Independent and Dependent Claims

The patents involve two types of patent claims. These two types of claims are "independent" claims and "dependent" claims. There are both independent and dependent claims asserted in this case.

An "independent claim" sets forth all of the requirements that must be met in order to be covered by that claim. Thus, it is not necessary to look at any other claim to determine what an independent claim covers. In this case, Claim 1 of the '043 Patent and Claim 1 of the '951 Patent are each independent claims.

A "dependent claim" does not itself recite all of the requirements of the claim but refers to another claim in the patent for some of its requirements. In this way, the claim "depends" on another claim. A dependent claim incorporates all of the requirements of the claim(s) to which it refers. The dependent claim then adds its own additional requirements. Therefore, to determine what a dependent claim covers, it is necessary to look at both the dependent claim and the other claim or claims to which it refers. A product that meets all of the requirements of both the dependent claim and the claim to which it refers is covered by that dependent claim. In this case, Claims 4, 5, and 6 of the '951 Patent are each dependent claims that refer and "depend" on Claim 1 of the '951 Patent.

You are not to be concerned about any other claims in the patents at issue in this case. Consider only the five claims I have identified in these instructions as you decide the issues before you in this case.

D. Patent Infringement Generally

I will now instruct you how to decide whether or not Wonderland has proven that Evenflo has infringed the Asserted Patents. Infringement is assessed on a claim-by-claim basis. Therefore, there may be infringement as to one claim but not infringement as to another.

In this case, a claim may be infringed by direct infringement. Direct infringement may be literal or under the doctrine of equivalents.

In this case, Wonderland has alleged that Evenflo directly infringes both the ’043 Patent and the ’951 Patent by both literal infringement and under the doctrine of equivalents.

In order to prove infringement, Wonderland must prove that the requirements for infringement are met by a preponderance of the evidence, that is, that it is more likely than not that all of the requirements of infringement have been proved.

I will now explain direct infringement in more detail.

E. Direct Infringement by "Literal Infringement"

In order to prove direct infringement by literal infringement, Wonderland must prove by a preponderance of the evidence, that is, that it is more likely than not, that Evenflo made, used, sold, offered for sale within, or imported into the United States a product that meets all of the requirements of a claim and did so without the permission of Wonderland during the time the Asserted Patents were in force.

A party can directly infringe a patent without knowing of the patent or without knowing that what the party is doing is patent infringement. Even if the party independently creates the accused product, it can still infringe. Further, even if a party has its own patents it can still infringe another party's patent. The existence of one's own patent is not a defense to infringement of someone else's patent.

You must compare each accused product with each and every one of the requirements of a claim to determine whether all of the requirements of that claim are met. The fact that an accused product also includes other elements does not avoid infringement, as long as the accused product has every requirement in the patent claim. Remember, however, that if an accused product does not include an element recited in a claim, then it does not infringe that claim.

You must determine, separately for each asserted claim, whether or not there is infringement. For a dependent claim, if you find that the independent claim to which it refers is not infringed, then there cannot be infringement of that dependent claim.

You must separately decide whether each accused product infringes each Asserted Claim.

F. Direct Infringement by "Doctrine of Equivalents"

If a company makes, uses, sells, offers to sell within, or imports into the United States a product that does not literally meet all of the elements of a claim and thus does not literally infringe that claim, there can still be direct infringement if that product satisfies the claim elements "under the doctrine of equivalents."

Under the doctrine of equivalents, a product infringes a claim if the accused product contains elements that literally meet or are equivalent to each and every element of the claim. You may find that an element is equivalent to an element of a claim that is not met literally if a person having ordinary skill in the art would have considered the differences between the literal requirement and the actual element to be "insubstantial" or would have found that the structure: (1) performs substantially the same function, (2) works in substantially the same way, and (3) achieves substantially the same result as the element of the claim.

In order to prove infringement by "equivalents," Wonderland must prove the equivalency of the accused products to the claim element by a preponderance of the evidence. Thus, each element of a claim must be met by the accused products either literally or under the doctrine of equivalents for you to find infringement.

