# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WONDERLAND SWITZERLAND AG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 20-727-JPM |
| | ) | |
| EVENFLO COMPANY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## WONDERLAND'S ANSWERING BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO AMEND THE JUDGMENT

OF COUNSEL:
Noah A. Brumfield
David M. Tennant
Shamita D. Etienne-Cummings
Jacob Rothenberg
Megan Ines
ALLEN & OVERY LLP
1101 New York Avenue, NW
Washington, DC 20005
(202) 683-3800

Bijal V. Vakil
Eric E. Lancaster
ALLEN & OVERY LLP
550 High Street, Second Floor
Palo Alto, CA 94301
(650) 388-1650

Majesty Jala
ALLEN & OVERY LLP
1221 Avenue of the Americas
New York, NY 10020
(212) 610-6300

Karen E. Keller (No. 4489)
Emily S. DiBenedetto (No. 6779)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
edibenedetto@shawkeller.com
*Attorneys for Plaintiff*

Katherine Kieckhafer
ALLEN & OVERY LLP
One Beacon Street
Boston, MA 02108
(857) 353-4500

Dated: March 15, 2023

## TABLE OF CONTENTS

I.     INTRODUCTION ................................................................................................. 1

II.    EVENFLO'S MOTION TO AMEND THE JUDGMENT SHOULD BE DENIED ......... 1

     A.     Evenflo's Proposed Amendments Serve No Useful Purpose .................................1

     B.     If The Court Is Inclined To Amend, Then The Judgment Should Reflect The Entirety Of The Jury Verdict ...........................................................................4

III.    CONCLUSION.................................................................................................... 6

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*B. Braun Melsungen AG v. Terumo Medical Corp.*,
   C.A. No. 09-00347-LPS (D. Del. 2010) .........................................................2, 3, 4

*Dale Elecs., Inc. v. R.C.L. Elecs., Inc.*,
   488 F.2d 382 (1st Cir. 1973) .......................................................................................1

*Evonik Degussa GmbH v. Materia Inc.*,
   C.A. No. 09-00636-NLH-JS (D. Del. 2017) .............................................................3

*Freeman v. Pittsburgh Glass Works, LLC*,
   709 F.3d 240 (3d Cir. 2013) .......................................................................................4

*Graver Tank & Mfg. Co. v. Linde Air Products Co.*,
   339 U.S. 605 (1950) ....................................................................................................2

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
   579 U.S. 93 (2016) ......................................................................................................3

*NexStep, Inc. v. Comcast Cable Commc'ns, LLC*,
   C.A. No. 19-1031-RGA-SRF (D. Del. 2021) ........................................................3, 4

*Penn W. Assocs., Inc. v. Cohen*,
   371 F.3d 118 (3d Cir. 2004) .......................................................................................4

*TrustID, Inc. v. Next Caller, Inc.*,
   C.A. No. 18-172-MN (D. Del. 2021) ..........................................................................3

**Other Authorities**

11 Fed. Prac. & Proc. Civ. § 2810.1 (3d ed.) ............................................................1

Fed. R. Civ. P. 59 .............................................................................................................1

## I.      INTRODUCTION

Evenflo's Rule 59(e) Motion to Amend the Judgment (D.I. 228, "Mot.") amounts to little more than a wish list of edits that Evenflo would have the Court implement, and should therefore be denied.  Evenflo fails to identify: (1) any useful purpose served by its motion; (2) any authority requiring or even supporting amendment; and (3) any legally cognizable basis for amending the Judgment (D.I. 210).  As such, the motion has failed to provide a basis for this Court to amend the Judgment.  If the Court is inclined to do so, however, then Evenflo's proposed amendments should at least be counterbalanced by further amendments as described below—including an acknowledgement that the jury expressly awarded a running royalty.

## II.     EVENFLO'S MOTION TO AMEND THE JUDGMENT SHOULD BE DENIED

### A.      Evenflo's Proposed Amendments Serve No Useful Purpose

Evenflo's motion should be denied because it fails to serve any useful purpose.  Courts have previously denied Rule 59(e) motions to amend under similar circumstances.  *See, e.g.*, *Dale Elecs., Inc. v. R.C.L. Elecs., Inc.*, 488 F.2d 382, 389 (1st Cir. 1973) (affirming district court's rejection of a Rule 59 "motion not being aimed at the judgment but at implications which might be drawn from it"); *see also* 11 FED. PRAC. & PROC. CIV. § 2810.1 n.24 (3d ed.) (collecting cases).

Evenflo provides two purported bases to amend the Judgment, Mot. 2-3, but neither serves any useful purpose.  Both arguments are without merit and should be rejected accordingly.

