**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| WONDERLAND SWITZERLAND AG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:20-cv-00727-JPM |
| v. | ) | |
| | ) | |
| EVENFLO COMPANY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING THE PARTIES' CROSS MOTIONS TO ALTER THE
JUDGMENT UNDER RULE 59(E)**

Before the Court is Defendant Evenflo Company, Inc.'s ("Evenflo") Rule 59(e) Motion to Amend the Judgment, filed on February 15, 2023. (ECF No. 228.) Also before the Court is Plaintiff Wonderland Switzerland AG's ("Wonderland") Motion to Amend Judgment to Include Supplemental Damages and Interest, also filed on February 15, 2023. (ECF No. 229.) Both Motions are **GRANTED**.

**I.      BACKGROUND**

This is an action under United States patent law, 35 U.S.C. §§ 100 *et seq*. (ECF No. 41.) Wonderland alleges that Evenflo infringes US Patent No. 7,625,043 ("the '043 Patent") and U.S. Patent No. 8,141,951 ("the '951 Patent") through the manufacture and sale of its EveryFit and EveryKid 4-in-1 car seats and its Evolve, SafeMax, and Transitions 3-in-1 car seats. (See ECF No. 41.)

The Court conducted jury selection on January 6, 2023 and held a 5-day jury trial between January 9, 2023 and January 13, 2023. (ECF Nos. 245–250.) The jury returned a verdict on

January 13, 2023, finding that Evenflo infringed one or more claims of both the '043 Patent and the '951 Patent with each of the Accused Products, but that Evenflo's infringement was not willful. (ECF No. 207.)  The Court entered Judgment in Wonderland's favor on January 18, 2023.  (ECF No. 210.)

Evenflo filed its Rule 59(e) Motion to Amend the Judgment on February 15, 2023.  (ECF No. 228.)  Wonderland filed its Answering Brief in Opposition on March 15, 2023.  (ECF No. 251.)  Evenflo filed its Reply Brief on March 29, 2023.  (ECF No. 263.)

Wonderland filed its Motion to Amend Judgment to Include Supplemental Damages and Interest along with an accompanying Opening Brief and two (2) Declarations on February 15, 2023.  (ECF Nos. 229, 230, 231, 232.)  Evenflo filed its Answering Brief in Opposition on March 15, 2023.  (ECF No. 256.)  Wonderland filed its Reply Brief on March 29, 2023.  (ECF No. 266.)

The Court held a hearing on both Motions, as well as on other pending motions, on May 3, 2023.  (ECF No. 279.)

## II.    LEGAL STANDARD

Whether to grant a timely Rule 59(e) motion to amend a judgment is "addressed to the sound discretion of the district court."  Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 272 (3d Cir. 2001).  "'[F]ederal courts generally have [used] Rule 59(e) only' to 'reconsider[ ] matters properly encompassed in a decision on the merits.'"  Banister v. Davis, 140 S.Ct. 1698, 1703 (2020) (quoting White v. New Hampshire Dept. of Employment Sec., 455 U.S. 445, 450 (1982)).  "In particular, courts will not address new arguments or evidence that the moving party could have raised before the decision issued."  Id.

## III.   ANALYSIS

### A.   Evenflo's Motion (ECF No. 228)

Evenflo moves the Court "to amend the judgment entered on January 18, 2023 (D.I. 210), as it is incomplete and does not fully reflect the jury verdict."  (ECF No. 228 at PageID 8597.)  Evenflo argues that the Judgment is incomplete because 1) it "does not differentiate between literal infringement and infringement under the doctrine of equivalents" for the '043 Patent, 2) it "does not differentiate between literal infringement and infringement under the doctrine of equivalents" for the '951 Patent, and 3) it does not specify that the jury found that Evenflo's infringement was not willful.  (ECF No. 228.)  Evenflo also argues that the case should not have been administratively closed.  (Id.)

In Response, Wonderland argues that Evenflo's Motion serves no useful purpose, and "amounts to little more than a wish list of edits that Evenflo would have the Court implement." (ECF No. 251 at PageID 10860).  Wonderland argues that the Judgment already accounts for infringement on a claim-by-claim basis, and "infringement under the doctrine of equivalents counts no less than literal infringement." (Id. at PageID 10861.)  Wonderland requested that, if the Court were to amend the Judgment according to Evenflo's requests, that it additionally include certain additional details.  (Id. at PageID 10863–64.)  Wonderland also noted during the hearing that it did not oppose the additions requested by Evenflo, so long as the Judgment was also amended to include the changes that Wonderland requested.  (ECF No. 279 at PageID 11596.)

