SHAW KELLER
LLP

Karen E. Keller
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
(302) 298-0702 – Direct
kkeller@shawkeller.com

July 2, 2026

**BY CM/ECF**
The Honorable Maryellen Noreika
United States District Court
for the District of Delaware
844 N. King Street
Wilmington, DE 19801

Re: *Wonderland Switzerland AG v. Evenflo Company, Inc.*, C.A. No. 20-727-MN

Dear Judge Noreika:

As directed by the Court during the status conference on June 29, 2026, Plaintiff Wonderland Switzerland AG ("Wonderland") respectfully submits this letter to address when Wonderland seeks "continuing damages and [Evenflo Company, Inc. ("Evenflo")] says without proof we think [the design has] changed, who has the burden?" Transcript of Hearing at 45:25–46:2, *Wonderland Switz. AG v. Evenflo Co., Inc.*, C.A. No. 20727 (D. Del. June 29, 2026).

Pursuant to Rule 26(e)(1)(A), the burden of identifying, describing, and producing evidence of an allegedly redesigned accused product to avoid infringement rests squarely on Evenflo. Evenflo never met its burden. By Evenflo's own admission, its alleged redesign occurred during the pendency of the litigation and months before the start of trial. Hr'g Tr. at 39:26–39:41. However, Evenflo never disclosed its alleged redesign in response to Wonderland's discovery, which specifically sought evidence of any redesigns of the Accused Products, the EveryFit and EveryKid car seats. *See* Exhibit A, Wonderland's First Set of Interrogatories, Interrogatory Nos. 8 and 16; Exhibit B, Evenflo's Objections and Responses to Wonderland's First Set of Interrogatories, Interrogatory Nos. 8 and 16; Exhibit C, Wonderland's First Set of Requests for Production, Request No. 23; Exhibit D, Evenflo's Objections and Responses to Wonderland's First Set of Request for Production, Request No. 23. Instead, Evenflo kept its alleged redesign a secret from Wonderland and the Court in violation of its discovery obligations. Hr'g Tr. at 42:33–43:03, 44:48–45:14, 47:46–48:02, 52:48–53:10.

By failing to provide any evidence or notice of the alleged redesign in response to these discovery requests, Evenflo retained the burden of raising the alleged redesign. Further, Evenflo now also has the burden of proving that its failure to produce was substantially justified or harmless under Rule 37(c)(1) to avoid facing exclusionary sanctions prohibiting it from using the non-disclosed information as evidence in its supplemental damages calculations. *See* Fed. R. Civ. P. 37(c)(1);

*see also SPX Corp. v. Bartec USA LLC*, 574 F. Supp. 2d 748, 755 (E.D. Mich. 2008); *Key v. Qualcomm Inc.*, 129 F.4th 1129, 1143 (9th Cir. 2025).

**I. Evenflo bore the burden to disclose redesigns under Rule 26(e)(1)(A)**

During discovery, Wonderland propounded interrogatories targeting potential redesigns that Evenflo may rely on at trial:

- Interrogatory No. 8 requested detailed descriptions, dates, and documentation regarding any attempts or plans to design around the Asserted Patents. *See* Exhibit A, Wonderland's First Set of Interrogatories.

- Interrogatory No. 16 requested that Evenflo identify any designs it believed constituted a non-infringing alternative. *Id.*

In response to both requests, Evenflo merely stated that its investigation was ongoing and reserved the right to supplement its response if it discovered responsive information. *See* Exhibit B, Evenflo's Objections and Responses to Wonderland's First Set of Interrogatories. Evenflo never supplemented its responses regarding its alleged redesign.

**A. Evenflo did not meet its burden under Rule 26(e)(1)(A)**

Federal Rule of Civil Procedure 26(e)(1)(A) imposes an affirmative duty on a party to supplement its interrogatory responses in a timely manner if that party learns that its original response was incomplete or incorrect in a material way. Fed. R. Civ. P. 26(e)(1)(A). Rule 26(e)(1)(A) is intended to prevent a party from withholding material information and waiting to disclose it until the last moment. *See Woods*, 692 F.3d at 1282; *see also SPX Corp.*, 574 F. Supp. 2d at 752-53 (finding it "difficult to accept" an extensive and unexplained delay, despite multiple opportunities to disclose the party's "own activities").

