IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WONDERLAND SWITZERLAND AG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 20-727 (MN) |
| | ) | |
| EVENFLO COMPANY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

At Wilmington this 14th day of July 2026:

WHEREAS, in this patent infringement action, a jury returned a verdict that Defendant's products – car seats – infringe several claims in Plaintiff's patents, and the jury assigned a per-unit royalty rate for Defendant's sales (D.I. 207);

WHEREAS, the jury verdict was partially upheld and partially reversed on appeal (*see Wonderland Switzerland AG v. Evenflo Co., Inc.*, 162 F.4th 1346 (Fed. Cir. 2025));

WHEREAS, on April 9, 2026, the parties submitted a Joint Status Report in which the parties disputed the amount of damages owed to Plaintiff for Defendant's post-verdict sales of car seats (D.I. 361);

WHEREAS, Plaintiff contends that it is owed supplemental damages for Defendant's post-verdict sales of "EveryFit" and "EveryKid" car seats (*Id.* at 3-4);

WHEREAS, Defendant responds that, even though it has engaged in post-verdict sales of car seats with the same name as those that the jury found to infringe Plaintiff's patents, it has redesigned these car seats so that they are non-infringing (*Id.* at 5-7);

WHEREAS, on June 29, 2026, this Court held a hearing with the parties to discuss how to proceed with this case (D.I. 365);

WHEREAS, on July 2, 2026, the parties filed letters regarding the burden of proof that applies to a request for damages for post-verdict sales of a supposedly redesigned product (D.I. 363, 364);

WHEREAS, this Court finds that an evidentiary hearing is the appropriate way to proceed with this issue (*see XpertUniverse, Inc. v. Cisco Sys., Inc.*, No. CV 09-157-RGA, 2013 WL 6118447, at *10-*11 (D. Del. Nov. 20, 2013) (explaining that one approach to determining whether a new version of a product is "colorably different from the product found to infringe" and whether it "actually infringes" is an evidentiary hearing); and

WHEREAS, under the circumstances here, which include that the products now at issue have the same name as the products that the jury found to infringe,[1] Defendant must provide discovery to Plaintiff on its supposedly redesigned products prior to the hearing;

THEREFORE, IT IS HEREBY ORDERED that, on or before July 21, 2026, the parties shall jointly file a proposed scheduling order with discovery deadlines and proposed dates for an evidentiary hearing.

Maryellen Noreika

The Honorable Maryellen Noreika
United States District Judge

---

1 Defendant's counsel noted at the June 29, 2026 hearing that "[t]he product name never changed." (D.I. 365 at 33:23).