Known interchangeability of the claim element and the proposed equivalent is a factor that can support a finding of infringement under the doctrine of equivalents. In order for the structure to be considered interchangeable, the claim elements must have been known at the time of the alleged infringement to a person having ordinary skill in the field of technology of the patent. Interchangeability at the present time is not sufficient.

As noted above, the doctrine of equivalents is determined from the perspective of a person having ordinary skill in the art. A "person having ordinary skill in the art" is a person having

ordinary skill in the field of technology of the invention at the time of the alleged infringement. In deciding what the level of ordinary skill in the field of car seat design is, you should consider all the evidence introduced at trial, including: (1) the levels of education and experience of the inventor and other persons actively working in the field; (2) the types of problems encountered in the field; (3) prior art solutions to those problems; (4) rapidity with which innovations are made; and (5) the sophistication of the technology.

G. Willful Infringement

In this case, Wonderland alleges that Evenflo willfully infringed the '043 Patent. Wonderland does not allege that Evenflo has willfully infringed the '951 Patent. If you have decided that Evenflo has infringed the '043 Patent, you must go on and address the additional issue of whether or not this infringement was willful. Willfulness requires you to determine whether Wonderland proved that it is more likely than not that Evenflo knew of Wonderland's patent and that the infringement by Evenflo was intentional or deliberate. You may not determine that the infringement was willful just because Evenflo was aware of the '043 Patent and infringed it. Instead, you must also find that Evenflo intentionally or deliberately infringed the '043 Patent. A finding of willfulness may rest on the bad faith of the infringer.

To determine whether Evenflo acted willfully, consider all facts and assess Evenflo's knowledge at the time of the challenged conduct. Facts that may be considered include, but are not limited, to:

**(1)** Whether or not Evenflo acted consistently with the standards of behavior for its industry;

**(2)** Whether or not Evenflo intentionally copied a product of Wonderland that is covered by the '043 Patent;

**(3)** Whether or not Evenflo reasonably believed it did not infringe the '043 Patent

**(4)** Whether or not Evenflo made a good-faith effort to avoid infringing the '043 Patent, for example, whether Evenflo attempted to design around the '043 Patent; and

**(5)** Whether or not Evenflo tried to cover up its infringement.

# IV. DAMAGES

A. Patent Damages

If you find that Evenflo infringed any asserted claim of the '043 or '951 Patents, you must then consider what amount of damages to award to Wonderland. I will now instruct you about the measure of damages. By instructing you on damages, I am not suggesting which party should win this case, on any issue. I am expressing no opinion one way or the other. If you find that Evenflo has not infringed any claim of either patent, then Wonderland is not entitled to any damages.

The damages you award must be adequate to compensate Wonderland for the infringement. Damages are not meant to punish an infringer. Your damages award, if you find that Evenflo infringed any claim of the '043 Patent or the '951 Patent, should put Wonderland in approximately the same financial position that it would have been in had the infringement not occurred.

Wonderland has the burden to establish the amount of its damages by a preponderance of the evidence. In other words, you should award only those damages that Wonderland establishes that it more likely than not has suffered. While Wonderland is not required to prove the amount of its damages with mathematical precision, it must prove them with reasonable certainty. You may not award damages that are speculative, damages that are only possible, or damages that are based on guesswork.

In determining infringement damages, you must not consider Wonderland's allegations of willfulness, or consider any evidence relating to those allegations. The consideration of willfulness, if any, is entirely separate from the question of any infringement damages that you are asked to determine. Nor should you include any amount in your infringement damages award for interest, attorneys' fees or other expenses.

B. Reasonable Royalty – Entitlement

In this case, Wonderland seeks a reasonable royalty. If you find that Wonderland has proven infringement of any Asserted Claim, Wonderland is entitled to at least a reasonable royalty to compensate it for that infringement.

C. Reasonable Royalty – Definition

A royalty is a payment made to a patent holder in exchange for the right to make, use, or sell the claimed invention. A reasonable royalty is the amount of payment that a patent holder and the alleged infringer would have agreed to in a hypothetical negotiation taking place at a time prior to when the infringement first began. In considering this hypothetical negotiation, you should focus on what the expectations of the patent holder and the alleged infringer would have been had they entered into an agreement at that time, and had they acted reasonably in their negotiations. In determining this, you must assume that both parties believed the patent was infringed and that both parties were willing to enter into an agreement.