***First, "reflect[ing] the complete jury verdict" is not a basis to amend the Judgment.***  In support of its requested list of amendments, Evenflo merely asserts that the Judgment is "not fully reflective of the jury verdict."  Mot. 2.  As an initial matter, Evenflo fails to identify any authority requiring that a judgment must somehow be more "fully reflective" of the jury verdict.  *Id.*  The Judgment reflects the jury verdict and Evenflo fails to provide any useful purpose that its list of amendments would serve in this action.  *Id.*  The jury's verdict form is already publicly available

on the docket, so an additional recitation of its findings would not serve any meaningful purpose. D.I. 208.

Evenflo requests that the Court amend the Judgment to distinguish between literal infringement and infringement under the doctrine of equivalents (Mot. 2, items (1) and (2)), but the Judgment already accounts for infringement on a claim-by-claim basis, and infringement under the doctrine of equivalents counts no less than literal infringement. *See Graver Tank & Mfg. Co. v. Linde Air Products Co.*, 339 U.S. 605, 607 (1950) ("[T]o permit imitation of a patented invention which does not copy every literal detail would be to convert the protection of the patent grant into a hollow and useless thing."). Evenflo does not justify the necessity or utility of the distinction. And indeed, including that distinction is unnecessary, as confirmed by past practice in this District. In *B. Braun v. Terumo*, for example, the jury found no literal infringement while finding infringement under the doctrine of equivalents. *B. Braun Melsungen AG v. Terumo Medical Corp.*, C.A. No. 09-00347-LPS, D.I. 341, at 1-2 (D. Del. 2010) (attached as Ex. 1). The judgment that followed only references the jury's finding of "infringement" of the asserted claims, without reference to any particular theory of infringement. *Id.*, D.I. 421 (Ex. 3).[1] Similarly, in *NexStep v. Comcast Cable*, the jury found infringement exclusively under the doctrine of equivalents, and the court entered "judgment of infringement" without further detail as to the theory. *NexStep, Inc. v. Comcast Cable Commc'ns, LLC*, C.A. No. 19-1031-RGA-SRF, D.I. 331, 341 (D. Del. 2021) (Exs. 5-6).

Evenflo further requests that the Court amend the judgment to include the jury's finding that Evenflo's infringement of the '043 patent was not willful. Mot. 2 (item (3)). Evenflo again

---

[1] While the judgment in *B. Braun* followed the parties' post-trial briefing, the court denied both parties' post-trial motions and explained that it would "enter judgment consistent with the jury verdict." *B. Braun*, D.I. 416 at 1 (Ex. 2).

2

does not explain why such a recital is necessary or useful.  *See id.*  There is no need to include a finding of no willful infringement because infringement is not willful—and damages are not enhanced—unless proven otherwise.  *See, e.g.*, *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 103 (2016) ("Awards of enhanced damages under the Patent Act over the past 180 years establish that they are not to be meted out in a typical infringement case, but are instead designed as a 'punitive' or 'vindictive' sanction for egregious infringement behavior.").  Again, past practice in this District confirms that such a recital is unnecessary.  For example, in *Evonik Degussa v. Materia*, the jury found infringement, but declined to find that the infringement was willful.  *Evonik Degussa GmbH v. Materia Inc.*, C.A. No. 09-00636-NLH-JS, D.I. 904, at 2-3 (D. Del. 2017) (Ex. 7).  The corresponding judgment did not include any reference to willfulness, despite including a damages award for "pre-verdict infringement."  *Id.*, D.I. 971 (Ex. 8).

   ***Second, administrative closure is not a basis to amend the Judgment.***  Evenflo points to the administrative closure of this action as another basis to amend the Judgment.  Mot. 3.  This action was administratively closed following the entry of Judgment on January 18, 2023.  In view of the administrative closure and the parties' ongoing post-trial briefing, Evenflo proposes further amending the Judgment "to make clear that it is a judgment following the jury verdict."  *Id.*  Evenflo appears to seek an amended title ("Amended Judgment Following Jury Verdict") and a statement that the Judgment is subject to the post-trial briefing schedule.  *See* D.I. 228-1.

   Once again, Evenflo does not explain what useful purpose its proposed amendments would serve, nor is any meaningful purpose apparent.  The Judgment already references the jury's verdict and expressly states that it is entered "in accordance with the jury verdict."  D.I. 210.  The Judgment does not bear the title "Final Judgment," or otherwise indicate that it is final for appeal.  *See id.*; *cf. B. Braun*, D.I. 433 (Ex. 4) (entitled "Final Judgment"); *TrustID, Inc. v. Next Caller,*

3

*Inc.*, C.A. No. 18-172-MN, D.I. 332 (D. Del. 2021) (Ex. 9) (entitled "Final Judgment" and specifying deadline for motions for costs and attorneys' fees following appeal).[2]  The parties' post-trial briefing schedule is already on the docket, D.I. 218, and the parties have already filed opening post-trial briefs, D.I. 226-38.  Indeed, post-trial briefing will likely be complete by the time the Court decides the instant Motion, so any amendment to state that the Judgment is subject to post-trial briefing will already be rendered moot.