Because Wonderland does not oppose the amendments that Evenflo requests, the Court sees no reason not to amend the Judgment accordingly.   The amendments requested by Wonderland in response also appear reasonable, and it does not appear that Evenflo objects to these additional amendments being made.  (See generally id.)  Accordingly, Evenflo's Motion is

**GRANTED**, and an amended Judgment shall issue that includes the amendments as requested by both Parties.

### B.  Wonderland's Motion (ECF No. 229)

Wonderland moves the Court to amend the Judgment to award Wonderland "(1) an accounting and supplemental damages for all infringing sales not included in the jury verdict; (2) pre-judgment interest on the damages owed to Wonderland; and (3) post-judgment interest on the damages owed to Wonderland, as provided by statute."  (ECF No. 229 at PageID 8604.)

Evenflo argues that Wonderland's request for supplemental damages and accounting is premature, and ruling on the request should be deferred "until after all post-trial motions and appellate rights have been exhausted."  (ECF No. 256 at PageID 11015.)  Evenflo also argues that Wonderland's request is "too broad," and that if the Court finds that Wonderland is entitled to supplemental damages, then these damages should only be awarded for the period of time from December 8, 2022 until the entry of Judgment on January 18, 2023.  (Id. at PageID 11016.)

Evenflo argues that it would be inequitable to award Wonderland pre-judgment interest, and that the Court should exercise its discretion and decline to award such interest.  (Id. at PageID 11016–17.)  Evenflo argues that, if the Court does award interest, that it should do so at the United States Treasury Bill ("T-Bill") rate compounded annually.  (Id. at PageID 11017–19.)

Evenflo argues that Wonderland's request for Post-Judgment Interest is premature, and that it should be deferred pending ruling on post-trial motions and exhaustion of appeals.  (Id. at PageID 11020.)

#### i.  Accounting and Supplemental Damages

Wonderland is entitled to supplemental damages for sales that occurred after December 8, 2022.  Finjan, Inc. v. Secure Computing Corp., 626 F.3d 1197, 1212 (Fed. Cir. 2010) ("Under 35 U.S.C. § 284, 'the court *shall* award . . . in no event less than a reasonable royalty,' and '[w]hen

damages are not found by a jury, the court *shall* assess them (emphases added).'"). "Although courts have broad discretion in determining appropriate relief for patent infringement, . . . injunctions and damages must be tailored to the circumstances and be correlatively determined." Id. at 1212–13 (quoting Carborundum Co. v. Molten Metal Equip. Innovations, Inc., 72 F.3d 872, 881 (Fed. Cir. 1995)).  An award of damages for post-verdict sales should provide compensation for any sales made prior to the entry of an injunction, and the Federal Circuit has held in similar circumstances that it would be error to award damages only up until the date of entry of judgment. Id.

Despite the fact that Wonderland is entitled to supplemental damages, it is difficult to determine the amount to which it is entitled and what the appropriate dates would be for damages calculations.  The Permanent Injunction entered by the Court has been appealed, and whether it is affirmed or vacated will affect the end date for the calculation of supplemental damages.  (ECF No. 297; Wonderland Switzerland AG v. Evenflo Company, Inc., No. 23-2043 (Fed. Cir. 2023).) Accordingly, Wonderland's request for accounting and supplemental damages is **GRANTED**, with the Court retaining jurisdiction to determine the appropriate amount of the damages award following the conclusion of all appeals relating to the Court's Permanent Injunction (ECF No. 281).