Because Evenflo chose not to supplement its responses to Interrogatory Nos. 8 and 16 and disclose its alleged redesign, Wonderland could not establish nor had the burden to establish that an undisclosed, secret design was infringing. *See generally Woods*, 692 F.3d at 1282 (describing the defendant's violation of Rule 26(e)(1)(A) as "hinder[ing plaintiff's] ability to put on its case"); *SPX Corp*, 574 F. Supp. 2d at 753 (describing the defendant's violation of Rule 26(e)(1)(A) as "stifl[ing] the plaintiff's efforts to discover the soundness of those positions"). To allow a defendant to withhold material, relevant and specifically requested information would subvert the foundational mechanisms of the discovery rules. *See SPX Corp.*, 574 F. Supp. 2d at 752-53, 756 ("The purpose of Rule 37 is not only to punish discovery abusers, but also to protect litigants who legitimately seek information to prepare for trial. Because the plaintiff plainly was disadvantaged by the late disclosures, both [violating] entities must pay the price for noncompliance with Rule

26(e).").  Under Rule 37(c)(1)[1], the baseline legal consequence for failing to provide information required by Rule 26(e) is the exclusion of that information at trial or on a motion, unless the failure is substantially justified or harmless.[2] Accordingly, the evidentiary burden remains on Evenflo to justify its omission before it can rely upon the redesign as a defense against supplemental damages. *See SPX Corp.*, 574 F. Supp. 2d at 755; *see also Key*, 129 F.4th at 1143; *Billman v. Easton Area Sch. Dist.*, 620 F. Supp. 3d 215, 221 (E.D. Pa. 2022) ("It is the [defendant's] burden to show that the non-production *was* substantially justified").

### B. Evenflo's failure to meet its burden under Rule 26(e)(1)(A) allows the Court to act in its discretion and maintain the jury award

Where a defendant fails to meet its burden under Rule 26(e)(1)(A) by withholding discovery relating to its alleged redesign, the court may maintain and apply the jury award, in full, to pre-final judgment damages. *See Ajinomoto Co., Inc. v. Archer-Daniels-Midland Co.*, 228 F.3d 1338, 1351 (Fed. Cir. 2000). There, a year and a half after trial, the court entered final judgment and awarded damages at the jury's royalty rate between the time of the verdict and final judgment. *Id.* at 1349. Two weeks later, the defendant filed a motion to modify the judgment under Rule 59(e), arguing that it implemented a redesign "the day after testimony closed" and disputing the post-verdict and pre-final judgment damages. *Id.* The district court denied the motion. *Id.* The Federal Circuit upheld the district court's decision. *Id.*

Like the defendant in *Ajinomoto*, Evenflo failed to disclose its allegedly non-infringing redesign until after final judgment, despite being aware that the alleged redesign was being developed pre-trial. *See id.* at 1349-50. Also like the defendant in *Ajinomoto*, Evenflo, by failing to meet its burden under Rule 26(e)(1)(A), "denied discovery of" its alleged redesign and "avoided including [the alleged redesign] in the trial." *Id.* at 1350. A "decision not to provide information about this change in its defense of non-infringement until after judgment was rendered," will influence the district court's decision. *Id.* at 1351. The district court has broad discretion to act, and it has previously upheld the jury's award for post-verdict but pre-final judgment damages where the defendant did not disclose its alleged redesign during the pendency of the case. *Id.* ("[W]e do not

---

[1] When a party fails to supplement its interrogatory responses as required by Rule 26(e)(1)(A), it must be subjected to sanctions unless that party proves that sanctions are inappropriate. *See* Fed. R. Civ. P. 37(c)(1); *SPX Corp.*, 574 F. Supp. 2d at 755 ("In fact, the language of Rule 37 suggests that exclusion is mandatory in these circumstances."); *Key*, 129 F.4th at 1143 ("This sanction is 'self-executing' and 'automatic.'"). The default sanction is to prohibit the party from using the non-disclosed information "to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

[2] Under Rule 37(c)(1), Wonderland may file a motion for sanctions, seeking exclusion of any evidence relating to the alleged redesign Evenflo may seek to introduce to support its theory of damages. *See id.*

disturb the district court's assessment of damages for the period before entry of judgment, for the period after entry of judgment.").