The reasonable royalty you determine must be a royalty that would have resulted from the hypothetical negotiation, and not simply a royalty either party would have preferred. Evidence of things that happened after the infringement first began can be considered in evaluating the reasonable royalty to the extent that the evidence aids in assessing what royalty would have resulted from a hypothetical negotiation just prior to the first infringement.

D. Reasonable Royalty – Lump Sum versus Running Royalty

A reasonable royalty can be paid either in the form of a one-time lump sum payment or as a "running royalty." Either method is designed to compensate the patent holder based on the infringer's use of the patented technology. It is up to you, based on the evidence, to decide what type of royalty, if any, is appropriate in this case.

Reasonable royalty awards can take the form of a lump sum payment. A lump sum payment is equal to an amount that the alleged infringer would have paid at the time of a hypothetical negotiation for a license covering all sales of the licensed product, both past and future. When a lump sum is paid, the infringer pays a single price for a license covering both past and future infringing sales.

Reasonable royalty awards may also take the form of a running royalty based on the revenue from or the volume of sales of licensed products. A running royalty can be calculated, for example, by multiplying a royalty base by a royalty rate, or by multiplying the number of infringing products or product units sold by a royalty amount per unit.

E. Reasonable Royalty – Multiple Patents

If you find that Evenflo infringed more than one patent, even by a single infringing act, then you may award separate royalties to Wonderland for each patent that was infringed. You also may consider the number of patent licenses that are needed for the allegedly infringing product and the effect on the hypothetical negotiation of having to pay a royalty for each of those licenses.

F. Reasonable Royalty – Relevant Factors

In determining the reasonable royalty, you should consider all the facts known and available to the parties at the time the infringement began. Some of the kinds of factors that you may consider in making your determination are:

**(1)** The royalties received by Wonderland for licensing of the patent-in-suit, proving or tending to prove an established royalty.

**(2)** The rates paid by Evenflo for the use of other patents comparable to the patent-in-suit.

**(3)** The nature and scope of the license, as exclusive or nonexclusive, or as restricted or nonrestricted in terms of territory or with respect to whom the manufactured product may be sold.

**(4)** Wonderland's established policy and marketing program to maintain its patent monopoly by not licensing others to use the invention or by granting licenses under special conditions designed to preserve that monopoly.

**(5)** The commercial relationship between Wonderland and Evenflo, such as whether they are competitors in the same territory in the same line of business, or whether they are inventor and promoter.

**(6)** The effect of selling the patented specialty in promoting sales of other products of Evenflo, the existing value of the invention to Wonderland as a generator of sales of its nonpatented items, and the extent of such derivative or convoyed sales.

**(7)** The duration of the patent and the term of the license.

**(8)** The established profitability of the product made under the patents, its commercial success, and its current popularity.

**(9)** The utility and advantages of the patented property over the old modes or devices, if any, that had been used for working out similar results.

**(10)** The nature of the patented invention, the character of the commercial embodiment of it as owned and produced by Wonderland, and the benefits to those who have used the invention.

**(11)** The extent to which Evenflo has made use of the invention and any evidence probative of the value of that use.

**(12)** The portion of the profit or of the selling price that may be customary in the particular business or in comparable business to allow for the use of the invention or analogous inventions.

**(13)** The portion of the realizable profits that should be credited to the invention as distinguished from nonpatented elements, the manufacturing process, business risks, or significant features or improvements added by the infringer.

**(14)** The opinion and testimony of qualified individuals who are allowed to express an opinion, that is, experts.

**(15)** The amount that a licensor (such as Wonderland) and a licensee (such as Evenflo) would have agreed upon (at the time the infringement began) if both had been reasonably and voluntarily trying to reach an agreement; that is, the amount which a prudent licensee—who desired, as a business proposition, to obtain a license to manufacture and sell a particular article embodying the patented invention—would have been willing to pay as a royalty and yet be able to make a reasonable profit and which amount would have been acceptable by a prudent patentee who was willing to grant a license.