Administrative closure, furthermore, has no legal consequence.  *Penn W. Assocs., Inc. v. Cohen*, 371 F.3d 118, 128 (3d Cir. 2004).  Administrative closings are not final orders, and they have no effect on this Court's jurisdiction.  *Freeman v. Pittsburgh Glass Works, LLC*, 709 F.3d 240, 247 (3d Cir. 2013).  Instead, administrative closings are for the Court's management of its active docket.  *Id.*; *see also Penn*, 371 F.3d at 128.  The Court retains authority to reinstate this action at its discretion at any time.  *Penn*, 371 F.3d at 127.  Wonderland does not oppose reactivating this action if that is the Court's preference to manage its active docket.  The administrative closure of this case does not, however, provide a basis to amend the Judgment.

### B.    If The Court Is Inclined To Amend, Then The Judgment Should Reflect The Entirety Of The Jury Verdict

Despite Evenflo's professed desire to have the Judgment reflect "the ***complete*** jury verdict," Evenflo's proposed amendments omit important substantive aspects of the jury's verdict—e.g., that the jury awarded a running royalty.  Mot. 2 (emphasis added).  So, if the Court is inclined to amend the Judgment based on Evenflo's motion, then the Court should ensure that it also addresses the following aspects in order to avoid any confusion.  In particular, amendments setting out the scope of the running royalty owed to Wonderland are important in view of Evenflo's

---

[2]  The judgment in *Evonik Degussa* is entitled "Judgment Following Jury Verdict," D.I. 971 (Ex. 8), but past practice in this District confirms that such a title is not required.  *E.g.*, *B. Braun*, D.I. 421 (Ex. 3) (entitled "Judgment in a Civil Case"); *NexStep*, D.I. 341 (Ex. 6) ("Trial Verdict").

current position that it owes ***nothing*** for its post-trial infringement in the prior litigation.  *See* D.I. 236 (Wonderland's brief in support of its motion for prospective relief).

Any amendment to the Judgment should include the jury's express finding that its damages award is based upon a ***running*** royalty of $4.00 per unit for the '043 patent, and $0.50 per unit for the '951 patent.  D.I. 208 at 5.  Any amendment to the Judgment should also note the applicable damages period, including that the damages award of $2,933,743.50 is only for infringing sales through December 8, 2022, and remains subject to supplementation and pre- and post-judgment interest.  D.I. 230.  Any amendments should not reset the starting date for Evenflo's post-judgment infringement, which is ongoing and should be subject to an enhanced royalty until enjoined.  *See* D.I. 236.

To the extent that any of Wonderland's post-trial motions remain pending at the time the Court decides the instant motion, any amended Judgment should note the pending motions.  For example, any amended Judgment should not disrupt or otherwise reset post-judgment interest on the jury's damages award, which is currently accumulating on a daily basis in accordance with statute.  D.I. 230 at 4-5.

Finally, in accordance with the Court's stipulated order on post-trial briefing, D.I. 218, any amended Judgment should note that motions for attorneys' fees and costs will be deferred until fourteen days after the time for appeal has expired or within fourteen days after issuance of a mandate from the appellate court.

Wonderland does not contend that these amendments are necessary or appropriate based on the rationale provided by Evenflo.  But if the Court is inclined to enter an amended, "complete" Judgment, then Wonderland respectfully requests that the amended Judgment also reflect the above considerations to counterbalance Evenflo's amendments.

## III.   CONCLUSION

For the reasons set forth above, the Court should deny Evenflo's motion to amend the Judgment.  If the Court is inclined to amend the Judgment, Wonderland respectfully requests that any amended Judgment also address the considerations set forth above.

Respectfully submitted,

*/s/ Emily S. DiBenedetto*
Karen E. Keller (No. 4489)
Emily S. DiBenedetto (No. 6779)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
edibenedetto@shawkeller.com
*Attorneys for Plaintiff*

OF COUNSEL:
Noah A. Brumfield
David M. Tennant
Shamita D. Etienne-Cummings
Jacob Rothenberg
Megan Ines
ALLEN & OVERY LLP
1101 New York Avenue, NW
Washington, DC 20005
(202) 683-3800

Bijal V. Vakil
Eric E. Lancaster
ALLEN & OVERY LLP
550 High Street, Second Floor
Palo Alto, CA 94301
(650) 388-1650

Majesty Jala
ALLEN & OVERY LLP
1221 Avenue of the Americas
New York, NY 10020
(212) 610-6300

Katherine Kieckhafer
ALLEN & OVERY LLP
One Beacon Street
Boston, MA 02108
(857) 353-4500

Dated: March 15, 2023