### ii. Pre-Judgment Interest

Upon a review of the record and the Parties' arguments, the Court finds that an award of pre-judgment interest is appropriate and would not be inequitable.  The default is that a prevailing plaintiff is entitled to prejudgment interest, and "prejudgment interest should be awarded under § 284 absent some justification for withholding such an award." Gen. Motors Corp. v. Devex Corp., 461 U.S. 648, 657 (1983).  Evenflo's arguments to withhold such an award are unconvincing. While Evenflo argues that it would be inequitable for the Court to order both enhanced royalties

and pre-judgment interest, these awards serve different functions. "Prejudgment interest is awarded to restore a plaintiff to the position it would have been in had there been no wrongdoing" by compensating them for the "forgone use of the money between the time of infringement and the date of the judgment." Id. at 649; ArcherDX, LLC v. Qiagen Sciences, LLC., No. 18-1019 (MN), 2022 WL 4597877 (D. Del. Sep. 30, 2022). The Court has declined to award enhanced royalties at this time, and therefore Evenflo's arguments are inapplicable. (See ECF No. 281 at PageID 11633.)

District courts may use either the prime rate or the T-Bill rate pursuant to 28 U.S.C. in calculating the proper award of pre-judgment interest. In re Frescati Shipping Co., Ltd., 886 F.3d 291, 315 (3d Cir. 2018). "The prime rate is by far the most common practice in the District of Delaware." ArcherDX, 2022 WL 4597877 at *18 (collecting cases). The Court sees no reason to deviate from the standard practice of the District of Delaware, and therefore a calculation using the prime rate is most appropriate.

Accordingly, it is **ORDERED** that Wonderland is awarded pre-judgment interest calculated quarterly at the prime rate in the total amount of $203,478.34, consisting of $147,218.40 for Evenflo's infringement of the '043 Patent and $56,259.94 for Evenflo's infringement of the '951 Patent. (See ECF No. 232.)

### iii. Post-Judgment Interest

"Post-judgment interest is mandatory for damages awarded in civil cases." ArcherDX, 2022 WL 4597877 at *19 (citing 28 U.S.C. § 1961(a)). Evenflo does not challenge that Wonderland is entitled to post-judgment interest, but rather disputes from what date the interest should begin to accrue. (See generally ECF No. 256.) "As a general matter, post-judgment interest on a particular award only starts running when a judgment quantifying that award has been entered." Travelers Cas. and Sur. Co. v. Ins. Co. of N. Am., 609 F.3d 143, 175 (3d Cir. 2010).

While Evenflo urges the Court to interpret <u>Travelers</u> to mean that post-judgment interest should not begin to accrue until the Court enters judgment awarding Wonderland supplemental damages and interest, this interpretation is at odds with a reading of the case law. (<u>See</u> ECF No. 256 at PageID 11020.) <u>Travelers</u> specifies that post-judgment interest "on a particular award" does not start running until "a judgment quantifying that award has been entered." <u>Travelers</u>, 609 F.3d at 175. This case stands for the proposition that when post-judgment interest is applied to certain damages, the damages begin to accrue when those damages are quantified in a judgment. <u>Id.</u> However, it does not stand for the proposition that post-judgment interest cannot be applied to any damages whatsoever until every category of damages has been quantified, as Evenflo appears to argue. <u>See generally</u> <u>id.</u>

Wonderland's award for infringement of the '043 Patent and the '951 Patent was quantified by the Court's Judgment entered on January 18, 2023 (ECF No. 210), and this is therefore the correct date to begin accrual of post-judgment interest on the $2,933,743.50 of damages as determined by the jury. Wonderland's award of pre-judgment interest has not yet been quantified, but it will be quantified with the Court's forthcoming issuance of an Amended Judgment reflecting the holdings of this Order. The date that this Amended Judgment is entered will be the date on which the accrual of post-judgment interest on the $203,478.34 pre-judgment interest shall begin to accrue.

Accordingly, it is **ORDERED** that Wonderland is awarded post-judgment interest in the amount of $377.77 per day from January 18, 2023 until the date of entry of an Amended Judgment awarding Wonderland pre-judgment interest. It is further **ORDERED** that Wonderland is awarded post-judgment interest in the amount of $403.97 per day beginning on the date of entry of an

Amended Judgment awarding Wonderland pre-judgment interest until the date that Evenflo pays Wonderland the total damages owed.  (See ECF No. 232 at PageID 11122–23.)

## IV.    CONCLUSION

For the foregoing reasons, Evenflo's Rule 59(e) Motion to Amend the Judgment (ECF No. 228) and Wonderland's Motion to Amend Judgment to Include Supplemental Damages and Interest (ECF No. 229) are both **GRANTED**.  An amended Judgment shall issue separately.

**IT IS SO ORDERED**, this 24th day of July, 2023.

s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE

8