Unlike the defendant in *Ajinomoto*, Evenflo did not move to amend the judgment and did not reference its alleged redesign in its Opposition Brief to Wonderland's Motion to Amend the Judgment to Include Supplemental Damages and Interest. *See id.* at 1349; D.I. 256. This failure may constitute a waiver or forfeiture such that the supplemental damages calculation for post-verdict damages may also be left undisturbed, despite the existence of an alleged redesign. *Infra* Part II.

**II. Evenflo waived and forfeited its purported redesign defense through discovery omissions and post-trial silence**

In addition to failing to supplement its responses to Interrogatory Nos. 8 and 16, Evenflo failed to raise the issue of its alleged redesign in its post-trial opposition brief to Wonderland's Motion to Amend Judgment to Include Supplemental Damages and Interest, which implicates issues of forfeiture and waiver. *See* D.I. 256. Specifically, Evenflo failed to allege that the EveryFit/EveryKid seats are exempt from post-trial damages, including for reasons of redesign, and therefore forfeited and waived the right to raise the argument. *Id.* at 6.

A forfeiture is the failure to assert a right in a timely manner, while a waiver is an intentional relinquishment or abandonment of a known right. *See United States v. Brito*, 979 F.3d 185, 189 (3rd Cir. 2020) (citing *United States. v. Olano*, 507 U.S. 725, 733 (1993)); *accord In re Google Tech. Holdings LLC*, 980 F.3d 858, 862 (Fed. Cir. 2020) (quoting same). Waiver requires the failure to assert a right to be intentional and the relinquished right known. *Brito*, 979 F.3d at 189.

Failing to meet a discovery burden or neglecting to raise an issue in motion practice frequently results in a waiver or forfeiture. *See, e.g.*, *Reed v. Columbia St. Mary's Hosp.*, 915 F.3d 473, 478 (7th Cir. 2019) ("A defendant's failure to plead an affirmative defense may result in the waiver of the defense if the defendant has relinquished it knowingly and intelligently, or forfeiture if the defendant merely failed to preserve the defense by pleading it.").

Similarly, discovery objections and defenses are waived automatically if they are not timely asserted, unless the court finds good cause to excuse the omission. *See Black Hills Molding, Inc. v. Brandom Holdings, LLC*, 295 F.R.D. 403, 411-12 (D.S.D. 2013) ("[I]f not timely asserted, objections to discovery requests are waived, unless the court finds good cause to excuse the failure to object").

The underlying rationale for enforcing these doctrines is to eliminate unfair surprise and prevent undue prejudice to the party that does not bear the discovery burden. *See Reed*, 915 F.3d at 478.

**III. Evenflo cannot meet the demanding standard to resurrect its forfeited argument**

While a waiving party is permanently barred from reviving an argument, a forfeiting party may "resurrect" forfeited arguments in "extraordinary circumstances." *See DLJ Mortg. Cap., Inc. v. Stevens*, 167 F.4th 632, 635 (3d Cir. 2026). To undo forfeiture, the burden rests with the forfeiting party to prove that (1) there was an error, (2) the error was plain, (3) the error prejudiced its substantial rights, and (4) not correcting the error would seriously impact the fairness, integrity, or reputation of judicial proceedings. *Brito*, 979 F.3d at 189 (citing *Olano*, 507 U.S. at 732-37).

The burden rests with Evenflo to demonstrate that its failure to supplement its responses to Interrogatory Nos. 8 and 16 and to introduce the redesign argument during post-trial briefing should be excused. Also, Evenflo bears the burden to prove that any forfeiture should be undone such that it may "resurrect" its argument.

Respectfully submitted,

*/s/ Karen E. Keller*

Karen E. Keller (No. 4489)

cc: Clerk of the Court (by CM/ECF)
All counsel of record (by CM/ECF and e-mail)