No one factor is dispositive and you can and should consider the evidence that has been presented to you in this case on each of these factors. You may also consider any other factors which in your mind would have increased or decreased the royalty the alleged infringer would have been willing to pay and the patent holder would have been willing to accept, acting as normally prudent business people.

G. Reasonable Royalty – Availability of Non-Infringing Substitutes

In determining a reasonable royalty, you may also consider evidence concerning the availability and cost of non-infringing alternatives to the patented invention. A non-infringing alternative must be an acceptable product that is licensed under the patent or that does not infringe the patent.

.

H. Damages – Comparable Agreements

Comparable license agreements are one factor that may inform your decision as to the proper amount and form of the reasonable royalty award, similar to the way in which the value of a house is determined relative to comparable houses sold in the same neighborhood.

Whether a license agreement is comparable to the license under the hypothetical license scenario depends on many factors, such as whether they involve comparable technologies, comparable economic circumstances, comparable structure, and comparable scope. If there are differences between a license agreement and the hypothetical license, you must take those into account when you make your reasonable royalty determination.

The hypothetical license is deemed to be a voluntary agreement. When determining if a license agreement is comparable to the hypothetical license, you may consider whether the license agreement is between parties to a lawsuit and whether the license agreement was a settlement influenced by a desire to avoid further litigation.

I. Damages – Apportionment

The amount you find as damages must be based on the value attributable to the patented invention, as distinct from unpatented features of the accused product or other factors such as marketing or advertising, or Wonderland's size or market position. A royalty compensating the patent holder for damages must reflect the value attributable to the infringing features of the product, and no more. The process of separating the value of the allegedly infringing features from the value of all other features is called apportionment. When the accused infringing products have both patented and unpatented features, your award must be apportioned so that it is based only on the value of the patented features, and no more.

## V. VERDICT

Finally, ladies and gentlemen, we come to the point where we will discuss the form of your verdict and the process of your deliberations. You will be taking with you to the jury room a verdict form that will reflect your findings. The verdict form reads as follows:

[Read Verdict Form]

You will be selecting a Foreperson after you retire to the jury room. That person will preside over your deliberations and be your spokesperson here in court. When you have completed your deliberations, your Foreperson will fill in, and all of you will sign, the verdict form.

Each of you should deliberate and vote on each issue to be decided.

Before you return your verdict, however, each of you must agree on the answer to each question so that each of you will be able to state truthfully that the verdict is yours.

The verdict you return to the Court must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree to each answer. Your verdict must be unanimous.

It is your duty to consult with one another and to reach an agreement if you can do so without violence to your individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views and to change your mind if you are convinced that you were wrong. But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

We will be sending with you to the jury room all of the exhibits that have been marked and received in the case. You may not have seen all of these previously and they will be there for your

review and consideration. You may take a break before you begin deliberating, but do not begin to deliberate and do not discuss the case at any time unless all of you are present together in the jury room. Some of you have taken notes. I remind you that these are for your own individual use only and are to be used by you only to refresh your recollection about the case. They are not to be shown to others or otherwise used as a basis for your discussion about the case.

If a question arises during deliberations and you need further instructions, please write your question on a sheet of paper, knock on the door of the jury room, and give the question to the court security officer.

I will review your question, and after consulting with all counsel in the case, will either respond to your question in writing or have you return to the courtroom for further oral instructions. Please understand that I may only answer questions about the law and I cannot answer questions about the evidence. I caution you, however, that with regard to any message or question you might send me, you should not tell me your numerical division at any time.

I remind you that you are to decide this case based only on the evidence you have heard in court and on the law I have given you. You are prohibited from considering any other information and you are not to consult any outside sources for information. You must not communicate with or provide any information, photographs, or video to anyone by any means about this case or your deliberations. You may not use any electronic device or media, such as a telephone, cell phone, smart phone or computer; the Internet, any text or instant messaging service; or any chat room, blog, or website such as Facebook, Instagram, LinkedIn, YouTube, Twitter, or TikTok to communicate with anyone or to conduct any research about this case.